UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK NUNEZ,

                Plaintiff,

    -against-

NEW YORK CITY DEP'T OF CORRECTION,
et al.,

                Defendants.
------------------------------------------------------------X

ORDER OF SERVICE

11 Civ. 5845 (LTS)

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that he was assaulted by four Rikers Island correction officers. Plaintiff sues the New York City Department of Correction ("DOC") and the four officers.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1988). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## DISCUSSION

Plaintiff's Claims Against DOC; Amendment of Caption

Plaintiff's claims against Defendant DOC are dismissed because agencies of the City of New York are not suable entities. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the City of New York and not in that of any agency, except where otherwise provided by law."); see Brewton v. City of New York, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999). In light of Plaintiff's *pro se* status and clear intention to assert claims against the City as well as against the named individuals, the Court directs the Clerk of Court to amend the caption of this action to name the City of New York in place of DOCS. This amendment is without prejudice to any defenses or motion practice the City may wish to interpose.

## CONCLUSION

The Court dismisses Plaintiff's claims against DOC. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to amend the caption of this action to name the City of New York in place of that Defendant. The Clerk of Court is also directed to issue a Summons as to the City of New York and the named individuals, and Plaintiff is directed to serve the Summons and Complaint on these Defendants within 120 days of the issuance of the Summons. If service has not been made within the 120 days, and Plaintiff has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LAURA TAYLOR SWAIN
United States District Judge

Dated: September 12, 2011
New York, New York