# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
O. ANDREW F. WILSON
KATHERINE ROSENFELD
ELIZABETH S. SAYLOR
DIANE L. HOUK
DEBRA L. GREENBERGER
EISHA JAIN
ADAM R. PULVER
ZOE SALZMAN
SAM SHAPIRO
JULIA KINBOND
VASUDHA TALLA

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

May 21, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 11 2012

*By Facsimile (212) 805-0426*

The Honorable Laura Taylor Swain
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   *Nunez v. City of New York*, 11 Civ. 5845 (LTS) (THK)

Dear Judge Swain:

This firm and The Legal Aid Society Prisoners' Rights Project represent plaintiff Mark Nunez in the aforementioned case. Plaintiff brought this action *pro se* and we appeared as counsel on May 17 and 18, 2012. This is a civil rights case pursuant to 42 U.S.C. §1983 arising from a beating Mr. Nunez suffered at the hands of New York City Department of Correction ("DOC") officers while incarcerated at Rikers Island. Pursuant to the Court's Individual Rules A(1)(e), we write to request an extension of time *nunc pro tunc* for 60 days to serve the defendants under Federal Rule of Civil Procedure 4(m). No prior requests for extension of time have been made by counsel.

Mr. Nunez was assaulted by DOC staff on March 4, 2010 while detained at the Robert N. Davoren Complex ("RNDC"). As Mr. Nunez alleges in his *pro se* complaint, on that date, Defendant Primm, a captain, entered Mr. Nunez's housing area along with other corrections officers. Without any justification, Defendant Primm and these officers began to assault one of Mr. Nunez's fellow inmates. When Mr. Nunez verbally defended that inmate, Defendant Primm maced Mr. Nunez from behind, punched him, and hit him repeatedly in his face and head with his radio until and while Mr. Nunez was on the ground. As a result of Defendant Primm's unjustified and excessive beating, Mr. Nunez suffered swelling and stiffness of his neck, head, and wrists. DOC immediately transferred Mr. Nunez to state custody.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

On August 18, 2011, Mr. Nunez filed a *pro se* complaint against DOC and the three individual defendants pursuant to 42 U.S.C. § 1983. See Dkt. No. 1. On September 14, 2011, this Court substituted the City of New York for DOC as a defendant. See Dkt. No. 6. In the same order, the Court directed the Clerk to issue Summons to defendants and directed Mr. Nunez to serve the Summons and Complaint within 120 days of issuance of the Summons. *Id.* at 2. Summons were issued by the Clerk on December 15, 2011 and mailed to Mr. Nunez. However, Mr. Nunez did not receive this package since it was returned undeliverable to the Court on December 28, 2011. In an order entered March 29, 2012, Magistrate Judge Theodore Katz directed Mr. Nunez to provide his current mailing address to the Court and to inform the Court whether he intended to proceed with the action. See Dkt. No 8. Mr. Nunez retained the undersigned counsel on May 17, 2012.

Plaintiff requests an additional 60 days to serve an Amended Complaint, now that he has the benefit of counsel. Under Rule 4(m), if a plaintiff has failed to serve a defendant within 120 days of filing the complaint, the court "must extend the time for service for an appropriate period" for good cause. Even if good cause is not shown, the court may, in its discretion, grant an extension of time to serve. See, e.g., *Zapata v. City of New York*, 502 F.3d 192, 195-96 (2d Cir. 2007) (citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996)); Advisory Committee Notes to Fed. R. Civ. P. 4(m) (amended Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").

There is ample good cause to extend the time period here, and even if not, the Court should exercise its discretion and grant an extension. Pursuant to the Court's September 14, 2011 Order, Mr. Nunez was supposed to serve defendants by April 13, 2012. Granting *nunc pro tunc* a short extension does not prejudice defendants, as it is only an insignificant delay, and still well within the applicable statutes of limitations. See *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Moreover, until a few days ago, Mr. Nunez was proceeding *pro se* and without a proper understanding of the import of Rule 4's service requirement. He attempted to obtain counsel and attempted to speak with advocacy groups with which he was familiar in order to get help complying with the Court's order when he met the undersigned counsel. Extensions of time are often granted in such cases involving *pro se* plaintiffs. See, e.g., *Hall v. DOC Dept. of Correction OBCC-CPSU*, Case No. 11 Civ. 0406 GBD JLC, 2012 WL 94610, *1 (S.D.N.Y. Jan. 12, 2012); *Rosario v. Cirigliano*, Case No. 10 Civ. 6664, 2011 WL 4063257, *6 (S.D.N.Y. Sept. 12, 2011); cf. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (courts should make "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training"). His inability to observe the dictates of Judge Katz's March 29, 2012 order should not bar his current application for an extension. See *Washington v. City of New York Dep't of Correction*, Case No 08 Civ. 5978(SAS), 2010 WL 3199680, *3 (S.D.N.Y. Aug. 12, 2010) (granting extension of time to serve defendants where *pro se* plaintiffs failed to comply with Rule 4(m) and Court orders).

Moreover, as soon as Mr. Nunez spoke with the undersigned counsel on May 9, 2012 regarding the import of the Court's order, he contacted the *pro se* office to convey his intention to comply. The undersigned counsel have moved swiftly after being retained, and within a reasonable period after April 13, 2012 (120 days after Summons were issued), to seek an extension of time for service.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

    For all of these reasons, we ask that plaintiff be granted an extension of time for service. We intend to move this case forward diligently. We anticipate filing an Amended Complaint that addresses Mr. Nunez's claims, as reviewed by present counsel, and the pattern of violence in the City jails that led to his beating and those of other inmates. The Amended Complaint would be filed as of right pursuant to Rule 15(a)(1)(A), as the initial complaint has not yet been served. *See Rosin v. Thaler*, 417 Fed. Appx. 432, 434 (5th Cir. 2011); *Faircloth v. Baden*, Case No. 1:11-CV-113 WLS, 2012 WL 1309714, *2 (M.D. Ga. Mar. 21, 2012); *Prakash v. Atladis U.S.A., Inc.*, Case No. 5:10-CV-33, 2010 WL 2653419, *2 (N.D. Ohio July 2, 2010) (citing *Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722, 726 (E.D. Pa. 1979)); *Ahmad*, 81 F.R.D. at 726 (former Rule 15 "contains no requirement that the original pleading have been served before an amendment as of right").

    Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Vasudha Talla*
Vasudha Talla

Katherine Rosenfeld
Jonathan S. Abady
Emery Celli Brinckerhoff & Abady LLP

Jonathan S. Chasan
Mary Lynne Werlwas
Prisoners' Rights Project
The Legal Aid Society

*Counsel for Plaintiff Mark Nunez*

> The request is granted,
> nunc pro tunc.
>
> SO ORDERED.
>
> NEW YORK, NY
> June 11, 2012
>
> /s/ Laura Taylor Swain
> LAURA TAYLOR SWAIN
> UNITED STATES DISTRICT JUDGE