```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - :
MARK NUNEZ, ET AL.,                   :   11 Civ. 5845 (LTS) (JCF)
                                      :
              Plaintiffs,             :   O R D E R
                                      :
       - against -                    :
                                      :
CITY OF NEW YORK, ET AL.,             :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

| USDS SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 9/12/12 |

    A pre-trial conference was last held in this matter on September 12, 2012. The Court hereby makes the following provisions for scheduling and trial in this matter.

1. By September 28, 2012, counsel shall submit a stipulated confidentiality order or shall advise the Court of any remaining disputes.

2. By December 1, 2012, defendants shall respond and produce the documents responsive to plaintiffs' document requests directed to class issues.

3. Plaintiffs shall file and serve their motion for class certification by March 29, 2013.

4. All fact discovery shall be completed by December 31, 2013.

5. All expert discovery shall be completed by April 30, 2014.

6. Dispositive Pre-Trial Motions

   Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial must be directed to Judge Swain and shall be served and filed on or before June 30, 2014. No pre-motion conference is required, but the parties must comply with the consultation and certification requirements of Paragraph 2.B. of Judge Swain's Individual Practices Rules. If the movant believes the motion, if granted, would obviate entirely the necessity

1

of a trial in this matter, the movant may so state in a separate MOTION FOR STAY, which must be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion. Unless the Court grants such stay motion, the filing of a dispositive motion <u>does</u> <u>not</u> affect the parties' obligations under this Order.

7. <u>Other Pre-Trial Motions</u>

   Other motions, including but not limited to motions <u>in limine</u> relating to evidentiary issues, must be filed and served no later than thirty (30) days before **the date set forth in paragraph 12 below**, unless otherwise allowed by the Court for good cause shown.

8. <u>Preliminary Conference</u>

   Counsel[1] for the parties must confer preliminarily at least forty-five (45) days before **the date set forth in paragraph 12 below.** At or prior to this preliminary conference, counsel must provide copies of each proposed exhibit for inspection by opposing counsel and for waiver or noting of objection and shall make the disclosures required by Fed. R. Civ. P. 26(a)(3). At the preliminary conference, counsel must discuss (a) settlement, (b) any anticipated further motion practice, including motions <u>in</u> <u>limine</u>, and (c) the matters required to be addressed in their Joint Pre-Trial Statement, as set forth in paragraph 4 below.

9. <u>Joint Pre-Trial Statement</u>

   Counsel for all parties must confer[2] and must prepare,

---

[1] As used in this Order, the term "counsel" means, in the case of an individual party who is proceeding Pro Se, such party.

[2] If, due to a party's incarceration or other cause beyond the parties' control, it is impossible for the conference to be held in person or telephonically, the required consultation must be accomplished through timely-initiated correspondence.

execute and file with the Court, with one courtesy copy provided to the chambers of Judge Swain, no later than seven (7) days before **the date set forth in paragraph 12 below**, a single document captioned JOINT PRE-TRIAL STATEMENT, which must include:

a.  A concise statement of the legal issues to be decided.
b.  A concise statement of the material facts not in dispute.
c.  A witness list containing the names, addresses and a brief summary of the testimony of each witness each party will call. A person not identified on this list may not be called during a party's case in chief.
d.  A final exhibit list in tabular form containing the following information for all exhibits to be offered at trial. Exhibits not identified on this list may not be offered during a party's case in chief. The format shall be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
|  |  |  |  |

   i.  Plaintiff's exhibits must be identified by numbers (e.g., Plaintiff's Exhibit 1, Plaintiff's Exhibit 2) and Defendant's Exhibits must be identified by letters (e.g., Defendant's Exhibit A, Defendant's Exhibit B). If there is more than one Plaintiff or Defendant, the parties must coordinate their designations so as to avoid duplication.

   ii. In the "Objection(s)" column of the table, one asterisk should be entered to indicate exhibits to which no party objects on grounds of authenticity, and two asterisks should be entered to indicate exhibits to which no party objects on any ground. Any objections must be explained briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.

   iii. The "Status" column should be left blank, for

3

>       later use by the Court.

   e.   A list of the depositions, if any, to be offered
        at trial, with notation and explanation (including
        citation to the relevant legal authority) of any
        objections to the designations.
   f.   Stipulations, if any, as to the admissibility of
        exhibits and depositions.
   g.   Each party's statement as to whether the case is
        to tried before a jury.
   h.   A statement as to whether or not all parties
        consent to trial of the case by a magistrate judge
        (without identifying which parties have or have
        not so consented).
   i.   Each party's estimate of the time required for
        presentation of its case.

   When feasible, the Joint Pre-Trial Statement should also be
   submitted to Chambers on a CD-Rom in WordPerfect version 6
   or higher format.

   The following documents must be annexed to, or submitted to
   Judge Swain's Chambers concurrently with, the Joint Pre-
   Trial Statement:

   >   One copy of each documentary exhibit to be offered at
   >   trial.  Such exhibits must be pre-marked.  In the event
   >   that a party intends to offer more than 15 documentary
   >   exhibits at the trial, the exhibits should be tabbed
   >   and included in a binder for easy reference.  On the
   >   day of trial, counsel must bring additional pre-marked
   >   copies for use by witnesses, the courtroom deputy,
   >   opposing parties and (if applicable) the jury.

10. <u>Proposed Findings of Fact and Conclusions of Law</u>

    If the case is not to be tried before a jury, each party
    shall must on each other party and file with the Court its
    proposed findings of fact and conclusions of law, which
    shall be broken down into separately enumerated paragraphs,
    no later than seven (7) days before **the Final Pre-Trial
    Conference date set forth in paragraph 12 below**.  When
    feasible, the proposed findings of fact and conclusions of
    law should also be submitted on a CD Rom in WordPerfect
    version 6 or higher format.

11. <u>Proposed Voir Dire, Requests to Charge and Verdict Form</u>

   a. In a case to be tried before a jury, and no later than seven (7) days before **the Final Pre-Trial Conference date set forth in paragraph 12 below**:

   i. each party must serve on each other party and file with the Court its proposed <u>voir dire</u> and verdict form. Prior to service and filing of the proposed <u>voir dire</u> and verdict form, counsel must provide copies to opposing counsel for inspection and noting of objection; and

   ii. The parties must file a single document captioned JOINT REQUESTS TO CHARGE, which must include the full text of all of their respective proposed jury instructions and a brief explanation of the objections, if any, to any disputed requests to charge, with citations to the relevant legal authority.

   b. When feasible, proposed <u>voir dire</u>, requests to charge and verdict forms must also be submitted to Chambers on a CD-Rom in WordPerfect version 6 or higher format.

12. <u>Final Pre-Trial Conference</u>

   The parties are directed to appear before Judge Laura Taylor Swain in Courtroom No. 11C[3], 500 Pearl Street, New York, NY 10007, for a final pre-trial conference on October 3, 2014, at 11:00 a.m. The purpose of the conference is to explore the possibility of settlement, to schedule the trial (which will, Judge Swain's calendar permitting, commence within two weeks after the conference) if necessary, to review the issues to be tried and the proof to be offered in connection therewith, and to resolve any remaining pre-trial issues. **Counsel for defendant(s) shall be responsible for making arrangements for an incarcerated pro se plaintiff's telephonic participation in the final pretrial conference.**

   The counsel who plan to try the case must appear at such conference. Counsel attending the conference must seek

---

[3] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

5

settlement authority from their respective clients prior to such conference.  If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible.  "Settlement authority," as used in this order, includes the power to enter into stipulations and make admissions regarding all matters that the parties may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in this Pre-Trial Scheduling Order.

The Court will not adjourn the final pre-trial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file prior to the pre-trial conference date set forth in this paragraph 7.

13. <u>No Adjournment of Deadlines</u>

The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by both counsel and counsel's client and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

14. <u>Non-Compliance with This Order</u>

In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate.  Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

In particular, the parties are advised that the Court may, without further hearing, render judgment in favor of the adverse party if a party is not prepared to proceed to trial within two weeks of the scheduled final pre-trial conference date.

15. Other Matters

An incarcerated pro se party may apply for relief from or modification of the foregoing requirements upon a showing of cause. Any such application must be in writing, must be served on all other parties and counsel, must specify the nature of the modification or waiver sought, and must be submitted to the Court well in advance of the otherwise applicable deadline for complying with the requirement.

IT IS SO ORDERED.

James C. Francis IV
United States Magistrate Judge

Dated: New York, New York
       September 12, 2012

Copies mailed this date:

Jonathan S. Abady, Esq.
Katherine R. Rosenfeld, Esq.
Vasudha Talla, Esq.
Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019

Jonathan S. Chasen, Esq.
Legal Aid Society
199 Water Street, 3rd Floor
New York, NY 10038

Mary Lynne Werlwas, Esq.
The Legal Aid Society
111 Livingston Street
Brooklyn, NY 11201

William I. Sussman, Esq.
Joseph G. Cleemann, Esq.
Christopher Paul Conniff, Esq.
Amanda N. Raad, Esq.
Anna Friedberg, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Arthur G. Larkin, Esq.
Diep Nguyen, Esq.
Kim Savino, Esq.
Shawn Clark, Esq.
Corporation Counsel for the City of New York
100 Church Street
New York, NY 10007

Andreas Koutsoudakis, Esq.
Koehler & Isaacs LLP
61 Broadway, 25th Floor
New York, NY 10006