UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARK NUNEZ; RODNEY BRYE; SHAMEIK SMALLWOOD;
TRAVIS WOODS; OSCAR SANDERS; RALPH NUNEZ; KEITH
BACOTE; JOSE DEGROS; CHRISTOPHER GRAHAM; SONNY
ORTIZ; CLIFFORD SEWELL; and LESLIE PICKERING,

                       Plaintiffs,

    vs.

CITY OF NEW YORK; DORA SCHRIRO; FLORENCE FINKLE;
MICHAEL HOURIHANE; CARMINE LABRUZZO; MARK
SCOTT; LARRY DAVIS, SR.; WARDENS ROSE AGRO,
EMMANUEL BAILEY, ROBERT CRIPPS, EDMUND DUFFY,
EVELYN MIRABAL, KATHLEEN MULVEY, CARLTON
NEWTON; DEPUTY WARDENS RONALD JORGENSEN, ERIC
RAMOS; ASSISTANT DEPUTY WARDEN DANIELLE
JOHNSON; CAPTAINS WILLIAMS, MAJORS, MASSEY, BEHARI
(Shield # 1603), SISTRUNK, ADEBOYE FADINA (Shield #1298),
THEO PRIMM (Shield # 1497), SHERMA DUNBAR (Shield # 717),
HERMAN MEDINA, RICHARD O'CONNOR (Shield #915),
DECLET (Shield # 652), ASHAKI JONES (Shield # 694), JOHN
DOE # 14, JOHN DOE #38; CORRECTIONS OFFICERS
KIRKLAND, REGINALD ROTHWELL (Shield # 18101), TODD
BRISHINSKY, SALLEY, SIDNEY DAVIES (Shield # 13893),
MALCOLM DAVIS (Shield # 841), OMAR ALSTON (Shield #
14091), WALTER DEAN (Shield # 17183), ATEEN WILLIAMS
(Shield # 17038), ROBERT ORLANDI (Shield # 15929), LOUIS
LEONARD (Shield # 3479), CARLOS DIAZ (Shield # 17622),
ADRIAN DAVIS (Shield # 12736), CORY HUGHES (Shield #
18516), SANDY ARKHURST (Shield # 18507), ERIC THOMPSON
(Shield # 18488), QUINN (Shield # 18532), REMY (Shield # 17286),
JASON SOTO (Shield #18062), PAUL BUNTON (Shield # 14371),
ANTONIO BRAVO (Shield # 17297), CHRISTOPHER SANTIAGO
(Shield No. 13724), TUTEIN (Shield # 1643); ROBERT LAMAR
(Shield # 18472), HADDON BAILLIE (Shield # 10470),
GUTIERREZ (Shield # 11461), AADAM GLENN (Shield # 18616),
THOMAS, EDWIN SLOLY (Shield # 11678), NEGRON (Shield #
14362), JEAN-SIMON (Shield # 18692), JAMAR MCMORRIS
(Shield # 13605), JAIME ROMAN (Shield # 18735), SELVIN
STULTZ (Shield # 9231), SANCHEZ (Shield # 17430), LORENZO
(Shield # 18667), BERTRAND (Shield # 18841), WELDON and
JOHN/JANE DOES # 5-7, 11-13, 15-37, 39-59, 65-66,

                       Defendants.
------------------------------------------------------------------------x

**11-cv-5845
(LTS) (JCF)**

**PROTECTIVE
ORDER
CONCERNING
CONFIDENTIAL
INFORMATION**

WHEREAS, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

WHEREAS, good cause exists for the entry of an order in the above-captioned lawsuit, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. As used herein, the term "Action" shall mean the lawsuit captioned above. "Confidential Materials" shall mean:

(a) all medical records concerning plaintiffs, as well as plaintiffs' home addresses, telephone numbers, social security numbers, and dates of birth, as well as all medical records concerning non-parties;

(b) all New York City Department of Correction ("DOC") employees' home addresses, telephone numbers, social security numbers, dates of birth, worker's compensation records, and medical records;

(c) all DOC employees' personnel records files and information relating to their employment histories;

(d) photographs, videotapes, and diagrams showing DOC facilities and staff;

(e) all documents that concern the location of stationary video cameras in DOC facilities;

(f) information obtained as a result of a physical inspection of DOC facilities that would breach safety and security of the facilities;

(g) DOC Log Books to the extent that they reflect detailed information of movement of staff and inmates;

(h) security reports, security information, training materials, memoranda and other writings setting forth DOC policy and procedures, to the extent that these documents provide specific operational guidance to DOC staff that, if disclosed, would jeopardize the safety and security of DOC staff or prisoners; and

(i) all reports, summaries, tabulations or compilations of data, including all use of force reports, Investigation Division records, Directive # 5003 records and logs, Gang Intelligence Unit records and all similar records, to the extent such documents name or otherwise identify individual DOC staff members, who are not named defendants in this action, in connection with allegations of improper uses of force/chemical agents or any other type of misconduct.

Documents and information shall not be deemed "Confidential Materials" to the extent that they are otherwise publicly available.

2. Neither plaintiffs' nor defendants' attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their case in the Action, except that nothing herein shall limit a party's use of its own Confidential Materials.

3. In order to designate documents or other material as "Confidential" within the meaning of this Protective order, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give the Receiving Party notice of the confidentiality designation, in a writing directed to the Receiving Party's attorneys. The Producing Party may designate as "Confidential" any

documents or material pursuant to this Order within a reasonable time after production of such documents or material (which shall not exceed sixty (60) days after production, absent compelling and unusual circumstances).

    4.    If the Receiving Party objects to the designation of particular documents as "Confidential Materials," they shall state such objection and the basis for their objection in writing to the Producing Party within sixty (60) days of the date of production (or designation, if later designated pursuant to paragraph 3) and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved within thirty (30) days after the Producing Party receives the Receiving Party's objections, then the Producing Party shall, within thirty (30) days thereafter, move for an order approving such designation. Absent compelling and unusual circumstances, failure to comply with the deadlines in this paragraph 4 shall constitute abandonment of that party's right to object or move, as the case may be.

    5.    Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, attorneys for that Party or any member of the staff of those attorneys' office or firm, except under the following conditions:

    a.    Disclosure before trial may be made only to the parties in this action and their attorneys (and staff employed by those attorneys' office or firm), to an expert who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition, or to the Court.

    b.    Before any disclosure is made to an expert described in subparagraph (a) above, the Receiving Party's attorneys shall provide each such expert with a copy of this Stipulation and Protective Order, and such expert shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this Action. The signed consent shall be retained by that party's attorneys and a

copy shall be furnished to the Producing Party upon request, but only with respect to those witnesses who are identified by a party pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

6. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials may be marked or designated "Confidential." If any Confidential Material is an exhibit to a deposition, that exhibit shall be deemed "Confidential." Such portion of the transcript and exhibits shall be Confidential Materials within the meaning of this Protective Order.

7. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court in accordance with the instructions of the Southern District of New York for filing documents under seal.

8. Nothing in this Protective Order shall preclude a party from using, for any purpose outside this litigation, documents that party produced, or deposition testimony that party alone has designated (and no other party has designated), as Confidential Materials.

9. Notwithstanding the foregoing provisions, where the Confidential Material is not relevant to issues addressed in court submissions and the parties agree in writing that the redaction of confidential information would be sufficient to protect the interests of the Producing Party, the parties may file redacted documents without further order of the Court.

10. Nothing in this Protective Order shall be construed to limit plaintiffs' or defendants' right to object to use of the Confidential Materials in any manner.

11. Within sixty (60) days after the termination of this Action, including any appeals, the Confidential Materials shall be returned to their sources, subject to a party demonstrating good cause why certain particular Confidential Materials should not be returned, but rather retained. A party may instead destroy all Confidential Materials, and certify such destruction to the Producing Parties.

Dated: New York, New York

      October 15, 2012

**SO ORDERED:**

_____
Hon. James C. Francis IV
U.S. Magistrate Judge

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Southern District of New York in the action entitled Nunez v. City of New York, et al., 11-cv-5845 (LTS) (JCF), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Materials except in testimony taken in this case.

_____                     _____
Date                                                Signature

                                                    _____
                                                    Print Name

                                                    _____
                                                    Occupation