```
UNITED STATES DISTRICT COURT                      (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MARK NUNEZ, et al.,                 :   11 Civ. 5845 (LTS) (JCF)
                                    :
          Plaintiffs,               :       MEMORANDUM
                                    :       AND ORDER
     - against -                    :
                                    :
CITY OF NEW YORK, et al.,           :
                                    :
          Defendants.               :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This is a class action in which the plaintiffs, present and future inmates confined in jails operated by the New York City Department of Correction ("DOC")[1], allege that DOC staff use unnecessary and excessive force against inmates in violation of the Constitution and federal and state law.  The parties have agreed on the form of a notice to be provided to class members (Letter of Vasudha Talla dated Feb. 22, 2013 ("Talla Letter") at 1), but they disagree with respect to the method of distribution (Letter of Katherine Rosenfeld dated February 13, 2013 ("Rosenfeld Letter") at 2-4; Letter of Arthur G. Larkin dated Feb. 19, 2013 ("Larkin Letter") at 2-5; Talla Letter at 1-4).  It is agreed that the notice would be posted in English and Spanish in areas of the law

---

[1] The class includes inmates in all New York City jails except the Eric M. Taylor Center and the Elmhurst and Bellevue Prison Wards.

1

libraries, housing areas, and receiving rooms of each jail where it is reasonably calculated to be seen by inmates in the area. (Talla Letter at 1, 3). The plaintiffs request that DOC be ordered to provide a copy of the notice to all inmates upon admission to a City jail or if that request is denied, require DOC to (1) post the notice on the DOC website and (2) distribute a copy to all inmates involved in "Class A" Use of Force incidents during the pendency of the action. (Rosenfeld Letter at 3-4; Talla Letter at 3-4). The plaintiffs also request that DOC be required to provide training at roll call to instruct staff not to remove or tamper with the posted notices. (Rosenfeld Letter at 3-4). The defendants oppose each of the proposed additional methods of distribution as well as the roll call training. (Larkin Letter at 3-5).

Discussion

Where, as here, a class is certified pursuant to Rule 23(b)(1) or 23(b)(2) of the Federal Rules of Civil Procedure, notice is not required, but it is within the discretion of the court to "direct appropriate notice to the class" in order to facilitate participation by class members. Fed. R. Civ. P. 23(c)(2)(A).

> When the court does direct certification notice in a (b)(1) or (b)(2) class action, the discretion and flexibility established by subdivision (c)(2)(A) extend to the method of giving notice. Notice facilitates the opportunity to participate. Notice calculated to reach a significant number of class members often will protect the interests of all. Informal methods may prove

>  effective.  A simple posting in a place visited by many
>  class members, directing attention to a source of more
>  detailed information, may suffice.  The court should
>  consider the costs of notice in relation to the probable
>  reach of inexpensive methods.

Fed. R. Civ. P. 23(c)(2) advisory committee's note to 2003 amendments.

In this case, providing individual notice to each new inmate would be onerous and unnecessary.  While, in theory, notices could be distributed along with inmate handbooks, implementing and monitoring distribution throughout the DOC system would create an administrative burden.  Moreover, the vast majority of inmates entering the City jails never experience a use of force by staff and therefore have a diminished interest in the litigation.  Where individual notice has been ordered, it has generally involved a more targeted population, often one that can be defined by the rights or benefits at issue.  In <u>Handberry v. Thompson</u>, 96 Civ. 6161 (S.D.N.Y.), for example, notice was provided to a discrete set of inmates under the age of 21 who might qualify for special education services.  (Stipulation dated Nov. 13, 1996).  By contrast, where the target population is more diffuse, individual notice is generally not required.  <u>See, e.g.</u>, <u>Inmates of New York State with Human Immune Deficiency Virus v. Cuomo</u>, No. 09-CV-252, 1991 WL 16032, at *1, 3 (N.D.N.Y. Feb. 7, 1991) (requiring only posting of class notice in each of 60 prisons in case challenging

provision of medical, mental health, education, and preventive services to inmates with HIV). I will therefore not require class notice to be disseminated to each new inmate upon arrival in a City jail.

Providing individual notice to inmates who actually experience a use of force is a different matter. These are the class members with the greatest interest in the litigation and who are most likely to participate actively. Furthermore, there is a procedure already in place that can be utilized to distribute the notice with little additional burden to DOC. Following any serious incident, the inmate involved is interviewed by a DOC captain or investigator concerning the event (Larkin Letter at 4), and at that time the inmate can be provided with the class notice.

Little value would be added by posting class notice on the DOC website. While this site is apparently available to the public, including the family members of inmates (Rosenfeld Letter at 3), the inmates themselves do not have access to the internet and therefore would not be able to view it.

Finally, the plaintiffs have proffered no evidence that DOC staff have defaced or removed class notices, and there is therefore no basis for requiring roll call training.

<u>Conclusion</u>

For the reasons set forth above, the agreed-upon class notice

4

shall be posted in English and Spanish in areas of all law libraries, housing areas, and receiving rooms of each DOC jail where it is reasonably calculated to be seen by inmates in the area. In addition, DOC shall provide a copy of the notice to each inmate involved in a "Class A" Use of Force incident during the pendency of the action.

                        SO ORDERED.

                        *James C. Francis IV*

                        JAMES C. FRANCIS IV
                        UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
      February 28, 2013

Copies mailed this date:

Jonathan S. Abady, Esq.
Katherine R. Rosenfeld, Esq.
Vasudha Talla, Esq.
Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019

Jonathan S. Chasen, Esq.
Legal Aid Society
199 Water Street, 3rd Floor
New York, NY 10038

Mary Lynne Werlwas, Esq.
The Legal Aid Society
111 Livingston Street
Brooklyn, NY 11201

William I. Sussman, Esq.
Joseph G. Cleemann, Esq.
Christopher Paul Conniff, Esq.
Amanda N. Raad, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Arthur G. Larkin, Esq.
Diep Nguyen, Esq.
Corporation Counsel for the City of New York
100 Church Street
New York, NY 10007