UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARK NUNEZ, et al.,

                                         Plaintiffs,

                   -against-

THE CITY OF NEW YORK, et al.,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER**

11-CV-5845 (LTS) (JCF)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Dora Schriro, Florence Finkle, Michael Hourihane, Carmine LaBruzzo, Mark Scott, Larry Davis, Sr., Rose Agro, Emmanuel Bailey, Robert Cripps, Edmund Duffy, Evelyn Mirabal, Kathleen Mulvey, Carlton Newton, Ronald Jorgenson, Eric Ramos, Sherrell Johnson (sued herein as "Danielle Johnson"), Norman Williams, Terri Majors, Budnarine Behari, Lamel Sistrunk, Adeboye Fadina, Theo Primm, Sherma Dunbar, Herman Medina, Richard O'Connor, Dawn Kirkland, Reginald Rothwell, Todd Brishinsky, Theodore Salley, Sidney Davies, Malcolm Davis, Omar Alston, Walter Dean, Attea Williams, Robert Orlandi, Louis Leonard, Carlos Diaz, Adrian Davis, Cory Hughes, Thurman Thompson (sued herein as "Eric Thompson"), James Quinn, Patrick Remy, Paul Bunton, Antonio Bravo, Khalmar Tutein, Robert Lamar, Haddon Baillie, Rafael Gutierrez, Aadam Glenn, Lisa Thomas, Marc Jean-Simon, Jamar McMorris and Selvin Stultz, as and for their answer to the Second Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Second Amended Complaint.

        2.      Deny the allegations set forth in paragraph "2" of the Second Amended Complaint.

3.     Deny the allegations set forth in paragraph "3" of the Second Amended Complaint, except admit that inmate plaintiffs brought five lawsuits against the City under the index numbers set forth therein.

4.     Deny the allegations set forth in paragraph "4" of the Second Amended Complaint.

5.     Deny the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit that this lawsuit is the sixth brought by a group  of inmates purporting to seek class-wide relief with regard to alleged practices within the Department of Correction (hereafter "DOC").

6.     Deny the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that plaintiffs purport to bring this action for injunctive and declaratory relief, and for money damages.

7.     Deny the allegations set forth in paragraph "7" of the Second Amended Complaint, except admit that plaintiffs purport to invoke this court's jurisdiction.

8.     Deny the allegations set forth in paragraph "8" of the Second Amended Complaint, except admit that plaintiffs purport to lay venue in this District.

9.     Deny the allegations set forth in paragraph "9" of the Second Amended Complaint, except admit that plaintiffs Mark Nunez, Brye, Smallwood, Woods, Sanders, Ralph Nunez, Bacote, DeGros, Graham, Ortiz, Sewell and Pickering are, or were at one time, in the custody of DOC.

10.     Deny the allegations set forth in paragraph "10" of the Second Amended Complaint, except admit that defendants Kirkland, Rothwell, Brishinsky, Leonard, Salley, Diaz, Adrian Davis, Malcolm Davis, Alston, Dean, Williams, Orlandi, Hughes, Arkhurst, Thompson,

Quinn, Remy, Soto, Bunton, Bravo, Santiago, Tutein, Lamar, Baillie, Gutierrez, Glenn, Thomas, Sloly, Negron, Jean-Simon, McMorris, Roman, Stultz, Sanchez, Lorenzo, Bertrand and Weldon are, or were, employed by DOC as uniformed correction officers and assigned to DOC jails; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "John/Jane Doe" defendants.

11.     Deny the allegations set forth in paragraph "11" of the Second Amended Complaint, except admit that defendants Williams, Majors, Massey, Behari, Sistrunk, Dunbar, Fadina, Medina, Primm, O'Connor, Declet and Jones are, or were, employed by DOC as captains and assigned to DOC jails; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "John/Jane Doe" defendants.

12.     Deny the allegations set forth in paragraph "12" of the Second Amended Complaint, except admit that an individual named Sherron Johnson, Shield # 1055, is employed by DOC as an Assistant Deputy Warden.

13.     Deny the allegations set forth in paragraph "13" of the Second Amended Complaint, except admit that Eric Ramos was employed by DOC as a Deputy Warden.

14.     Deny the allegations set forth in paragraph "14" of the Second Amended Complaint, except admit that Rose Agro is employed by DOC as a Warden.

15.     Deny the allegations set forth in paragraph "15" of the Second Amended Complaint, except admit that Robert Cripps is employed by DOC as a Supervising Warden.

16.     Deny the allegations set forth in paragraph "16" of the Second Amended Complaint, except admit that Emmanuel Bailey was employed by DOC as a Warden.

17.     Deny the allegations set forth in paragraph "17" of the Second Amended Complaint, except admit that Edmund Duffy is employed by DOC as a Warden.

18.     Deny the allegations set forth in paragraph "18" of the Second Amended Complaint, except admit that Ronald Jorgensen was formerly employed by DOC as a Deputy Warden.

19.     Deny the allegations set forth in paragraph "19" of the Second Amended Complaint, except admit that Evelyn Mirabal is employed by DOC, and further state that she is currently the Chief of Department.

20.     Deny the allegations set forth in paragraph "20" of the Second Amended Complaint, except admit that Kathleen Mulvey was employed by DOC as a Warden.

21.     Deny the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that Carlton Newton is employed by DOC as a Warden.

22.     Deny the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that Florence Finkle is employed by DOC as the Deputy Commissioner of Integrity and Policy.

23.     Deny the allegations set forth in paragraph "23" of the Second Amended Complaint, except admit that Mark Scott is employed by DOC as a Supervising Warden.

24.     Deny the allegations set forth in paragraph "24" of the Second Amended Complaint, except admit that Carmine LaBruzzo was employed by DOC as the Deputy Chief of Department.

25.     Deny the allegations set forth in paragraph "25" of the Second Amended Complaint, except admit that Michael Hourihane was employed by DOC as Chief of Department.

26.     Deny the allegations set forth in paragraph "26" of the Second Amended Complaint, except admit that Larry Davis, Sr., was employed by DOC as Chief of Department.

27.     Deny the allegations set forth in paragraph "27" of the Second Amended Complaint, except admit that Dora Schriro is the Commissioner of DOC.

28.     Deny the allegations set forth in paragraph "28" of the Second Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and that it operates a number of detention jails through its Department of Correction.

29.     Deny the allegations set forth in paragraph "29" of the Second Amended Complaint, including all subparts, except admit that plaintiffs purport to bring this lawsuit as a class action under Fed. R. Civ. P. 23, seeking various forms of relief.

30.     Deny the allegations set forth in paragraph "30" of the Second Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Second Amended Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Second Amended Complaint, except admit that inmates have sustained injuries in connection with uses of force by jail staff.

33.     Deny the allegations set forth in paragraph "33" of the Second Amended Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Second Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Second Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Second Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Second Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Second Amended Complaint, except admit that DOC operates under a single use of force policy; trains its staff at a single Training Academy; maintains its Integrity and Policy Division which has responsibility for investigating certain reports of staff's use of force; and has the authority to prosecute DOC employees for violations of DOC policy including the use of excessive force.

39.     Deny the allegations set forth in paragraph "39" of the Second Amended Complaint, except admit that DOC chain of command includes the commissioner, chiefs, supervising wardens, deputy wardens and other uniformed staff.

40.     Deny the allegations set forth in paragraph "40" of the Second Amended Complaint, except admit that DOC officials receive information about uses of force.

41.     Deny the allegations set forth in paragraph "41" of the Second Amended Complaint, except admit that Wardens, Deputy Wardens and Assistant Deputy Wardens receive information about uses of force that occur in their commands.

42.     Deny the allegations set forth in paragraph "42" of the Second Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Second Amended Complaint, except admit that use of force reports prepared by DOC staff are filed in one central location.

44.      Deny the allegations set forth in paragraph "44" of the Second Amended Complaint, except admit that DOC agreed to implement certain measures in order to resolve the lawsuit captioned <u>Sheppard v. Phoenix</u>, 91 Civ. 4148 (RPP).

45.      Deny the allegations set forth in paragraph "45" of the Second Amended Complaint, except admit that the Prisoners' Rights Project of the Legal Aid Society has sent letters to DOC concerning uses of force.

46.      Deny the allegations set forth in paragraph "46" of the Second Amended Complaint, except admit that since 2002, inmates have sued the City, alleging or claiming that they were subjected to excessive force, and that the City has settled some of those lawsuits.

47.      Deny the allegations set forth in paragraph "47" of the Second Amended Complaint, except admit that over the last three decades, five class action lawsuits have been filed against the City concerning allegations of excessive force in DOC commands.

48.      Deny the allegations set forth in paragraph "48" of the Second Amended Complaint, except admit that discovery occurred in <u>Sheppard</u> and <u>Ingles</u>.

49.      Deny the allegations set forth in paragraph "49" of the Second Amended Complaint.

50.      Deny the allegations set forth in paragraph "50" of the Second Amended Complaint.

51.      Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

52.      Deny the allegations set forth in paragraph "52" of the Second Amended Complaint, except admit that DOC has adopted Directive # 5003 and refers the court to that

directive for a complete statement of its provisions, and that pursuant to the settlement reached

Ingles, DOC created a tracking system with regard to officers' uses of force.

53.     Deny the allegations set forth in paragraph "53" of the Second Amended

Complaint, except admit that senior DOC staff attends meetings pursuant to the TEAMS

program.

54.     Deny the allegations set forth in paragraph "54" of the Second Amended

Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Second Amended

Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Second Amended

Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Second Amended

Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Second Amended

Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Second Amended

Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Second Amended

Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "61" of the Second Amended Complaint, except admit

that on or about March 4, 2010, Mark Nunez was in DOC custody and housed at RNDC.

62.     Deny the allegations set forth in paragraph "62" of the Second Amended Complaint, except admit that on March 4, 2010, Officer Thomas pressed her PBA (personal body alarm) and summoned a probe team to the area where plaintiff Nunez was housed.

63.     Deny the allegations set forth in paragraph "63" of the Second Amended Complaint, except admit that Capt. Primm used force against plaintiff Nunez.

64.     Deny the allegations set forth in paragraph "64" of the Second Amended Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Second Amended Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Second Amended Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Second Amended Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Second Amended Complaint, except admit that plaintiff Brye was formerly in DOC custody.

69.     Deny the allegations set forth in paragraph "69" of the Second Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Second Amended Complaint, except admit that plaintiff Brye was taken to the medical clinic at AMKC.

71.     Deny the allegations set forth in paragraph "71" of the Second Amended Complaint, except admit that plaintiff Brye received medical treatment.

72.     Deny the allegations set forth in paragraph "72" of the Second Amended Complaint, except admit that plaintiff Brye was discharged from one or more medical facilities.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Second Amended Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Second Amended Complaint, except admit that plaintiff Brye was involved in a use of force with DOC staff on or about February 29, 2012.

75.     Deny the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Second Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Second Amended Complaint, except admit that on July 29, 2011, plaintiff Smallwood was in DOC custody and housed at AMKC.

78.     Deny the allegations set forth in paragraph "78" of the Second Amended Complaint, except admit that on July 29, 2011, plaintiff Smallwood was involved in a use of force with DOC staff.

79.     Deny the allegations set forth in paragraph "79" of the Second Amended Complaint, except admit that on or about July 29, 2011, plaintiff Smallwood was involved in a use of force with DOC staff.

80.     Deny the allegations set forth in paragraph "80" of the Second Amended Complaint, except admit that on or about July 29, 2011, plaintiff Smallwood was involved in a use of force with DOC staff.

81.     Deny the allegations set forth in paragraph "81" of the Second Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Second Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Second Amended Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "84" of the Second Amended Complaint, except admit that plaintiff Smallwood was in the AMKC clinic on July 29, 2011.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Second Amended Complaint, except admit that plaintiff Smallwood received medical treatment.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Second Amended Complaint, except admit that plaintiff Smallwood received medical treatment.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Second Amended Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Second Amended Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Second Amended Complaint, except (i) admit that on March 17, 2011, plaintiff Woods was in DOC custody and housed at GRVC, and (ii) deny that Behari gave Woods a false infraction.

90.     Deny the allegations set forth in paragraph "90" of the Second Amended Complaint, except admit that plaintiff Woods went to the MDC clinic on March 17, 2011.

91.     Deny the allegations set forth in paragraph "91" of the Second Amended Complaint, except admit that plaintiff Woods was involved in a use of force on or about March 17, 2011.

92.     Deny the allegations set forth in paragraph "92" of the Second Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Second Amended Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Second Amended Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Second Amended Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Second Amended Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Second Amended Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Second Amended Complaint, except admit that plaintiff Woods received medical attention.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Second Amended Complaint, except admit that plaintiff Woods received medical attention.

100.     Deny the allegations set forth in paragraph "100" of the Second Amended Complaint, except admit that plaintiff Woods received medical attention.

101.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Second Amended Complaint.

102.     Deny the allegations set forth in paragraph "102" of the Second Amended Complaint, except admit that plaintiff Woods was found guilty of an infraction and was punished.

103.     Deny the allegations set forth in paragraph "103" of the Second Amended Complaint.

104.     Deny the allegations set forth in paragraph "104" of the Second Amended Complaint, except (i) admit that on November 3, 2011, plaintiff Ralph Nunez was in DOC custody and housed at OBCC, and that he was involved in a use of force on or about that date, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff Ralph Nunez is a citizen of the United States, or that he is currently incarcerated at the Sing Sing Correctional Facility.

105.     Deny the allegations set forth in paragraph "105" of the Second Amended Complaint, except admit that Marisol Delgado visited plaintiff Ralph Nunez on or about November 3, 2011.

106.     Deny the allegations set forth in paragraph "106" of the Second Amended Complaint, except admit that plaintiff Ralph Nunez was involved in a use of force on or about November 3, 2011.

107.     Deny the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Second Amended Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Second Amended Complaint, except admit that plaintiff Ralph Nunez received medical attention.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Second Amended Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Second Amended Complaint, except admit that plaintiff Ralph Nunez was found guilty of an infraction and was punished.

112.    Deny the allegations set forth in paragraph "112" of the Second Amended Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Second Amended Complaint, except admit that on or about April 15, 2011, and October 20, 2011, plaintiff Bacote was involved in uses of force while housed at GRVC.

114.    Deny the allegations set forth in paragraph "114" of the Second Amended Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Second Amended Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Second Amended Complaint, except admit that plaintiff Bacote received medical attention.

117.     Deny the allegations set forth in paragraph "117" of the Second Amended Complaint, except admit that plaintiff Bacote was found guilty of an infraction and was punished.

118.     Deny the allegations set forth in paragraph "118" of the Second Amended Complaint, except admit that plaintiff Bacote was involved in a use of force with staff on or about October 20, 2011.

119.     Deny the allegations set forth in paragraph "119" of the Second Amended Complaint, except admit that plaintiff Bacote received medical attention.

120.     Deny the allegations set forth in paragraph "120" of the Second Amended Complaint, except admit that plaintiff Bacote was found guilty of an infraction and was punished.

121.     Deny the allegations set forth in paragraph "121" of the Second Amended Complaint.

122.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Second Amended Complaint, except admit that on or about September 16, 2011, plaintiff DeGros was involved in a use of force while housed at AMKC.

123.     Deny the allegations set forth in paragraph "123" of the Second Amended Complaint.

124.     Deny the allegations set forth in paragraph "124" of the Second Amended Complaint, except admit that video footage was reviewed by DOC investigators but the footage did not capture the incident.

125.     Deny the allegations set forth in paragraph "125" of the Second Amended Complaint, except admit that plaintiff DeGros received medical treatment.

126.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Second Amended Complaint.

127.     Deny the allegations set forth in paragraph "127" of the Second Amended Complaint, except admit that plaintiff DeGros was found guilty of an infraction and was punished.

128.     Deny the allegations set forth in paragraph "128" of the Second Amended Complaint.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Second Amended Complaint, except deny the allegation that on September 14, 2011, plaintiff Graham was involved in a use of force while temporarily housed at the Queens Criminal Courts.

130.     Deny the allegations set forth in paragraph "130" of the Second Amended Complaint, except admit that plaintiff Graham was taken to Queens Criminal Court on or about September 14, 2011.

131.     Deny the allegations set forth in paragraph "131" of the Second Amended Complaint.

132.     Deny the allegations set forth in paragraph "132" of the Second Amended Complaint, except admit that plaintiff Graham received medical treatment.

133.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Second Amended Complaint, except admit that plaintiff Graham received medical treatment.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Second Amended Complaint, except admit that plaintiff Graham received medical treatment.

135.    Deny the allegations set forth in paragraph "135" of the Second Amended Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Second Amended Complaint, except admit that on or about September 5, 2011, plaintiff Ortiz was involved in a use of force while housed at VCBC.

137.    Deny the allegations set forth in paragraph "137" of the Second Amended Complaint, except admit that plaintiff Ortiz and another inmate were involved in a physical altercation.

138.    Deny the allegations set forth in paragraph "138" of the Second Amended Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Second Amended Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Second Amended Complaint, except admit that plaintiff Ortiz received medical treatment.

141.    Deny the allegations set forth in paragraph "141" of the Second Amended Complaint, except admit that plaintiff Ortiz received medical treatment.

142.    Deny the allegations set forth in paragraph "142" of the Second Amended Complaint, except admit that plaintiff Ortiz signed a statement.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Second Amended Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Second Amended Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Second Amended Complaint, except admit that on or about February 28, 2011, plaintiff Sewell was involved in a use of force while housed at RNDC.

146.    Deny the allegations set forth in paragraph "146" of the Second Amended Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Second Amended Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Second Amended Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Second Amended Complaint, except deny knowledge sufficient to form a belief as to the truth of the allegation that plaintiff Sewell passed blood in his urine.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Second Amended Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Second Amended Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Second Amended Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Second Amended Complaint, except admit that on November 7, 2009, plaintiff Pickering was involved in a use of force while housed at GRVC.

154.    Deny the allegations set forth in paragraph "154" of the Second Amended Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Second Amended Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Second Amended Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Second Amended Complaint, except admit that DOC staff took photos of plaintiff Pickering.

158.    Deny the allegations set forth in paragraph "158" of the Second Amended Complaint, except admit that plaintiff Pickering was found guilty of an infraction and was punished.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Second Amended Complaint.

160.    Deny the allegations set forth in paragraph "160" of the Second Amended Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Second Amended Complaint, except admit that on July 2, 2012, plaintiff Sanders was involved in a use of force while housed in the Central Punitive Segregation Unit ("CPSU").

162.    Deny the allegations set forth in paragraph "162" of the Second Amended Complaint, except admit that plaintiff Sanders was inside his cell in the CPSU.

163.    Deny the allegations set forth in paragraph "163" of the Second Amended Complaint, except admit that plaintiff Sanders' cell was searched.

164.    Deny the allegations set forth in paragraph "164" of the Second Amended Complaint, except admit that there was no video camera inside plaintiff Sanders' cell.

165.    Deny the allegations set forth in paragraph "165" of the Second Amended Complaint, except admit that plaintiff Sanders received medical treatment.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Second Amended Complaint, except admit that plaintiff Sanders received medical treatment.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Second Amended Complaint, except admit that plaintiff Sanders received medical treatment.

168.    Deny the allegations set forth in paragraph "168" of the Second Amended Complaint, except admit that plaintiff Sanders was transferred to DOC custody.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Second Amended Complaint.

170.    Deny the allegations set forth in paragraph "170" of the Second Amended Complaint, except admit that Sanders was given disciplinary infractions.

171.    Deny the allegations set forth in paragraph "171" of the Second Amended Complaint.

172.     Deny the allegations set forth in paragraph "172" of the Second Amended Complaint, except admit that purported notices of claim have been received by the Comptroller's Office for some of the named plaintiffs herein, and that those claims have not been settled.

## ANSWERING PLAINTIFFS' CLAIMS FOR RELIEF

173.     Repeat and reallege each and every response to paragraphs "1" through "172" of the Second Amended Complaint, as though fully set forth herein, in response to the first sentence of paragraph "173" of the Second Amended Complaint; and deny the remaining allegations.

174.     Deny the allegations set forth in paragraph "174" of the Second Amended Complaint.

175.     Deny the allegations set forth in paragraph "175" of the Second Amended Complaint.

176.     Deny the allegations set forth in paragraph "176" of the Second Amended Complaint.

177.     Deny the allegations set forth in paragraph "177" of the Second Amended Complaint.

178.     Deny the allegations set forth in paragraph "178" of the Second Amended Complaint.

179.     Deny the allegations set forth in paragraph "179" of the Second Amended Complaint.

180.     Deny the allegations set forth in paragraph "180" of the Second Amended Complaint.

181.    Deny the allegations set forth in paragraph "181" of the Second Amended Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Second Amended Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Second Amended Complaint.

184.    Deny the allegations set forth in paragraph "184" of the Second Amended Complaint.

185.    Deny the allegations set forth in paragraph "185" of the Second Amended Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Second Amended Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Second Amended Complaint.

188.    Deny the allegations set forth in paragraph "188" of the Second Amended Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Second Amended Complaint.

190.    Deny the allegations set forth in paragraph "190" of the Second Amended Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Second Amended Complaint.

192.    Deny the allegations set forth in paragraph "192" of the Second Amended Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Second Amended Complaint.

194.    Deny the allegations set forth in paragraph "194" of the Second Amended Complaint.

195.    Deny the allegations set forth in paragraph "195" of the Second Amended Complaint.

196.    Deny the allegations set forth in paragraph "196" of the Second Amended Complaint.

197.    Deny the allegations set forth in paragraph "197" of the Second Amended Complaint.

198.    Deny the allegations set forth in paragraph "198" of the Second Amended Complaint.

199.    Deny the allegations set forth in paragraph "199" of the Second Amended Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Second Amended Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Second Amended Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Second Amended Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Second Amended Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Second Amended Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Second Amended Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Second Amended Complaint.

207.    Deny the allegations set forth in paragraph "207" of the Second Amended Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Second Amended Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Second Amended Complaint.

210.    Deny the allegations set forth in paragraph "210" of the Second Amended Complaint.

211.    Deny the allegations set forth in paragraph "211" of the Second Amended Complaint.

212.    Deny the allegations set forth in paragraph "212" of the Second Amended Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Second Amended Complaint.

214.    Deny the allegations set forth in paragraph "214" of the Second Amended Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Second Amended Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Second Amended Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Second Amended Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Second Amended Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Second Amended Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Second Amended Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Second Amended Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Second Amended Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Second Amended Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Second Amended Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Second Amended Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Second Amended Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Second Amended Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Second Amended Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Second Amended Complaint.

230.    The allegations of paragraph "230" do not require a response herein.

231.    Deny the allegations set forth in paragraph "231" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

232.    Deny the allegations set forth in paragraph "232" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

233.    Deny the allegations set forth in paragraph "233" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

234.    Deny the allegations set forth in paragraph "234" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

235.    Deny the allegations set forth in paragraph "235" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

236.    Deny the allegations set forth in paragraph "236" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

237.    Deny the allegations set forth in paragraph "237" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

238.    Deny the allegations set forth in paragraph "238" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

239.    Deny the allegations set forth in paragraph "239" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

240.    Deny the allegations set forth in paragraph "240" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

241.    Deny the allegations set forth in paragraph "241" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

242.    Deny the allegations set forth in paragraph "242" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

243.    Deny the allegations set forth in paragraph "243" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

244.    Deny the allegations set forth in paragraph "244" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

245.    Deny the allegations set forth in paragraph "245" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

246.    Deny that plaintiffs are entitled to attorney's fees as alleged in paragraph "246" of the Second Amended Complaint.

247.    Deny the allegations set forth in paragraph "247" of the Second Amended Complaint, except admit that plaintiffs purport to seek relief as stated therein.

## FIRST AFFIRMATIVE DEFENSE

248.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

249.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

250.    At all times relevant to the acts alleged in the Second Amended Complaint, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York has governmental immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

251.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendant.

## FIFTH AFFIRMATIVE DEFENSE

252.    Certain plaintiffs have failed to comply with the conditions precedent required for this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

253.    Defendants were not deliberately indifferent to the serious medical needs of any of the plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

254.     None of the defendants on whose behalf this Answer is served violated

any clearly established constitutional right of which a reasonable person would have known, and

therefore, said defendants are protected from liability by qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

255.     Punitive damages may not be recovered against the City of New York.

## NINTH AFFIRMATIVE DEFENSE

256.     Plaintiffs' claims are barred in whole or in part by the applicable statutes

of limitation.

## TENTH AFFIRMATIVE DEFENSE

257.     Plaintiffs lack standing to obtain the injunctive or declaratory relief

sought.

## ELEVENTH AFFIRMATIVE DEFENSE

258.     Plaintiffs have not complied with the Prison Litigation Reform Act

("PLRA"), and to the extent plaintiffs may have complied with the PLRA their right to relief is

limited as set forth therein.

      **WHEREFORE,** defendants request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 1, 2013

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                       City of New York
                                    *Attorney for Defendants*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2641

                                By:            /s/
                                      Arthur G. Larkin (AL 9059)
                                    Assistant Corporation Counsel

TO:      All Counsel
            (By ECF)