

**MEMO ENDORSED**

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ARTHUR G. LARKIN
Senior Counsel
Phone: (212) 788-1599
Fax: (212) 788-9776
alarkin@law.nyc.gov

July 31, 2013

**BY FACSIMILE**

Hon. James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/13

Re: Mark Nunez v. City of New York, et al., 11-CV-5845 (LTS) (JCF)

Your Honor:

We write jointly with Plaintiffs' counsel, pursuant to Rule 16(b), in order to request a modification of the scheduling order (DE 35) as more fully set forth below. This is the first request for a modification of the discovery deadlines in this matter.

This lawsuit seeks institutional reform and other relief on behalf of a class of inmates who allege among other things deliberate indifference by City officials to a pattern of excessive force inside the City jails. Twelve named Plaintiffs seek money damages, and the class representatives seek among other things declaratory and injunctive relief. The parties have stipulated that this lawsuit may proceed as a class action, obviating the need for motion practice on that issue (*see* DE 61).

Discovery has proceeded on a rolling basis since the end of last year. To date, the City has produced approximately 1.2 million pages of documents and 1,500 DVDs containing video and audio evidence regarding specific use of force incidents. The City's internal database include another 100,000 images that it expects to produce this week, or early next week, and the City's vendor is in the process of scanning approximately 30 boxes of documents which will likely bring the total number of documents produced to approximately 1.5 million by the end of next week. The City continues to request and receive medical records from the facilities where the releases were sent. The City may have a dispute regarding Plaintiffs' supplementary interrogatory responses, but will first confer with Plaintiffs to resolve the matter if possible.

Plaintiffs will produce by today documents and other information agreed to or as required by the Court's Order of May 17, 2013 with the exception of one criminal defense attorney's file and some medical records that continue to arrive from the facilities to which releases were sent, which Plaintiffs are producing on a rolling basis as they are received. Plaintiffs also provided the City with signed authorizations to facilitate the City's access to these same medical records. Plaintiffs also have produced a substantial number of criminal records which the City is in the process of reviewing.

The City's records show that it has produced the following materials: (1) the vast majority of the use of force files concerning incidents that occurred after January 1, 2010 in all City jails except for the Eric M. Taylor Center ("EMTC") and the hospital prison wards; (2) personnel files for all named Defendants except three which DOC cannot locate, but which may be in the custody of another City agency; (3) twenty-four hour reports concerning uses of force inside the jails from 2008-present; (4) training materials, directives and internal guidelines concerning the investigation of serious uses of force by ID investigators; (5) internal and external audits of the City jails to the extent such audits concern uses of force; (6) media for use of force incidents, including both video recordings from stationary cameras inside the jails and audio recordings of interviews with correction officers and inmates; and (7) approximately one thousand five hundred (1,500) use of force files concerning incidents in which the named Defendants were involved, a category that includes approximately five hundred (500) files concerning incidents prior to December 31, 2009, and approximately one thousand (1,000) files concerning incidents that occurred after January 1, 2010.

The City has identified certain specific categories of documents that have not yet been produced and has discussed these categories with Plaintiffs' counsel. Representative categories of documents that remain to be produced include: (1) some of the use of force files concerning incidents in which the named Defendants were involved (viz., for the most part, those incidents that occurred prior to 2006; we have provided a spreadsheet listing these incidents by UOF number, Defendant and jail); (2) DOC academy training materials concerning the use of force, which have been provided to the vendor and are being scanned for production later this month; (3) media for uses of force that occurred prior to December 31, 2009, in which the named Defendants were involved, and which Plaintiffs have identified as directed by the Court's Order of May 17, 2013; (4) Board of Correction field reports concerning uses of force; (5) records of criminal convictions, pending criminal proceedings, and files for Office of Administrative Trials and Hearings ("OATH") proceedings involving named Defendants and DOC personnel; and (6) E-mails that are responsive to Plaintiffs' discovery demands, which are the subject of the parties' ongoing discussions.

In light of the work that remains to be done with regard to producing the outstanding documents and the work to be done to review that material and prepare for depositions, the parties jointly request the following adjustments to the discovery schedule:

- <u>Document discovery to be completed by August 31, 2013</u>. The City will endeavor to complete e-mail production and production of other relevant documents from electronic databases/sources by that date, but will request more time if necessary. The City's IT group has completed a trial run of Plaintiffs' proposed search terms using a modified, shortened list of custodians, and has

2

uncovered approximately 675,000 emails. Counsel continue to cooperate on negotiating the scope of those search terms consistent with their obligations under the Rules, and we hope to reach agreement on the final search term list by the end of next week. After the search terms are agreed to, the emails and other electronic material must be extracted, reviewed for privilege and relevance and produced.

- **Fact discovery, including depositions, to be completed by June 30, 2014**, an extension of 6 months from the current deadline of December 31, 2013. The parties understand that reasonable limitations on the number of depositions will have to be negotiated and will undertake discussions on this subject before depositions commence in September.

- **Export discovery to be completed by October 30, 2014**, a similar extension of 6 months from the current deadline of April 30, 2014.

- **Dispositive motions to be filed by December 31, 2014**, again a similar extension of 6 months from the current deadline of June 30, 2014. *17 at 11:00 a.m. [initials]*

- **Pre-trial conference to be held on or after April 1, 2015**, with all other dates in the scheduling order to be adjusted to account for the pre-trial conference date, another extension of 6 months from the current deadline of October 3, 2014.

Both sides are aware of paragraph 13 of the scheduling order, which provides that no extensions will be granted except upon a showing of good cause set forth in a written application. We respectfully submit that, given the vast discovery already completed and the efforts undertaken by both sides to complete discovery on time, that the requirements of paragraph 13 are met here. The scope of discovery in this lawsuit is greater than either side foresaw. From 2003 through 2006, another lawsuit alleging excessive force in the City jails was litigated by the undersigned counsel for the City and the same counsel for the Plaintiff class (except for Ropes & Gray, which was not involved in that prior lawsuit), and excluding the class medical records, approximately 335,000 documents were produced in that entire lawsuit. The volume of responsive material in this case will exceed five times that number, a circumstance that was unanticipated by either side, and the main reason why the parties seek an extension of the discovery deadlines.

For the foregoing reasons the parties jointly respectfully request that the Court exercise its discretion and grant this request adjusting the discovery schedule as set forth above.

Respectfully submitted,

*[signature]*
Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m
cc: All Counsel (by E-mail)

*8/2/13*
*Application granted.*
*SO ORDERED.*
*James C. Francis IV*
*USMJ*

3