UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X **Certain Defendants' Response**
MARK NUNEZ; et al.,                                               **and Objections to Plaintiffs'**
                            Plaintiffs,                             **First Consolidated Set of**
                                                         **of Interrogatories and**
                     - against -                              **Request for Production**
                                                         **of Documents**
CITY OF NEW YORK, et al.,
                                                         Index No. 11-CV-5845 (LTS) (JCF)
                            Defendants.
------------------------------------------------------------------X

       PLEASE TAKE NOTICE, that, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendants, MASSEY, DECLET, ARKHURST, SANTIAGO, SANCHEZ, LORENZO, BERTRAND and WELDON, hereby respond to plaintiffs SANDERS, WOODS and BACOTE's First Consolidated Set of Interrogatories and Request for Production of Documents to said defendants.

## DEFINITIONS

       The Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 are expressly incorporated herein by reference.

## GENERAL RESERVATIONS

       The responses herein are based on information and documents presently available to said defendants. If discovery or subsequent investigation or future recollection reveals additional or different information and/or documents with respect to these responses, said defendants expressly reserve the right to later amend and supplement these responses.

## GENERAL OBJECTIONS

       Said defendants reserve all objections with respect to relevancy and materially as well as the right to interpose additional objections and to move for appropriate protective

orders in the event additional discovery and pre-trial preparation develop further information with respect to any of the responses herein. The responses herein are without waiver of, or prejudice to, any such objections or rights. Furthermore, said defendants reserve their right to move for appropriate protective orders on the basis of the objections stated herein. The responses herein are without waiver of, or prejudice to, any such objections or rights.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

In addition to the general reservations above and to the specific objections separately set forth in response to certain interrogatories, each of the interrogatories and their responses are subject to the following general objections:

A) Objection to any interrogatory to the extent that it requests information more practically obtainable through another discovery device.

B) Objection to any interrogatory to the extent that it requests information within the knowledge of said plaintiffs.

C) Objection to any interrogatory to the extent that it requests information that is obtainable from documents within the possession, custody or control of said plaintiffs.

D) Objection to the definitions set forth in the interrogatories to the extent that they are broader than those prescribed by the Federal Rules of Civil Procedure and the Local Civil Rules.

E) Objection to any interrogatory to the extent that it purports to require disclosure of communications, information or documents that are protected from disclosure on the basis of privilege or the work product doctrine or of having been prepared or elicited for or in anticipation of litigation and/or trial.

2

F) Inadvertent disclosure of any information which is privileged, protected by the work product doctrine, was prepared or elicited for or in anticipation of litigation and/or trial, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information, or its subject matter, or of said defendants' right to object to the use of any such information or document during any proceeding in this litigation or otherwise.

G) Objection to each interrogatory to the extent that it requests information concerning the identity of witnesses presently outside of said defendants' knowledge and of documents which are not in their present possession, custody, or control, on the grounds that those interrogatories are unduly burdensome and may be impossible to comply with.

H) Objection to any interrogatory to the extent that it requests the disclosure of irrelevant information or is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

I) Objection to any interrogatory to the extent it calls for a legal conclusion or which requires the application of facts to legal issues or questions.

J) Objection to any interrogatory or part of interrogatory which requests any information outside the scope of what is permitted under Local Civil Rule 33.3

Subject to the foregoing general objections and reservations, each of which shall be expressly deemed incorporated into each response below, said defendants respond as follows to each of the interrogatories:

Interrogatory No. 1

Identify every individual, including but not limited to DOC employees, City employees, members and/or employees of the New York City Board of Correction, and

3

employees of the City or DOC contractors providing medical or other services, who has knowledge or information concerning the stated Incidents.

Response to Interrogatory No. 1

Said defendants object to this interrogatory because it is overly broad. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, each of the stated defendants answer this interrogatory, in part and in substance, as follows: the stated defendants refer said plaintiffs to the document production by defendant City of New York, which include documents that identify other individuals who have or may have knowledge of information concerning the stated Incidents.

Interrogatory No. 2

Identify any and all DOC employees who used any type of physical force to restrain [each of the said plaintiffs] on or about [the stated dates], or who escorted [the stated plaintiffs] to the infirmary or to a hospital, specifying on which day each employee identified used any type of physical force.

Response to Interrogatory No. 2

Said defendants object to this interrogatory because it is vague and ambiguous. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, each of the said defendants answer this interrogatory, in part and in substance, as follows: Said defendants used only reasonable and necessary "physical force" after said plaintiffs became verbally abusive, refused to comply with orders, and otherwise exhibited violent behavior. Said defendants refer the said plaintiffs to the document production by defendant City of New York which include documents that identify the members of the probe team that responded to the said Incidents. Said defendants do not

4

know the name of the individual(s) who escorted the stated plaintiffs to the infirmary or to the hospital.

Interrogatory No. 3

If you were questioned, either formally or informally, by the DOC or any officer or employee thereof, any District Attorney's Office, the United States Attorney's Office for the Southern District of New York and/or any federal, state or local law enforcement or other agency about [the complained] of Incident, identify those who questioned you.

Response to Interrogatory No. 3

These defendants object to this interrogatory because it is vague and ambiguous. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, these defendants answer this interrogatory, in part and in substance, as follows: These defendants were questioned by personnel from the Investigation Division. At this time said defendants do not recall the names of the individuals who questioned the stated plaintiffs, but these answers will be amended or supplemented should such information be recalled by these defendants.

Interrogatory No. 4

Identify every medical care provider and every medical care facility that treated you as a result of injuries sustained, if any, during [the complained of] Incidents.

Response to Interrogatory No. 4

Subject to all general objections and reservations as set forth above, the stated defendants answer this interrogatory, in part and in substance, as follows: Said defendants may have been treated at the prison clinic and then later at a hospital emergency room. It is

stated that said defendants do not recall which hospital they were treated at. But should said defendants later recall this information, these answers will be promptly supplemented.

## RESPONSE AND OBJECTIONS TO DOCUMENT REQUESTS

In addition to the general reservations above and the specific objections separately set forth in response to certain document requests, each of the document requests and their responses are subject to the following general objections.

A) Objection to any request to the extent that it requests documents more practically obtainable through another source.

B) Objection to any request to the extent that it requests documents within the possession, custody or control of said defendants.

C) Objection to the definitions of plaintiffs' requests to the extent that they exceed those Prescribed by the Federal Rules of Civil Procedure and the Local Civil Rules or are confusing, contain mistakes and typographical errors, and are difficult to understand.

D) Objection to any request to the extent that it may purport to require disclosure of documents that are protected from disclosure on the basis of privilege or the work product doctrine or of having been prepared or elicited for or in anticipation of litigation and/or trial.

E) Inadvertent production of any document which is privileged, protected by the work product doctrine, was prepared or elicited for or in anticipation of litigation and/or trial, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information or document, or its subject matter, or of said defendants' right to object to the use of any such information or document being during any proceeding in this litigation or otherwise, and to request the return to said defendants of such material.

F) Objection to any request to the extent that it requests the disclosure of documents that are irrelevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

G) Objection to any request to the extent it calls for the disclosure of certain evidentiary information that is not required to be disclosed by applicable discovery rules.

Subject to the foregoing general objections and reservations, each of which shall be expressly deemed incorporated into each response below, said defendants respond as follows to each of said plaintiffs' document requests:

Request No. 1

All documents identified in the foregoing Interrogatories.

Response to Request No. 1

No documents were identified in response to any of the foregoing interrogatories.

Request No. 2

All documents concerning Plaintiffs.

Response to Request No. 2

Said defendants object to this request because it is vague, ambiguous, overly broad and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants refer plaintiffs to the document production of defendant City of New York.

Request No. 3

All documents concerning the [complained of] Incidents concerning injuries to said plaintiffs or of said defendants, or of any other persons related to the said [stated]

Incident(s), or concerning disciplinary or criminal proceedings contemplated or instituted against defendants or plaintiffs or any other person related to the stated Incident(s).

Response to Request No. 3

Said defendants object to this request because it is vague, ambiguous, overly broad, and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants refer said plaintiffs to the document production of defendant City of New York.

Request No. 4

All documents issued, created, distributed or circulated by DOC to you between [said stated dates] concerning agency policy and procedures concerning Use of Force, including the utilization of chemical agents, and the reporting of Use of Force. These documents include but are not limited to training materials provided to recruit officers at the Training Academy (before their initial assignments to a jail facility) and to uniformed staff members who receive "on the job training" at the Academy and at jail commands, operation orders; directives; institutional orders; memoranda and other documents.

Response to Request No. 4

Said defendants object to this request because it is vague, ambiguous, overly broad, and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: They do not have any documents responsive to this request.

Request No. 5

All documents, including emails and Social Media, concerning Use of Force Incidents and unusual Incidents, including without limitation, any Investigation Division files, and Use of Force and/or Unusual Incident packages, where you either (a) prepared, either as a participant or witness, the document(s) or (b) were identified as having been present or involved.

Response to Request No. 5

Said defendants object to this request because it is vague, ambiguous, overly broad, and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants refer said plaintiffs to the document production made by defendant City of New York.

Request No. 6

The most recent DOC "22R forms" prepared for your personnel file.

Response to Request No. 6

Subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: said defendants do not have any documents responsive to this request.

Request No. 7

All documents generated under Department Directive 5003 concerning Use of Force by you.

Response to Request No. 7

Said defendants object to this request because it is vague, ambiguous, overly broad and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants do not have these documents and refer to the production of documents by defendant City of New York.

Request No. 8

All documents concerning interviews of you by any DOC personnel, pursuant to Department Directive 5003, in connection with your participation in Use of Force Incidents.

Response to Request No. 8

Said defendants object to this request because it is vague, ambiguous, overly broad, and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: said defendants do not have any documents responsive to this request.

Request No. 9

All documents concerning Notices of Claim filed with the Offices of the Comptroller of The City alleging that you used unnecessary, improper, and/or excessive force against an Inmate.

Response to Request No. 9

Said defendants object to this request because it is vague, ambiguous, overly broad, and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: said defendants do not have any documents responsive to this request, and refer to the document production by defendant City of New York.

Request No. 10

All documents concerning lawsuits filed in state and/or federal court alleging that you used unnecessary, improper, and/or excessive force against an Inmate.

Response to Request No. 10

Said defendants object to this request because it is vague, ambiguous, overly broad and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: other than documents relating to the instant lawsuit, which plaintiffs already have, said defendants do not have any documents responsive to this request and refer to the document production of defendant City of New York.

Request No. 11

All documents concerning any disciplinary charges against you.

Response to Request No. 11

Said defendants object to this request because it is vague, ambiguous, overly broad and seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: said defendants do not have any documents responsive to this request and refer to the document production by defendant City of New York.

Request No. 12

All documents concerning your suspension from duty by DOC or termination from employment by DOC.

Response to Request No. 12

Said defendants object to this request because it seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: said defendants do not have any documents responsive to this request and if such documents exist, said defendants refer to the document production of defendant City of New York.

Request No. 13

All documents concerning any criminal convictions, and any pending criminal proceedings, against you.

Response to Request No. 13

Said defendants object to this request because it seeks the disclosure of documents that are not relevant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Without prejudice to the foregoing and subject to all general objections and reservations as set forth above, said defendants answer this request, in part and in substance, as follows: said defendants do not have any documents responsive to this request and if such documents exist said defendants refer to the document production of defendant City of New York.

Request No. 14

Complete and provide the annexed blank authorization for medical records concerning your injuries, if any, that were sustained as a result of the [stated] Incidents.

Response to Request No. 14

Based on documents in the possession of counsel, said defendants have not pressed or concluded any claims seeking damages for injuries sustained as a result of the Incidents on the stated dates, and thus have not waived and are not waiving their medical privacy rights and all applicable doctor-patient privileges. Said defendants further believe that this request is beyond the scope of disclosure of documents calculated to lead to the discovery of

relevant and admissible evidence. Accordingly, said defendants will not authorize the release of their medical records to plaintiffs.

Dated: New York, New York
August 22 2013

PELTZ & WALKER

*[signature]*

Alexander Peltz (apeltz@peltzwalker.com)
222 Broadway - 25th Floor
New York, New York 10038
(212) 349-6775
Attorneys for Defendants
MASSEY, DECLET, ARKHURST,
SANTIAGO, SANCHEZ, LORENZO,
BERTRAND and WELDON

TO:   EMERY CELLI BRINCKERHOFF
&  ABADY LLP
75 Rockfeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5000
*Attorneys for Plaintiffs*
*Mark Nunez; Rodney Brye,*
*Shameik Smallwood; Travis Woods;*
*Ralph Nunez; Keith Bacote; Jose Degros;*
*Christopher Graham; Sonny Ortiz;*
*Clifford Sewell; and Leslie Pickering,*

THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3530
*Attorneys for Plaintiffs*
*Mark Nunez; Rodney Brye,*
*Shameik Smallwood; Travis Woods;*
*Ralph Nunez; Keith Bacote; Jose Degros;*
*Christopher Graham; Sonny Ortiz;*
*Clifford Sewell; and Leslie Pickering,*

TO:     ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 596-9000
*Attorneys for Plaintiffs*
*Rodney Brye, Shameik*
*Smallwood; Travis Woods, in their*
*capacities as potential class representatives*

Arthur Larkin, Esq.
Diep Nguyen, Esq.
CORPORATION COUNSEL OF THE
CITY OF NEW YORK
100 Church Street
New York, New York 10007
(212) 341-9848

Andreas Koutsoudakis, Esq.
KOEHLER & ISSACS, LLP
61 Broadway, 25th Floor
New York, New York 10006
(917) 551-1300
*Attorneys for Defendant*
*Edwin Sloly*

LAW OFFICE OF RICHARD SIGNORELLI
799 Broadway, Suite 539
New York, New York 10007
*Attorneys for Defendant*
*Ashaki Jones*

F:\DATA\12954000\4223067.doc