RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
O. ANDREW F. WILSON
KATHERINE ROSENFELD
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
JULIA EINBOND
VASUDHA TALLA
JENNIFER M. KEIGHLEY

# EMERY CELLI BRINCKERHOFF &ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

November 1, 2013

*By ECF and First Class Mail*

The Honorable James C. Francis
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Nunez, et al., v. City of New York, et al.,* 11 Civ. 5845 (LTS) (JCF)

Dear Judge Francis:

This office, together with The Legal Aid Society Prisoners' Rights Project and Ropes & Gray LLP, is counsel for the Plaintiff class in this matter, and this office, together with The Legal Aid Society Prisoners' Rights Project, is counsel for the Plaintiffs on their individual damages claims. We write in reply to the City of New York's letter of October 30, 2013 ("City Letter") (Dkt. # 94).

The City Letter asks the Court to discard the Class Notice Order (Dkt. # 70) and replace it with a new order that would require the City only to distribute a copy of the Class Notice to each newly admitted inmate and to post the Class Notice only in the jail law libraries, with no requirement to certify compliance.

This proposed new regime is not "calculated to reach a significant number of class members [in order to] protect the interests of all." Fed. R. Civ. P. 23(c)(2) Advisory Committee Note to 2003 Amendments. In entering the Class Notice Order just ten months ago, the Court concluded that individual notice to newly admitted inmates – which is the only distribution of Class Notice that the City now proposes – was not appropriate because "the vast majority of inmates entering the City jails never experience a use of force by staff and therefore have a diminished interest in the litigation." Class Notice Order at 3. The Court concluded that

the Class Notice must reach the "inmates who actually experience a use of force [because they] are the class members with the greatest interest in the litigation and who are most likely to participate actively." *Id*. at 4.  Thus, the Class Notice Order requires that a copy of the Class Notice be distributed to all inmates involved in a Class A Use of Force incident (approximately 100 to 150 inmates per year).  Plaintiffs' Letter stated (at 2 n.1) that Plaintiffs do not seek to change that aspect of the Class Notice Order.  The City Letter appears to be requesting that the Court end that important method of giving notice – one that directly reaches "inmates who actually experience a use of force."  Plaintiffs respectfully submit that the City should be required to continue such distribution.

Just as distributing the Class Notice only to newly admitted inmates would be inappropriate, so too would posting the Class Notice only in the law libraries.  The Class Notice Order directs (per the parties' agreement) that the Class Notice be posted "in areas of the law libraries, housing areas, and receiving rooms of each jail where it is reasonably calculated to be seen by inmates in the area."  That is much more likely to result in the Class Notice being read by those "inmates who actually experience a use of force" – especially when combined with distributing a copy of the Class Notice to all inmates involved in a Class A Use of Force incident.  Given the widespread failure of the City to comply with the posting requirements of the Class Notice Order, as described in Plaintiffs' Letter (and as grudgingly admitted in part in the City Letter), the Court should order the City to perform the modified methods for posting of Class Notice set out in Plaintiffs' Letter (at 4).

Plaintiffs also respectfully request that the Court reject the City's request to discontinue certification of its compliance with the Class Notice Order.  As discussed in Plaintiffs' Letter (at 6), Plaintiffs suggest that the City be ordered to certify compliance with any modified Class Notice Order requirements for posting of the Class Notice within thirty (30) days of entry of that Order, and that the City be ordered to certify compliance every ninety (90) days for compliance with the entirety of that Order (i.e., as to posting and distribution to inmates involved in Class A Use of Force incidents).  The City has not provided any valid reason for being excused from the certification requirement (which the City Letter asserts the City has been satisfying), and Plaintiffs respectfully submit that the certification requirement is a valuable and appropriate means to help ensure the City's focus on compliance with the Court's Order.

We appreciate the Court's attention to this important issue.

Respectfully,

_____/s/_____
EMERY CELLI BRINCKERHOFF
& ABADY
Katherine R. Rosenfeld
Vasudha Talla

THE LEGAL AID SOCIETY
Jonathan S. Chasan
Mary Lynne Werlwas
*Counsel for Plaintiffs Mark Nunez, Rodney*

39324299_5

*Brye, Shameik Smallwood, Oscar Sanders, Travis Woods, Ralph Nunez, Keith Bacote, Jose DeGros, Christopher Graham, Sonny Ortiz, Clifford Sewell, and Leslie Pickering*

ROPES & GRAY LLP
William I. Sussman
Christopher P. Conniff
Amanda Raad
Joseph G. Cleemann
*Counsel for Plaintiffs Rodney Brye, Shameik Smallwood, Travis Woods, and Oscar Sanders in their capacities as class representatives*

cc: All counsel (by email)