

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

**KIMBERLY M. JOYCE**
Senior Counsel
Phone: (212) 356-2650
Fax: (212) 788-9776
kjoyce@law.nyc.gov

December 27, 2013

**BY ECF**
Hon. James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

>  Re:   Mark Nunez v. City of New York, et al., 11-CV-5845 (LTS) (JCF)

Your Honor:

We write in connection with Class Plaintiffs' Request for the Clerk to Enter a Certificate of Default Judgment against Defendant Correction Officer Alfredo Negron, pursuant to Fed. R. Civ. P. 55(a).

City Defendants take no position at this time to Class Plaintiffs' request for the Clerk to enter Default Judgment against defendant Negron. However, City Defendants do intend to oppose any future motion by Class Plaintiffs to have the Court enter a Default Judgment against defendant Negron. It is the position of the City Defendants that the granting of a default judgment against Defendant Negron would not be appropriate at this stage of the litigation as the outcome of the litigation, and more specifically the claims alleged by Plaintiff Mark Nunez, have yet to be determined. *See*, Aspen Ins. UK Ltd. v. A & R Able Corp., No. 12 Civ. 261, 2013 U.S. Dist. LEXIS 370, at *3-4, 2013 (S.D.N.Y. Jan. 2, 2013) (denying the default judgment requested by plaintiff for the non-appearing defendant because a default judgment would "prejudice the rights" of the defendant who appeared "and potentially lead to inconsistent results"); *see also,* Frow v. De La Vega, 82 U.S. 552, 554 (1872) (finding that 'a final decree on the merits against the defaulting defendant alone, pending the continuance of the case, would be incongruous and illegal.').

2

          Respectfully submitted,

          /s/

          Kimberly M. Joyce
          Assistant Corporation Counsel

AGL/m

cc:    All Counsel (by ECF)