

**THE CITY OF NEW YORK**

| | **LAW DEPARTMENT** | |
|---|---|---|
| **MICHAEL A. CARDOZO** | 100 CHURCH STREET, Rm. 3-177 | **ARTHUR G. LARKIN** |
| *Corporation Counsel* | NEW YORK, NY 10007 | Senior Counsel |
| | | Phone: (212) 788-1599 |
| | | Fax: (212) 788-9776 |
| | | alarkin@law.nyc.gov |

January 28, 2014

**BY ECF**
Hon. James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    <u>Mark Nunez v. City of New York, et al.</u>, 11-CV-5845 (LTS) (JCF)

Your Honor:

      We write in advance of tomorrow's conference in order to apprise the court of the areas where the parties have narrowed their disputes, and also those areas where disputes remain. Significantly, although we have offered to compromise with plaintiffs regarding the number of depositions they are seeking, plaintiffs refuse to discuss the matter with us. They have stated that any compromise in this area is a "non-starter," and continue to insist on taking ninety-seven (97) full-day depositions. Plaintiffs took the same "overkill" approach to discovery in the last DOC class action lawsuit, *Ingles v. Toro*, 01-CV-8279 (DC), but District Judge (now Circuit Judge) Denny Chin rejected plaintiffs' approach and adopted one similar to that proposed by the City here. Judge Chin's order allowed plaintiffs to take <u>fewer</u> depositions in *Ingles* (about 80-85, split between full-day and half-day depositions), although there were <u>substantially more plaintiffs and defendants</u> in *Ingles* than in this case. We attach a copy of Judge Chin's discovery order in *Ingles*, which is more fully discussed below, for Your Honor's reference.

      *Areas of Agreement*. As Your Honor suggested at our Jan. 17, 2014, conference, the parties have agreed to set aside two weeks in April, 2014, to assess the progress of discovery and to discuss whether settlement is possible. We are hopeful that, by April, the new DOC commissioner and Corporation Counsel will be in a position to address the issues raised by this lawsuit, and if for any reason those officials are not prepared to do so by April, we will of course work with plaintiffs to schedule another two-week "hiatus" in which to assess the case. In addition, the parties have agreed that discovery concerning the incidents involving the named plaintiffs should proceed in an organized manner, i.e., both sides will make every effort to depose the parties involved in one (or more) incidents at the same time. To that end, over the

past 1-2 months, plaintiffs have noticed the depositions of officers who were sued by plaintiffs DeGros, Graham, Smallwood and Ralph Nunez, and we intend to depose those four (4) plaintiffs before noticing the depositions of others.  We will also endeavor to identify and locate any inmate witnesses to the incidents in which those four (4) plaintiffs were involved so we can depose them in the coming weeks.

*Areas of disagreement*.  The principal disagreement remains the number of depositions to be taken in this case.  In our letter of Dec. 31, 2013, we suggested that an appropriate number was sixty (60) for plaintiffs and fifty (50) for defendants, to be split between full-day and half-day depositions.  But plaintiffs have demanded ninety-seven (97) full-day depositions and refuse to discuss with us a more reasonable number despite our efforts to open up discussion on the matter after the last conference.

In *Ingles*, a lawsuit that involved twenty-two (22) plaintiffs and approximately one hundred (100) defendants, Judge Chin allowed the plaintiffs approximately five hundred thirty (530) hours of deposition testimony.[1]  In this lawsuit, which involves just over half the number of plaintiffs (twelve versus twenty-two) and two-thirds the number of defendants (sixty-six versus approximately one hundred), our proposal would allow plaintiffs to take approximately two hundred eighty-five (285) hours of deposition testimony, which is roughly proportional to the deposition hours permitted in *Ingles*, given the smaller number of plaintiffs and defendants.[2]  We have expressly stated our willingness to talk further with plaintiffs about the number of depositions, but they have refused even to discuss any limitation short of ninety-seven (97) full-day depositions, which in this case would add up to five hundred eighty-two (582) hours of deposition testimony - substantially more than the hours allotted in *Ingles*.

We respectfully refer Your Honor to the *Ingles* discovery order because the two lawsuits are very similar, and because plaintiffs took the same approach to depositions in that case as they are taking here.  In *Ingles*, a class of inmates alleged that DOC was deliberately indifferent to a purported pattern of excessive, unreasonable force; that prior lawsuits brought by the Legal Aid Society placed DOC on notice of alleged unconstitutional conduct; and that institutional reform was necessary to remedy the alleged problem.  (We will provide copies of the *Ingles* pleadings if the court would like to see them.)  Plaintiffs sought leave to take one hundred forty (140) depositions in that case, consisting of every single named defendant and some large number of non-parties.  Judge Chin rejected plaintiffs' application, stating that while the lawsuit was "important and complicated," plaintiffs' proposal to take one hundred forty (140) depositions was "unacceptable."  As we argued then and now, and as Judge Chin recognized, "the parties are

---

[1]   This figure equals fifty (50) depositions taken as of the date of the court's order, lasting approximately seven (7) hours each, together with fifteen (15) additional depositions at eight (8) hours each, and fifteen (15) more at four (4) hours each (*see* attached order of Hon. Denny Chin, dated April 22, 2004).  The total figure is 350 + 120 + 60 = 530 hours.

[2]   Both sides have agreed to limit full-day depositions to six (6) hours, and the proposal set forth in our Dec. 31, 2013, letter would allow up to two hundred eighty-five (285) hours of depositions in total, split between full-day and half-day depositions.

not entitled to depose every possible witness who might have some knowledge on the issues in question."

In *Ingles*, the parties began discovery without any limit on the number of depositions. Plaintiffs' insistence on taking the depositions of every single defendant and many other witnesses (some of whom the court later found to be "cumulative"), caused Judge Chin to direct both sides to submit written applications explaining which witnesses they wanted to depose and why. After hearing both sides, the court issued an order substantially rejecting plaintiffs' position and adopting a limit on the number of depositions. We respectfully submit that here, rather than commence depositions without knowing what the limit will be, both sides will be able to plan discovery more efficiently if the limits are clear from the outset.

In light of the foregoing, we submit that plaintiffs' position is unreasonable, and for the reasons set forth in our Dec. 31, 2013, letter, and herein, the court should adopt the City's proposal with regard to depositions.

                              Respectfully submitted,

                              /s/
                            Arthur G. Larkin (AL 9059)
                            Assistant Corporation Counsel

AGL/m

Attachment
cc:     All Counsel (by ECF)