RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
O. ANDREW F. WILSON
KATHERINE ROSENFELD
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
JULIA EINBOND
VASUDHA TALLA
JENNIFER M. KEIGHLEY
JILL MAXWELL
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK  10019

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

February 5, 2014

***By ECF and First Class Mail***

The Honorable James C. Francis
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Nunez, et al., v. City of New York, et al.,* 11 Civ. 5845 (LTS) (JCF)

Dear Judge Francis:

This office, together with The Legal Aid Society Prisoners' Rights Project and Ropes & Gray LLP, is counsel for the Plaintiff Class in this matter, and this office, together with The Legal Aid Society Prisoners' Rights Project, is counsel for the Plaintiffs in their individual damages claims. Pursuant to the Court's direction at the conference held on January 28, 2014, Plaintiffs submit a proposed phased discovery plan for the remainder of fact discovery.

Plaintiffs' proposed discovery plan is set forth in <u>Exhibit A</u> hereto, and is described in further detail below. In sum, Plaintiffs propose conducting discovery in three distinct phases, each separated by a period for settlement discussions. Each phase will include depositions relevant to both the Class claims and the individual damages claims. Plaintiffs continue to intend to conduct all depositions efficiently, and will conduct short depositions whenever practicable.[1]

---

[1] Plaintiffs' plan contemplates that over all three phases Plaintiffs may take the 97 depositions that were the subject of our December 12, 2013 application to the Court ("Plaintiffs' Dec. 12 Ltr.," Dkt. # 101) and January 8, 2014 letter to the Court ("Plaintiffs' Jan. 8 Ltr.," Dkt. # 111), and Plaintiffs refer the Court to them. By agreement with the City, a full day deposition can last no longer than six hours, and to date, most "full day" depositions have been shorter. Plaintiffs further will conduct half-day depositions whenever practicable, and have already advised the City that two of the forthcoming depositions in Phase I will be conducted in half-day sessions.

Plaintiffs are extremely mindful of the need to be efficient and creative with respect to how and when the parties allocate resources to discovery in this matter. Plaintiffs have therefore made painstaking efforts to plan and limit discovery, wherever possible, to minimize unnecessary burdens while still effectively prosecuting their claims. Nothing Plaintiffs propose herein is suggested without extensive thought as to its necessity and justification for meeting their burden of proof in this case.

In that vein, Plaintiffs have made many efforts to initiate conversations and confer with the City in support of an efficient discovery plan. At the same time Plaintiffs' counsel seek to reasonably calibrate discovery, they are mindful of their obligation to vigorously pursue the evidence that Plaintiffs need in order to establish their claims of widespread constitutional violations stemming from brutality by DOC staff against inmates in the City Jails, perpetrated by hundreds of DOC staff against Class Members in more than a dozen jails during the Class Period. Thus, while the scope of proposed discovery may be large compared to an individual claim of constitutional injury brought by a single plaintiff, Plaintiffs submit that the proposed discovery plan is reasonable and commensurate with the claims and the needs of this litigation.

The discovery plan proposed below is designed to obtain proof in a number of areas critical to Plaintiffs' ability to prove both liability and the need for the systemic relief they seek, including, but not limited to: the degree of excessive force in the City Jails, the knowledge of policymakers and supervisors about patterns of excessive force, the lack of proper investigative procedures, the lack of prompt and independent investigations, the failure to discipline officers who inflict serious injury upon inmates, transfers and promotions of correctional staff even in the face of a known history of violence against inmates, lack of proper training, and the role and use of video surveillance in the City Jails. These will be demonstrated through the documentary evidence and deposition testimony. The City has access to its own employees, documents and emails without the need for formal discovery; but Plaintiffs, of course, are dependent on the discovery process to prove their claims.

Plaintiffs have structured their proposed discovery plan so as to try to obtain in each phase the information that Plaintiffs believe is essential to proving their claims and will best facilitate productive settlement discussions at the end of that phase. Plaintiffs propose a one-week period after each phase to allow the parties to synthesize the information gained during that phase, tailor subsequent discovery based upon what was revealed in the prior phase, and then hold settlement discussions with the City with the aim of resolving some of the individual Plaintiffs' claims and/or the Class claims, or at least narrow the contested facts and issues.[2] Plaintiffs contemplate that those discussions may involve not only the Plaintiffs and the City, but also possibly a mutually-acceptable neutral moderator. Plaintiffs will communicate with their expert consultants in preparation for the settlement discussions.

The overwhelming constraint on Plaintiffs' ability to stage discovery in a significantly different order is the pace of the City's document production, and most importantly its production of e-discovery. Plaintiffs' counsel painstakingly reviewed the list of all the likely deponents (identified in Plaintiffs' discovery plan) to determine which depositions could be

---

[2] In order to begin the settlement process, Plaintiffs are working on an outline of proposed settlement terms for the Class claims for injunctive relief, which they will send to the City as soon as it is completed.

"fast-tracked" in the hopes of getting certain elements of proof sooner rather than later. Unfortunately, the documents necessary to prepare for many such depositions are yet to be produced. Plaintiffs' proposed schedule reflects that reality.[3]

The Plaintiffs' proposed three-phase discovery plan contemplates depositions from the following individuals: (i) 52 named Defendants alleged to have participated in, or failed to intervene to stop, one of the 14 alleged assaults on the named Plaintiffs ("Named Defendants"); (ii) 15 named supervisory Defendants who have knowledge of DOC practices that relate to use of force in the City Jails ("Named Supervisory Defendants"); and (iii) 30 potential non-parties (discussed at page 4 of Plaintiffs' Dec. 12 Ltr.), including inmate and staff witnesses to Plaintiffs' assaults, as well as DOC personnel who have knowledge relating to the use of force by DOC correction staff in the City Jails, or of other policies and practices that would support the Class claims ("Non-Party Witnesses").

In generating this discovery plan, Plaintiffs balanced the need to depose individuals from the three groups listed above with the following considerations:

*First*, Plaintiffs have spread across all three phases the depositions of the Named Defendants (*see* Exhibit B). The City advises that the DOC Investigation Division ("ID") is still in the process of investigating four of the fourteen assaults on the named Plaintiffs (the earliest of which occurred on February 28, 2011 and the most recent of which occurred on July 2, 2012). Accordingly, Plaintiffs propose to depose, in Phases I and II, respectively, 25 and 14 Named Defendants allegedly involved in the ten assaults on Plaintiffs with completed ID investigations.

*Second*, Plaintiffs have spread across Phase II and Phase III the depositions of 15 Named Supervisory Defendants, listed in Exhibit C hereto, sued in their individual and official capacities. Plaintiffs proposed the depositions of the Named Supervisory Defendants in Phases II and III based on whether Plaintiffs will have had the opportunity to depose Named Defendants who worked in the facilities supervised by those Named Supervisory Defendants. Depositions of the Named Supervisory Defendants cannot begin in Phase I because the City's production of electronic discovery related to those individuals, among others, is not yet complete.

*Third*, Plaintiffs have spread across all three phases the depositions of non-party fact witnesses, those identified to date are listed in Exhibit D hereto. As with the Named Supervisory Defendants, the City's production of electronic discovery with respect to those individuals is not complete. Plaintiffs have arranged these depositions in the discovery plan so that in Phase I the deponents are those for whom Plaintiffs believe electronic discovery is less significant or where they believe electronic discovery can be prioritized and produced by the City relatively quickly. Plaintiffs have proposed in Phases II and III depositions of non-party fact witnesses for whom electronic discovery material is believed likely to be more significant.

With these considerations in mind, the three phases Plaintiffs propose will stage

---

[3] To date the City has produced only approximately 50,000 out of 400,000 potentially highly relevant emails among other electronic discovery yet to be produced. The City has agreed to prioritize the production of certain custodians' emails in order to facilitate a discovery plan. Assuming that the City can produce by March 31, 2014 all relevant emails for the custodians listed in Phase II, Plaintiffs would have 30 days to review that voluminous material and would anticipate starting the Named Supervisory Defendants' depositions in May 2014.

discovery in an efficient manner, will increase the chances for productive discussions about settling all or parts of the case and/or narrowing the issues, will best permit Plaintiffs and the City to determine that there may not be a need for certain depositions in later phases, all while being mindful of Plaintiffs' counsel's obligation to vigorously and efficiently pursue the claims of both the Class and the individual Plaintiffs. Plaintiffs discuss each of their proposed phases in more detail below:

Phase I:  During this phase, Plaintiffs intend to depose 25 Named Defendants allegedly involved in six of the assaults on Plaintiffs for which the ID investigations are closed.[4]  Plaintiffs also intend to depose non-party witnesses Amanda Masters, who is Deputy Executive Director of the Board of Correction, and Homer Venters, who is Medical Director of the NYC Department of Health and Mental Hygiene.  (This presumes that the City has produced and will produce all relevant materials and electronic discovery necessary to depose these individuals.)  Finally, Plaintiffs intend to notice two Rule 30(b)(6) depositions, one relating to DOC policies and practices regarding surveillance cameras in the City Jails, and the other relating to use of force training.  Plaintiffs believe that a settlement conference in mid-April 2014, following the Phase I depositions, will be productive, and Plaintiffs' proposed discovery plan carves out time for such a conference.

Phase II:  During this phase, Plaintiffs intend to depose 14 Named Defendants allegedly involved in the other four assaults on Plaintiffs for which the ID investigations are closed. Plaintiffs selected these named Defendants because those investigations are closed.  Plaintiffs also intend to depose the four Named Supervisory Defendants who supervised the facilities where Plaintiffs will have had the opportunity to depose the Named Defendants from those facilities.  Plaintiffs also intend to depose up to 17 non-party witnesses, including ID investigators who review use of force incidents in the City Jails, and the DOC personnel responsible for effectuating inmate arrests and reviewing inmate injuries arising out of use of force incidents.  Plaintiffs believe that a settlement conference in mid-June 2014, following the Phase II depositions, also will be productive, and Plaintiffs' discovery plan carves out time for such a conference.

Phase III:  During this phase, Plaintiffs intend to depose the 13 Named Defendants allegedly involved in the four assaults on Plaintiffs that are the subject of open ID investigations. Until the investigations are closed, Plaintiffs will not have access to the significant investigatory material generated as part of the investigation into those assaults.  Plaintiffs also intend to depose 11 Named Supervisory Defendants.  The Named Supervisory Defendants in this category cannot be deposed until the ID investigations are closed, and additional information must be gathered about the patterns and practices in the City Jails before deposing high ranking officials in the facility.  Finally, Plaintiffs intend to depose nine non-party witnesses, including Linda Gibbs, the former Deputy Mayor for Health and Human Services, the remainder of whom Plaintiffs have not yet been able to identify, but who Plaintiffs anticipate will be identified through the course of the Phase I and Phase II discovery.

For the reasons set forth herein, and in Plaintiffs' Dec. 12 Ltr. and Plaintiffs' Jan. 8 Ltr., Plaintiffs respectfully request that the Court adopt the Plaintiffs' proposed discovery plan.

---

[4] Eight of those depositions already have taken place; the rest have been or will be noticed.

Plaintiffs appreciate the Court's attention to this matter.

Respectfully,

ROPES & GRAY LLP
William I. Sussman
Christopher P. Conniff
Amanda N. Raad
Joseph G. Cleemann
*Counsel for Plaintiffs Rodney Brye,*
*Shameik Smallwood, Travis Woods, and*
*Oscar Sanders in their capacities as Class*
*representatives*

EMERY CELLI BRINCKERHOFF
& ABADY

Katherine R. Rosenfeld
Vasudha Talla

THE LEGAL AID SOCIETY
Jonathan S. Chasan
Mary Lynne Werlwas
*Counsel for Plaintiffs Mark Nunez, Rodney*
*Brye, Shameik Smallwood, Oscar Sanders,*
*Travis Woods, Ralph Nunez, Keith Bacote,*
*Jose DeGros, Christopher Graham, Sonny*
*Ortiz, Clifford Sewell, and Leslie Pickering*

cc: All counsel (by ECF and First-Class Mail)