


THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**KIMBERLY M. JOYCE**
Senior Counsel
Phone: (212) 356-2650
Fax: (212) 788-9776
kjoyce@law.nyc.gov

February 13, 2014

**BY ECF**
Hon. James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re: Mark Nunez v. City of New York, et al., 11-CV-5845 (LTS) (JCF)

Your Honor:

We write in accordance with the Court's order dated January 29, 2014, to provide the Court with a report on the status of electronic discovery in this matter.

**Background**

In May 2013, the Court issued its order limiting discovery in certain respects. On June 27, 2013 Plaintiffs submitted to defendants a broad electronic discovery proposal. Plaintiffs' proposal asked for email from January 2007 to the present for all supervisory defendants; representatives from certain DOC groups; and members of certain DOC electronic distribution lists. *See Exhibit A.* Additionally, Plaintiffs proposed forty-four (44) search terms and eleven (11) domain names. *See Exhibit B.*

Defendants instead suggested twenty (20) custodians, a cross-section of DOC personnel whom defendants believed would have the most responsive and relevant information. *See Exhibit A.* Defendants also proposed beginning with the search terms "UOF" and "Use of Force," and expanding on the search terms as the discovery process progressed, and both parties had an opportunity to learn more about DOC verbiage, terms of art and relevant issues. At the same time, defendants began testing the terms proposed by Plaintiffs, and speaking to our custodians to ascertain additional search terms/language as well as to hone the terms proposed by Plaintiffs. Throughout the summer of 2013, defendants continued to test the fifty-five terms and domain names proposed by Plaintiffs. Concurrently, defendants continued to provide paper discovery to Plaintiffs, having produced almost 1.9 million pages to date.

Throughout the summer of 2013 the parties held weekly conference calls concerning electronic discovery. Towards the end of August 2013, the parties came to an agreement on forty-six (46) custodians. *See Exhibit A.* Defendants asked Plaintiffs to prioritize the order of review of custodians. Plaintiffs submitted a list of custodians to defendants, in priority order, grouped by non-supervisory custodians to supervisory custodians. *See Exhibit A.* Plaintiffs indicated they wished defendants to begin review of the Group A non-supervisory custodians, and work up to the Group C supervisory custodians. The parties also agreed that while search term testing and refining was continuing, review would begin of the agreed upon custodians, using the search terms "UOF" and "Use w/5 Force." As defendants' resources were limited, defendants gave every opportunity to Plaintiffs to select whether resources should be used on review of emails for UOF terms, or finalizing a search term list and sampling.

As of today, the parties have agreed to forty-six (46) custodians, and twenty-eight (28) search terms. *See Exhibits A and B.* The parties are still negotiating and testing the term "legal-aid.org," while review of the custodians using the already agreed upon search terms is ongoing.[1] Excluding the term "legal-aid.org," the volume of documents left to be reviewed is approximately 163,000 emails, or about 350,000 documents, when including attachments. To date defendants have produced a total of 79,466 pages of documents, which equals 15,589 emails, or approximately 30,000 total reviewable items when including attachments. Defendants have reviewed approximately 27,000 emails since August 2013.

**Staffing & Training**

From June 2013 through January 2014, the resources of the staff assigned to this matter were divided between paper discovery and electronic discovery review and production. Therefore, the resources devoted specifically to electronic discovery search term testing and email review were limited. In December 2013 increased staff approval was granted. Defendants are currently in the process of interviewing and hiring ten additional staff, to complete the review. Defendants hope to have all staff hired by the end of February 2014.

Once the staff is hired and trained they will join the current staff in reviewing the remaining 350,000 documents. After a few weeks, once the entire staff, at minimum ten individuals, begins a full-time review, defendants will be in a better position to provide an estimated completion date to the Court. Defendants do not yet have a baseline rate of review for the review staff. Defendants are doing the best that they can to work with Plaintiffs, but to illustrate the burden we are facing even with ten (10) people conducting a full-time review - using a daily rate of review of 250 documents per day[2] - with an estimated 350,000 documents left to be reviewed,

[1] The term "legal-aid.org" hits on approximately 16,500 emails, for a total of approximately 24,600 reviewable items when including attachments.

[2] The estimate of 250 documents is based on this and other reviews at the Law Department, and in line with industry metrics.

defendants would estimate that the review team would review approximately 10,000 documents per week.[3] A review at that rate would equate to 35 weeks, or 8 ½ months.

To date defendants have been conducting the review by group, as designated by Plaintiffs, having completed review of Groups A and B. The review has been across group by search term, not custodian. However, the parties have discussed, and the review is likely to continue, by custodian to assist Plaintiffs in their review of the documents produced. Defendants have made five productions to date, once per month through January 2014. Throughout the productions defendants have given Plaintiffs the opportunity to prioritize which custodians emails they wished to receive first. Defendants have also agreed to make every effort to provide emails of custodians prior to their depositions. However, defendants have made clear that due to the volume of emails to review, that may not always be possible. Defendants have produced Group A and B custodian emails prior to their depositions, and have prioritized the review of one Group C custodian prioritized by Plaintiffs.

As suggested by the Court at the last conference, the parties have discussed a 502(d) order, which will be provided for the Court's endorsement once the terms are agreed upon. The parties are also finalizing the terms and categories for the privilege log. Defendants have been reviewing and redacting the electronic material for attorney-client communication, deliberative process privilege, attorney work product, law enforcement privilege, personal information, and non-responsive. Once the terms of the privilege log are finalized, defendants will also need to devote the resources of the additional staff to develop the privilege log.

Defendants thank the Court for its time in this matter.

Respectfully submitted,

/s/
Kimberly M. Joyce
Assistant Corporation Counsel

cc: All Counsel (by ECF)

Attachments

---

[3] We project each reviewer can review 250 documents per day based on a 7 to 8 hour workday. That would equal1250 documents per reviewer per week or 12,500 documents per week for ten (10) reviewers. However to build in time for multiple levels of review and privilege review we estimate 10,000 document can be reviewed per week.

# Exhibit A

**Plaintiffs' Proposed Custodians**

| All Supervisory Defendants | | | | |
|---|---|---|---|---|
| **Representatives from the following**: | Investigation Division | Policies and Procedures Group | Strategic Planning/Data Reporting & Analysis, including Policy Compliance Groups | Personnel Training & Development Group |
| AMKC | GMDC | RNDC | GRVC | RMSC |
| OBCC/NIC | JATC | WF | BDC | MDC |
| VCBC | QDC | | | |
| **Names of DOC employees on each of the following distribution lists**: | COD – Central Operations Desk | DL – Executive Blackberry Group | DL – Wardens Blackberry Group | DL – Facility Operations |

**Defendants' Proposed Custodians**

| | | | | |
|---|---|---|---|---|
| O'Connell, Daniel | Rivera, Luis, A. | Duffy, Edmond | Agro-Doyle, Rose | Suprenant, Brian |
| Williams, Kenneth | Griffin, Linda | Cuin, Antonio | Newton, Carlton | Wettenstein, Stephen |
| Perino, James | Bailey, Alex | Finkle, Florence | Canty, Yolanda | Schriro, Dora |
| Catuosco, Michael | Berliner, Erik | Vazquez, Victor | Behari, Budnarine | Primm, Theo |

**Parties' Agreed to Custodians**

| | | | | |
|---|---|---|---|---|
| **Group A** | Davies, Sidney | Davis, Malcolm | Fadina, Adeboye | Gutierrez, Rafael |
| Jones, Ashaki | O'Connor, Richard | Primm, Theo | Quinn, James | Thompson, Thurman |
| **Group B** | Behari, Budnarine | Bravo, Antonio | Bunton, Paul | Dunbar, Sherma |
| Johnson, Danielle | Majors, Terri | Medina, Hernan | Ramos, Eric | Rothwell, Reginald |
| Sloly, Edwin | Soto, Jason | Williams, Norman | | |
| **Group C** | Agro-Doyle, Rose | Bailey, Emmanuel | Benitez, Ruben | Berliner, Erik |
| Blaskovic, Sabina | Cranston, Mark | Cripps, Robert | Cussen, Sean | Davis, Joandrea |
| Davis Sr., Larry | Duffy, Edmond | Finkle, Florence | Finkleman, Lewis | Gooding, Janet |
| Hourihane, Michael | Jorgensen, Ronald | LaBruzzo, | McLaughlin, | Mirabal, Evelyn |

| | | | | |
|---|---|---|---|---|
| | | Carmine | Gregory | |
| Mulvey, Kathleen | Newton, Carlton | Schriro, Dora | Scott, Mark | Suprenant, Brian |
| Taylor, Sara | | | | |

# Exhibit B

## Plaintiffs' Proposed Search Terms/Domains

| **Domains** | usdoj.gov | bronxda.nyc.gov | queensda.org | brooklynda.org |
|---|---|---|---|---|
| rcda.nyc.gov | dany.nyc.gov | doi.nyc.gov | legal-aid.org | Office of the Criminal Justice Coordinator domain |
| Office of the Mayor domain | Office of the Deputy Mayor for Health and Human Services domain | | | |
| **Terms** | Probe | Extract! | Control /5 hold | Personal |
| Private | OC | O/C | Chemical | Spray |
| Injury | Punch! | Blow! | Strike | Kick |
| Head | Face | Blood | Bleed! | Ear |
| Eye | Nose | Mouth | Fist! | Urgi! |
| Assault | Investigat! | Bing | Box | SHU |
| Special /5 Unit | Infract! | Punitive | Segregat! | Turtle! |
| B /5 form | 24 /5 report | Coverup | Cover /5 up | Bad /5 publicity |
| Slam! | Hurt | Use /5 Force | UOF | Arrest |

## Parties' Agreed Upon Search Terms

| uof | use* w/5 force | assault w/10 (staff OR inmate) | "control hold" | arrest w/5 (staff OR inmate) |
|---|---|---|---|---|
| b w/5 form | upper w/3 body | "oc" w/5 burst | "chemical agent" w/5 burst | "rapid response" |
| aos w/10 inmate | lower w/3 body | extract* w/5 inmate | apply w/3 "flex* cuff*" | oc w/5 deploy |
| "verbal command" | apply w/3 "mechanical restraints" | usdoj.gov | oc w/5 deploy | dany.nyc.gov |

| | | | | |
|---|---|---|---|---|
| brooklynda.org | bronxda.nyc.gov | queensda.org | turtle* | rcda.nyc.gov |
| bad w/5 publicity | blood* w/5 extract* | bleed* w/5 extract* | *legal-aid.org*[4] | |

[4] Defendants are still testing this search term.