```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MARK NUNEZ, et al.,                  :   11 Civ. 5845 (LTS) (JCF)
                                     :
          Plaintiffs,                :      MEMORANDUM
                                     :      AND  ORDER
     - against -                     :
                                     :
CITY OF NEW YORK, et al.,            :
                                     :
          Defendants.                :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The parties to this civil rights class action have attempted, without complete success, to structure a discovery plan within the existing schedule that would streamline discovery and provide breaks during which discovery would be held in abeyance while the parties address the possibility of settlement. The plaintiffs have proposed a schedule that would provide for their taking some 97 depositions. The defendants object that the plaintiffs have failed to justify this number, and have instead argued that the plaintiffs should be limited to 60 depositions, of which 35 would be limited to 6 hours and 25 to three hours, for a total of 285 hours.

The defendants' contention that the plaintiffs could forego depositions of individual defendants who have filed Use of Force Reports or been subjected to recorded investigative interviews is unpersuasive. Where a party is going to testify, some prior report or statement that has not been subject to cross-examination may not

1

be an adequate substitute for a deposition in a case such as this where there will be hotly contested factual disputes.

Accordingly, I will adopt the plaintiffs' proposed discovery plan, set forth in Appendix A to the Letter of Vasudha Talla et al. dated February 5, 2014, with the following modifications:

1. Named plaintiffs and named defendants who were allegedly involved in the use of force incidents at issue shall only be deposed if they will testify at trial.  Upon notice that such a party will not testify at trial, that person shall not be deposed.

2. Absent extraordinary circumstances, the depositions of named plaintiffs and named defendants who were allegedly involved in the use of force incidents at issue, as well as non-party witnesses testifying about such specific incidents, shall be limited to four (4) hours of questioning by the party noticing the deposition.  Counsel defending these depositions shall be responsible for fully preparing each deponent.  For example, prior to the deposition, the deponent shall be shown the relevant Use of Force Report and any other document likely to refresh the deponent's recollection or to be shown to the deponent at the deposition.

3. The "placeholder" depositions are stricken from the discovery plan.  When and if counsel identify additional proposed deponents, I will consider whether they should be added to the

schedule if there is a dispute.

    4. The named supervisory defendants now scheduled for deposition during Phase II shall be moved to Phase I. Their testimony is likely important to any realistic evaluation of the case for possible settlement.

    5. A determination of whether it is appropriate to depose Linda Gibbs is deferred until the parties make a showing whether she possesses unique personal knowledge relevant to the issues in the case.

    The defendants have requested an order compelling the plaintiffs to identify, ninety (90) days prior to the fact discovery deadline, all use of force incidents (other than those for which the names plaintiffs have sued) that the plaintiffs intend to rely on in their case-in-chief at trial. The plaintiffs propose to provide this information in connection with expert disclosures and the pretrial order. It is reasonable to require the plaintiffs to reveal the scope of their case prior to the close of fact discovery so that the defendants will have an opportunity to seek information in connection with the incidents identified. It is not practical, however, for such a disclosure to be made 90 days in advance of the fact discovery deadline. Rather, the plaintiffs shall provide the requested disclosure prior to the commencement of Phase III of the discovery plan.

SO ORDERED.

*[signature]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 18, 2014

Copies mailed this date:

Jonathan S. Abady, Esq.
Katherine R. Rosenfeld, Esq.
Vasudha Talla, Esq.
Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019

Jonathan S. Chasen, Esq.
Legal Aid Society
199 Water Street, 3rd Floor
New York, NY 10038

Mary Lynne Werlwas, Esq.
The Legal Aid Society
111 Livingston Street
Brooklyn, NY 11201

William I. Sussman, Esq.
Joseph G. Cleemann, Esq.
Christopher Paul Conniff, Esq.
Amanda N. Raad, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Arthur G. Larkin, Esq.
Diep Nguyen, Esq.
Kimberly M. Joyce, Esq.
Corporation Counsel for the City of New York
100 Church Street
New York, NY 10007