<div style="display:flex;">
<div>
RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
O. ANDREW F. WILSON
KATHERINE ROSENFELD
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
VASUDHA TALLA
JENNIFER M. KEIGHLEY
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ
</div>
<div>

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10019

# MEMO ENDORSED

</div>
<div>
TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK
</div>
</div>

March 5, 2014

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/14
```

**By ECF and First Class Mail**

The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Nunez, et al., v. City of New York, et al.*, 11 Civ. 5845 (LTS) (JCF)

Dear Judge Francis:

      This office, together with The Legal Aid Society Prisoners' Rights Project and Ropes & Gray LLP, is counsel for the Plaintiff Class in this matter, and this office, together with The Legal Aid Society Prisoners' Rights Project, is counsel for the Plaintiffs in their individual damages claims.

      We write to seek clarification regarding one aspect of the Court's order of February 18, 2014, Dkt # 118 (the "Order"), about the time allowed to depose the 15 supervisory Defendants and 13 non-party witnesses in Plaintiffs' discovery plan (copy attached as Exhibit A). The Order limited to 4 hours "the depositions of named plaintiffs and named defendants who were allegedly involved in the use of force incidents at issue, as well as non-party witnesses testifying about such specific incidents." Order at 2. However, the 15 supervisory Defendants and 13 non-party witnesses listed in Plaintiffs' discovery plan were not participants in, or witnesses to, the incidents at issue. Rather, the testimony from these individuals is directed to establishing the City's *Monell* liability and individual Defendants' supervisory liability. Especially since this case covers nearly the entire New York City jail system, Plaintiffs believe that the number of issues to be covered during these depositions may well require up to six (6) hours of testimony.[1]

---

[1] For example, Plaintiffs intend to question the supervisory Defendants regarding their knowledge of the level and intensity of use of force in the City Jails, the steps taken to address these issues on a facility-level or system-wide basis, and the discipline and re-training of officers involved. With respect to DOC policies, Plaintiffs intend to ask about the actual knowledge of the supervisory Defendants, and DOC Central Office and ID personnel (who are among the 13 non-party deponents), about those policies, including whether the deponents receive training on those policies, whether the deponents actually follow those policies, and how those policies are actually implemented in

Plaintiffs have explained their view to the City. The City has taken a position contrary to Plaintiffs' understanding of this aspect of the Order, and has advised that it will file a response within three business days of its receipt of this letter.

We regret having to trouble the Court with respect to such an issue, but in light of the parties' differing views, Plaintiffs respectfully request that the Court clarify that the 4-hour limitation for depositions does not cover the depositions of the 15 supervisory Defendants and the 13 non-party witnesses, and that Plaintiffs may depose such deponents for up to 6 hours.

We appreciate the Court's attention.

Respectfully,

ROPES & GRAY LLP
William I. Sussman
Christopher P. Conniff
Amanda N. Raad
Lisa Coyle
Joseph G. Cleemann
Anna Friedberg
*Counsel for Plaintiffs Rodney Brye,*
*Shameik Smallwood, Travis Woods, and*
*Oscar Sanders in their capacities as Class*
*representatives*

EMERY CELLI BRINCKERHOFF
& ABADY

Vasudha Talla
Katherine Rosenfeld

THE LEGAL AID SOCIETY
Jonathan S. Chasan
Mary Lynne Werlwas
*Counsel for Plaintiffs Mark Nunez, Rodney*
*Brye, Shameik Smallwood, Oscar Sanders,*
*Travis Woods, Ralph Nunez, Keith Bacote,*
*Jose DeGros, Christopher Graham, Sonny*
*Ortiz, Clifford Sewell, and Leslie Pickering*

cc: All counsel (by ECF and First-Class Mail)

3/6/14

*The four-hour limit does not apply to Monell witnesses; it does apply to supervisory defendants whose liability is linked to their involvement in the specific incidents at issue. These time limits are presumptive, and counsel are expected to exercise judgment and courtesy. SO ORDERED.*

*James C. Francis IV*
*USMJ*

---

the DOC Jails. With respect to investigations, Plaintiffs intend to question wardens, supervisory Defendants and ID personnel about use of force incidents that they investigated, including why certain incidents were classified as they were, the reasons behind the investigative steps taken or not taken, the conclusions drawn as a result of the investigations, and whether and why any subsequent steps, such as discipline or re-training, were taken or not taken. In addition, the Second Amended Complaint alleges a number of *unwritten* policies and practices that will be established through deposition testimony. The above are just examples, but they demonstrate why six hours may well be needed. Plaintiffs explained all of this to the City when conferring about this issue.

| | PHASE I[1]<br>~ 29 Depositions taken by Plaintiffs | | Status Conference for Case Evaluation/ Settlement | PHASE II<br>~ 35 Depositions taken by Plaintiffs | | Status Conference for Case Evaluation/ Settlement | PHASE III<br>~ 33 Depositions taken by Plaintiffs | | Status Conference for Case Evaluation/ Settlement |
|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Discovery | Named Defendants Implicated in Individual Use of Force Incidents (25) | C. Graham:<br>Complete - 1 depo taken | April 7 - 11, 2014 | Named Defendants Implicated in Individual Use of Force Incidents (14) | L. Pickering:<br>2 Defendants | June 16 – 20, 2014 | Named Defendants Implicated in Individual Use of Force Incidents<br>Open Investigations<br>(13) | O. Sanders:<br>5 Defendants | TBD |
| | | R. Nunez:<br>Complete - 2 depos taken | | | K. Bacote for 10/2010 incident:<br>6 Defendants | | | S. Ortiz:<br>2 Defendants | |
| | | J. DeGros:<br>Complete - 2 depos taken | | | R. Brye for 2012 incident:<br>4 Defendants | | | R. Brye for 2011 incident:<br>4 Defendants | |
| | | S. Smallwood:<br>Complete - 4 depos taken | | | T. Woods:<br>2 Defendants | | | C. Sewell:<br>2 Defendants | |
| | | M. Nunez:<br>2 depos taken, 3 depos noticed, 1 to be noticed | | | | | | | |
| | | T. Woods:<br>1 depo taken, 4 depos confirmed, 1 depo noticed | | | | | | | |
| | | K. Bacote for 4/2010 incident:<br>3 depos confirmed,<br>1 depo noticed | | | | | | | |
| | Named Supervisory Defendants (4) | Rose Agro-Doyle<br>Kathleen Mulvey<br>Emmanuel Bailey<br>Edmond Duffy | | Named Supervisory Defendants (0) | | | Named Supervisory Defendants (11) | Dora Schriro<br>Evelyn Mirabal<br>Larry Davis, Sr.<br>Mark Scott<br>Michael Hourihane<br>Carmine LaBruzzo<br>Current Deputy Chief of Security<br>Florence Finkle<br>Carlton Newton<br>Robert Cripps<br>Ronald Jorgensen | |
| | Non-Party Witnesses (4) | Dr. Homer Venters<br>Amanda Masters<br>30(b)(6) regarding video surveillance policies<br>30(b)(6) regarding training | | Non-Party Witnesses (8) | Ruben Benitez<br>Sean Cussen<br>Janet Gooding<br>Erik Berliner<br>Brian Suprenant<br>Sabina Blaskovic<br>Mark Cranston<br>Lewis Finkleman | | Non-Party Witnesses (1) | Linda Gibbs | |
| Defendants' Discovery | Deposition of Plaintiffs | Christopher Graham, Ralph Nunez, Shameik Smallwood, Jose DeGros | | Deposition of Plaintiffs | TBD | | Deposition of Plaintiffs | TBD | |
| | Other Depositions | TBD | | Other Depositions | TBD | | Other Depositions | TBD | |

---

[1] As of March 5, 2014.