

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ARTHUR G. LARKIN
Senior Counsel
Phone: (212) 356-2641
Fax: (212) 788-9776
alarkin@law.nyc.gov

April 9, 2014

**BY ECF**
Hon. James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    <u>Mark Nunez v. City of New York, et al.</u>, 11-CV-5845 (LTS) (JCF)

Your Honor:

      We write in response to plaintiffs' letter of today's date. We had hoped to file a joint letter with plaintiffs' counsel, and on Monday we forwarded some suggestions to a draft plaintiffs had prepared, but approximately half an hour before plaintiffs filed their letter they advised in an E-mail that they were no longer interested in filing a joint letter and would write separately. In their letter, plaintiffs accurately represent that the City proposed moving the settlement week break from April 7-11, 2014, to the middle of May.

      We suggested that scheduling adjustment for two reasons. First, although plaintiffs had advised Your Honor and the City in January that they would forward a settlement proposal by February 12, or thereabouts, we did not receive the proposal until six weeks later, on March 24, leaving little time for consideration of its separately numbered one hundred twenty-seven (127) paragraphs. Second, as plaintiffs acknowledge, the new DOC commissioner just assumed his post on Monday, which would have made settlement discussions this week impractical.

      Plaintiffs also assert that the "slow pace" of the City's ESI discovery, together with the City's "refusal to produce" Dr. Homer Venters for deposition, "threatens" the discovery schedule in this case. We respectfully differ as to the reasons why plaintiffs may be frustrated with the pace of discovery. Plaintiffs, not the City, proposed adjourning the Phase I depositions of Amanda Masters and four supervising wardens; the City agreed to that proposal and suggested adjourning Dr. Venters' deposition at the same time. According to our count, plaintiffs have taken just twenty-one (21) depositions since January 1, even though their team comprises three law offices and more than ten (10) lawyers. During the last use of force case, <u>Ingles v. Toro</u>, 01-

CV-8279 (DC), the plaintiffs' team had taken fifty (50) depositions between January 1, and March 16, 2004.  The main problem has been plaintiffs' failure to proceed in an organized, efficient manner with the noticing and taking of depositions in this case.

      Moreover, it was the City - not plaintiffs - who strongly suggested that if the six Phase I depositions (Ms. Masters, Dr. Venters, and the four wardens) were going to be moved to Phase II, the parties should endeavor to move other Phase II depositions to Phase I.  After we made that suggestion, we reached out to other defendants and offered up dates for their depositions <u>before</u> plaintiffs served notices for those depositions, so as to ensure that discovery remained on track, in light of the July 31, 2014, deadline.

      Just before the January 29, 2014 conference (the same conference where plaintiffs stated that their settlement proposal would be served in "two weeks"), plaintiffs proposed extending the fact discovery cutoff for four months, to the end of November, 2014.  We absolutely opposed that suggestion and plaintiffs dropped it the next day.  Now, however, plaintiffs complain about the pace of discovery, and they suggest that the City bears sole responsibility for any delays.

      Their letter announces that they will request a conference and/or file a motion by April 14, 2014, seeking "appropriate relief."  We are unclear as to what specific relief plaintiffs will seek, but we are of course open to conferring with plaintiffs within the next week and would prefer to resolve any outstanding matters without judicial intervention.

      Respectfully submitted,

      /s/
      Arthur G. Larkin (AL 9059)
      Assistant Corporation Counsel

AGL/m
cc:    All Counsel (by ECF)