

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

April 22, 2014

William I. Sussman
T +1 212 841 0612
F +1 646 728 1505
william.sussman@ropesgray.com

**BY ECF and First Class Mail**

The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re:   *Nunez, et al., v. City of New York, et al.,* 11-CV-5845 (LTS) (JCF)

Dear Judge Francis:

This office, together with The Legal Aid Society Prisoners' Rights Project and Emery Celli Brinckerhoff & Abady, is counsel for the Plaintiff Class in this matter. Emery Celli Brinckerhoff & Abady, together with The Legal Aid Society Prisoners' Rights Project, also are counsel for the Plaintiffs in their individual damages claims.

Plaintiffs write to reply to the April 18, 2014 letter to the Court (Dkt. #129) ("City Letter"), which itself was written in response to Plaintiffs' April 14, 2014 letter to the Court (Dkt. #127) ("Plaintiffs' Letter").

In the interests of brevity, Plaintiffs will address only a few aspects of the City Letter, where it clearly does not come to grips with the discussion in Plaintiffs' Letter, and is at odds with the Court's Discovery Plan (Dkt. #118).

First, the Court should reject the City's proposal to "solve" the problem of its slow and erratic ESI production by simply pushing back the date for fact discovery by 2 months (July 31, 2014 to September 30, 2014), with ESI production to be completed by July 31, 2014, and with concomitant backloading of the key depositions.

The City Letter implicitly concedes that the City has fallen far behind in timely production of ESI, and that Plaintiffs need production of complete ESI relevant to each deposition, before each deposition, so that those depositions can be taken once and in an efficient and informed manner. As also discussed in Plaintiffs' Letter, the problem has become especially acute with respect to the

ROPES & GRAY LLP

witnesses represented by the City, where ESI is more voluminous, and more important with respect to the claims of the Plaintiff Class.[1]  However, the City's proposed "solution" is simply to push back the end date for fact discovery with no intermediate benchmarks.  That is no solution at all.  The City Letter seems not to accept that the Court-ordered Discovery Plan called for specific depositions to be taken in each Phase, in part in order to facilitate "a realistic evaluation of the case for possible settlement."  February 18, 2014 Order at 2 (Dkt. #118).  The City's proposal to move most, if not all, of the depositions of the Supervisory Defendants and non-party witnesses "to a later [unspecified] date in the discovery process" would frustrate that goal.  City Letter at 1-2.

Second, the City's proposal ignores the request in Plaintiffs' Letter (at 8) that the Court order a protocol for the production of ESI, to ensure that all ESI relevant to a deposition is produced in advance, so that each deposition is efficiently and effectively conducted.  Even in the face of the detailed discussion in Plaintiffs' Letter of the many shortcomings in the City's ESI review and production, and the difficulties that causes with respect to depositions, the City Letter (at 5) blandly states that it cannot produce ESI "every week," and that it will commit to nothing more than its "best efforts" to produce complete ESI 14 days ahead of each deposition.  As discussed in detail in Plaintiffs' Letter, the City's "best efforts" to date have been woeful in terms of ESI review and ESI production.  Plaintiffs respectfully submit that, if anything, the City Letter underscores the need for the Court to order an ESI production protocol as requested in Plaintiffs' Letter.  Relying on the City's "best efforts" going forward is not reasonably calculated to result in the depositions of Supervisory Defendants and non-party witnesses taking place as contemplated by the Discovery Plan.  The Court's Discovery Plan contemplates phased depositions, with the dual goals of advancing discovery of the merits, and developing data in a timely fashion so that meaningful settlement discussions can occur.  The City's promise of "best efforts" regarding ESI production will advance neither of those goals.[2]

---

[1] The City Letter goes on at length about its problems getting its ESI produced, and tries to lay much of the blame for that on Plaintiffs.  However, the record is clear that the City took inordinate amounts of time to respond to Plaintiffs' efforts to get the ESI review process started and then conducted in an efficient way (despite assistance by Ropes & Gray ESI discovery specialists), and the City Letter concedes that the City has been slow and late in getting staff for its ESI review project.  As just one example, the City Letter (at 4) concedes that in June 2013 the City suggested 2 search terms and 20 custodians that would need to be searched regardless of anything further – but the City Letter (at 4) also concedes that the City did not begin hiring reviewers until December 2013.  That gap of many months is inexcusable.  There was no reasonable basis for the City not to have immediately begun conducting, and reviewing the results of, the searches for those custodians – a search that, according to the City, generated 75% of the total ESI documents that ultimately required review – until every single other search parameter was agreed upon.  Moreover, leaving aside the fact that Plaintiffs cannot compel the City to do or not do anything, the record belies the City's insinuation (City Letter at 3), that Plaintiffs said the City could not commence any ESI review until negotiations over all search terms and custodians were finalized.  *See* Exhibit A hereto (Sept. 9, 2013 email from Plaintiffs to City, confirming call on which the parties agreed that "the initial production of the two agreed upon search terms for the group A custodians will be made by September 13th").  The City's continuation of its (meritless) "blame the victim" approach is not constructive.  But the City employs it throughout the City Letter, such as in noting the supposedly small number of depositions Plaintiffs have taken.  City Letter at 6.  Plaintiffs have taken 24 depositions (and have confirmed 4 more and noticed another 3) -- despite the difficulties that the City has created in scheduling and taking depositions, that are discussed in detail in Plaintiffs' Letter.  The City's attempts to deflect responsibility are unseemly and without basis.

[2] In addition, there is the real concern that the City will backload its ESI production, with a huge "dump" of ESI just before the City's proposed July 31 deadline.  That of course would stymie most depositions until all of that ESI were organized and reviewed.  While Plaintiffs are open to requesting reasonable modifications to the Discovery Plan, and indeed may request some when appropriate, the proposals in the City Letter are not reasonable.

ROPES & GRAY LLP

  Third, the City Letter says nothing about providing prompt deposition dates for the 4 Warden Deponents or Ms. Masters – or for Dr. Venters. As discussed in Plaintiffs' Letter Plaintiffs have the ESI needed to depose Dr. Venters, his deposition is important to settlement discussions, and Plaintiffs have proposed dates prior to the Settlement Break.[3] As discussed in Plaintiffs' Letter, Plaintiffs request the Court to order a prompt date for Dr. Venters and for Warden Bailey (for whom Plaintiffs also have ESI), and to order the City to prioritize ESI production for the 3 other Warden Deponents and Ms. Masters so that dates for their depositions can be set as soon as possible.[4]

  Fourth, the City Letter (at 2) takes Plaintiffs to task for supposedly being uncooperative in moving the Settlement Break to the week of May 19, 2014. But not until that letter did the City explain that its expert consultant was not available to discuss settlement-related issues until the week of May 12. All the City had told Plaintiffs was that it wanted to move the Settlement Break back to the week of May 19 so that it could hold unspecified "internal meetings" the week of May 12. That seemed insufficient grounds to Plaintiffs, especially since Plaintiffs had just asked the Court to move the Settlement Break to the week of May 12 (Dkt. #125; granted by Dkt. #126). Plaintiffs are agreeable to moving the Settlement Break to the week of May 19, on one condition. That is, the extra week should allow the deposition of Dr. Venters and Warden Bailey to be taken before the new Settlement Break. As reflected in Exhibit I to Plaintiffs' Letter, the City had proposed dates the week of May 12, or after, for Dr. Venters' deposition, but his (and Warden Bailey's) are depositions that should be taken before settlement discussions begin. Thus, Plaintiffs respectfully request that the Court order those depositions to be taken before the Settlement Break if it is moved to the week of May 19.

  Plaintiffs respectfully refer the Court to Plaintiffs' Letter for its discussion of points relevant to those made in this reply, as well as other points not discussed herein. For the reasons stated in Plaintiffs' Letter and in this reply, Plaintiffs respectfully request that the relief they seek in Plaintiffs' Letter (as expressly modified by this reply) be granted.

---

[3] The City's insistence that the trial schedule of one attorney, even the lead attorney, should dictate whether and when important depositions may be taken is both misguided and inappropriate. As discussed in Plaintiffs' Letter (at 3 n.5), in a class action of this size and magnitude, and with multiple City attorneys who are able to take and defend depositions, it is unreasonable for the City to demand that important discovery be put on hold for weeks at a time.

[4] The day before the City submitted the City Letter, it finally proposed dates for the Rule 30(b)(6) deposition regarding surveillance cameras and a deposition date has been confirmed, so hopefully that issue at least will not require the Court's involvement any further.

ROPES & GRAY LLP

    Should the Court desire one, Plaintiffs are available for a status conference at the Court's earliest convenience. Plaintiffs appreciate the Court's consideration.

                                            Respectfully,

| | |
|---|---|
| EMERY CELLI BRINCKERHOFF & ABADY<br>Katherine R. Rosenfeld<br>Vasudha Talla<br><br>THE LEGAL AID SOCIETY<br>Jonathan S. Chasan<br>Mary Lynne Werlwas<br>*Counsel for Plaintiffs Mark Nunez, Rodney Brye, Shameik Smallwood, Oscar Sanders, Travis Woods, Ralph Nunez, Keith Bacote, Jose DeGros, Christopher Graham, Sonny Ortiz, Clifford Sewell, and Leslie Pickering* | ROPES & GRAY LLP<br><br>*/s/ William I. Sussman /aef*<br>William I. Sussman<br>Christopher P. Conniff<br>Amanda N. Raad<br>Lisa M. Coyle<br>Joseph G. Cleemann<br>Anna E. Friedberg<br>*Counsel for Plaintiffs Rodney Brye, Shameik Smallwood, Travis Woods, and Oscar Sanders in their capacities as Class representatives* |

cc: All counsel (by ECF and First-Class Mail)

4