

|  |  |  |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET, Rm. 3-177<br>NEW YORK, NY 10007 | **ARTHUR G. LARKIN**<br>Senior Counsel<br>Phone: (212) 356-2641<br>Fax: (212) 788-9776<br>alarkin@law.nyc.gov |

August 21, 2014

**BY ECF**

Hon. James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    <u>Mark Nunez v. City of New York, et al.</u>, 11-CV-5845 (LTS) (JCF)

Your Honor:

      We write pursuant to Rule 37(a)(1) to request that the Court direct plaintiffs' counsel to confer with us in good faith about an outstanding discovery dispute, *viz*., the return of documents that we have identified as privileged. Plaintiffs refuse to return the documents and, at the same time, they refuse to confer with us about their position. Despite our requests since June that counsel at least confer about the matter, they refused to do so for approximately two months, and after we reiterated our requests yesterday, they offered to confer with us *two weeks from now*, purportedly because some of the nineteen (19) members of their team are on vacation until then.[1] We respectfully submit that plaintiffs' position on this simple matter of conferring about an issue, so that the parties can see whether resolution without court intervention is possible, is unreasonable, and that they should be directed to confer with us sometime within the next five (5) business days, or before August 28, 2014.

      On June 5, 2014, the City produced E-discovery reflecting communications to or from Sabina Blaskovic, the Deputy Director of the Investigations Division at DOC, who at the time held the rank of Assistant Commissioner. The production comprised approximately 7,400 E-

---

    [1]   The docket sheet indicates that sixteen (16) lawyers have filed notices of appearance on plaintiffs' behalf, and we have had substantive communications with at least three (3) other attorneys whose names do not appear on the docket.

mails and attachments. Unfortunately, the production included privileged documents that were inadvertently disclosed. We realized the inadvertent production on June 10, 2014, three business days after the documents had been produced. On that date, we identified the inadvertently produced documents by Bates number, and requested via E-mail that plaintiffs either destroy the documents or return them immediately, in accordance with Rule 26(b)(5)(B) (copy attached as Exhibit A). Plaintiffs ignored the request, so we followed up by E-mail a second time on June 26, 2014 (*see* Exhibit A).

On June 30, approximately three weeks after our initial request, plaintiffs finally replied, stating that they wanted to "confer" about our demand that they return or destroy the privileged documents, but that they believed it "ma[de] sense to postpone" any such discussion "in light of the suspension [of discovery] on class issues." (Exhibit B, E-mail from A. Friedberg, 6/30 @ 10:08 a.m.)[2] We promptly replied, stating that we disagreed with their position that the conferral should be postponed. We stated our view that the inadvertently produced documents related to the named plaintiffs' individual claims, not just the class claims, and that the suspension of class discovery did not provide any basis to postpone the conferral. (Exhibit B, E-mail from A. Larkin, 6/30 @ 10:16 a.m.) Plaintiffs replied with another "stiff-arm," stating - almost incomprehensibly - that "[t]he discussion of your assertion of privilege directly relates to the class discovery as it necessitates the discussion of other issues including, but not limited to, the City's production of a privilege log." (Exhibit B, E-mail from A. Friedberg, 6/30 @ 4:24 p.m.)

We replied, again, that we disagreed with their position on the need to confer, and that we would seek court intervention if they would not cooperate with us. (Exhibit B, E-mail from A. Larkin, 6/30 @ 4:32 p.m.) We did not immediately seek relief, however, for several reasons. The parties were in the midst of discussions about the proposed Memorandum of Understanding ("MOU"), which required a substantial commitment of time by our team both for meetings and discussions with plaintiffs as well as internal meetings and discussions with DOC officials and the Corporation Counsel. In addition, discovery on the named plaintiffs' individual claims was ongoing at the time and continued until July 31, 2014. Finally, the undersigned was lead attorney on another high profile matter, *Jabbar Collins v. City of New York*, 11-CV-766 (FB) (RML), which involved wrongful conviction claims relating to plaintiff's sixteen-year incarceration from 1994-2010. Discovery and settlement discussions continued on *Collins* throughout the summer, and the matter finally settled this past Monday. The settlement was widely reported in the news media.

In light of the passage of almost two months since our last communication on this matter, we asked plaintiffs' counsel yesterday to provide us with dates and times when the parties could confer within the next week. Even though plaintiffs had refused to confer with us at all, they answered, "Thanks for your response today to our June 30 email," suggesting that the City should have asked plaintiffs to confer a fourth time much earlier, or that the City was responsible for the delay in addressing this simple matter. Plaintiffs proposed that the parties confer on

---

[2] As Your Honor is aware, the parties had been meeting to discuss a possible resolution of the class claims, and in connection with those meetings, both sides agreed to hold class discovery in abeyance subject to Court approval.

either September 4th or 5th, two weeks from now.  (Exhibit C, E-mail from J. Richheimer 8/20 @ 10:18 a.m.)  Plaintiffs appear to have changed their position with regard to the suspension of class discovery:  The current stay remains in effect until August 22, 2014 (*see* DE 162, entered 8/13/14), and if the parties sign the MOU before then, we anticipate that the discovery stay will continue for some period of time thereafter to enable the parties to negotiate a formal settlement agreement.  Plaintiffs' apparent willingness to confer - albeit not for two weeks - strongly suggests that the discovery stay was never a basis *not* to confer in the first place.

Plaintiffs' proposed dates of September 4th or 5th are unreasonable for other reasons.  Apart from the considerations set forth above, I am lead attorney in another wrongful conviction matter, *McCaffrey v. Diaz and Arbuiso*, 11-CV-1636 (RJS), which is scheduled for trial on September 8, 2014.  (The matter originally went to trial from April 28th to May 7th and resulted in a hung jury; the retrial is scheduled to commence on September 8th.)  Plaintiffs' suggestion that the parties confer on September 4th or 5th is unrealistic given my trial schedule.  If the parties do not confer until the week before the *McCaffrey* trial, then we will have not have an opportunity to raise the matter with the Court, if necessary, until after the trial is completed, and based on the length of the original trial the delay could be as long as another month, *viz*., until the week of September 22, 2014.  There appears to be no reason why some members of plaintiffs' nineteen-attorney team cannot make themselves available for a brief conferral about the inadvertently produced privileged documents sometime within the next week, so that this matter can be submitted to the Court before the *McCaffrey* trial.

Plaintiffs' refusal to confer with us when we initially raised this issue, their refusal to return the documents, their refusal to submit the documents to the Court under seal for a determination of the privilege issues (which they could have done, pursuant to Rule 26(b)(5)(B)), and their current refusal to confer for another two weeks, all point to unreasonable, unnecessary delay.  While we regret having to burden the Court with this application, we submit that plaintiffs' intransigence warrants an order directing them to confer with us between now and August 28, 2014, so that we can decide whether the privilege issues we have raised must be addressed by the Court.[3]

                                                      Respectfully submitted,

                                                      /s/
                                                 Arthur G. Larkin (AL 9059)
                                                 Assistant Corporation Counsel

AGL/m
Attachments
cc:     All Counsel (by ECF)

---

     [3]   We have not addressed the merits of the City's privilege claim, at this time, and we have no intention of doing so unless plaintiffs refuse to return the documents after the parties' conferral.

# EXHIBIT A

**Larkin, Arthur (Law)**

**From:** Larkin, Arthur (Law)
**Sent:** Thursday, June 26, 2014 2:43 PM
**To:** 'Nunez Plaintiffs' Counsel'
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** RE: Nunez v. City of NY, et al.

I never received a reply to the message below.  Do you have any objection whatsoever to this request?  Please advise.

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

---

**From:** Larkin, Arthur (Law)
**Sent:** Tuesday, June 10, 2014 6:22 PM
**To:** Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** Nunez v. City of NY, et al.

The following documents bearing the prefix NYCDOC are also privileged (prepared for litigation), and were inadvertently produced.  All should be destroyed or returned immediately.

0174777-88
0174400-18
0174741-66
0174800-31
0174472-90
0174516-37
0174832-34
0176703-05
0174275-91
0174125-26
0174265-67

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

8/20/2014

# EXHIBIT B

## Larkin, Arthur (Law)

**From:** Larkin, Arthur (Law)
**Sent:** Monday, June 30, 2014 4:32 PM
**To:** 'Friedberg, Anna'; Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** RE: Nunez v. City of NY, et al.

You have not provided me with the information I requested, and we disagree with your position regarding whether a conferral is appropriate at this time.  I really would prefer not to write to the judge seeking an order directing you to confer with us now, but I won't have any choice if you will not cooperate.  So please reconsider your position and let me know by tomorrow (1) what specific steps you have taken to segregate the documents, and (2) when you are available to confer.

The issues concerning the privilege log have nothing to do with the inadvertent production of otherwise privileged material, contrary to your statements below.

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

**From:** Friedberg, Anna [mailto:Anna.Friedberg@ropesgray.com]
**Sent:** Monday, June 30, 2014 4:24 PM
**To:** Larkin, Arthur (Law); Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** RE: Nunez v. City of NY, et al.

Arthur,

We have complied with all of our obligations including Rule 26.  I can confirm the documents have not been utilized since we received your notice and they were segregated in a manner that ensures they cannot be accessed by the parties to this litigation.

The discussion of your assertion of privilege directly relates to the class discovery as it necessitates the discussion of other issues including, but not limited to, the City's production of a privilege log.  We agreed to suspend discussion of these issues, including the need for a privilege log, while discussing the MOU.  In the meantime, these documents will not be reviewed or utilized in any manner related to either the individual or class claims. Given this representation, we can confer about this issue, along with the others, when class-related discovery commences again.

Thanks,
Anna

**Anna E. Friedberg**
ROPES & GRAY LLP
T +1 212 596 9332 | F +1 646 728 6247
1211 Avenue of the Americas
New York, NY 10036-8704
Anna.Friedberg@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Monday, June 30, 2014 10:16 AM
**To:** Friedberg, Anna; Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** RE: Nunez v. City of NY, et al.

You are required to comply with Rule 26(b)(5)(B) in all respects. Please advise me in writing as to when you "segregated" the documents, and explain precisely how you have segregated them. I do not consent to postpone this discussion while class discovery is suspended because the documents concern and relate to your clients' individual claims as well.

I'm available today (anytime except from 11-12) or tomorrow to confer if necessary. When are you available?

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

**From:** Friedberg, Anna [mailto:Anna.Friedberg@ropesgray.com]
**Sent:** Monday, June 30, 2014 10:08 AM
**To:** Larkin, Arthur (Law); Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** Re: Nunez v. City of NY, et al.

Arthur,

We would like to confer about the City's assertion of privilege on these documents. However, in light of the suspension on class issues, we think it makes sense to postpone any such meet and confer for the time being. We have segregated the documents you noted below and don't intend to utilize them in any capacity until we have had an opportunity to confer.

Thanks,

8/20/2014

Anna

**Anna E. Friedberg**
**ROPES & GRAY LLP**
T +1 212 596 9332 | F +1 646 728 6247
1211 Avenue of the Americas
New York, NY 10036-8704
Anna.Friedberg@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From**: Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent**: Thursday, June 26, 2014 02:42 PM
**To**: Nunez Plaintiffs' Counsel
**Cc**: Joyce, Kimberly (Law) <kjoyce@law.nyc.gov>; Nguyen, Diep (Law) <dinguyen@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Subject**: RE: Nunez v. City of NY, et al.

I never received a reply to the message below.  Do you have any objection whatsoever to this request?  Please advise.

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

---

**From:** Larkin, Arthur (Law)
**Sent:** Tuesday, June 10, 2014 6:22 PM
**To:** Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** Nunez v. City of NY, et al.

The following documents bearing the prefix NYCDOC are also privileged (prepared for litigation), and were inadvertently produced.  All should be destroyed or returned immediately.

0174777-88
0174400-18
0174741-66
0174800-31
0174472-90
0174516-37
0174832-34

8/20/2014

0176703-05
0174275-91
0174125-26
0174265-67

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

8/20/2014

# EXHIBIT C

## Larkin, Arthur (Law)

| | |
|---|---|
| **From:** | Larkin, Arthur (Law) |
| **Sent:** | Wednesday, August 20, 2014 10:26 AM |
| **To:** | 'Richheimer, Jessica'; Friedberg, Anna; Nunez Plaintiffs' Counsel |
| **Cc:** | Joyce, Kimberly (Law); Nguyen, Diep (Law) |
| **Subject:** | RE: Nunez v. City of NY, et al. |

Further to my prior message, the two dates/times that you propose, which are two weeks from now, continue the unacceptable delay in resolving this very simple matter. Please propose dates within the next week by the close of business today or we will seek the court's intervention.

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

---

**From:** Richheimer, Jessica [mailto:Jessica.Richheimer@ropesgray.com]
**Sent:** Wednesday, August 20, 2014 10:18 AM
**To:** Larkin, Arthur (Law); Friedberg, Anna; Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law)
**Subject:** RE: Nunez v. City of NY, et al.

Arthur,

Thanks for your response today to our June 30 email. We are available at the following times:

- Thursday, September 4 between 9:00 AM and 10:30 AM or 12:30 PM and 4:00 PM
- Friday, September 5 between noon and 4:00 PM

Regards,
Jessica

**Jessica J. Richheimer**
**ROPES & GRAY LLP**
T +1 212 841 8872 | F +1 646 728 2836
1211 Avenue of the Americas
New York, NY 10036-8704
Jessica.Richheimer@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]

8/20/2014

**Sent:** Wednesday, August 20, 2014 9:43 AM
**To:** Friedberg, Anna; Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law)
**Subject:** RE: Nunez v. City of NY, et al.

Please let me know by 5:00 today when your side is available to confer about the issue we raised below.  If we don't have a reply by then, we will write to the court asking for an order compelling your side to confer with us.

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

---

**From:** Friedberg, Anna [mailto:Anna.Friedberg@ropesgray.com]
**Sent:** Monday, June 30, 2014 4:24 PM
**To:** Larkin, Arthur (Law); Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** RE: Nunez v. City of NY, et al.

Arthur,

We have complied with all of our obligations including Rule 26.  I can confirm the documents have not been utilized since we received your notice and they were segregated in a manner that ensures they cannot be accessed by the parties to this litigation.

The discussion of your assertion of privilege directly relates to the class discovery as it necessitates the discussion of other issues including, but not limited to, the City's production of a privilege log.  We agreed to suspend discussion of these issues, including the need for a privilege log, while discussing the MOU.  In the meantime, these documents will not be reviewed or utilized in any manner related to either the individual or class claims. Given this representation, we can confer about this issue, along with the others, when class-related discovery commences again.

Thanks,
Anna


**Anna E. Friedberg**
**ROPES & GRAY LLP**
T +1 212 596 9332 | F +1 646 728 6247
1211 Avenue of the Americas
New York, NY 10036-8704
Anna.Friedberg@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please

8/20/2014

delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Monday, June 30, 2014 10:16 AM
**To:** Friedberg, Anna; Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** RE: Nunez v. City of NY, et al.

You are required to comply with Rule 26(b)(5)(B) in all respects.  Please advise me in writing as to when you "segregated" the documents, and explain precisely how you have segregated them.  I do not consent to postpone this discussion while class discovery is suspended because the documents concern and relate to your clients' individual claims as well.

I'm available today (anytime except from 11-12) or tomorrow to confer if necessary.  When are you available?

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

---

**From:** Friedberg, Anna [mailto:Anna.Friedberg@ropesgray.com]
**Sent:** Monday, June 30, 2014 10:08 AM
**To:** Larkin, Arthur (Law); Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** Re: Nunez v. City of NY, et al.

Arthur,

We would like to confer about the City's assertion of privilege on these documents.  However, in light of the suspension on class issues, we think it makes sense to postpone any such meet and confer for the time being.  We have segregated the documents you noted below and don't intend to utilize them in any capacity until we have had an opportunity to confer.

Thanks,
Anna

**Anna E. Friedberg**
**ROPES & GRAY LLP**
T +1 212 596 9332 | F +1 646 728 6247
1211 Avenue of the Americas
New York, NY 10036-8704
Anna.Friedberg@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From**: Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent**: Thursday, June 26, 2014 02:42 PM
**To**: Nunez Plaintiffs' Counsel
**Cc**: Joyce, Kimberly (Law) <kjoyce@law.nyc.gov>; Nguyen, Diep (Law) <dinguyen@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>
**Subject**: RE: Nunez v. City of NY, et al.

I never received a reply to the message below.  Do you have any objection whatsoever to this request?  Please advise.

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007
(212) 356-2641 (tel.)
(212) 788-9776 (fax)

**From:** Larkin, Arthur (Law)
**Sent:** Tuesday, June 10, 2014 6:22 PM
**To:** Nunez Plaintiffs' Counsel
**Cc:** Joyce, Kimberly (Law); Nguyen, Diep (Law); Robinson, Amy (LAW)
**Subject:** Nunez v. City of NY, et al.

The following documents bearing the prefix NYCDOC are also privileged (prepared for litigation), and were inadvertently produced.  All should be destroyed or returned immediately.

0174777-88
0174400-18
0174741-66
0174800-31
0174472-90
0174516-37
0174832-34
0176703-05
0174275-91
0174125-26
0174265-67

Arthur G. Larkin, Esq.
Senior Counsel
NYC Law Department
100 Church St., Room 3-177
New York, New York 10007

8/20/2014

(212) 356-2641 (tel.)
(212) 788-9776 (fax)

8/20/2014