UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- X
                                                               :
MARK NUNEZ, et al.,                                            :
                                                               :
                                Plaintiffs,                    :   11 Civ. 5845 (LTS)(JCF)
                                                               :
        - against -                                            :   UNITED STATES' MOTION TO
                                                               :   INTERVENE PURSUANT TO THE
CITY OF NEW YORK, et al.,                                      :   CIVIL RIGHTS OF
                                                               :   INSTITUTIONALIZED PERSONS ACT,
                                Defendants.                    :   42 U.SC. § 1997
                                                               :
-------------------------------------------------------------- X
```

## UNITED STATES' MOTION TO INTERVENE

The United States of America (the "United States" or "Government") moves to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure, in the above-captioned case (the "*Nunez* Action"). Pursuant to Rule 24(c), the United States has attached its proposed Complaint-in-Intervention. In support of its Motion, the United States submits that:

1.  Pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997, *et seq.*, on August 4, 2014, the United States sent a 79-page letter to the City of New York (the "City"), its chief legal officer, and the Department of Correction formally notifying them of the Government's findings that young male inmates – ages 16, 17, and 18 – incarcerated on Rikers Island (the "Subject Inmates") were being subject to unconstitutional conditions of confinement. In particular, the findings letter asserted that the City has engaged in a pattern or practice of: (a) subjecting the Subject Inmates to excessive and unnecessary use of force; (b) failing to adequately protect the Subject Inmates from violence inflicted by other inmates; and (c) placing the Subject Inmates in punitive segregation at an alarming rate and for excessive periods of time.  CRIPA gives the Department of Justice authority to seek a remedy for

a pattern or practice of conduct that violates the constitutional rights of inmates in correctional facilities.

2. The *Nunez* Action asserts that the City has engaged in a pattern and practice of using unnecessary and excessive force against inmates. The allegations in the *Nunez* Action overlap significantly with the conduct described in the Government's findings letter, including but not limited to allegations that Department of Correction staff use force against inmates as punishment, beat inmates in locations without video surveillance, fail to accurately report use of force incidents, and conduct inadequate use of force investigations. The *Nunez* class is not limited to the Subject Inmates defined herein; instead it consists of nearly all present and future inmates confined in jails operated by the Department of Correction.[1]

3. CRIPA provides that the United States may intervene in any action seeking relief from egregious or flagrant conditions of confinement that deprive inmates "of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing them to suffer grievous harm" where "the Attorney General has reasonable cause to believe that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities." 42 U.S.C. § 1997c(a).

4. Pursuant to 42 U.S.C. § 1997c(b), the Attorney General certifies to this Court that the prerequisites to filing this Motion to Intervene have been met. The Attorney General certifies that:

> a. Pursuant to 42 U.S.C. § 1997c(b)(1)(A), notice was provided to the Honorable Bill de Blasio, Department of Correction Commissioner Joseph Ponte, and the City's chief legal officer Zachary Carter in the

---

[1] The class excludes inmates at the Eric M. Taylor Center because an existing consent decree remains in effect with respect to this jail. The class also excludes inmates in Elmhurst and Bellevue prison wards.

        form of a 79-page findings letter at least 15 days prior to this Motion to Intervene.  This notice, which is attached to the Complaint-in-Intervention, sets forth in detail:  (i) the alleged conditions which deprive the Subject Inmates of their rights, privileges, or immunities secured or protected by the Constitution or laws of the United States and the alleged pattern or practice of resistance to the full enjoyment of such rights, privileges, and immunities; (ii) the supporting facts giving rise to the alleged conditions, including the dates and time period during which the alleged conditions and pattern or practice of resistance occurred; and (iii) the minimum measures which the Attorney General believes may remedy the alleged conditions and the alleged pattern or practice of resistance;

    b. Pursuant to 42 U.S.C. § 1997c(b)(1)(B), the Attorney General believes that intervention by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States; and

    c. The Attorney General has "reasonable cause to believe" that the deprivation of rights of the Subject Inmates is pursuant to a pattern and practice of resistance to the full enjoyment of such rights, privileges, or immunities, as set forth in 42 U.S.C. § 1997c(a)(1).

5.     Additionally, the undersigned certify that the United States has used its best efforts to resolve the matters raised in the Complaint-in-Intervention.  Specifically, as noted

*supra*, on August 4, 2014, the United States provided a 79-page, written letter to the City of New York, outlining its legal position and the factual findings resulting from its two and a half year CRIPA investigation. On September 22, 2014, the City of New York provided a ten-page, written response to the issues set forth in the United States' findings letter. Over the past four and a half months, the United States and the City of New York have discussed these matters, including most recently together with the plaintiffs in the *Nunez* Action, but have been unable to reach agreement as to lasting, verifiable, and enforceable reforms to remedy the unconstitutional conditions set forth in the United States' findings letter.

6. Accordingly, the United States moves to intervene in the *Nunez* Action. The United States moves for intervention as of right, pursuant to Rules 24(a)(1) and 24(a)(2) of the Federal Rules of Civil Procedure, or, alternatively, for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Plaintiffs and the City of New York consent to the United States' intervention in this action.

WHEREFORE, the United States respectfully requests that this Court enter an order:

a. Granting the United States' Motion to Intervene;

b. Adding the United States to the caption in the *Nunez* Action as a full party plaintiff-intervenor;

c. Adding the Department of Correction to the caption in the *Nunez* Action as a defendant; and

d. Directing the Clerk of the Court to enter the United States' Complaint-in-Intervention, and allowing the Government to proceed on its claims stated therein.

Respectfully submitted this 11th day of December, 2014.

                          ERIC H. HOLDER, JR.
                          Attorney General of the United States

                          VANITA GUPTA
                          Acting Assistant Attorney General
                          Civil Rights Division

                          PREET BHARARA
                          United States Attorney for the
                          Southern District of New York

By:                         
                          JEFFREY K. POWELL
                          EMILY E. DAUGHTRY
                          Assistant United States Attorneys