Francis, J Mag

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-27-2015

-------------------------------------X

MARK NUNEZ, et al.,

        Plaintiffs,

- against -

CITY OF NEW YORK, et al.,

        Defendants.

-------------------------------------X

**STIPULATION AND ORDER OF DISMISSAL AS TO TRAVIS WOODS' INDIVIDUAL CLAIMS FOR MONETARY DAMAGES**

11 Civ. 5845 (LTS)(JCF)

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

- against -

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

        Defendants.

-------------------------------------X

       **WHEREAS**, the parties have reached a settlement agreement of plaintiff TRAVIS WOODS' individual claims for monetary damages and now desire to resolve those claims without further proceedings; and

       **WHEREAS**, the plaintiff has authorized his counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, that

       1.     Plaintiff TRAVIS WOODS individual claims for monetary damages are hereby dismissed against defendants with prejudice, and without costs, expenses, or attorneys'

fees except as specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff TRAVIS WOODS the sum of **TWO HUNDRED THOUSAND DOLLARS ($200,000.00)**, in full satisfaction of all of his individual claims for monetary damages, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all of his individual claims for monetary damages asserted in this action against the defendants, and releases the City of New York, BUDNARINE BEHARI, WALTER DEAN, LAMEL SISTRUNK, ATEEA WILLIAMS, ROBERT ORLANDI, LOUIS LEONARD, SANDY ARKHURST, CORY HUGHES, DARLENE MASSEY, ERIC RAMOS and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, and/or rights of action that he may have, arising from the allegations set forth or described in the Second Amended Complaint in this action, whether known or unknown, including all claims for reasonable attorney's fees and costs.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2, above, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the

defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants and the City of New York reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto as to the settlement of TRAVIS WOODS' individual claims for monetary damages, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding TRAVIS WOODS' individual claims for monetary damages, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein. It is understood and agreed by all parties that the plaintiff's claims for injunctive relief are separately addressed in the settlement agreement for the class action.

Dated: New York, New York
July 23, 2015

Emery Celli Brinckerhoff & Abady, LLP
Attorneys for Plaintiff
600 Fifth Avenue, 10th Floor
New York, NY 10020
212-763-5000

By: /s/ Jonathan S. Abady
Jonathan S. Abady

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007

By: /s/ Kimberly Joyce
Kimberly Joyce

*Attorney for Defendants City of New York,
BUDNARINE BEHARI, WALTER DEAN,
LAMEL SISTRUNK, ATEEA WILLIAMS,
ROBERT ORLANDI, LOUIS LEONARD,
SANDY ARKHURST, CORY HUGHES,
DARLENE MASSEY, ERIC RAMOS.*

THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3530

By: /s/
Jonathan S. Chasan
Mary Lynne Werlwas

*Attorney for Plaintiffs*

SO ORDERED:

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN, U.S.D.J

Dated:
July 24, 2015