UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MARK NUNEZ, et al.,

        Plaintiffs,

  - against -

CITY OF NEW YORK, et al.,

        Defendants.
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

  - against -

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

        Defendants.
-------------------------------------------------------------- X

11 Civ. 5845 (LTS)(JCF)

**DECLARATION OF CHRISTINA G. BUCCI**

    **CHRISTINA G. BUCCI**  hereby declares as follows:

1. I am an associate with the law firm Ropes & Gray LLP ("R&G"), which is one of the Court-appointed class counsel in this action.  I submit this declaration in support of the parties' Joint Motion for Final Approval of Consent Judgment.

2. The approved Notice of Proposed Class Action Settlement, attached to this Court's July 10, 2015 Order  (ECF No. 214), listed my name and office address as the appropriate address for class members to mail written objections, no later than September 4, 2015.

3. Beginning with a letter post-marked August 7, 2015, I received six letters from class members, five of which were addressed directly to me, apparently in response to the posting of the Notice of Proposed Class Action Settlement in the New York City jails.

4. None of the letters I received objected to the Consent Judgment. Instead, the writers asked to be added to this class action, alleged excessive force or other wrongdoing by correction officers against the writers, and/or requested legal representation or legal referrals. I respectfully submit that those letters are not objections to the Consent Judgment, but rather constitute confidential requests for legal representation or legal referrals that need not and should not be disclosed. R&G responded to each writer explaining if they met the criteria for membership in the class they need take no action to remain part of the class, but that R&G does not, and will not, represent the writer in an individual capacity.

5. Only one class member submitted an objection to the Consent Judgment. It was not sent to me, but instead was e-filed directly with the Court. *See* ECF No. 231, September 1, 2015. For the Court's convenience, I enclose a copy of that filing as Exhibit A hereto. That filing is discussed at pages 5-6 of the accompanying Joint Memorandum of All Parties in Support of Motion for Final Approval of Consent Judgment, to which I respectfully refer the Court.

6. As stated in the Consent Judgment, the City of New York (the "City") has agreed to pay an aggregate of $6,500,000 in attorney fees and expenses to R&G, Emery Celli Brinckerhoff & Abady LLP, and The Legal Aid Society Prisoners' Rights Project (collectively, "Plaintiffs' Class Counsel"). That amount was negotiated between the City and Plaintiffs' Class Counsel after the parties reached agreement on the substantive terms of relief. It is commensurate with the extensive work necessarily undertaken by Plaintiffs' Class Counsel during the course of prosecuting this vigorously defended, multi-year class action, and then engaging in extensive and ultimately successful arm's-length settlement negotiations with the City. All told, Plaintiffs' Class Counsel worked more than 35,000 compensable hours on this action. Indeed, if billed at market rates, the actual aggregate compensable attorney time charges of Plaintiffs' Class Counsel in this action would have far exceeded the agreed-to aggregate amount.

I declare that the foregoing is true to the best of my knowledge, information and belief. Executed on October 2, 2015.

/s/ Christina G. Bucci
Christina G. Bucci