# Exhibit B

# WILMERHALE

October 14, 2015

**Hanna Baek**

+1 212 230 8827 (t)
+1 212 230 8888 (f)
hanna.baek@wilmerhale.com

<u>VIA ECF</u>

The Honorable Henry Pitman
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Erick Wallace v. City of New York et al.*, No. 14-cv-6522 (PAC) (HBP)

Dear Judge Pitman:

We represent Plaintiff Erick Wallace as Limited Discovery Counsel in the above-referenced matter. In that role, we have opposed the City of New York's ("the City's") request to continue the stay in this action, and now submit this letter in connection with our need to preserve relevant discovery materials that have been produced in a class action titled *Nunez et al. v. City of New York et al.*, No. 11-cv-5845 (S.D.N.Y.) (LTS) (JCF).

The *Nunez* action asserts claims for injunctive relief on behalf of a class of jail inmates (including Mr. Wallace) based on a policy and practice of the City of New York Department of Corrections using excessive force against inmates in New York City jails. Class counsel and the City submitted a proposed settlement agreement to the court in July 2015, and a fairness hearing is scheduled on October 21, 2015 before Judge Swain. However, a protective order in that case provides for the parties to dispose of certain discovery materials in the event that the settlement is approved. We are concerned that unless we take action now, discovery materials in *Nunez* may not be preserved for Mr. Wallace's case.

In order for us most efficiently to conduct discovery on Mr. Wallace's individual excessive force claims for damages (which are expressly allowed by the proposed settlement),

WILMERHALE

October 14, 2015
Page 2

we would like to make requests to Judge Swain that (1) the City preserve all discovery materials produced regarding allegations of its "policy and practice" of using excessive force, and (2) we have confidential access to certain materials of class counsel that will permit efficient and economical review of that "policy and practice" discovery.

Because Your Honor has not yet ruled on the City's request to continue the stay of discovery in this case, we want to be sure that Your Honor has no objection to our making these requests before Judge Swain to preserve the relevant *Nunez* discovery materials, in the event that we are unable to resolve the matter with the City and *Nunez* Class Counsel. Thank you for your consideration.

Respectfully submitted,

/s/ *Hanna Baek*
Hanna Baek

cc: All counsel of record (via ECF)



ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

KATHERINE A. BYRNS
Assistant Corporation Counsel
phone: (212) 356-3549
fax: (212) 356-3509
email: kbyrns@law.nyc.gov

October 16, 2015

**BY ECF**
Honorable Henry B. Pitman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Erick Wallace v. City of New York, et al.</u>, 14 Civ. 6522 (PAC) (HBP)

Dear Magistrate Judge Pitman:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants City of New York and Warden of M.D.C. (hereinafter "City Defendants") in the above-referenced case. I write in response to Limited Discovery Counsel for Plaintiff's letter dated October 14, 2015 addressing plaintiff's purported "need to preserve relevant discovery materials that have been produced in a class action titled <u>Nunez, et al. v. City of New York, et al.</u>, No. 11-cv-5845 (S.D.N.Y.) (LTS) (JCF). <u>See</u> Letter by Hanna Baek, Esq., Limited Pro Bono Counsel for Plaintiff, dated October 14, 2015, Dkt. 40, p. 1 of 2. For the reasons set forth below, this Court should deny plaintiffs requests that "(1) the City preserve all discovery materials produced regarding allegations of its 'policy and practice' of using excessive force," and (2) plaintiff's counsel "have confidential access to certain materials of class counsel that will permit efficient and economical review of that 'policy and practice' discovery." <u>Id.</u>

    Plaintiff's first request, namely, that the City preserve all discovery materials pertaining to a "policy and practice" contained in the <u>Nunez</u> database should be denied because it appears to be based on an erroneous premise. Plaintiff's request is predicated on counsel's mistaken belief that the protective order in the <u>Nunez</u> case "provides for the parties to dispose of certain discovery materials in the event that the settlement is approved." <u>Id.</u> However, plaintiff mischaracterizes the protective order.

    Paragraph 12 of the <u>Nunez</u> protective order provides that "within sixty (60) days after the termination of this Action, …the Confidential Materials shall be returned to their sources … [or] destroy[ed]," provided that the party destroying the materials certifies such destruction in writing. See <u>Nunez v. City of New York</u>, 11-CV-5845 (LTS) (JCF), Dkt. 89, ¶ 12, at pp. 5-6. The documents plaintiff seeks to preserve were produced by the City, not plaintiffs,

and the City continues to maintain its database of these documents. The City is not required to "return" them to anyone or "destroy" them. Plaintiff's concerns about the potential loss of these documents are unfounded. Furthermore, by the terms of the protective order, only "termination of the Action" – not approval of the settlement – triggers the duty to return or destroy documents produced in the case. As counsel is or should be aware, the settlement – which was made public when it was filed on the ECF docket on July 1, 2015 (see Nunez Dkt. 207-9) – comprises a consent judgment that requires judicial oversight and monitoring of the City jails for the next several years. The Action, at this time, is not terminated, and the duty to return or destroy documents, even if applicable, has not yet arisen. Plaintiff's purported concerns about the loss or destruction of Nunez-related documents are therefore without basis, and as such, this Court should decline to order City Defendants to take any action with respect to the perseveration of any such materials.

More significantly, plaintiff's second request that counsel be granted access to certain materials contained in the Nunez database should also be denied. Plaintiff's counsel is not entitled to this information both in light of the procedural posture of this case, as well as the nature of the allegations in the complaint. First, this case is presently stayed. Prior to this case being stayed, discovery had not yet commenced. As such, plaintiff's request for access to documents pertaining to a custom and practice on the part of the New York City Department of Corrections ("DOC") is premature.

Second, even if plaintiff's counsel was permitted to seek discovery at this stage of the litigation, City Defendants respectfully submit that plaintiff is not entitled to documents contained in the Nunez database that purportedly support a Monell claim. Plaintiff states that they are entitled to documents pertaining to a custom and practice on the part of the DOC in order to "most efficiently conduct discovery on Mr. Wallace's individual excessive force claims for damages." Id. In asserting that plaintiff is entitled to these materials to support plaintiff's claims, counsel misrepresents plaintiff's own allegations. Even liberally construing the complaint, plaintiff has not asserted a Monell claim. Plaintiff makes no reference to a policy or custom on the part of the City or DOC; rather, plaintiff's claims explicitly pertain solely to the actions of the officers who he has named as the defendants. In light of the nature of the allegations in the complaint, defendants respectfully submit that plaintiff is not entitled to conduct Monell discovery, not only at this stage in the litigation, but even after the commencement of discovery.

For these reasons, this Court should deny the requests set forth by Limited Discovery Counsel for plaintiff in their October 14, 2015 letter.

Respectfully submitted,

Katherine A. Byrns
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY MAIL**
Erick Wallace
*Plaintiff Pro Se*
Inmate No. 14A1484
Bare Hill Correctional Facility
181 Brand Road, Caller Box 20
Malone, New York 12953

**BY ECF**
Charles C. Platt, Esq.
Hanna A. Baek, Esq.
*Limited Discovery Counsel for Plaintiff*
Wilmer Cutler Pickering Hale and Dorr
7 World Trade Center, 250 Greenwich Street
New York, NY 10007

**BY ECF**
Julie Ann Ortiz, Esq.
*Attorney for Defendant
 Correction Officer Lin*
Koehler & Isaacs, LLP
61 Broadway
New York, NY 10006