# WILMERHALE

October 20, 2015





Hanna Baek
+1 212 230 8827 (t)
+1 212 230 8888 (f)
hanna.baek@wilmerhale.com

**VIA ECF**

The Honorable Laura Taylor Swain
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  *Re:*   *Nunez v. City of New York*, No. 11-cv-5845 (S.D.N.Y.) (LTS) (JCF)

Dear Judge Swain:

  We write on behalf of Erick Wallace, who is a member of the class in the above-referenced action ("*Nunez*"), and also a plaintiff in an individual excessive force claim for damages in a case before Judge Crotty and Magistrate Judge Pitman titled *Wallace v. City of New York et al.*, No. 14-cv-6522 (S.D.N.Y) (PAC) (HBP). We were appointed by the court to act as pro bono Limited Discovery Counsel for plaintiff Wallace after Magistrate Judge Pitman determined that Mr. Wallace's case was of sufficient substance to warrant such an appointment. *Wallace*, Dkt. 28.

  We respectfully submit this letter to advise the Court that Mr. Wallace is seeking to access materials from Class Counsel in *Nunez*, and request that the Court address those issues (outlined below) whenever it deems appropriate. Mr. Wallace is *not* objecting to or opposing the proposed settlement in *Nunez*. However, we will be attending the hearing tomorrow in the event the Court is willing to address Mr. Wallace's issues at that time.

1.  <u>Mr. Wallace's Individual Claim And Discovery Related To *Nunez*</u>

  Mr. Wallace claims that he was subjected to excessive force by corrections officers while in custody at the Manhattan Detention Complex in 2013. He has brought an individual damages

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing Berlin Boston Brussels Denver Frankfurt London Los Angeles New York Oxford Palo Alto Washington

WILMERHALE

October 20, 2015
Page 2

claim pursuant to 42 U.S.C. § 1983 against the City and one corrections officer (as well as unnamed John Doe officers) for his injuries arising from this incident, and seeks to show that the City had a "policy and practice" of using excessive force in these situations.

We understand that considerable discovery has already occurred in the *Nunez* case with respect to the allegations that the City had a "policy and practice" of using excessive force. At least some of that discovery will be relevant to Mr. Wallace's "policy and practice" claim in his individual damages case, which is based on facts identical in many respects to those asserted in *Nunez*. We also understand that Class Counsel has reviewed and indexed materials received from the City in connection with the "policy and practice" claim, which work will assist Mr. Wallace in the pursuit of his individual damages claim. *See* Friedberg Decl. ¶ 6, Dkt. 209.

To avoid duplicative and unnecessarily burdensome discovery, we have advised the City that we expect to use the materials produced in *Nunez* to pursue Mr. Wallace's "policy and practice" allegations. The City has advised that it has maintained, and will continue to maintain, such discovery that was produced in *Nunez* (while reserving its rights to object to producing that discovery to Mr. Wallace).

In order to access that discovery being maintained by the City most efficiently and economically, we have also asked Class Counsel in *Nunez* for confidential access to organizational materials in their possession that organize, categorize, tag, and/or summarize documents and deposition testimony relating to the "policy and practice" allegations. Class

# WILMERHALE

October 20, 2015
Page 3

Counsel has not agreed to provide that access, and has advised that this issue should be addressed at some later date.

2.  Our Request to the Court

We respectfully request that the Court direct that Mr. Wallace be permitted confidential access to Class Counsel's organizational materials that organize, categorize, tag, and/or summarize documents and deposition testimony relating to the "policy and practice" allegations in Class Counsel's Second Amended Complaint (particularly paragraphs 30-36).

We believe Mr. Wallace is entitled to Class Counsel's organizational materials based on the fundamental principle that Class Counsel in *Nunez* represent, are working on behalf of, and owe a duty to the entire class, not just the named plaintiffs. *See, e.g., Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n.15 (2d Cir. 1978) ("A certification under Rule 23(c) makes the Class the attorney's client for all practical purposes."); *Maywalt v. Parker & Parsley Petroleum Co.*, 864 F. Supp. 1422, 1430 (S.D.N.Y. 1994) ("The courts have recognized that the duty owed by class counsel is to the entire class and not dependent on the special desires of the named plaintiffs...." (internal quotation marks omitted)); *see also* ABA Comm'n on Ethics and Prof. Responsibility, Formal Op. 07-445, at 2 (April 11, 2007) (an attorney-client relationship with absent class members begins after the court certifies the class).

Indeed, as part of the proposed class action settlement, Class Counsel will receive $6.5 million in fees, representing their work on behalf of the entire class. *See Nunez*, Dkt. 209-1, Proposed Consent Judgment Section XXIV (stating that the City shall pay $6.5 million to the

WILMERHALE

October 20, 2015
Page 4

Plaintiff Class's Counsel for fees and costs incurred in "prosecuting claims ... on behalf of the Plaintiff Class"); *cf. Van Gemert*, 590 F.2d at 439–42 (in case involving common fund for class members' recoveries, class counsel's fees are properly assessed against the entire class, including nonclaiming members).

Mr. Wallace is a member of the plaintiff class in this case,[1] and his excessive force claim is in many respects identical to that pressed by the class here. Sharing the organizational materials we have requested will prevent duplicative work, and enable Mr. Wallace to pursue his individual claim far more efficiently and economically. Moreover, it imposes little burden on Class Counsel as we do not seek Class Counsel's entire case file. Rather, we are seeking carefully limited organizational materials that will help us streamline a potentially voluminous number of documents on subjects that are common to Mr. Wallace and his fellow class members. Though we recognize that a class member is not presumptively entitled to Class Counsel's entire case file, a class member may access counsel's litigation files upon a showing of "legitimate need." *See Wyly v. Milberg Weiss Bershad & Schulman, LLP*, 12 N.Y.3d 400, 412–13 (N.Y. 2009). Here, Mr. Wallace has clearly shown such a need, has requested a small sliver of Class Counsel's file, and his individual case will advance, not hinder, the goals of the *Nunez* class settlement.

We have made this request to Class Counsel, and have spoken with the Legal Aid Society. The Society informed us that (1) they are concerned about work product leaving their

---

[1] The proposed settlement in *Nunez*, which provides only injunctive relief for the class, expressly allows class members to pursue individual claims and remain a part of the *Nunez* class. *See Nunez*, Dkt. 209-1, Proposed Consent Judgment Section XXIII.

# WILMERHALE

October 20, 2015
Page 5

control, (2) they do not have the resources to sift through such work product in order to determine what they would feel comfortable sharing and what they would not, and (3) much of the work product is in a form that is not easily sharable. We have proposed measures to address concerns (1) and (3), such as allowing us to view confidentially any such work product via video or in person. As for the second concern, we believe such a sifting exercise is unnecessary, given our willingness to keep any work product within class counsel's control. We have not heard back directly from Ropes & Gray LLP or Emery Celli Brinckerhoff & Abady LLP but have been informed by the Society that they spoke on behalf of all Class Counsel.

We look forward to addressing this issue with the Court at tomorrow's hearing or as soon thereafter as the Court will permit. Thank you for your consideration.

Respectfully submitted,

/s/ *Hanna A. Baek*

Charles C. Platt
Hanna A. Baek
Wilmer Cutler Pickering
Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8860
Fax: (212) 230-8888

cc: All counsel of record (via ECF)

*[Handwritten: The foregoing matter should be taken up with Judge Pitman if the parties are unable to come to agreement.]*

**SO ORDERED:**

*[Signature]* 10/21/15
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE