UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARK NUNEZ et al.,

       Plaintiffs,

  -v-                                                           No.  11CV5845-LTS-JCF

CITY OF NEW YORK et al.,

       Defendants.

--------------------------------------------------------x

## Order

       Before the Court is a dispute between the City and Plaintiffs' counsel concerning the confidentiality status of Preliminary Reviews, which were instituted as a part of the Consent Judgment entered into by the Court on October 21, 2015, to document use of force incidents in the City's jails.  The City contends that the Preliminary Reviews "should remain confidential unless and until such information is included in the public Monitor's Report" while Plaintiffs' counsel contend that they should be permitted to publicly discuss "reported trends" gleaned from the reports, such as the prevalence of certain types of use of force.  Plaintiffs' counsel have agreed not to disclose any identifying information about specific incidents or staff members.  (Pl. Ltr. at 1, docket entry no. 287.)

       Paragraph 5 of Section XIX of the Consent Judgment (Reporting Requirements and Parties' Right of Access) provides that:

> At the end of each month, the Department shall provide the Monitor and Plaintiffs' Counsel with the documented results of all Preliminary Reviews conducted in the preceding month pursuant to Paragraph 7(d) of Section VII (Use of Force Investigations).  (For example, the results of Preliminary Reviews concluded in January would be provided at the end of February.)

An amended protective order was entered into between the parties on May 23, 2013 (the "Protective Order"). Subsequently, pursuant to paragraph 11(d) of Section XX of the Consent Judgment, "the protective order entered on May 23, 2013 (Dkt. 89) remains in full force effect." The Protective Order provides for the confidential treatment of "all reports, summaries, tabulations or compilations of data, including all use of force reports, Investigation Division records, Directive #5003 records and logs, Gang Intelligence Unit records and all similar records, <u>to the extent</u> such documents name or otherwise identify individual DOC staff members, who are not named defendants in this action, in connection with allegations of improper uses of force/chemical agents or any other type of misconduct." (Docket entry no. 89 at 3 (emphasis added.))

Under the plain terms of the Consent Judgment in this case, the City is obligated to disclose the Preliminary Reviews to Plaintiffs' counsel. Moreover, as the City apparently concedes, the Protective Order does not cover the content of the Preliminary Reports, except to the extent that individual DOC staff members' names are identified (Plaintiffs' counsel are not intending to and cannot disclose such names in any case pursuant to the Protective Order). The City argues, however, that the Preliminary Reviews were not utilized until after the litigation was settled and thus "the absence of any provision in the protective order covering Preliminary Reviews is immaterial to the parties' dispute." (City Ltr. at 3.) This argument fails due to the explicit incorporation and extension of the Protective Order in the Consent Judgment, which clearly contemplated the existence of Preliminary Reviews. Moreover, because the terms of both the Consent Judgment and the Protective Order are clear as to this issue, the Court need not look to extrinsic evidence to discern the parties' intent. The City further invokes the doctrine of deliberative process privilege and law enforcement privilege to contend that the reports should

be kept confidential.  As an initial matter, any such privilege was likely waived, at least with respect to disclosure to Plaintiffs' counsel, by the explicit provision in the Consent Judgment that the City must provide the Preliminary Reviews to Plaintiffs' counsel at monthly intervals.  To the extent that the privileges have not been waived, the privileges are not compromised here because Plaintiffs' counsel will merely be disclosing general trends and not any particular incidents nor individual names.  Moreover, it appears that Plaintiffs' counsel have undertaken to include an express caveat that any disclosure is based on preliminary assessments.  (City Ltr. at 4.)

        Accordingly, Plaintiffs' counsel will be permitted to disclose aggregate trend information gleaned from the Preliminary Reports in accordance with the terms of the Protective Order, subject to compliance with the undertakings to exclude references to any specific incidents or individuals and to include an express caveat that any information disclosed is based on preliminary assessments.

        SO ORDERED.

Dated: New York, New York
      September 13, 2016

                                              /s Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge