**OFFICE OF THE MONITOR**
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

**Steve J. Martin**
Monitor

**Anna E. Friedberg**
Deputy Monitor

135 West 41st Street, 5th Floor
New York, NY 10036
+1 646 895 6567 | afriedberg@tillidgroup.com

<u>MEMO ENDORSED</u>   July 2, 2020

<u>**VIA ECF**</u>
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Judge Swain,

We write to provide a status report pursuant to the Court's June 17, 2020 order (dkt. 342). The Monitoring Team outlines below an overview of the relevant work that has been undertaken between January 1, 2020 and June 30, 2020 (10th Monitoring Period) as requested by the Court.

I. **<u>Update on "Efforts to Advance Reforms and Address Areas of Concern"</u>**

The Monitoring Team has worked with the City, Department, Counsel for the Plaintiffs' Class, and SDNY (jointly the "Parties") to address five distinct issues as described in the Ninth Monitor's Report (dkt. 341) at pgs. 5-9: (1) initiatives the Department and Monitoring Team would develop collaboratively and which would receive heightened scrutiny by the Monitoring Team; (2) proposed modifications to various provisions of the Consent Judgment; (3) proposed placement of certain provisions into "inactive monitoring"; (4) proposed termination of certain provisions; and (5) proposed inclusion of additional requirements in a new court order ("Remedial Order"). An update as to the status in each of these areas is outlined below.

*(1) New Initiatives*: The Monitoring Team and the Department developed several initiatives to address the key areas of concern (*i.e.*, close-in-time review of incidents, investigation delays, case backlogs, delays in staff discipline, and disorder at RNDC) and which will receive heightened scrutiny by the Monitoring Team.  The 10th Monitor's Report will include a detailed discussion of each of these initiatives and the Department's efforts to implement them.

*(2) Consent Judgment Modifications*: The Monitoring Team originally shared our recommendations to modify certain provisions of the Consent Judgment on December 17, 2019.[1] Since then, the Parties have exchanged numerous drafts and engaged in lengthy discussions to address these recommendations. The Monitoring Team shared the final version of our recommendations of the modified version of the Consent Judgment provisions with all Parties on June 29, 2020.[2] The provisions the Monitoring Team has recommended are modified are listed in ***Appendix A, Part 1***, which is attached to this letter.  It is the Monitoring Team's understanding that there are no outstanding substantive issues related to the recommendations for the proposed modifications.  Upon completion of the negotiation of the Remedial Order (discussed in more detail below), the goal is for the Parties to submit a joint application to seek the Court's approval for the proposed modifications to the listed Consent Judgment provisions.

*(3 & 4) Recommendations to Terminate or Deactivate Certain Provisions*: Over

---

[1] As described in the Ninth Monitor's Report (dkt. 341) at pg. 7.

[2] There is one outstanding item related to reporting of information that is left to be discussed.

2

the course of the 10th Monitoring Period, the Monitoring Team discussed our recommendations to either terminate or cease active monitoring of certain provisions with the Parties. The Monitoring Team shared our final recommendations of the provisions that would fall under either category on June 29, 2020. These final recommendations are listed in *Appendix A, Parts 2 and 3*, which is attached to this letter. It is the Monitoring Team's understanding that there are no outstanding comments or feedback from the Parties and that there is agreement the monitoring of these provisions will occur as recommended beginning with the 10th Monitoring Period. The Monitoring Team has recommended that an application to the Court for approval of these recommendations should be made once negotiations with the Remedial Order are complete.

*(5) Remedial Order*: During this Monitoring Period, Counsel for the Plaintiffs' Class and SDNY drafted a proposed Remedial Order, which was shared with the Monitoring Team, Department, and Counsel for the City. The proposal was shared early in the COVID crisis and so assessment of the proposal took longer than anticipated. The Monitoring Team discussed the proposal at length with the Department, including nearly weekly discussions throughout a three-month period. A counterproposal was shared with Counsel for the Plaintiffs' Class and SDNY on June 5, 2020. Since then, the Monitoring Team has hosted numerous teleconferences and exchanged multiple drafts of proposed revisions with Counsel for the Plaintiffs' Class and SDNY. Counsel for the Plaintiffs' Class and SDNY reported that they intend to share a revised Remedial Order proposal with the Department, City and Monitoring Team by July 10, 2020 and sooner, if possible. Following the submission of the revised proposal, the Monitoring Team recommends that the Parties meet and confer to work through any areas of potential disagreement. In an

effort to facilitate a joint agreement, the Monitoring Team has already scheduled meetings with the Parties to occur after the proposal is shared to ensure the process continues efficiently.

The Monitoring Team strongly encourages an efficient and timely negotiation process and believes that the Parties are in a position to reach a joint agreement. The Monitoring Team anticipates that the next month will require all Parties to be actively engaged in discussions in order to diligently work through these issues. The Monitoring Team will provide all the support we can to facilitate the finalization of a joint agreement. Given the items left to discuss and the required coordination among the various stakeholders, we recommend July 31, 2020[3] as a reasonable, but appropriately aggressive, deadline to achieve agreement.

II.     **Update on Applicability of *Nunez* to 16- and 17- year-olds Going Forward**

As described in the "Looking Ahead" section of the Ninth Monitor's Report (*id.* at 258-259.), the applicability of the requirements enumerated in *Nunez* to 16- and 17-year-olds going forward has not yet been determined and is under consideration by the Parties.[4] The Parties and the Monitoring Team have had discussions about how to proceed for this age group, including the exchange of various written proposals. This

---

[3] Counsel for the Plaintiffs' Class position is that the Parties should reach agreement by July 24, 2020. The Monitoring Team appreciates the desire for an earlier resolution, but is cautious about shortcutting this final phase of negotiation.

[4] Raise the Age legislation created a new legal status for 16- and 17-years-olds who are arrested for a felony-level crime. The implementation of this law was staggered so this new category of offenders was applied to 16-year-old youth beginning on October 1, 2018 and 17-year-old youth on October 1, 2019. *See*, https://www.ny.gov/raise-age/raise-age-implementation#adolescent-offender.

spring, prior to the COVID crisis, the Monitoring Team met with leadership from ACS to discuss potential next steps and had a productive discussion that we anticipate will facilitate the development of an agreement among the Parties on how best to proceed. Given the need to prioritize agreement on the matters discussed in Section I of this letter, the Monitoring Team intends to develop a proposed schedule for next steps by July 31, 2020.

III. **Next Steps**

The Monitoring Team proposes that we provide the Court with a status report on July 31, 2020, which would: (a) outline next steps if the Parties have not otherwise submitted a joint agreement to the Court related to the items in Section I of this letter, and (b) provide a status update on next steps regarding the applicability of the *Nunez* requirements to 16- and 17-year-olds going forward. We welcome any questions or feedback from the Court.

.                                             Sincerely,


s/ Steve J. Martin                                    s/ Anna E. Friedberg
Steve J. Martin, Monitor                              Anna E. Friedberg, Deputy Monitor


The Court thanks the Monitoring Team for this status report and the parties for their work to come to consensus on a proposed Remedial Order.  The parties are urged to continue to work in good faith with the Monitoring Team to finalize a joint proposal.  Any such proposal should be accompanied by a declaration from the Monitoring Team detailing the rationale and necessity of the changes, and explaining the approach taken in tailoring to the proposal to address properly the implicated rights and interests.  The Monitoring Team must file a further status report by July 31, 2020.  DE# 343 resolved.

SO ORDERED.
7/2/2020
/s/ Laura Taylor Swain, USDJ