# OFFICE OF THE MONITOR
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

**Steve J. Martin**
Monitor

**Anna E. Friedberg**
Deputy Monitor

178 Columbus Avenue, #230842
New York, NY 10023-9998
+1 646 895 6567 | afriedberg@tillidgroup.com

May 21, 2021

**VIA ECF**
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Judge Swain,

  We write to respectfully recommend the Court endorse the attached proposed Order to provide the Monitoring Team with appropriate access to relevant health information. The proposed Order is intended to ensure the Monitoring Team has access to relevant and necessary information to perform our responsibilities under the Remedial Order (Dkt. entry 350), in particular to assess compliance with § A., ¶ 5.

  We have shared this proposed Order with the Parties and they do not object to the Monitor's recommendation. Please do not hesitate to reach out if you have any questions or require any further information.

            Sincerely,

            s/ Steve J. Martin
            Steve J. Martin, *Monitor*
            Anna E. Friedberg, *Deputy Monitor*
            Christina B. Vanderveer, *Associate Deputy Monitor*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK NUNEZ, *et al.*,

        *Plaintiffs*,

-against-

THE CITY OF NEW YORK, et al.,

        *Defendants.*

---

UNITED STATES OF AMERICA,

        *Plaintiff-Intervenor*,

-against-

CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF CORRECTION,

        *Defendants*.

**[Proposed] STIPULATION AND ORDER REGARDING ACCESS TO PROTECTED HEALTH INFORMATION**

11 Civ. 5845 (LTS)(JCF)

---

      This stipulation and order is entered into by and among Defendant City of New York ("City"), and the Nunez Court Appointed Independent Monitor ("Monitor"), Steven J. Martin, and his team,[1] to grant access to certain protected health information that the Monitor deems necessary to assess compliance under § A., ¶ 5 of the Nunez Remedial Order ("Order") (Dkt. Entry 350), entered into by the parties on August 5, 2020, and endorsed by Your Honor on August 14, 2020;

      **WHEREAS**, § A., ¶ 5 of the Order, concerning incarcerated individuals involved in numerous uses of force incidents, requires that "*[w]ithin 60 days of the Order Date, the Department shall, in consultation with the Monitor and Correctional Health Services, develop, adopt, and implement a plan so that: (i) health care professionals individually evaluate any Incarcerated Individual who has been involved in a significant number of Use of Force Incidents during a Reporting Period to determine whether any mental health needs of the Incarcerated*

---

[1] The Monitor was appointed pursuant to Nunez Consent Judgment (see Dkt. Entry 249), §XX. (Monitoring) ¶ 1 and is responsible for assessing compliance with the provisions of the Consent Judgment and the Remedial Order (Dkt. Entry 350).

*Individual are not being adequately addressed; and (ii) the Department assesses whether existing security and management protocols are appropriate for these Incarcerated Individuals. This plan shall be subject to the approval of the Monitor*";

**WHEREAS**, the Monitor requests additional information from Correctional Health Services ("CHS") to assess the City Defendants' compliance with § A., ¶ 5 of the Order;

**NOW**, **THEREFORE**, the City of New York, and the Nunez Monitor stipulate and agree, and **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** as follows:

1. The Monitor shall have access to certain protected health information necessary to assess compliance with § A., ¶ 5 of the Order, including, but not limited to, whether an inmate was subject to additional sessions with a mental health professional, if an individual is on medication, and, if an individual is on medication, whether the medication dosage(s) was evaluated, because disclosure of such information is required to assess compliance and the interests of justice significantly outweighs the need for confidentiality, see Mental Hygiene Law 33.13(c)(1);

2. The Monitor agrees that this information will be kept confidential, and it shall not be disseminated to anyone outside of the Monitor and his team; and

3. The Monitor agrees not to publicly discuss, in his Monitor reports or otherwise, protected health information in such a way that would identify an individual inmate.

**DATED**
May 20, 2021

**FOR THE NUNEZ MONITOR**:

s/ Steve J. Martin
STEVE J. MARTIN

**FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION**:

JAMES E. JOHNSON
Corporation Counsel for the City of New York

By:

 s/ Kimberly Joyce
KIMBERLY JOYCE
100 Church Street
New York, New York 10007
Telephone: (212) 356-2300
Email: kjoyce@law.nyc.gov

                SO ORDERED this _____ day of _____, 2021

                              _____
                              LAURA TAYLOR SWAIN
                              UNITED STATES DISTRICT JUDGE