UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MARK NUNEZ, et al.,

                 Plaintiffs,

  - against -

CITY OF NEW YORK, et al.,

                 Defendants.

**11 Civ. 5845 (LTS)(JCF)**

------------------------------------------------------------ X

UNITED STATES OF AMERICA,

                 Plaintiff-Intervenor,

  - against -

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

                 Defendants.

------------------------------------------------------------ X

## PROPOSED REMEDIAL ORDER

      WHEREAS, on October 22, 2015, this Court entered a Consent Judgment in this matter requiring the Defendants to take specific actions to remedy a pattern and practice of violence by Staff against incarcerated individuals, and to develop and implement new practices, policies, and procedures designed to reduce violence in the jails and ensure the safety and well-being of incarcerated individuals (the "Consent Judgment," Dkt. No. 249);

      WHEREAS, in prior reports filed with the Court, the Monitor has repeatedly found the Defendants to be in non-compliance with Section IV, ¶ 1 (Implementation of Use of Force Directive); Section VII, ¶ 1 (Thorough, Timely, Objective Investigations); Section VII, ¶ 7 (Timeliness of Preliminary Reviews); Section VII, ¶ 9 (a) (Timeliness of Full ID Investigations); Section VIII, ¶ 1 (Appropriate and Meaningful Staff Discipline); Section XV, ¶ 1 (Inmates Under the Age of 19, Protection from Harm); and Section XV, ¶ 12 (Inmates Under the Age of 19, Direct Supervision);

WHEREAS, on August 14, 2020, the Court entered a Remedial Consent Order Addressing Non-Compliance (the "Remedial Order," Dkt. No. 350) that included several remedial measures designed to address this ongoing non-compliance;

WHEREAS, in his Eleventh Report filed on May 11, 2021 (Dkt. No. 368), the Monitor reported that that the Defendants were in non-compliance with certain provisions of the Remedial Order;

WHEREAS, the Monitor has submitted to the Court reports dated August 24, 2021 (Dkt. No. 378), September 2, 2021 (Dkt. No. 380), and September 23, 2021 (Dkt. No. 387), detailing the deteriorating circumstances at Rikers Island and the ongoing dangerous and unsafe conditions in the jails;

WHEREAS, in his September 23, 2021 report, the Monitor reported that "[t]he current state of affairs is nothing short of an emergency posing an immediate threat to the safety and well-being of Inmates and Staff;"

WHEREAS, in his September 23, 2021 report, the Monitor reported that the current "harmful conditions in the jails are directly linked to the Department's failure to comply with the foundational requirements of the Consent Judgment and the Remedial Order;"

WHEREAS, in his September 23, 2021 report, the Monitor reported that the "use of force rate remains extremely high;" the number of use of force incidents in Intake areas in August 2021 (190) was 170% higher than the number in August 2020; recent use of force incidents reflect "a troubling increase in the number of problematic incidents[,] including the use of head strikes and unnecessary uses of force; "the majority of problematic use of force incidents reflects a corresponding lack of adequate supervision of Staff; and "[a] large number of use of force incidents are accompanied by or caused by security failures;"

WHEREAS, in his September 23, 2021 report, the Monitor set forth a number of steps that he recommended the Department of Correction (the "Department") implement to address the unsafe conditions in the jails and the ongoing violation of core provisions of the Consent Judgment;

WHEREAS, on September 24, 2021, this Court held a conference with the Monitor and the parties to discuss the recommendations made by the Monitor and the ongoing non-compliance with the Consent Judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. **Implementation of Monitor's Recommendations.**  The Defendants shall implement the recommendations set forth on pages 6 through 8 of the Monitor's September 23, 2021 report.  Specifically:

    i. **Immediate Security Initiatives**: In order to immediately address the current lapses in security management, the Department must do the following:

    a. Develop, in consultation with the Monitor, and implement an interim Security Plan that describes, in detail, how various security breaches will be addressed by October 4, 2021. This plan shall address, among other things, the following issues: unsecured doors, abandonment of a post, key control, post orders, escorted movement with restraints when required, control of undue congregation of detainees around secure ingress/egress doors, proper management of vestibules, and properly securing officer keys and OC spray.

    b. Communicate to Staff their obligations under the Suicide Prevention and Intervention Policy ("Suicide Prevention Policy") by ordering Staff to respond timely to self-harming behavior via tele-type, roll call and other forms of on-the-job supervision and guidance. This shall be done immediately and then routinely (*e.g.* weekly) thereafter. The Department shall also take necessary steps to ensure that Staff follow the Suicide Prevention Policy, and promptly impose appropriate discipline when violations of the policy occur.

    c. Process new admissions through Intake and to an assigned housing unit within 24 hours by providing the necessary staff and space to do so.

    d. Maintain the video monitoring unit on all three tours with adequate staffing (with either uniform or civilian staff) and supervisors (uniform).

    e. Implement a Post-Incident Management protocol, in consultation with the Monitor, to immediately secure those persons in custody involved in violent incidents, for up to 72 hours, pending a decision about appropriate disciplinary sanctions.

    f. Retain a consultant with expertise in the internal classification and safe housing of incarcerated persons to advise the Department on a strategy to safely house people in consideration of gang affiliation within 30 days of the date of this Order.

ii. **Expanded Criteria for Department Leadership**: The Monitor has recommended that the criteria for who may serve on facility leadership teams (*e.g.*, Warden) must be expanded so that the Department is no longer limited to only selecting individuals from the current uniform ranks and can have the ability to also seek managers, from the broader corrections community, with the required skills and willingness to improve the state of facility operations. The appropriate City officials shall confer with the relevant State leadership to determine how this recommendation may be adopted. By October 12, 2021, the Defendants shall submit a report to the Court with a proposed approach to adopting and implementing this recommendation and a timeline to do so. To the extent that there are impediments to implementation of such an approach, the Defendants shall include in the report how these obstacles may be alleviated.

      iii.      **Appointment of Security Operations Manager**: The Monitor has recommended the appointment of an external Security Operations Manager with significant expertise in correctional security who would have the authority to develop and implement the Department's security protocols. The Court recognizes that the adoption of this recommendation necessarily requires discussion and input with the Parties. Accordingly, the Monitor will discuss this recommendation further with the Parties over the next two weeks. By October 12, 2021, the Defendants shall submit a report to the Court setting forth the status of these discussions, the duties and responsibilities that the external Security Operations Manager would have, and whether the Defendants intend to adopt the Monitor's recommendation to appoint a Security Operations Manager.

2. **Reporting on Status of Implementing Immediate Security Initiations.**

    i. By October 12, 2021, the Defendants shall submit a status report to the Court setting forth: (a) the status of their efforts to implement the requirements set forth in Paragraph 1.i above; and (b) the status of efforts to implement the ongoing initiatives that the City has articulated and that are set forth in Appendix A of the Monitor's September 23, 2021 report, including but not limited to efforts to address current staffing shortages and to reduce the population in the jails. The Defendants shall submit similar status reports to the Court every two weeks thereafter, until the Court directs otherwise. These reports should include data reflecting the extent to which progress has been made in each area, and shall include at least the following data broken out by day:

        a. The number of incarcerated individuals who remained in Intake for longer than 24 hours, the length of time they were in Intake, and the reason why each individual remained in intake for longer than 24 hours.

        b. The number of uniformed Staff out on sick leave, broken down by the command/facility to which the staff member is assigned;

        c. The number of uniformed Staff on medically monitored/restricted duty status, broken down by the command/facility to which the staff member is assigned; and

        d. The number of uniformed Staff who did not report for a shift without providing a reason as required by Department policy, broken down by the command/facility to which the staff member is assigned.

        e. The number instances when a housing unit had no Staff work a tour or had insufficient Staff available to adequately manage the population, broken down by unit.

3. The Court finds that this Order complies in all respects with the provisions of 18 U.S.C. § 3626(a). The Court finds that the prospective relief in this Order is narrowly drawn, extends no further than is necessary to correct the violations of federal rights as alleged

by the United States and the Plaintiff Class, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system. Accordingly, the Order complies with the provisions of 18 U.S.C. § 3626(a).

SO ORDERED this _____ day of _____, 2021

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE