UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
MARK NUNEZ, et al., :
:
     Plaintiffs, :
:
 - against - :
:
CITY OF NEW YORK, et al., :
:
     Defendants. :
: **11 Civ. 5845 (LTS)(JCF)**
------------------------------------------------------------ X
:
UNITED STATES OF AMERICA, :
:
     Plaintiff-Intervenor, :
:
 - against - :
:
CITY OF NEW YORK and NEW YORK CITY :
DEPARTMENT OF CORRECTION, :
:
     Defendants. :
------------------------------------------------------------ X

## [PROPOSED] SECOND REMEDIAL ORDER

  WHEREAS, on October 22, 2015, this Court entered a Consent Judgment in this matter requiring the Defendants to take specific actions to remedy a pattern and practice of violence by Staff against incarcerated individuals, and to develop and implement new practices, policies, and procedures designed to reduce violence in the jails and ensure the safety and well-being of incarcerated individuals (the "Consent Judgment," Dkt. No. 249);

  WHEREAS, in prior reports filed with the Court, the Monitor has repeatedly found the Defendants to be in non-compliance with Section IV, ¶ 1 (Implementation of Use of Force Directive); Section VII, ¶ 1 (Thorough, Timely, Objective Investigations); Section VII, ¶ 7 (Timeliness of Preliminary Reviews); Section VII, ¶ 9 (a) (Timeliness of Full ID Investigations); Section VIII, ¶ 1 (Appropriate and Meaningful Staff Discipline); Section XV, ¶ 1 (Inmates Under the Age of 19, Protection from Harm); and Section XV, ¶ 12 (Inmates Under the Age of 19, Direct Supervision);

WHEREAS, on August 14, 2020, the Court entered a Remedial Consent Order Addressing Non-Compliance (the "Remedial Order," Dkt. No. 350) that included several remedial measures designed to address this ongoing non-compliance;

WHEREAS, in his Eleventh Report filed on May 11, 2021 (Dkt. No. 368), the Monitor reported that that the Defendants were in non-compliance with Remedial Order § A. ¶ 2 (Facility Leadership Responsibilities), § A. ¶ 3 (Revised De-escalation Protocol), § A. ¶ 6 (Facility Emergency Response Teams), § D. ¶ 1 (Consistent Staffing), § D. ¶ 2 (ii) (Tracking of Incentives and Consequences), and § D. ¶ 3 (Direct Supervision);

WHEREAS, the Monitor has submitted to the Court reports dated August 24, 2021 (Dkt. No. 378), September 2, 2021 (Dkt. No. 380), and September 23, 2021 (Dkt. No. 387), detailing the deteriorating circumstances at Rikers Island and the ongoing dangerous and unsafe conditions in the jails;

WHEREAS, in his September 23, 2021 report, the Monitor reported that "[t]he current state of affairs is nothing short of an emergency posing an immediate threat to the safety and well-being of Inmates and Staff;"

WHEREAS, in his September 23, 2021 report, the Monitor reported that the current "harmful conditions in the jails are directly linked to the Department's failure to comply with the foundational requirements of the Consent Judgment and the Remedial Order;"

WHEREAS, in his September 23, 2021 report, the Monitor reported that the "use of force rate remains extremely high;" the number of use of force incidents in Intake areas in August 2021 (190) was 170% higher than the number in August 2020; recent use of force incidents reflect "a troubling increase in the number of problematic incidents[,] including the use of head strikes and unnecessary uses of force; "the majority of problematic use of force incidents reflects a corresponding lack of adequate supervision of Staff; and "[a] large number of use of force incidents are accompanied by or caused by security failures;"

WHEREAS, in his September 23, 2021 report, the Monitor set forth a number of steps that he recommended the Department of Correction (the "Department") implement to address the unsafe conditions in the jails and the ongoing violation of core provisions of the Consent Judgment;

WHEREAS, on September 24, 2021, this Court held a conference with the Monitor and the parties to discuss the recommendations made by the Monitor and the ongoing non-compliance with the Consent Judgment;

WHEREAS, the Monitor has submitted a Declaration setting forth the rationale and basis for his belief that the remedial measures included in this Order are necessary, and explaining the approach taken in tailoring the proposal to properly address the implicated rights and interests;

NOW, THEREFORE, the Plaintiff Class, the United States, and the Defendants stipulate and agree, and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. **Implementation of Monitor's Recommendations.** The Defendants shall implement the recommendations set forth on pages 6 through 8 of the Monitor's September 23, 2021 report. Specifically:

    i. **Immediate Security Initiatives**: In order to immediately address the current lapses in security management, the Department must do the following:

        a. Develop, in consultation with the Monitor, and implement an interim Security Plan that describes, in detail, how various security breaches will be addressed by October 11, 2021. This plan shall address, among other things, the following issues: unsecured doors, abandonment of a post, key control, post orders, escorted movement with restraints when required, control of undue congregation of detainees around secure ingress/egress doors, proper management of vestibules, and properly securing officer keys and OC spray.

        b. Communicate to Staff their obligations under the Suicide Prevention and Intervention Policy ("Suicide Prevention Policy") by ordering Staff to respond timely to self-harming behavior via tele-type, roll call and other forms of on-the-job supervision and guidance. This shall be done immediately and then routinely (*e.g.* weekly) thereafter. The Department shall also take necessary steps to ensure that Staff follow the Suicide Prevention Policy.

        c. Process all incarcerated individuals, including but not limited to new admissions and intra-facility transfers, through Intake and place them in an assigned housing unit within 24 hours. The Department shall provide the necessary Intake staff and space to satisfy this requirement. By November 15, 2021, the Department shall develop and implement a reliable system to track and record the amount of time any incarcerated individual is held in Intake and any instance when an individual remains in Intake for more than 24 hours.

        d. Maintain the video monitoring unit on all three tours with adequate staffing (with either uniform or civilian staff) and supervisors (uniform).

        e. Implement a Post-Incident Management protocol, in consultation with the Monitor, to immediately secure those persons in custody involved in violent incidents, pending a decision about appropriate disciplinary sanctions. Such protocol shall be consistent with BOC and SCOC rules and standards.

        f. Retain a consultant, within 30 days of the date of this Order, with expertise in the internal classification and safe housing of incarcerated persons to advise the Department on a strategy to safely house people in consideration of gang affiliation. The selection of the consultant shall be subject to the approval of the Monitor.

3

    ii.    **Expanded Criteria for Department Leadership**: The Monitor has recommended that the criteria for who may serve on facility leadership teams (*e.g.*, Warden) must be expanded so that the Department is no longer limited to only selecting individuals from the current uniform ranks and can have the ability to also seek managers, from the broader corrections community, with the required skills and willingness to improve the state of facility operations. The appropriate City officials shall confer with the relevant State leadership to determine how this recommendation may be adopted. By October 14, 2021, the Monitor shall submit a report to the Court that describes the Defendants' proposed approach to adopting and implementing this recommendation, the timeline under which the City has agreed to take the necessary steps to implement this recommendation, and how the Defendants plan to address any impediments they identify to implementing this recommendation.

    iii.    **Appointment of Security Operations Manager**: The Monitor has recommended the appointment of an external Security Operations Manager with significant expertise in correctional security who would have the authority to develop and implement the Department's security protocols. The Court recognizes that the adoption of this recommendation necessarily requires discussion and input with the Parties. Accordingly, the Monitor will discuss this recommendation further with the Parties. By October 14, 2021, the Monitor shall submit a report to the Court setting forth the status of these discussions, the proposed duties and responsibilities that the external Security Operations Manager would have, and whether the Defendants intend to adopt the Monitor's recommendation to appoint an external Security Operations Manager.

2. **Status Reports to the Court.**

    i.    By October 14, 2021, the Monitor shall submit a status report to the Court setting forth the status of the Department's efforts to implement the requirements set forth in Paragraph 1.i above.

    ii.    By October 14, 2021, the Defendants shall submit a report to the Court setting forth the status of efforts to implement the ongoing initiatives that the City has articulated and that are set forth in Appendix A of the Monitor's September 23, 2021 report ("Appendix A"), including but not limited to efforts to address current staffing shortages and to reduce the population in the jails. The Defendants shall submit a similar status report to the Monitor by November 8, 2021. These reports should include data reflecting the extent to which progress has been made in each area set forth in Appendix A, and shall include at least the following data broken out by day:

        a.  The number of new admission incarcerated individuals who remained in Intake for longer than 24 hours, and the length of time each individual was in Intake;

        b.  The number of uniformed Staff out on sick leave;

      c. The number of uniformed Staff on medically monitored/restricted duty status;

      d. The number of uniformed Staff who did not report for a shift without providing a reason as required by Department policy; and

      e. The number instances when a housing unit had no Staff work a tour or had insufficient Staff available to adequately manage the population.

   iii. By November 15, 2021, the Monitor shall submit a report to the Court that will include: (A) an update on the status of the Department's efforts to implement the recommendations set forth in Paragraphs 1.i -1.iii above; and (B) the status of the Department's efforts to implement the initiatives set forth in Appendix A, including the data set forth in Paragraphs 2.ii(a) – (e) above and other data reflecting the extent to which progress has been made in each area set forth in Appendix A.

   iv. The next status conference in this matter shall be held on November __, 2021.

3. The Parties stipulate and agree, and the Court finds, that this Order complies in all respects with the provisions of 18 U.S.C. § 3626(a). The Parties further stipulate and agree, and the Court finds, that the prospective relief in this Order is narrowly drawn, extends no further than is necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system. Accordingly, the Parties agree and represent that the Order complies with the provisions of 18 U.S.C. § 3626(a). Except to enforce the Order, this section shall not be admissible against the Defendants in any court for any purpose.

FOR THE UNITED STATES:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____/s/ Jeffrey Powell_____
JEFFREY K. POWELL
LARA K. ESHKENAZI
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2706/2758
Email: Jeffrey.Powell@usdoj.gov
       Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: _____
MARY LYNNE WERLWAS
KAYLA SIMPSON
DAVID BILLINGSLEY
199 Water Street, 6th Floor
New York, New York 10038
Telephone: (212) 577-3530
Email:   mlwerlwas@legal-aid.org
         ksimpson@legal-aid.org
         DBillingsley@legal-aid.org


EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____/s/ Jonathan Abady_____
JONATHAN S. ABADY
DEBBIE GREENBERGER
NAIRUBY BECKLES

600 Fifth Avenue, 10th Floor
New York, NY 10020
Telephone: (212) 763-5000
Email:   jabady@ecbalaw.com
         dgreenbergerg@ecbalaw.com
         NBeckles@ecbawm.com

6

FOR THE UNITED STATES:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____
    JEFFREY K. POWELL
    LARA K. ESHKENAZI
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY  10007
    Telephone: (212) 637-2706/2758
    Email: Jeffrey.Powell@usdoj.gov
           Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: *Mary Lynne Werlwas*_____
    MARY LYNNE WERLWAS
    KAYLA SIMPSON
    DAVID BILLINGSLEY
    199 Water Street, 6th Floor
    New York, New York  10038
    Telephone: (212) 577-3530
    Email:   mlwerlwas@legal-aid.org
             ksimpson@legal-aid.org
             DBillingsley@legal-aid.org


EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
    JONATHAN S. ABADY
    DEBBIE GREENBERGER
    NAIRUBY BECKLES

    600 Fifth Avenue, 10th Floor
    New York, NY  10020
    Telephone:  (212) 763-5000
    Email:   jabady@ecbalaw.com
             dgreenbergerg@ecbalaw.com
             NBeckles@ecbawm.com

FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION:

GEORGIA PESTANA
Corporation Counsel for the City of New York

By:    _s/ Kimberly Joyce_____
        KIMBERLY JOYCE
        100 Church Street
        New York, New York 10007
        Telephone: (212) 356-2650
        Email: kjoyce@law.nyc.gov

                SO ORDERED this _____ day of _____, 2021

                _____
                LAURA TAYLOR SWAIN
                UNITED STATES DISTRICT JUDGE