OFFICE OF THE MONITOR
NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.

Steve J. Martin
Monitor

Anna E. Friedberg
Deputy Monitor

178 Columbus Avenue, #230842
New York, NY 10023-9998
+1 646 895 6567 | afriedberg@tillidgroup.com

September 30, 2021

**VIA ECF**
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

Re: *Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Judge Swain,

      The Monitoring Team writes to provide the Court with a Status Report on our work with the City and Department to address the lack of timely accountability for use of force violations pursuant to the Court's July 2, 2021 order (dkt. entry 377). The processes for holding Staff accountable is complicated, convoluted, and involves various bureaucratic requirements that have all resulted in systemic dysfunction and long-delays, as outlined in the Monitoring Team's recent reports.[1] As a result, over 1,900 cases are pending the imposition of discipline and span at least four years of Staff misconduct. The City, OATH, and the Department have been actively engaged with the Monitoring Team on how best to address the disciplinary backlog and to create

---

[1] Eighth Monitor's Report (dkt. entry 332) at pgs. 52-67, 183-197; Ninth Monitor's Report (dkt. entry 341) at pgs. 65-78, 205-228; Tenth Monitor's Report (dkt. entry 360) at pgs. 57-73, 175-204; First Remedial Order Report (dkt. entry 365) at pgs. 5-8; Eleventh Monitor's Report (dkt. entry 368) at pgs. 75-103, 221-259; Second Remedial Order Report (dkt. entry 373) at pgs. 3-16.

a more streamlined and efficient disciplinary processes so that discipline imposed in the future may be swift and certain.

The complicated and convoluted process to impose discipline was described in the Second Remedial Order Report (see pages 6 to 16). The record of Non-Compliance to impose appropriate and meaningful discipline pursuant to Consent Judgment § VIII., (Staff Discipline and Accountability), ¶ 1 is prolonged, *over four years*,[2] and has had a significant negative impact on the Department's ability to progress toward compliance with other components of the Consent Judgment. An overview of the Department's growing backlog of disciplinary matters and data demonstrating that the current OATH processes cannot manage the pending caseload is outlined in *Appendix A*.

In order to improve the current disciplinary process, a number of inter-related and multi-faceted initiatives are needed in order to make the processes within the Department and OATH more efficient, and to encourage the parties to reach a settlement as often as possible. In an effort to initiate improved practice and reduce the backlog, the Monitoring Team has worked closely[3] with the City, OATH, and the Department to develop a series of focused initiatives to address the following:

- Increasing the number of cases settled outside of the OATH Process by:

---

[2] The City and DOC have been found to be in Non-Compliance with this provision for four years (beginning with January 2017) covering seven consecutive Monitoring Periods.

[3] The Monitoring Team found that there was initial resistance from the City and OATH to address the Monitoring Team's recommendations. Following significant pressure along with specific and directed recommendations, the City and OATH are now much more receptive to improving practice and are now engaging collaboratively on a number of promising initiatives—some of which already appear to be resulting in improved practice.

- - o Referring cases with low-level violations for a Command Discipline.[4]
  - o Identifying cases where the imposed discipline will only remain on the Staff Member's record for one year[5] versus five years.[6]
  - o Scheduling dedicated meetings with Trials Division staff from the Department, the Staff Member, and their representative to review the matter and reach settlement.
- Improving the OATH Process
  - o Expediting the trials for the pending cases with the most egregious UOF violations.
  - o Hiring additional ALJs and support staff to focus exclusively on cases related to UOF violations.
  - o Increasing the number of Pre-Trial Conferences every month.
  - o Revising OATH rules to require the Parties to meet and confer to encourage settlement of cases to expend less time and resources at OATH and have the cases resolved quickly and efficiently.
  - o Increasing the efficiency of trials, including the following:
    - Scheduling trials closer-in-time to the initial Pre-Trial Conference.

---

[4] The Monitoring Team has reviewed a sample of the cases that the DOC Trials Division selected for this initiative and found that the cases referred for Command Disciplines were appropriate and reasonable.

[5] The case will not be removed from the Staff Member's file if during this one-year period, the Staff Member is served with new charges on a Use of Force incident occurring after the date of signature on the Negotiated Plea Agreement.

[6] Cases are generally considered for this type of resolution when the proposed discipline is for approximately 6 to 15 compensatory days and it is the Staff Member's first offense.

- Scheduling multiple trial dates closer to one another so they are not protracted across many months.
- Reducing the time for ALJs to issue Report & Recommendations following a trial.

During the past month, the Monitoring Team has had a number of productive and collaborative working sessions with City and OATH leadership to develop initiatives to address the items above. The initiatives under development are promising and are expected to improve current practices. However, given the City and Department's significant and sustained Non-Compliance with the imposition of timely and meaningful discipline, we believe an additional Court Order relief (beyond that provided in the First Remedial Order, §C Timely, Appropriate, and Meaningful Staff Accountability) is necessary to ensure the significant backlog is addressed and that swift and certain discipline is imposed going forward. In particular, we recommend that the following substantive issues are explicitly required by Court Order:

1. **Deadline**: A reasonable but appropriately aggressive date by which the backlog of use of force related disciplinary matters must be resolved;
2. **More Pre-Trial Conferences**: Increasing the number of Pre-Trial Conferences that must be held per month (beyond the 50 Pre-Trial Conferences that are required to occur each month right now);
3. **Improved OATH Protocols**: New OATH protocols that ensure efficient and streamlined disciplinary proceedings; and

4. **<u>Appointment of Disciplinary Manager</u>**: Appointment of an *internal* leader within DOC[7] to manage the overall disciplinary process, especially the new initiatives discussed above. This person must have expertise in *all* of the following subject matters: the Department's use of force guidelines, investigation protocols, settlement options, the Department's Trials procedures, and OATH procedures. The individual must also have an ability to work constructively with all stakeholders, including DOC, OATH, and the City, along with a demonstrated commitment to reforming the Department's disciplinary process to ensure cohesive management of these issues. The Monitoring Team's experience with the Department demonstrates that a highly competent individual, with deep expertise in all relevant subject matters, must maintain responsibility of this initiative as continuity of leadership and oversight of every facet of these initiatives is necessary to ensure success.

The Monitoring Team will discuss our recommendation for a proposed Court Order with the Parties in an effort to present a joint proposal to the Court[8] by October 14, 2021, and at the same time the Monitoring Team will also report the information required under the Second Remedial Order (dkt. entry 398).

Sincerely,



s/ Steve J. Martin

---

[7] The Department currently employs individuals who could be appropriate for this role. This recommendation is not meant to suggest that the DOC needs to hire someone new, but rather that managing the specific initiatives described above must be specifically assigned and their implementation must be properly coordinated.

[8] The Monitoring Team will also provide the Court with a declaration detailing the rationale and necessity of the provisions, and explaining the approach taken in tailoring the proposal to properly address the implicated rights and interests.

Steve J. Martin, *Monitor*

Anna E. Friedberg, *Deputy Monitor*

Christina Bucci Vanderveer, *Associate Deputy Monitor*

## Appendix A: Troubling State of Affairs

1. <u>Significant Backlog of Pending Cases</u>

Currently, **<u>over 1,900 cases</u>** of use of force ("UOF") related misconduct **<u>are pending</u>** the imposition of discipline (an increase of approximately 300 cases since the Second Remedial Order Report). In other words, objective evidence of use of force misconduct has been substantiated by the Department's Investigation Division ("ID"), but the staff member has not yet been held accountable because their case is pending.[9] In order to illustrate the dearth of accountability, demonstrated in the chart below is a snapshot of the cases that are pending discipline as of June 30, 2021.

| | Status of Cases in Trials by Date of Incident As of June 30, 2021 | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pre-2016 | | 2016 | | 2017 | | 2018 | | 2019 | | 2020 | | 2021 (Jan-Jun) | | Total | |
| Total cases | 682 | | 472 | | 621 | | 775 | | 648 | | 227 | | 122 | | 3426 | |
| Closed cases[10] | 680 | 100% | 461 | 98% | 487 | 79% | 335 | 43% | 177 | 18% | 47 | 10% | 0 | 0% | 2187 | 53% |
| Total number of cases pending | 2 | 0% | 11 | 2% | 132 | 21% | 447 | 57% | 781 | 82% | 422 | 90% | 122 | 100% | 1917[11] | 47% |

The City, OATH, and the Department have not been able to keep pace with the influx of cases. The lack of movement since the Eleventh Report is particularly striking. While approximately 200 cases have been closed by the Trials Division in the last six months, the sheer

---

[9] It is worth noting that additional cases of misconduct may have gone unaddressed because of the prior backlog in the Investigations Division. The backlog of investigations led to approximately 2,000 cases being lost to the statute of limitations—these cases were closed without a full investigation and the opportunity to identify and charge any misconduct was lost. (*See* Eighth Monitor's Report at pgs. 131 to 135)

[10] This captures all cases closed by the Trials Division, including those cases that did not result in a penalty (e.g., administratively filed cases and deferred prosecutions).

[11] 66 of these 1,917 cases are pending Final Approvals.

volume of backlogged cases flowing in from ID has meant almost no movement on any of the data points below:

- **No discipline has been imposed for any UOF related misconduct that occurred in 2021**. 122 cases that occurred in 2021 are pending, and additional cases are expected to be referred for discipline once pending ID investigations are closed (there are almost 800 pending Full ID investigations for incidents that occurred in the first half of 2021 as of July 15, 2021).

- **Over 400 cases of UOF related misconduct that occurred in 2020 have not been disciplined**.[12] Additional cases are expected to be referred for discipline once pending ID investigations are closed (there are over 500 pending Full ID investigations for incidents that occurred in 2020 as of July 15, 2021).

- **Over 700 cases of UOF related misconduct that occurred in 2019 have not been disciplined**.

- **Almost 600 cases of misconduct that occurred *over three years ago* (incidents occurring in 2018 or before) have not been disciplined**.

2. Current OATH Processes are Incapable of Managing the Pending Caseload

   a. Pre-Trial Conferences

The chart below provides an overview of the number of Pre-Trial Conferences that occurred before OATH related to UOF violations between July 2020 and September 2021 and the outcome of those conferences.

---

[12] This is an increase of approximately 100 cases since the last status report

| Total Pre-Trial Conferences | | Results of Pre-Trial Conferences for UOF Cases | | | | | | | UOF Matters & Staff | |
|---|---|---|---|---|---|---|---|---|---|---|
| Required | Took Place | Settled Pre-OATH | Settled at OATH | On-Going Negotiation | Another Conference | Trial | Other | Admin Filed | Unique UOF incidents | Staff Members |
| July to December 2020 (Eleventh Monitoring Period) | | | | | | | | | | |
| **225**[13] | 303 100% | 0 0% | 111 37% | 10 3% | 44 15% | 124 41% | 12 4% | 2 1% | 274 | 198 |
| January to June 2021 (Twelfth Monitoring Period) | | | | | | | | | | |
| **300** | 541 100% | 0 0% | 282 52% | 4 1% | 85 16% | 136 25% | 33 6% | 1 0% | 367 | 331 |
| July to September 2021 (*half of the* Thirteenth Monitoring Period) | | | | | | | | | | |
| **150** | 162 100% | 56 35% | 64 40% | 1 1% | 3 2% | 20 12% | 17 10% | 1 1% | 120 | 124 |

A total of more than 1,000 cases were heard between July 1, 2020 and September 30, 2021. Despite the fact that the City, OATH and the Department have exceeded convening the required number of Pre-Trial Conferences to occur at OATH each month (50 each month), it is still not enough to keep pace with the sheer volume of backlogged pending cases. Of the cases heard over the last 15 months:

- About half of the cases (approximately 500 cases) were settled either right before or during the OATH Pre-Trial Conference (some required more than one Pre-Trial Conference before they were settled).

- A significant portion of cases (approximately 150 cases) are currently awaiting an additional Pre-Trial Conference after the first.

- Hundreds of cases are referred for trial, which cannot reasonably be managed by OATH.

- There have been some signs of progress in the efficacy and efficiency of OATH proceedings since July 2021:

---

[13] The Remedial Order requirement came into effect on August 14, 2020 so was applicable for four and a half months in the Eleventh Monitoring Period.

- o The number of cases referred for trial is still too high, but it has decreased from an all-time high in the Eleventh Monitoring Period (in which 41% of cases were referred to trial) compared to the last three months (July to September 2021) when only 12% of cases (or 20 cases) that were heard were then referred for a trial.
- o The number of cases settled during an OATH Pre-Trial Conference is improving. 75% of cases heard in the last three months settled either before[14] or during the OATH Pre-Trial Conference compared with only 37% in the Eleventh Monitoring Period.
- o Only 4 cases have been dismissed between July 2020 and September 30, 2021. This miniscule portion of cases that are ultimately dismissed demonstrates that with only rare exception, cases with pending charges have substantiated misconduct that must be addressed.

b. Trials

Although most cases settle at OATH, certain cases still require a trial. Following an incident, **the current process for *convening* a trial takes years**. 19 trials have been convened regarding UOF related matters between September 1, 2020 and June 30, 2021. The underlying UOF cases in each of these trials occurred at least two years before the trial was convened, with the majority of cases occurring three or more years before the trial was convened.

Further, as outlined below, once a trial is convened, the trial process itself is inefficient and protracted. The status of these 19 cases as of the end of September 2021 is outlined below:

---

[14] Beginning in July 2021, some cases have been settled between the time it was scheduled for an OATH Pre-Trial Conference and the date of the conference.

iv

- Only 2 cases have been fully resolved with discipline imposed by the DOC Commissioner;
- 8 cases are pending with the DOC Commissioner following the submission of a Report & Recommendations ("R&R");
- 5 cases are pending completion of the R&R;
- 3 cases are still in the process of being tried;[15] and
- 1 case was removed from calendar without prejudice.[16]

The time required to conduct a trial is very protracted. In part, this is because trials are convened only a few days each month, as shown in the chart below:

|  | Sept. 2020 | Oct. 2020 | Nov. 2020 | Dec. 2020 | Jan. 2021 | Feb. 2021 | March 2021 | April 2021 | May 2021 | June 2021 |
|---|---|---|---|---|---|---|---|---|---|---|
| Number of days on which a UOF trial occurred | 1 | 1 | 1 | 4 | 3 | 3 | 7 | 5 | 5 | 6 |

Most trials require multiple days to be heard and the trial dates are generally separated by weeks and/or months.

- 6 trials only required one trial day
- 13 trials required two or more trial days
    - 1 trial occurred over two consecutive days (the only trial in which trial days were consecutive)
    - Trials routinely occur over a months-long period, despite only requiring a few days to be heard.
        - 3 trials occurred over a one-month time period
        - 2 trials occurred (or are expected to occur) over ***two*** months
        - 2 trials occurred (or are expected to occur) over ***three*** months
        - 2 trials occurred (or are expected to occur) over ***four*** months

---

[15] Of these three cases, one case has been pending for at least three months, one case has been pending for at least four months, and finally one case is pending at least six months.

[16] The Staff member resigned under charges during the pendency of the trial In the unlikely event that the Staff member were to return to DOC then DOC will have the opportunity to continue with these proceedings.

- 1 trial occurred (or are expected to occur) over ***five*** months
- 1 trial occurred (or are expected to occur) over ***seven*** months
- 1 trial occurred (or are expected to occur) over ***nine*** months

Following the conclusion of the trial, the completion of the R&R is also protracted and consumes additional months before submission to DOC. Of the 19 trials, 15 trials[17] either have an R&R pending or one has been issued within the timeframes outlined below:

- 3 R&Rs pending or completed within 1 month;
- 4 R&Rs pending or completed within 2 months;
- 5 R&Rs pending or completed within 3 months;
- 2 R&Rs completed within 4 months; and
- 1 R&Rs completed within 11 months.

---

[17] One trial was removed from the calendar without prejudice and so no R&R will be issued.