```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MARK NUNEZ, et al.,                                          :
                                                             :
                              Plaintiffs,                    :
                                                             :
      - against -                                            :
                                                             :
CITY OF NEW YORK, et al.,                                    :
                                                             :
                              Defendants.                    :
                                                             :   11 Civ. 5845 (LTS)(JCF)
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :
                              Plaintiff-Intervenor,          :
                                                             :
      - against -                                            :
                                                             :
CITY OF NEW YORK and NEW YORK CITY                           :
DEPARTMENT OF CORRECTION,                                    :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
```

## Third Remedial Order

  WHEREAS, on October 22, 2015, this Court entered a Consent Judgment in this matter requiring the Defendants to take specific actions to remedy a pattern and practice of violence by Staff against incarcerated individuals, and to develop and implement new practices, policies, and procedures designed to reduce violence in the jails and ensure the safety and well-being of incarcerated individuals (the "Consent Judgment," Dkt. No. 249);

  WHEREAS, in prior reports submitted to the Court, the Monitor has repeatedly found the Defendants have not complied with various provisions of the Consent Judgment, including Section VIII, ¶ 1 (Appropriate and Meaningful Staff Discipline) and Section VIII, ¶ 4 (Staffing of Trials Division);

  WHEREAS, on August 14, 2020, the Court entered a Remedial Consent Order Addressing Non-Compliance (the "First Remedial Order," Dkt. No. 350) that included, among other things, several remedial measures designed to address non-compliance with the Consent

1

Judgment's requirement that the Department of Correction (the "Department") impose appropriate and meaningful discipline for any Staff Member who engages in a Use of Force ("UOF") Violation;

WHEREAS, on June 3, 2021, the Monitor submitted the Second Remedial Order Report (Dkt. No. 373) to the Court, which detailed, among other things, the flaws in the Department's disciplinary processes and procedures, the lengthy delays in resolving disciplinary proceedings, and the insufficient number of Trials Division staff to prosecute the large volume of pending disciplinary cases;

WHEREAS, on July 2, 2021, this Court issued an Order (Dkt. No. 377) directing the Monitoring Team to file a status report, including an update on any further recommendations or plans the Monitoring Team has developed to address the concerns identified in the Second Remedial Order Report, no later than October 1, 2021;

WHEREAS, on September 30, 2021, the Monitor submitted a status report (Dkt. No. 399) to the Court detailing the Department's ongoing, widespread, and long-standing non-compliance with Section VIII, ¶ 1 of the Consent Judgment and his concerns with the backlog of disciplinary cases involving UOF Violations;

WHEREAS, in his September 30, 2021 report, the Monitor reported that there are over 1,900 pending disciplinary cases involving UOF-related misconduct where no discipline has been imposed, including almost 600 cases involving conduct that occurred over three years ago;

WHEREAS, in his September 30, 2021 report, the Monitor set forth a number of initiatives and steps that he recommended Defendants implement in order to address the ongoing non-compliance;

WHEREAS, on October 1, 2021, this Court issued an Order (Dkt. No. 400) directing the Monitoring Team and the parties to collaborate in good faith regarding implementation of the Monitor's recommendations contained in the September 30, 2021 report in an attempt to present a joint proposed order to the Court;

WHEREAS, the Monitor has submitted a Declaration setting forth the rationale and basis for his belief that the remedial measures included in this Order are necessary, and explaining the approach taken in tailoring the proposal to properly address the implicated rights and interests;

NOW, THEREFORE, the Plaintiff Class, the United States, and the Defendants stipulate and agree, and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. *Backlog of Disciplinary Cases Involving Use of Force Violations*.
    i. Within 30 days of the date of this Order, the Trials Division shall develop a list of no fewer than 400 cases involving Staff Members with pending charges related to UOF Violations as of the date of this Order that the Trials Division will prioritize for expeditious resolution ("Priority Backlog Disciplinary Cases"). The Trials Division, in consultation with the Monitor, shall develop the criteria used to identify the Priority Backlog Disciplinary Cases, which shall include but not be

      limited to the egregiousness of the underlying UOF Violation and the Staff Member's disciplinary history.  By April 30, 2022, the Department shall impose appropriate and meaningful discipline, in a manner consistent with the Disciplinary Guidelines, against all Staff Members charged in the Priority Backlog Disciplinary Cases.  By May 31, 2022, the Department shall provide a report to the Monitor that shall include the status of the Priority Backlog Disciplinary Cases.

  ii.    The Department shall take all necessary action to promptly prosecute all other cases involving Staff Members with pending charges related to UOF Violations as of the date of this Order that are not designated as Priority Backlog Disciplinary Cases ("Other Backlog Disciplinary Cases").  By July 29, 2022, the Department shall provide a report to the Monitor that shall include the following information: (i) the total number of Other Backlog Disciplinary Cases resolved as of June 30, 2022, along with the discipline imposed on the Staff Members charged in each resolved case; and (ii) a list of any Other Backlog Disciplinary Cases still pending as of June 30, 2022, along with the status of the prosecution of each pending case.

  iii.    The Monitor shall provide the Court with the status of the Department's efforts to resolve the Priority Backlog Disciplinary Cases and the Other Backlog Disciplinary Cases in the fourth Remedial Consent Order Interim Report, to be filed on June 30, 2022.[1] This report shall also include the Monitor's assessment of the Department's efforts to resolve the Priority Backlog Disciplinary Cases and the steps that the Monitor recommends be taken, including relevant timeframes, to resolve the Other Backlog Disciplinary Cases.

  iv.    The requirements in this paragraph are not intended to alter the rights of Staff or the burden of proof in employee disciplinary proceedings under applicable laws and regulations.

2. *Increased Number of OATH Pre-Trial Conferences*. Paragraph C.4 of the First Remedial Order shall be modified to increase the minimum number of pre-trial conferences that OATH must conduct each month for disciplinary cases involving charges related to UOF Violations.  Specifically, as of December 15, 2021, Paragraph C.4 shall be revised to read as follows: "All disciplinary cases before OATH involving charges related to UOF Violations shall proceed in an expeditious manner. During each month, Defendants shall hold pre-trial conferences before OATH for at least **150** disciplinary cases involving charges related to UOF Violations, absent extraordinary circumstances that must be documented. If there continue to be delays in conferencing cases despite this calendaring practice, OATH will assign additional resources to hear these cases. The minimum number of case conferences required to be held each month under this Paragraph may be reduced if the Monitor makes a written determination, no earlier than one year after the date of this Order, that disciplinary cases involving UOF Violations can continue to proceed expeditiously with a lower number of conferences being held each month."

---

[1] This report is required to be filed by June 3, 2022 pursuant to the First Remedial Consent Order (dkt. entry 350) § F (Other Terms) ¶ 7(i).  However, this order extends the filing date of the fourth Remedial Consent Order Interim Report to June 30, 2022.

3. *New OATH Procedures and Protocols*. Within 45 days of the date of this Order, the City, in consultation with the Monitor, shall develop, adopt, and implement a written plan to allow OATH to more expeditiously prosecute disciplinary cases involving charges related to UOF Violations. The plan shall include the following:

    i. The steps OATH will take to increase the number ALJs and other staff who will be available to hear Department disciplinary cases, including the number of new ALJs and staff that OATH intends to hire by December 31, 2021.

    ii. Improved procedures to ensure that OATH trials are promptly scheduled and completed without unnecessary delays, including scheduling trials within no more than three months of the initial pre-trial conference.

    iii. The initiatives and procedures that ALJs will employ to encourage prompt agreed-upon resolutions of disciplinary cases when appropriate.

4. *Increased Staffing for Department's Trials Division*.  The Defendants shall substantially increase the number of attorneys and support staff assigned to the Trials Division to ensure that disciplinary cases are prosecuted expeditiously and that the Department can meet the obligations of this Order, Section VIII of the Consent Judgment, and Section C of the First Remedial Order for matters involving charges for use of force violations. In order to substantially increase the number of attorneys and support staff assigned to the Trials Division, the Defendants shall enhance recruitment efforts for the Trials Division. If necessary to fulfill the requirements of this provision, the Defendants shall contract properly qualified and trained temporary attorneys or retain/utilize properly qualified and trained volunteer attorneys on a *pro bono* basis to assist with the expeditious prosecution of the disciplinary cases until the Priority Backlog Disciplinary Cases and Other Backlog of Disciplinary Cases have been resolved.

    i. By December 31, 2021, the Defendants must assign at least eight additional attorneys and two support staff to the Trials Division.

5. *Department Disciplinary Manager*. The Department shall designate a senior official to serve as the Department's internal Disciplinary Manager. Upon consultation with the Monitor, the Department has designated Deputy Commissioner Sarena Townsend as the Disciplinary Manager.

    i. The Disciplinary Manager shall be responsible for managing the Staff disciplinary process and ensuring that the Department imposes timely, appropriate, and meaningful discipline, in a manner consistent with the Disciplinary Guidelines developed pursuant to Paragraph VIII.2 of the Consent Judgment, against any Staff Member who is found to have engaged in a UOF Violation. Following the completion of all necessary disciplinary proceedings (including any due process that must be afforded to the Staff Member), the Disciplinary Manager shall recommend to the Commissioner the disciplinary sanction to be imposed, consistent with the requirements of Paragraph VIII.2 of the Consent Judgment. The Department shall impose the recommended disciplinary sanction, unless the Commissioner reviews the basis for the Disciplinary Manager's recommendation and determines that exceptional circumstances exist that would make such a

      penalty an unjust sanction for the Staff Member, and provides a reasonable basis for any such determination in writing to the Monitor.

   ii.    The Disciplinary Manager shall also be responsible for managing the Department's actions to comply with the requirements set forth in Paragraphs C.1, C.2, and C.3 of the First Remedial Order and Paragraphs 1 and 4 of this Order.

   iii.   Should the Department have a *bona fide* need to replace the Disciplinary Manager, the Department shall inform the Monitor of the basis for that replacement and consult with the Monitor to identify an appropriate replacement with adequate experience and credentials to serve in this role. In the event that the Department and the Monitor cannot agree on a replacement, then within 5 days of appointment of the new Disciplinary Manager, the Department shall advise the Court of the basis for such appointment and the reasons it has elected to appoint the Disciplinary Manager despite disagreement with the Monitor. The Monitor shall also advise the Court of the reasons that agreement on the new Disciplinary Manager could not be reached.

6. The third Remedial Consent Order Interim Report, to be filed on December 22, 2021, shall describe the efforts the Defendants have taken to implement the requirements of this Order. All subsequent Monitor's Reports filed pursuant to Paragraph XX.16 of the Consent Judgment shall evaluate the extent to which the Department has complied with each substantive provision of this Order.

7. The Parties stipulate and agree, and the Court finds, that this Order complies in all respects with the provisions of 18 U.S.C. § 3626(a). The Parties further stipulate and agree, and the Court finds, that the prospective relief in this Order is narrowly drawn, extends no further than is necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system. Accordingly, the Parties agree and represent that the Order complies with the provisions of 18 U.S.C. § 3626(a). Except to enforce the Order, this section shall not be admissible against the Defendants in any court for any purpose.

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the Southern District of New York

By: _/s/ Jeffrey Powell_____

    JEFFREY K. POWELL
    LARA K. ESHKENAZI
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    Telephone: (212) 637-2706/2758
    Email: Jeffrey.Powell@usdoj.gov
           Lara.Eshkenazi@usdoj.gov


FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: _____
    MARY LYNNE WERLWAS
    KAYLA SIMPSON
    DAVID BILLINGSLEY
    199 Water Street, 6th Floor
    New York, New York 10038
    Telephone: (212) 577-3530
    Email:   mlwerlwas@legal-aid.org
             ksimpson@legal-aid.org
             DBillingsley@legal-aid.org

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
    JONATHAN S. ABADY
    DEBBIE GREENBERGER
    NAIRUBY BECKLES

    600 Fifth Avenue, 10th Floor
    New York, NY 10020
    Telephone: (212) 763-5000

       Email:   jabady@ecbalaw.com
                dgreenbergerg@ecbalaw.com
                NBeckles@ecbawm.com

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the Southern District of New York

By: _____

    JEFFREY K. POWELL
    LARA K. ESHKENAZI
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY  10007
    Telephone: (212) 637-2706/2758
    Email: Jeffrey.Powell@usdoj.gov
           Lara.Eshkenazi@usdoj.gov


FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By:  s/ Mary Lynne Werlwas
    MARY LYNNE WERLWAS
    KAYLA SIMPSON
    DAVID BILLINGSLEY
    199 Water Street, 6th Floor
    New York, New York  10038
    Telephone: (212) 577-3530
    Email:   mlwerlwas@legal-aid.org
           ksimpson@legal-aid.org
           DBillingsley@legal-aid.org

EMERY CELLI BRINCKERHOFF & ABADY LLP

By:  s/ Debbie Greenberger
    JONATHAN S. ABADY
    DEBBIE GREENBERGER
    NAIRUBY BECKLES

    600 Fifth Avenue, 10th Floor
    New York, NY  10020
    Telephone:  (212) 763-5000

    Email:   jabady@ecbalaw.com
           dgreenbergerg@ecbalaw.com
           NBeckles@ecbawm.com

FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION:

GEORGIA PESTANA
Corporation Counsel for the City of New York

By:     s/ Kimberly Joyce
      KIMBERLY JOYCE
      100 Church Street
      New York, New York  10007
      Telephone: (212) 356-2650
      Email:  kjoyce@law.nyc.gov

Docket number 423 is resolved.
SO ORDERED this  22   day of _____November_____, 2021

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN

UNITED STATES DISTRICT JUDGE

7