## OFFICE OF THE MONITOR
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

Steve J. Martin
Monitor

Anna E. Friedberg
Deputy Monitor

178 Columbus Avenue, #230842
New York, NY 10023-9998
+1 646 895 6567 | afriedberg@tillidgroup.com

April 25, 2022

**VIA ECF**

The Honorable Chief Judge Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Chief Judge Swain,

     We write to provide the Court with a proposed agenda for the April 26, 2022 status conference pursuant to the Court's March 17, 2022 order (dkt. entry 439) and April 21, 2022 (dkt. entry 446) order. The Monitoring Team sought input from all of the Parties in order to prepare the proposed agenda attached to this letter.

     As will be further discussed at the conference, the City and Department's adoption of the Monitoring Team's Recommendations necessarily requires the City's support by bringing all the City's resources to bear to change the current course and eliminating any constraints that inhibit the City and Department from fully operationalizing the Monitoring Team's Recommendations. This is essential to bring stability and safety to the jails.  Specifically, the City must *immediately* take aggressive and dramatic action, not previously taken before, including, but not limited to the following:

1. **Hire External Correctional Expertise**: The City must remove all barriers to allow the Department to hire correctional professionals outside of the current uniform rank to provide adequate supervision of each Facility and support the creation of adequate security protocols.

2. **Maximizing Staff in Facilities**: The City must provide the Department with all necessary resources and support to:
   a. Maximize the use of a "5 and 2 schedule" for uniform staff in order to optimize staff resources assigned to work in the facilities.
   b. Minimize the use of awarded steady posts.
   c. Significantly reduce the use of uniform staff in civilian posts and provide the Department will all resources needed to fill those positions with qualified civilian staff.

3. **Recruit Highly Qualified Staff**: The City must provide all necessary resources to the Department to identify, hire, and retain *individuals with correctional expertise*, *lawyers and support staff for the Trials Division and divisions that support Nunez compliance*, and *individuals to fill civilian positions* that are currently filled by uniform staff.  The agency has repeatedly reported that recruiting individuals to work at the Department is incredibly difficult, if not impossible, given the public optics of an agency in crisis.  In fact, just last Friday, the Department reported it has been unable to recruit viable candidates for the Trials Division despite significant recruitment efforts. Therefore, the City must provide new, meaningful, and innovative incentives ***now*** in order to attract candidates and retain current staff to work at the Department, including:

    a. A sophisticated recruiting initiative to attract highly qualified candidates both locally and nationally;

    b. Competitive pay and/or signing bonuses; and

    c. Ability to work remotely and/or work a compressed work week.

4. **Processing and Vetting**: The City must streamline the process for making and extending offers, conducting background checks, and conducting relevant vetting so that staff identified to work for DOC, in particular in the roles noted above, can begin work *within weeks* of an offer and not months, as is currently the case.

5. **Accountability**: The City must remove all barriers impeding the Department's ability to address the backlog of disciplinary cases for use of force related misconduct and abuse of leave time and medically restricted status.  This includes ensuring the Department has adequate Trials Division staff (see number 3 above) and OATH staff and refining any policies and procedures to facilitate the efficient imposition of discipline.

6. **Curb Staff Absenteeism**:  The City must eliminate all rules and regulations that allow for abuse of sick leave or medically restricted status.  The City must also provide the Department with sufficient resources so that claims for sick leave and/or medically restricted status are reviewed timely and routinely so staff may return to work as soon as they are well.

7. **Expediting Cases**: The City must work with local prosecutors and the Office of Court Administration to identify and advocate for the cases of those individuals in jail for over a year, including those who have engaged in serious/frequent misconduct while in custody, so those cases are expedited for prosecution.

Sincerely,

s/ Steve J. Martin
Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*
Christina B. Vanderveer, *Associate Deputy Monitor*

## Proposed Agenda for Status Conference

### Opening Remarks

- Monitor & Deputy Monitor
- City of New York / Commissioner of the Department of Corrections
- Counsel for the Plaintiff Class
- Counsel for the Southern District of New York

### Update on Monitoring Team's Recommendations & Implementation Plan

- Monitor update on efforts to develop implementation plan and updates since Status Report (Deputy Monitor)
- City & Department update on efforts to address the Monitoring Team's Recommendations