## OFFICE OF THE MONITOR
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

**Steve J. Martin**
Monitor

**Anna E. Friedberg**
Deputy Monitor

178 Columbus Avenue, #230842
New York, NY 10023-9998
+1 646 895 6567 | afriedberg@tillidgroup.com

May 23, 2022

**VIA ECF**

The Honorable Chief Judge Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Chief Judge Swain,

We write to provide the Court an update on the status of the Action Plan (dkt. entry 453) and share a proposed agenda for the Court conference tomorrow at 2:30 pm.

Numerous, lengthy, and substantive discussions about the Action Plan have occurred with and among representatives from the City, Department of Correction, Plaintiff Class counsel and counsel for the Southern District of New York (the "Parties") over the last week. The primary focus of these discussions has centered on whether the Action Plan contains, and sufficiently articulates, appropriate and necessary mechanisms to overcome the legal, procedural, and contractual barriers to implementation which, heretofore, have impeded progress and the implementation of the Consent Judgment and three Remedial Orders.

The Action Plan must specify, in addition to the operational initiatives, the appropriate legal mechanisms that provide the Commissioner and the City the necessary *tools* and *authority* to fully implement these initiatives in a meaningful and timely manner and to navigate the inevitable obstacles (*e.g.* legal or contractual barriers) that will occur as the Monitoring Team

explained in our May 17, 2022, submission (dkt. entry 454). While the City and the Department must approach this work from a neutral and independent position and must seek to balance the interests of all of the affected constituencies, in the final analysis, the ***City*** must act in a manner that will enable the Department to operate the jails safely and humanely for both incarcerated persons and staff. Without the appropriate legal mechanisms, the Action Plan is an operational plan that lacks the necessary authority to fully effectuate it in a manner to achieve sustainable reform.  And, without that authority, the agency will likely fail or be unable to fully implement the Action Plan, as it has failed to fully implement the previous Orders of this Court.

Over the last few days, the Parties have shared proposed language and suggestions of provisions that may address these issues, but the necessary level of detail has been illusive and no agreement has been reached. The final Action Plan will not be viable without these necessary legal mechanisms. It is the view of the Monitor and his team that they are quite simply the condition precedent to the success of the Action Plan.  Accordingly, we believe that in order for the Action Plan to be achievable and realistic, and implemented in a timely manner, ***all*** Parties have to agree upon the legal mechanisms to be incorporated into the Action Plan and present it to the Court for approval.  Therefore, the Monitoring Team believes that submitting a revised version of the Action Plan at this time is premature.[1]  Instead, the Monitoring Team believes that these overarching legal issues must be resolved to determine whether the Parties will support

---

[1] The Parties and the Monitoring Team are actively engaged in discussions regarding the substantive provisions of the Action Plan.  Counsel for the Plaintiff Class and counsel for the Southern District of New York have provided feedback on the specific wording and content of the provisions of the Action Plan that are under discussion among all the Parties to determine how best to incorporate as appropriate.  Given the breadth and volume of the issues under discussion more time is needed to work through these issues.  That said, the Parties and the Monitoring Team are working as quickly as possible to address these various matters.

proceeding with the Action Plan (subject to approval of the Court) and/or whether the Parties intend to make a motion(s) for additional relief to the Court. If agreement cannot be reached, then we respectfully submit that it will be for the Court to determine how best to proceed.

    The City and the Department have already begun working toward the implementation of several key operational elements in the Action Plan, which will be discussed at the Status Conference. We believe that work can and must continue as the Parties, the Monitoring Team, and the Court work to finalize the legal mechanisms within the Action Plan. Accordingly, the Monitoring Team respectfully recommends that this issue be addressed at the conference tomorrow so the Parties may share their positions with the Court and a determination about next steps can be made. A proposed agenda for the conference is attached.

Sincerely,

s/ Steve J. Martin
Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*
Christina B. Vanderveer, *Associate Deputy Monitor*

**Proposed Agenda for Court Conference**

*May 24, 2022 at 2:30 pm*

**Opening Remarks**

- Monitor & Deputy Monitor
- Counsel for the Southern District of New York
- Counsel for the Plaintiff Class
- Counsel for the City of New York
- Commissioner of the Department of Correction

**Action Plan**

- Monitor's and Parties' Positions with Respect to Potential Legal Barriers to Implementing Reforms under the Action Plan
    - Addressing current barriers/obstacles to implement the Action Plan
    - Addressing future obstacles to implement the Action Plan
- Clarification and Questions regarding specifics of Action Plan
- Final Action Plan/Scheduling of next Status Conference