**OFFICE OF THE MONITOR**
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

**Steve J. Martin**
Monitor

**Anna E. Friedberg**
Deputy Monitor

178 Columbus Avenue, #230842
New York, NY 10023-9998
+1 646 895 6567 | afriedberg@tillidgroup.com

November 16, 2022

**VIA ECF**

The Honorable Chief Judge Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

Re: *Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Chief Judge Swain,

      The Monitoring Team writes to provide the Court with an *unexecuted* copy of the joint stipulation regarding a proposed order on Facility Supervisors that the Parties have collectively drafted.  The declarations to support the proposed order from the Monitor and appropriate representatives from the City and/or Department, to provide the relevant evidence that the requirements of 18 U.S.C. § 3626(a)(1)(A) and (B) have been met, are currently under development.  As a result, the "whereas" clauses in the stipulation regarding the declarations in are in brackets.  The Parties intend to finalize, execute, and submit the joint stipulation to the Court, for approval, upon completion of the declarations.  Given the status conference tomorrow, the Parties provide this courtesy copy of the *unexecuted* joint stipulation to facilitate the discussion at the conference tomorrow.

      Sincerely,

s/ Steve J. Martin

Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*
Christina B. Vanderveer, *Associate Deputy Monitor*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
MARK NUNEZ, et al., :
:
Plaintiffs, :
:
- against - :
:
CITY OF NEW YORK, et al., :
:
Defendants. :
: **11 Civ. 5845 (LTS)(JCF)**
------------------------------------------------------------ X
:
UNITED STATES OF AMERICA, :
:
Plaintiff-Intervenor, :
:
- against - :
:
CITY OF NEW YORK and NEW YORK CITY :
DEPARTMENT OF CORRECTION, :
:
Defendants. :
------------------------------------------------------------ X

## [PROPOSED] ORDER ON FACILITY SUPERVISORS

**WHEREAS**, the Nunez Monitor has recommended on various occasions that the City of New York ("the City") and the New York City Department of Correction ("DOC") expand the criteria for those who can hold the position of warden within the DOC;

**WHEREAS,** in numerous submissions to the Court, the Monitor has repeatedly attributed the ongoing non-compliance with core provisions of the Consent Judgment to the inadequate supervision of line-level uniformed staff provided by those who hold facility leadership positions, and has concluded that facility leaders, including some of those who have been promoted during the pendency of the Consent Judgment, have proven to lack the ability to implement the reforms required by the Consent Judgment;

**WHEREAS**, the Monitor stated that the Department "must expand the criteria for who may serve on Facility leadership teams, so the Department is not limited to selecting individuals from the uniform ranks." *Monitor's 11th Monitor's Report, dated May 11, 2021, p. 15;*

**WHEREAS**, the Monitor stated that the Department must "broaden the criteria of candidates who may serve in these roles, which will allow for the selection of individuals based

1

on their breadth of experience and demonstrated effectiveness as leaders. Only then, with the right people at the top of the Facility hierarchy, will the vision for elevating the quality of supervision further down the chain of command and the essential improvements to Staff practice become possible." *Monitor's 11th Report, p. 15*;

**WHEREAS**, the Monitor stated "[t]he Department has long struggled with adequate supervision of its Staff in the effort to properly implement the UOF directive. Unfortunately, over the past five years, the Wardens and Deputy Wardens have not been successful in dismantling the culture that gave rise to the Consent Judgment." *Monitor's 11th Report, pgs. 8-9;*

**WHEREAS**, the Monitor continued to recommend the infusion of those with external expertise, and stated that "[t]he criteria for who may serve on Facility leadership teams (e.g. Warden) must be expanded so that the Department is no longer limited to only selecting individuals from the current uniform ranks. Instead, the Department must have the ability to also seek managers, from the broader corrections community, with the required skills and willingness to improve the state of facility operations." *Monitor's September 23, 2021 Status Letter to the Court, p. 7.*

**WHEREAS**, the Monitor continued that "[t]he Department must improve its security practices. An overhaul of security practices can only occur with an expansion of in-house expertise, particularly [] those individuals who serve as facility leaders who are responsible for reinforcing sound practice… ." *Monitor's 12th Monitor's Report, dated December 6, 2021, p. 13*;

**WHEREAS**, at the May 24, 2022 status conference, the Department set forth a plan to support and improve the effectiveness of the current uniformed Wardens, whereby each facility would be led by one uniformed Warden and one civilian Assistant Commissioner who would report directly to the Associate Commissioner of Operations, and would infuse external knowledge and oversight at the facility level;

**WHEREAS**, the Department's plan set forth in Spring 2022 proved unsuccessful, for reasons the Department ascribes to the dual supervisory structure and a dearth of qualified external candidates willing to accept the co-leadership positions;

**WHEREAS**, the City now believes it is legally appropriate to seek an Order from this Court that would permit the Department to hire facility leadership at the Warden level from outside the Department's current uniformed ranks;

**WHEREAS**, [representatives from the City and/or Department have submitted declarations to provide the relevant evidence that the requirements of 18 U.S.C. § 3626(a)(1)(A) and (B) have been met];

**WHEREAS**, [the Monitor has submitted a Declaration setting forth the rationale and basis for his belief that the remedial measures included in this Order are necessary, and explaining the approach taken in tailoring the proposal to properly address the implicated rights and interests];

**NOW**, **THEREFORE**, the Plaintiff Class, the United States, and the Defendants stipulate and agree, and **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** as follows:

1. The City shall establish a new position titled "Facility Supervisor," which shall replace the position formerly known as "Warden."  The City shall establish and classify the title "Facility Supervisor" in the classified service as a non-competitive title. Defendants shall not be not limited to promoting only uniformed staff into the Facility Supervisor position but instead can also hire qualified individuals outside of current Department uniformed staff who have demonstrated corrections expertise and served as effective supervisors of corrections facilities.  Defendants shall promptly seek to recruit and identify qualified candidates from outside the Department who meet these criteria and are committed to implementing the reforms required under the Consent Judgment, the prior Remedial Orders, and the Action Plan. Selection of a Facility Supervisor need not be made by competitive examination, and instead can be made through a resume and interview process.

2. To the extent that any requirements under state and local laws or regulations are inconsistent with the terms of the relief set forth in this order, including by not limited to New York State Civil Service Law §§ 20, 50, 51, 52, 65, Correction Law § 120, Public Officer Law § 3, and New York City Administrative Code § 9-117, this order shall supersede the requirements of such laws and regulations.

3. Nothing herein should be construed as denying the opportunity of qualified current Department uniformed staff from seeking, applying for, or ultimately obtaining a promotion to a Facility Supervisor position.

4. The Parties stipulate and agree, and the Court finds, that this Order complies in all respects with the provisions of 18 U.S.C. § 3626(a)(1)(A) and (B). The Parties further stipulate and agree, and the Court finds, that the prospective relief in this Order is necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class, is narrowly drawn and extends no further than is necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class, is the least intrusive means necessary to correct these violations, will not have an adverse impact on public safety or the operation of a criminal justice system, and is required by federal law and no other relief will correct the violation of the federal rights as alleged by the United States and the Plaintiff Class.  Accordingly, the Parties agree and represent, and the Court finds, that the Order complies with the provisions of 18 U.S.C. § 3626(a)(1)(A) and (B).

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the Southern District of New York

By: _____
    JEFFREY K. POWELL
    LARA K. ESHKENAZI
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY  10007
    Telephone: (212) 637-2706/2758
    Email:  Jeffrey.Powell@usdoj.gov
            Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: _____
    MARY LYNNE WERLWAS
    KAYLA SIMPSON
    DAVID BILLINGSLEY
    KATHERINE HAAS
    199 Water Street, 6th Floor
    New York, New York  10038
    Telephone: (212) 577-3530
    Email:   mlwerlwas@legal-aid.org
            ksimpson@legal-aid.org
            dbillingsley@legal-aid.org
            khaas@legal-aid.org

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____  _____
    JONATHAN S. ABADY
    DEBBIE GREENBERGER
    NAIRUBY BECKLES

    600 Fifth Avenue, 10th Floor
    New York, NY  10020
    Telephone:  (212) 763-5000
    Email:   jabady@ecbalaw.com
            dgreenbergerg@ecbalaw.com
            NBeckles@ecbawm.com

FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION:

SYLVIA O. HINDS-RADIX
Corporation Counsel for the City of New York

By: _____
    KIMBERLY JOYCE
    100 Church Street
    New York, New York  10007
    Telephone: (212) 356-2650
    Email:  kjoyce@law.nyc.gov

SO ORDERED this \_\_\_\_\_ day of _____, 2022

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE