```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MARK NUNEZ, et al.,                                          :
                                                             :
                          Plaintiffs,                        :
                                                             :
  - against -                                                :
                                                             :
CITY OF NEW YORK, et al.,                                    :
                                                             :
                          Defendants.                        :
                                                             :  11 Civ. 5845 (LTS)(JCF)
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :
                          Plaintiff-Intervenor,              :
                                                             :
  - against -                                                :
                                                             :
CITY OF NEW YORK and NEW YORK CITY                           :
DEPARTMENT OF CORRECTION,                                    :
                                                             :
                          Defendants.                        :
------------------------------------------------------------ X
```

## ORDER ON FACILITY SUPERVISORS

**WHEREAS**, the Nunez Monitor has recommended on various occasions that the City of New York ("the City") and the New York City Department of Correction ("DOC") expand the criteria for those who can hold the position of warden within the DOC;

**WHEREAS,** in numerous submissions to the Court, the Monitor has repeatedly attributed the ongoing non-compliance with core provisions of the Consent Judgment to the inadequate supervision of line-level uniformed staff provided by those who hold facility leadership positions, and has concluded that facility leaders, including some of those who have been promoted during the pendency of the Consent Judgment, have proven to lack the ability to implement the reforms required by the Consent Judgment;

**WHEREAS**, the Monitor stated that the Department "must expand the criteria for who may serve on Facility leadership teams, so the Department is not limited to selecting individuals from the uniform ranks." *Monitor's 11th Monitor's Report, dated May 11, 2021, p. 15;*

**WHEREAS**, the Monitor stated that the Department must "broaden the criteria of candidates who may serve in these roles, which will allow for the selection of individuals based on their breadth of experience and demonstrated effectiveness as leaders. Only then, with the right people at the top of the Facility hierarchy, will the vision for elevating the quality of supervision further down the chain of command and the essential improvements to Staff practice become possible." *Monitor's 11th Report, p. 15*;

**WHEREAS**, the Monitor stated "[t]he Department has long struggled with adequate supervision of its Staff in the effort to properly implement the UOF directive. Unfortunately, over the past five years, the Wardens and Deputy Wardens have not been successful in dismantling the culture that gave rise to the Consent Judgment." *Monitor's 11th Report, pgs. 8-9;*

**WHEREAS**, the Monitor continued to recommend the infusion of those with external expertise, and stated that "[t]he criteria for who may serve on Facility leadership teams (e.g. Warden) must be expanded so that the Department is no longer limited to only selecting individuals from the current uniform ranks. Instead, the Department must have the ability to also seek managers, from the broader corrections community, with the required skills and willingness to improve the state of facility operations." *Monitor's September 23, 2021 Status Letter to the Court, p. 7.*

**WHEREAS**, the Monitor continued that "[t]he Department must improve its security practices. An overhaul of security practices can only occur with an expansion of in-house expertise, particularly [] those individuals who serve as facility leaders who are responsible for reinforcing sound practice… ." *Monitor's 12th Monitor's Report, dated December 6, 2021, p. 13*;

**WHEREAS**, as detailed in the City's declaration, the City and the Department's efforts to work within the existing statutory framework to enhance facility leadership has been unsuccessful;

**WHEREAS**, at the May 24, 2022 status conference, the Department set forth a plan to support and improve the effectiveness of the current uniformed Wardens, whereby each facility would be led by one uniformed Warden and one civilian Assistant Commissioner who would report directly to the Associate Commissioner of Operations, and would infuse external knowledge and oversight at the facility level;

**WHEREAS**, as detailed in the City's declaration, the Department's plan set forth in Spring 2022 proved unsuccessful, for reasons the Department ascribes to the dual supervisory structure and a dearth of qualified external candidates willing to accept the co-leadership positions;

**WHEREAS**, the City now believes it is legally appropriate to seek an Order from this Court that would permit the Department to hire facility leadership at the Warden level from outside the Department's current uniformed ranks;

**WHEREAS**, the Monitor has submitted a Declaration setting forth the rationale and basis for his belief that the remedial measures included in this Order are necessary to correct the violation of a Federal Right, explaining no other relief will correct the violation, and explaining the approach taken in tailoring the proposal to properly address the implicated rights and interests;

**NOW**, **THEREFORE**, the Plaintiff Class, the United States, and the Defendants stipulate and agree, and **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** as follows:

1. The City shall establish a new position titled "Facility Supervisor," which shall replace the position formerly known as "Warden." The City shall establish and classify the title "Facility Supervisor" in the classified service as a non-competitive title. Defendants shall not be not limited to promoting only uniformed staff into the Facility Supervisor position but instead can also hire qualified individuals outside of current Department uniformed staff who have demonstrated corrections expertise and served as effective supervisors of corrections facilities. Defendants shall promptly seek to recruit and identify qualified candidates from outside the Department who meet these criteria and are committed to implementing the reforms required under the Consent Judgment, the prior Remedial Orders, and the Action Plan. Selection of a Facility Supervisor need not be made by competitive examination, and instead can be made through a resume and interview process.

2. To the extent that any requirements under state and local laws or regulations are inconsistent with the terms of the relief set forth in this order, including by not limited to New York State Civil Service Law §§ 20, 50, 51, 52, 65, Correction Law § 120, ~~Public Officer Law § 3,~~ and New York City Administrative Code § 9-117, this order shall supersede the requirements of such laws and regulations. *LTS*

3. Nothing herein should be construed as denying the opportunity of qualified current Department uniformed staff from seeking, applying for, or ultimately obtaining a promotion to a Facility Supervisor position.

4. The Parties stipulate and agree, and the Court finds, that this Order complies in all respects with the provisions of 18 U.S.C. § 3626(a)(1)(A) and (B). The Parties further stipulate and agree, and the Court finds, that the prospective relief in this Order is necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class, is narrowly drawn and extends no further than is necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class, is the least intrusive means necessary to correct these violations, will not have an adverse impact on public safety or the operation of a criminal justice system, and is required by federal law and no other relief will correct the violation of the federal rights as alleged by the United States and the Plaintiff Class. Accordingly, the Parties agree and represent, and the Court finds, that the Order complies with the provisions of 18 U.S.C. § 3626(a)(1)(A) and (B).

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the Southern District of New York

By: /s/ Jeffrey Powell
      JEFFREY K. POWELL
      LARA K. ESHKENAZI
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, NY 10007
      Telephone: (212) 637-2706/2758
      Email: Jeffrey.Powell@usdoj.gov
             Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: _____
      MARY LYNNE WERLWAS
      KAYLA SIMPSON
      DAVID BILLINGSLEY
      KATHERINE HAAS
      199 Water Street, 6th Floor
      New York, New York 10038
      Telephone: (212) 577-3530
      Email:   mlwerlwas@legal-aid.org
                 ksimpson@legal-aid.org
                 dbillingsley@legal-aid.org
                 khaas@legal-aid.org

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the Southern District of New York

By: _____

    JEFFREY K. POWELL
    LARA K. ESHKENAZI
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    Telephone: (212) 637-2706/2758
    Email: Jeffrey.Powell@usdoj.gov
           Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: /s/ _____

    MARY LYNNE WERLWAS
    KAYLA SIMPSON
    DAVID BILLINGSLEY
    KATHERINE HAAS
    199 Water Street, 6th Floor
    New York, New York 10038
    Telephone: (212) 577-3530
    Email: mlwerlwas@legal-aid.org
           ksimpson@legal-aid.org
           dbillingsley@legal-aid.org
           khaas@legal-aid.org

EMERY CELLI BRINCKERHOFF & ABADY LLP

By:    /s/
      JONATHAN S. ABADY
      DEBBIE GREENBERGER
      NAIRUBY BECKLES

      600 Fifth Avenue, 10th Floor
      New York, NY 10020
      Telephone: (212) 763-5000

      Email:   jabady@ecbalaw.com
                  dgreenbergerg@ecbalaw.com
                  nbeckles@ecbawm.com

FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION:

SYLVIA O. HINDS-RADIX

Corporation Counsel for the City of New York

By: _____*kjoyce*_____
     KIMBERLY JOYCE
     100 Church Street
     New York, New York 10007
     Telephone: (212) 356-2650
     Email: kjoyce@law.nyc.gov

SO ORDERED this __5th__ day of __December__, 2022

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE