# Exhibit A



Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
www.legal-aid.org

John K. Carroll
*President*

Janet E. Sabel
*Attorney-in-Chief*
*Chief Executive Officer*

Mary Lynne Werlwas
*Director*
*Prisoners' Rights Project*

November 22, 2021

**Via email**

Kimberly Joyce
Corporation Counsel for the City of New York
New York City Law Dept.
100 Church Street
New York, NY 10007

Re: *Nunez, et al. v. City of New York, et al.*, No. 11-CV-5845 (S.D.N.Y.)

Dear Kim,

We write about our grave concerns about the Department of Correction's violation of the Court's September 30 order requiring the Department to move individuals from intake into assigned housing units within 24 hours, and the veracity of the Department's reports to the Court that there have been no such overstays. We further wish to raise with you our concerns about the lack of meaningful progress in getting staff to come back to work.

**Intake**

On September 30, 2021, the Court ordered Defendants to:

> Process all incarcerated individuals, including but not limited to new admissions and intra-facility transfers, through Intake and place them in an assigned housing unit within 24 hours. ….. By November 15, 2021, the Department shall develop and implement a reliable system to track and record the amount of time any incarcerated individual is held in Intake and any instance when an individual remains in Intake for more than 24 hours.

(Dkt. 398) (hereafter "Intake Order").

Legal Aid has conducted an investigation revealing that Department has, in spite of the order, continued to hold individuals in intake for several days at a time, in some cases approaching a week. The following identifies individuals who have been held intake for longer than 24 hours, with their approximate dates of entry and total duration of stay since that date:

| Name | B&C | NYSID | Facility | Intake Entry (Approx.) | Days |
|---|---|---|---|---|---|
| ▮ | ▮ | ▮ | AMKC | 10/19/2021 | 6 |
| ▮ | ▮ | ▮ | EMTC | 10/20/2021 | 5+ |
| ▮ | ▮ | ▮ | AMKC and GRVC | 10/29/2021 | 9+ |
| ▮ | ▮ | ▮ | RNDC | 11/1/2021 | 2 |
| ▮ | ▮ | ▮ | EMTC | 11/4/2021 | 6 |
| ▮ | ▮ | ▮ | EMTC | 10/8/2021 | 3 |
| ▮ | ▮ | ▮ | AMKC | 10/13/2021 | 6+ |

This list is not exhaustive, as we are investigating similar complaints from other individuals. The clients are prepared to offer sworn testimony about their experiences and length of stay in intake.

These multiple night stays in intake areas directly violate the Intake Order. As a result, these individuals had to endure the same inhumane conditions that preceded the Intake Order. These include a lack of bedding, forcing people to sleep on benches and floors; unsanitary cells with clogged toilets, non-working sinks, and human waste on the floor; a lack of access to showers, soap or toothbrushes; cold temperatures without sufficient blankets or jackets to keep warm, particularly at night; infrequent, incomplete, or late meals; cramped quarters, with an inability to maintain social distancing; and delayed or denied access to medical care, in some cases following the deployment of chemical agents inside the pens.

We were therefore very surprised by the Monitor's November 17 status report relaying the Department's assertion that since September 30, there has been no one held in intake for more than 24 hours (Monitor's Nov. 17, 2021 Status Report, Dkt. 420 at 3, Appendix B iii-iv). The status report also contains a chart indicating that the "number of new admissions in intake for longer than 24 hours" has uniformly been zero. *Id.* at Appendix B iii-iv.

Given our clients' reports, the Department's representation to the court, through the Monitor, that it had no excessive intake stays is not credible. It further demonstrates that the Department does not have a reliable tracking system as mandated by the Intake Order. Indeed, the Department's tracking system is also unreliable and inaccurate as to those placed in intake from sources other than new admission (*see id.* at 3) – the overuse of which is a major driver improper uses of force, as the Monitoring Team has repeatedly emphasized. *See, e.g.,* Eleventh Monitor's Report, Dkt. 368 at 36-38; Tenth Monitor's Report, Dkt. 360 at 24-25, 30; Ninth Monitor's Report. Dkt. 341 at 18-21.

We believe that these facts demonstrate non-compliance with the Intake Order, and inaccurate information being conveyed to the Court. We therefore believe we are bound to raise these issues with the Court. Before doing so, however, we would welcome any information you may

have about these matters, and are happy to discuss the matter with you. Please let us know if you are available to meet and confer on this matter any time this week except for Thursday.

**Staffing Data**

We also feel compelled to note that the staffing data the Department has reported thus far shows no meaningful progress on getting uniformed staff back into facilities. After months of initiatives, the City still has nearly 30% of uniformed staff reportedly unavailable to work – nearly the same extraordinary proportion unavailable when those initiatives began.

The lack of staff and mismanagement continuously reported by the Monitoring Team has resulted in unacceptable ongoing deficiencies in core correctional practice, including the failure to adequately staff housing units. In Appendix B of the Monitor's November 17, 2021 Status Report, the Department reports that, but for only two days in a 42-day period, there were numerous instances every day in which a housing unit had insufficient staff. The data demonstrates a persistent pattern of insufficient staffing in areas critical to ensuring the safety and security measures at the heart of the Consent Judgment – with no indication that the agency is, or will soon be, in a position to adequately staff housing units in a sustainable way. This failure puts our clients in clear danger on a daily basis.

We invite the Defendants to meet and confer regarding potential resolutions, if any may be found, to this extraordinarily dangerous problem.

Thank you for your attention to these matters.

    Sincerely,

    /s/

    Mary Lynne Werlwas
    David Billingsley
    Kayla Simpson
    THE LEGAL AID SOCIETY

    Attorneys for Plaintiffs

cc:    Jeffrey Powell
    Lara Eshkenazi
    Assistant United States Attorneys

    Steven J. Martin
    Monitor