**OFFICE OF THE MONITOR**
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

Steve J. Martin
Monitor

Anna E. Friedberg
Deputy Monitor

1+1 646 895 6567 | afriedberg@tillidgroup.com

January 31, 2023

**VIA ECF**
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

Re: *Nunez, et al. v. City of New York, et al.*, 11-cv-5845 (LTS) (JCF)

Dear Judge Swain,

    We write to advise the Court that the *Nunez* Parties have reached agreement on an extension of a proposed Stipulation and Order Regarding 16- and 17-Year-Old Adolescent Offenders at Horizon Juvenile Center for the Court's approval. A copy of the second voluntary agreement between the City and the Monitor to monitor 16- and 17-year-old Adolescent Offenders at Horizon Juvenile Center is attached to the proposed Stipulation and Order.

    Sincerely,

s/ Anna E. Friedberg
Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*
Christina B. Vanderveer, *Associate Deputy Monitor*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
MARK NUNEZ, et al.,                                            :
                                                               :
                              Plaintiffs,                      :
                                                               :
   - against -                                                 :
                                                               :
CITY OF NEW YORK, et al.,                                      :
                                                               :
                              Defendants.                      :
                                                               :   **11 Civ. 5845 (LTS)(JCF)**
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
                              Plaintiff-Intervenor,            :
                                                               :
   - against -                                                 :
                                                               :
CITY OF NEW YORK and NEW YORK CITY                             :
DEPARTMENT OF CORRECTION,                                      :
                                                               :
                              Defendants.                      :
-------------------------------------------------------------- X

## SECOND STIPULATION AND ORDER REGARDING 16- AND 17-YEAR-OLD ADOLESCENT OFFENDERS AT HORIZON JUVENILE CENTER

  This Second Stipulation and Order ("Stipulation") is entered by and among the Plaintiff Class, Plaintiff the United States of America (the "United States"), and Defendants the City of New York (the "City") and the New York City Department of Correction (the "Department" or "DOC") (the City and the Department are collectively referred to herein as the "Defendants").

  WHEREAS, on October 21, 2015, this Court entered a Consent Judgment (Dkt. No. 249) in this matter requiring the Defendants to take specific actions to remedy a pattern and practice of violence against incarcerated individuals, and to develop and implement new practices, policies, and procedures designed to reduce violence in the jails and ensure the safety and well-being of incarcerated individuals;

  WHEREAS, on April 10, 2017, the State of New York passed legislation (known as the "Raise the Age Law") that raised the age of criminal responsibility to 18 years of age and created a new category of offenders called "Adolescent Offenders," which are defined as 16- or 17-year-olds who are charged with a felony-level offense, *see* Criminal Procedure Law 1.20(44);

1

WHEREAS, the Raise the Age Law was implemented in stages.  The new category of offenders applied to any 16-year-old youth charged on or after October 1, 2018, and any 17-year-old youth charged on or after October 1, 2019.  All 16- and 17-year-old youth charged before October 1, 2018, and any 17-year-old youth charged between October 1, 2018 and September 30, 2019, were to still be processed as adults (collectively, "Pre-Raise the Age Youth");

WHEREAS, pursuant to the Raise the Age Law, all 16- and 17-year-old incarcerated youth were required to be housed in a facility not located on Rikers Island as of October 1, 2018;

WHEREAS, starting in October 2018, all Pre-Raise the Age Youth were housed at the Horizon Juvenile Center ("Horizon"), a specialized secure juvenile detention facility located in the Bronx, New York, which was at the time jointly operated by DOC and the New York City Administration for Children's Services ("ACS");

WHEREAS, during the period during which Pre-Raise the Age Youth were housed at Horizon, the Monitor appointed under the Consent Judgment monitored and reported on the extent to which Defendants complied with applicable provisions of the Consent Judgment with respect to these Pre-Raise the Age Youth housed at Horizon;

WHEREAS, as of July 26, 2020, there were no longer any Pre-Raise the Age Youth housed at Horizon but the facility continued to house Adolescent Offenders;

WHEREAS, ACS has assumed day-to-day operations of Horizon, and DOC currently does not have any role in the day-to-day management of the facility;

WHEREAS, the City asserts that ACS' approach to managing Adolescent Offenders at Horizon is premised upon a therapeutic model, whose main focus is engagement of youth in positive pro-social, therapeutic, educational and/or vocational activities; de-escalation of volatile engagements, and trusted communications with youth to support a positive forward-facing behavioral approach;

WHEREAS, the United States, the Plaintiff Class, and the City have a dispute concerning the extent to which certain provisions of the Consent Judgment should apply to Adolescent Offenders housed at Horizon given that DOC is no longer involved in the day-to-day operations of the facility and the facility no longer houses Pre-Raise the Age Youth;

WHEREAS, on or about November 11, 2020, the City voluntarily entered into an Agreement with the Monitor ("First Horizon Agreement") concerning the operation of Horizon and the management and supervision of Adolescent Offenders housed at that facility, under which the Monitor would file with the Court three public reports describing the efforts ACS had undertaken to implement the requirements of the First Horizon Agreement and assessing the extent to which ACS had complied with these requirements, applying the standard for Compliance set forth in the First Horizon Agreement;

WHEREAS, on or about November 12, 2020, the Court entered the Stipulation and Order Regarding 16- and 17-Year-Old Adolescent Offenders at Horizon Juvenile Center (Dkt. No. 364), which attached the First Horizon Agreement and specified that, during the duration of the First Horizon Agreement, the Monitor would not assess compliance with the Consent Judgment with respect to Adolescent Offenders and the Plaintiff Class and the United States would not seek judicial action to enforce the Consent Judgment with respect to Adolescent Offenders;

WHEREAS, on or about October 25, 2022, the Monitor filed with the Court the third and final report under the First Horizon Agreement (Dkt. No. 471, "the Third Monitor Horizon Report"), which assessed ACS' compliance with the requirements under the First Horizon Agreement for the period of January 1, 2022 through June 30, 2022;

WHEREAS, in the Third Monitor Horizon Report, the Monitor found that while ACS had demonstrated good faith efforts to improve its practice, ACS had not achieved compliance with certain requirements of the First Horizon Agreement, although progress had been made;

NOW, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel, and this Court THEREFORE ORDERS, as follows:

1. The City has voluntarily agreed to extend its agreement with the Monitor until June 30, 2023, and has entered into the attached agreement ("Second Horizon Agreement"), which includes certain modifications to the First Horizon Agreement.  During the term of the Second Horizon Agreement, the Monitor will file with the Court two public reports describing the actions ACS has undertaken to implement the requirements of the Second Horizon Agreement and assessing ACS' good faith and the extent to which ACS has complied with these requirements, applying the standard for Compliance set forth in the Second Horizon Agreement.  In addition, pursuant to the Second Horizon Agreement, ACS shall continue to consult with the Monitor and his team of experts who will, as necessary, provide technical assistance with respect to the implementation of the Second Horizon Agreement's requirements and the adoption of best practices in the field of juvenile justice.

2. During the duration of the Second Horizon Agreement, which shall end when the Monitor files his second and final report under the Second Horizon Agreement, the Monitor shall not assess compliance with the Consent Judgment with respect to Adolescent Offenders and the Plaintiff Class and the United States shall not seek judicial action to enforce the Consent Judgment with respect to Adolescent Offenders.

3. In the event that the Monitor finds that the City and ACS have made "diligent and good faith efforts" to implement the requirements of the Second Horizon Agreement after giving "due consideration to the totality of the circumstances" as detailed in Paragraph 5(c) of the Second Horizon Agreement, and are in Compliance with the requirements set forth in Paragraphs 2(a)-(f) of the Second Horizon Agreement during the final reporting period referenced in the Second Horizon Agreement (i.e., January 1, 2023 through June 30, 2023), the Plaintiff Class, the United States, and the City shall file with the Court a stipulation and proposed Order stating that the Consent Judgment shall not apply to Adolescent Offenders going forward. The stipulation and proposed Order shall be filed with the Court within 30 days of the issuance of the final report filed by the Monitor.

4. If the event that Monitor finds that the City and ACS are not in Compliance with any of the requirements of the Second Horizon Agreement set forth in Paragraphs 2(a)-(f),  during the final reporting period, the parties and the Monitor shall meet and confer within 30 days of the issuance of the final report to discuss whether the Second Horizon Agreement, or portions of the Second Horizon Agreement, should be extended or modified, or whether other steps should be taken to address areas that are not in Compliance.  The parties shall make a good faith effort to reach an agreement.  Nothing said by any party or counsel for any party during any and all meetings held pursuant to this Paragraph may be used by any

party in subsequent litigation in this or any other lawsuit. If the parties do not reach an agreement within 45 days of the issuance of the final report, the parties may petition the Court for a conference and reserve their right to seek any relief from the Court. Nothing in this Stipulation shall be construed as a waiver of any party's right to take any position with respect to the extent to which the Consent Judgment applies to Adolescent Offenders at the Court conference or thereafter.

5. Nothing in this Stipulation shall be construed to impact the applicability of the Consent Judgment to any Plaintiff Class member who is not an Adolescent Offender.

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _/s/ Lara Eshkenazi_____
 JEFFREY K. POWELL
 LARA K. ESHKENAZI
 Assistant United States Attorneys
 86 Chambers Street, 3rd Floor
 New York, NY  10007
 Telephone: (212) 637-2706/2758
 Email: Jeffrey.Powell@usdoj.gov
 Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: _____
 MARY LYNNE WERLWAS
 DAVID BILLINGSLEY
 KATHERINE HAAS
 KAYLA SIMPSON
 199 Water Street, 6th Floor
 New York, New York  10038
 Telephone: (212) 577-3530
 Email: mlwerlwas@legal-aid.org
 dbillingsley@legal-aid.org
 khaas@legal-aid.org
 ksimpson@legal-aid.org

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
    JEFFREY K. POWELL
    LARA K. ESHKENAZI
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    Telephone: (212) 637-2706/2758
    Email: Jeffrey.Powell@usdoj.gov
            Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: /s/ Mary Lynne Werlwas
    MARY LYNNE WERLWAS
    DAVID BILLINGSLEY
    KATHERINE HAAS
    KAYLA SIMPSON
    199 Water Street, 6th Floor
    New York, New York 10038
    Telephone: (212) 577-3530
    Email: mlwerlwas@legal-aid.org
           dbillingsley@legal-aid.org
           khaas@legal-aid.org
           ksimpson@legal-aid.org

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: /s/ Debra L. Greenberger
    JONATHAN S. ABADY
    DEBRA L GREENBERGER
    NAIRUBY BECKLES
    SANA MAYAT
    600 Fifth Avenue, 10th Floor
    New York, NY  10020
    Telephone:  (212) 763-5000
    Email:   jabady@ecbawm.com
               dgreenberger@eecbawm.com
               nbeckles@ecbawm.com
               smayat@ecbawm.com

FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION:

SYLVIA O. HINDS-RADIX
Corporation Counsel for the City of New York

By: *[signature]*
SHERYL R. NEUFELD
100 Church Street
New York, New York 10007
Telephone: (212) 356-2207
Email: sneufeld@law.nyc.gov

SO ORDERED this _____ day of _____, 2023

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

7

**Second Agreement with Monitoring Team Panel
to Monitor 16- and 17-Year-Old Adolescent Offenders at Horizon Juvenile Center**

This Agreement ("Agreement") is voluntarily entered into by the Monitor appointed in the *Nunez* Consent Decree (11-cv-5845, docket entry 249) as defined in § XX, ¶ 1 & 6 (the "Monitoring Team Panel" or "Monitor"), the City of New York (the "City"), and the Administration of Children Services ("ACS"), for the period from July 1, 2022 to June 30, 2023. This Agreement concerns the management and supervision of Adolescent Offenders, as defined under Criminal Procedure Law § 1.20(44), who are or will be housed at the Horizon Juvenile Center ("AO Youth"), and the operation of that facility.

(1) ACS will make deliberate and good faith efforts to improve its practices regarding the enumerated provisions in ¶ 2 below.

(2) ACS agrees to the following:

   a. AO Youth shall be supervised at all times in a manner that protects them from an unreasonable risk of harm. Staff shall intervene in a timely manner to prevent youth-on-youth fights and assaults, and to de-escalate youth-on-youth confrontations, as soon as it is practicable and reasonably safe to do so.

   b. ACS shall comply with applicable ACS policies governing staff's use of physical interventions and restraints (collectively "Physical Restraints") and any required reporting of such incidents, including Policy # 2014/10 ("Safe Intervention Policy for Secure and Non-Secure Detention") and Administrative Order #01/2012 ("Reporting of Incidents and Data Management for Group Oriented Analysis of Leadership Strategies (Goals)"). The aforementioned policies shall be referred herein as "the ACS Physical Restraint Policies." The City and ACS shall also agree to comply with 9 NY-CRR §§180-3.15 and 180-3.16.

      i. The Monitoring Team Panel shall assess, in collaboration with ACS's Division of Youth and Family Justice ("DYFJ") senior managers, on ACS' Staff reporting and use of Physical Restraints, and shall provide feedback and any necessary recommendations for enhancements to reporting, limiting physical interventions where possible, and improvements to the use of Physical Restraints. This assessment shall include a review by the Monitoring Team Panel of a reasonable number of incidents involving the use of Physical Restraints (including the review of staff reports and/or video footage), to provide feedback on de-escalation and restraint approaches in response to youth-on-youth violence, youth-on-staff violence, staff on youth violence, and other situations with an imminent threat of harm. The Monitoring Team Panel shall make recommendations about staff training, and articulate general improvements to practice as necessary, in consultation with DYFJ senior management.

   c. ACS shall conduct timely and thorough reviews of Physical Restraints to determine whether the intervention was appropriate and whether ACS staff complied with the ACS Physical Restraint Policies.

1

  d. ACS shall develop, track, and maintain a sufficient level of programming for AO Youth, consistent with best practices for adolescents and young adults.

  e. ACS shall maintain systems, policies, and procedures for AO Youth that: (i) reward and incentivize positive conduct and (ii) sanction negative conduct. The application of these procedures shall be individualized, consistent with any treatment needs for AO Youth and shall not compromise the safety of other AO Youth or ACS staff.

  f. ACS shall comply with applicable ACS policies and practices governing the use of room confinement.

(3) ACS agrees, in the spirit of collaboration and in recognition of the deep mutual commitment to improving program and practice goals, to continue to consult with the Monitoring Team Panel regarding the areas set forth above in Paragraphs 2(a)-(f). The Monitoring Team Panel will meet on a quarterly basis with the ACS Commissioner and relevant associated senior staff, to discuss the Monitoring Team Panel's observations and assessment of ACS program and practice at Horizon Juvenile Center, improvements made or not, and to relate any other information that the Monitoring Team Panel deems relevant and appropriate for enhancing ACS' practice at Horizon Juvenile Center.

(4) During the period of this Agreement, the Monitoring Team Panel may, as necessary, provide technical assistance to ACS regarding the terms of this Agreement.

(5) The Monitor will assess compliance with the requirements set forth above in Paragraphs 2(a)-(f). For purposes of this Agreement, the Monitor shall find ACS to be in "Compliance" with a provision if the Monitor finds that ACS has consistently complied with the relevant requirement and any violations of the relevant requirement are only minor or occasional and not systemic, material, or recurring. The Monitor will file two public reports ("Monitor Reports") on the docket 11-cv-5845 (LTS) (S.D.N.Y.) assessing ACS' compliance with these requirements during two reporting periods.

  a. There shall be two reporting periods during the term of this Agreement. The first reporting period shall cover July 1, 2022 to December 31, 2022. The second reporting period shall cover January 1, 2023 to June 30, 2023.

  b. The Monitor shall issue a report within 80 business days following each reporting period. Within 30 days from the end of each Reporting Period detailed in subdivision (a) of this Section, ACS will share a Written Compliance Assessment, followed by a presentation/meeting with the Monitoring Team describing ACS efforts, successes and challenges in meeting the expectations detailed in Paragraphs 2(a-f) of this Agreement. The Monitor Reports shall be provided to the City and ACS in draft form for comment at least 30 business days prior to their issuance. The City and ACS shall provide the Monitor with their comments, if any, within 15 business days after receipt of the draft Monitor Report. The Monitor shall consider the comments, and make any changes deemed appropriate, before issuing the final report. The Monitor Reports shall be written with due regard for the privacy interests of individual AO Youth and ACS staff members; federal, state and local laws regarding the privacy of such information; and the interest of ACS in protecting against the disclosure of non-public or privileged information.

      Consistent with such interests and laws, the Monitor shall redact individual-identifying information from Monitor Reports and any documents submitted with those reports, and shall give due consideration to ACS requests to edit or redact any other information. The Monitor shall provide the final report and redline comparing the final report with the draft Monitor Report to ACS 5 business days prior to issuing the final report. To the extent the Monitor declines to make the edits or redactions requested by ACS, ACS can append any comments to the Monitor Report that is submitted by providing such appendix to the Monitor by noon on the day the final report is to be issued.

   c. Each of the Monitor Reports shall provide relevant and appropriate context for its findings and give due consideration to the totality of the circumstances. Further, as appropriate and relevant, the Monitor Reports shall describe: (1) ACS' diligent and good faith efforts to implement ¶ 2 (a)-(f) of this Agreement, (2) generally accepted practice for 16- and 17-year old youth as it relates to this Agreement, and (3) any challenges or obstacles related to implementing ¶ 2 (a)-(f) of this Agreement.

   d. ACS will be afforded the opportunity to append a response to the final Monitor Report filed with the Court.

(6) In furtherance of this Agreement, the City shall bear all reasonable fees, costs, and expenses of the Monitor, including payments to the Monitor's staff as required under the *Nunez* Consent Judgment § XX, ¶ 5 and consistent with the Monitoring Team Panel's payment structure with the City that is in place for the *Nunez* Consent Judgment.

(7) ACS will provide the Monitoring Team Panel reasonable and timely access to relevant information and documents in order to perform the responsibilities of this Agreement. The January 7, 2021 confidentiality agreement between the Monitoring Team Panel and ACS, which delineates the acquisition and appropriate use by the Monitoring Team Panel of confidential information, prohibitions on secondary dissemination, record retention during the period of this Agreement, and destruction of records provided to the Monitoring Team Panel at the end of the period of this Agreement, remains in effect.

Date: September 29, 2022

**FOR THE CITY OF NEW YORK AND
THE ADMINISTRATION FOR CHILDREN'S SERVICES:**
SYLVIA O. HINDS-RADIX
Corporation Counsel for the City of New York

*kjoyce*
_____
Kimberly Joyce

**FOR THE MONITOR:**

s/ Steve J. Martin_____
Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*
Christina B. Vanderveer, *Associate Deputy Monitor*

4