UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
MARK NUNEZ, et al.,                                          :
                                                             :
                               Plaintiffs,                   :
                                                             :
   - against -                                               :
                                                             :
CITY OF NEW YORK, et al.,                                    :
                                                             :
                               Defendants.                   :
                                                             :  **11 Civ. 5845 (LTS)(JCF)**
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :
                               Plaintiff-Intervenor,         :
                                                             :
   - against -                                               :
                                                             :
CITY OF NEW YORK and NEW YORK CITY                           :
DEPARTMENT OF CORRECTION,                                    :
                                                             :
                               Defendants.                   :
------------------------------------------------------------ X

## SECOND STIPULATION AND ORDER
## REGARDING 16- AND 17-YEAR-OLD ADOLESCENT
## OFFENDERS AT HORIZON JUVENILE CENTER

This Second Stipulation and Order ("Stipulation") is entered by and among the Plaintiff Class, Plaintiff the United States of America (the "United States"), and Defendants the City of New York (the "City") and the New York City Department of Correction (the "Department" or "DOC") (the City and the Department are collectively referred to herein as the "Defendants").

WHEREAS, on October 21, 2015, this Court entered a Consent Judgment (Dkt. No. 249) in this matter requiring the Defendants to take specific actions to remedy a pattern and practice of violence against incarcerated individuals, and to develop and implement new practices, policies, and procedures designed to reduce violence in the jails and ensure the safety and well-being of incarcerated individuals;

WHEREAS, on April 10, 2017, the State of New York passed legislation (known as the "Raise the Age Law") that raised the age of criminal responsibility to 18 years of age and created a new category of offenders called "Adolescent Offenders," which are defined as 16- or 17-year-olds who are charged with a felony-level offense, *see* Criminal Procedure Law 1.20(44);

WHEREAS, the Raise the Age Law was implemented in stages.  The new category of offenders applied to any 16-year-old youth charged on or after October 1, 2018, and any 17-year-old youth charged on or after October 1, 2019.  All 16- and 17-year-old youth charged before October 1, 2018, and any 17-year-old youth charged between October 1, 2018 and September 30, 2019, were to still be processed as adults (collectively, "Pre-Raise the Age Youth");

WHEREAS, pursuant to the Raise the Age Law, all 16- and 17-year-old incarcerated youth were required to be housed in a facility not located on Rikers Island as of October 1, 2018;

WHEREAS, starting in October 2018, all Pre-Raise the Age Youth were housed at the Horizon Juvenile Center ("Horizon"), a specialized secure juvenile detention facility located in the Bronx, New York, which was at the time jointly operated by DOC and the New York City Administration for Children's Services ("ACS");

WHEREAS, during the period during which Pre-Raise the Age Youth were housed at Horizon, the Monitor appointed under the Consent Judgment monitored and reported on the extent to which Defendants complied with applicable provisions of the Consent Judgment with respect to these Pre-Raise the Age Youth housed at Horizon;

WHEREAS, as of July 26, 2020, there were no longer any Pre-Raise the Age Youth housed at Horizon but the facility continued to house Adolescent Offenders;

WHEREAS, ACS has assumed day-to-day operations of Horizon, and DOC currently does not have any role in the day-to-day management of the facility;

WHEREAS, the City asserts that ACS' approach to managing Adolescent Offenders at Horizon is premised upon a therapeutic model, whose main focus is engagement of youth in positive pro-social, therapeutic, educational and/or vocational activities; de-escalation of volatile engagements, and trusted communications with youth to support a positive forward-facing behavioral approach;

WHEREAS, the United States, the Plaintiff Class, and the City have a dispute concerning the extent to which certain provisions of the Consent Judgment should apply to Adolescent Offenders housed at Horizon given that DOC is no longer involved in the day-to-day operations of the facility and the facility no longer houses Pre-Raise the Age Youth;

WHEREAS, on or about November 11, 2020, the City voluntarily entered into an Agreement with the Monitor ("First Horizon Agreement") concerning the operation of Horizon and the management and supervision of Adolescent Offenders housed at that facility, under which the Monitor would file with the Court three public reports describing the efforts ACS had undertaken to implement the requirements of the First Horizon Agreement and assessing the extent to which ACS had complied with these requirements, applying the standard for Compliance set forth in the First Horizon Agreement;

WHEREAS, on or about November 12, 2020, the Court entered the Stipulation and Order Regarding 16- and 17-Year-Old Adolescent Offenders at Horizon Juvenile Center (Dkt. No. 364), which attached the First Horizon Agreement and specified that, during the duration of the First Horizon Agreement, the Monitor would not assess compliance with the Consent Judgment with respect to Adolescent Offenders and the Plaintiff Class and the United States would not seek judicial action to enforce the Consent Judgment with respect to Adolescent Offenders;

WHEREAS, on or about October 25, 2022, the Monitor filed with the Court the third and final report under the First Horizon Agreement (Dkt. No. 471, "the Third Monitor Horizon Report"), which assessed ACS' compliance with the requirements under the First Horizon Agreement for the period of January 1, 2022 through June 30, 2022;

WHEREAS, in the Third Monitor Horizon Report, the Monitor found that while ACS had demonstrated good faith efforts to improve its practice, ACS had not achieved compliance with certain requirements of the First Horizon Agreement, although progress had been made;

NOW, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel, and this Court THEREFORE ORDERS, as follows:

1. The City has voluntarily agreed to extend its agreement with the Monitor until June 30, 2023, and has entered into the attached agreement ("Second Horizon Agreement"), which includes certain modifications to the First Horizon Agreement.  During the term of the Second Horizon Agreement, the Monitor will file with the Court two public reports describing the actions ACS has undertaken to implement the requirements of the Second Horizon Agreement and assessing ACS' good faith and the extent to which ACS has complied with these requirements, applying the standard for Compliance set forth in the Second Horizon Agreement.  In addition, pursuant to the Second Horizon Agreement, ACS shall continue to consult with the Monitor and his team of experts who will, as necessary, provide technical assistance with respect to the implementation of the Second Horizon Agreement's requirements and the adoption of best practices in the field of juvenile justice.

2. During the duration of the Second Horizon Agreement, which shall end when the Monitor files his second and final report under the Second Horizon Agreement, the Monitor shall not assess compliance with the Consent Judgment with respect to Adolescent Offenders and the Plaintiff Class and the United States shall not seek judicial action to enforce the Consent Judgment with respect to Adolescent Offenders.

3. In the event that the Monitor finds that the City and ACS have made "diligent and good faith efforts" to implement the requirements of the Second Horizon Agreement after giving "due consideration to the totality of the circumstances" as detailed in Paragraph 5(c) of the Second Horizon Agreement, and are in Compliance with the requirements set forth in Paragraphs 2(a)-(f) of the Second Horizon Agreement during the final reporting period referenced in the Second Horizon Agreement (i.e., January 1, 2023 through June 30, 2023), the Plaintiff Class, the United States, and the City shall file with the Court a stipulation and proposed Order stating that the Consent Judgment shall not apply to Adolescent Offenders going forward. The stipulation and proposed Order shall be filed with the Court within 30 days of the issuance of the final report filed by the Monitor.

4. If the event that Monitor finds that the City and ACS are not in Compliance with any of the requirements of the Second Horizon Agreement set forth in Paragraphs 2(a)-(f),  during the final reporting period, the parties and the Monitor shall meet and confer within 30 days of the issuance of the final report to discuss whether the Second Horizon Agreement, or portions of the Second Horizon Agreement, should be extended or modified, or whether other steps should be taken to address areas that are not in Compliance.  The parties shall make a good faith effort to reach an agreement.  Nothing said by any party or counsel for any party during any and all meetings held pursuant to this Paragraph may be used by any

party in subsequent litigation in this or any other lawsuit.  If the parties do not reach an agreement within 45 days of the issuance of the final report, the parties may petition the Court for a conference and reserve their right to seek any relief from the Court.  Nothing in this Stipulation shall be construed as a waiver of any party's right to take any position with respect to the extent to which the Consent Judgment applies to Adolescent Offenders at the Court conference or thereafter.

5. Nothing in this Stipulation shall be construed to impact the applicability of the Consent Judgment to any Plaintiff Class member who is not an Adolescent Offender.

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   _____
        JEFFREY K. POWELL
        LARA K. ESHKENAZI
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, NY  10007
        Telephone: (212) 637-2706/2758
        Email: Jeffrey.Powell@usdoj.gov
                 Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By:   _____
        MARY LYNNE WERLWAS
        DAVID BILLINGSLEY
        KATHERINE HAAS
        KAYLA SIMPSON
        199 Water Street, 6th Floor
        New York, New York  10038
        Telephone: (212) 577-3530
        Email:    mlwerlwas@legal-aid.org
                    dbillingsley@legal-aid.org
                    khaas@legal-aid.org
                    ksimpson@legal-aid.org

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____

      JEFFREY K. POWELL
      LARA K. ESHKENAZI
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, NY  10007
      Telephone: (212) 637-2706/2758
      Email: Jeffrey.Powell@usdoj.gov
             Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: /s/ Mary Lynne Werlwas
      MARY LYNNE WERLWAS
      DAVID BILLINGSLEY
      KATHERINE HAAS
      KAYLA SIMPSON
      199 Water Street, 6th Floor
      New York, New York  10038
      Telephone: (212) 577-3530
      Email:   mlwerlwas@legal-aid.org
             dbillingsley@legal-aid.org
             khaas@legal-aid.org
             ksimpson@legal-aid.org

EMERY CELLI BRINCKERHOFF & ABADY LLP

By:  /s/ Debra L. Greenberger
     JONATHAN S. ABADY
     DEBRA L GREENBERGER
     NAIRUBY BECKLES
     SANA MAYAT
     600 Fifth Avenue, 10th Floor
     New York, NY  10020
     Telephone:  (212) 763-5000
     Email:    jabady@ecbawm.com
              dgreenberger@eecbawm.com
              nbeckles@ecbawm.com
              smayat@ecbawm.com

FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION:

SYLVIA O. HINDS-RADIX
Corporation Counsel for the City of New York

By: _____
SHERYL R. NEUFELD
100 Church Street
New York, New York  10007
Telephone: (212) 356-2207
Email:  sneufeld@law.nyc.gov

SO ORDERED this _third_ day of _____ February , 2023

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

7