

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
www.legal-aid.org

*Alan Levine*
*President*

Justine M. Luongo
*Attorney-in-Chief*
*Criminal Defense Practice*

Twyla Carter
*Attorney-in-Chief*
*Chief Executive Officer*

Mary Lynne Werlwas
*Project Director*
Prisoners' Rights Project

<u>Via ECF</u>

May 26, 2023

The Honorable Laura Taylor Swain
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10038

      Re: *Nuñez v. City of New York*, 11 Civ. 5845 (LTS)

Your Honor:

Counsel for the Plaintiff Class writes to request a conference with Your Honor to address the horrific facts described in the Monitor's Special Report of May 26, 2023 (Dkt. No. 533). The severity of injuries that Class Members have sustained, both at the hands of Department of Correction (DOC) staff and otherwise, since the April 27 status conference with Your Honor, and the circumstances in which these injuries are occurring in intake units or specially monitored housing, mark yet another material deterioration in safety in the jails.

These incidents are each major tragedies in themselves. Even more troublingly, they involve the same core of dangerous deficiencies identified time and again in this case: excessive force by emergency response teams, violence and unacceptable staff conduct in intake, indifference to incarcerated people in clear distress, concerning responses to self-harm, failure to adequately report and document serious incidents, and a disturbing lack of transparency by this administration, which only provided additional information when facts became public.

While we appreciate the Monitoring Team's Special Report and their initiative to report these matters promptly to the Court, we believe the circumstances are sufficiently perilous—and the concerns about DOC leadership's responses sufficiently serious—that the City must provide an accounting to the parties and the Court immediately. That account must include an explanation of why the City did not appropriately document these incidents as they occurred, and a report of corrective action taken, and when, in response.  Pursuant to Section XIX(8) of the Consent Judgment, the Plaintiff Class have asked the Monitor and City to provide us with relevant information relating to the five incidents described in the Report (Dkt. 533 at 2-11), including:

1. Date, time, and housing unit of the incident;
2. Housing unit designation (i.e. cell or dorm; GP, ESH, MO, PACE, CAPS);
3. Any applicable video of the incident;
4. The completed Use of Force Review (known previously as Rapid Review);
5. Related CODs, Injury to Inmate Reports, UOF Reports, and any other relevant paperwork;

6. What, if any, immediate corrective action was taken, involving how many DOC staff and their ranks, and when;
    a. The name of the supervisor who provided any corrective interview or reprimand;
    b. If a suspension was imposed, the length of the suspension; and
7. The status of the Intake Investigation into the incident and, if completed, the outcome.

We further asked the City to update us as additional actions are taken, such as completion of Full ID investigations; referrals to law enforcement; or filing of Command Discipline or MOCs.

At the most recent conference before this Court, counsel for the City lauded the so-called "objective, measurable, and striking success" achieved by the Department, and promised that "it's only the beginning of even more striking improvements." Transcript, Apr. 27, 2023 Conference, at 14-15. The events described in the Monitor's Special Report belie this claim. Rather than "even more striking improvements," we are instead seeing the violent dysfunction that has been targeted by this Court's orders for many years and continues to cause severe harm to the Plaintiff Class.

The culture of impunity and violence in New York City jails persists unabated and will continue to do so until an authority independent of the City is permitted to intervene and do what the City cannot or will not do to address this ongoing catastrophe.  The Commissioner's response to these incidents, as relayed by the Monitor, indicates that the Commissioner does not believe that DOC has done anything wrong. Further, DOC's failure to generate records of significant incidents such as these suggests DOC's approach to reform may be to avoid acknowledging that uses of force and violence continue to occur. The Commissioner's apparent view that the Monitor's concerns are not significant makes clear why the authority to implement reforms should be taken out of the City's hands and placed with an actor that appreciates the gravity of the situation and will make appropriate decisions.

Defendants continue to maintain that the current process is sufficient—and so we ask that Your Honor schedule a conference so that the City can explain to the Court, the Plaintiff Class who is experiencing ongoing harm, and the public how it has addressed these violent incidents and will prevent further catastrophes.

Respectfully submitted,

/s/
Mary Lynne Werlwas
Kayla Simpson
Katherine Haas

THE LEGAL AID SOCIETY
PRISONERS' RIGHTS PROJECT

Counsel for Plaintiff Class

/s/
Debra L. Greenberger
Jonathan Abady
Vasudha Talla
Sana Mayat

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

Counsel for Plaintiff Class