**OFFICE OF THE MONITOR**
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

Steve J. Martin
Monitor

Anna E. Friedberg
Deputy Monitor

1+1 646 895 6567 | afriedberg@tillidgroup.com

May 31, 2023

**VIA ECF**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Chief Judge Swain,

The Monitoring Team writes to advise the Court of additional material information regarding Incident # 4[1] outlined in the Monitor's May 26, 2023 Special Report (dkt. entry 533). Prior to filing this instant letter, the Monitoring Team erroneously re-filed the First Monitor's Report originally filed with the Court on May 31, 2016 (dkt. entry 536). We apologize for the error and confusion.

The Monitoring Team writes this letter to unfortunately, and sadly, advise the Court that the individual involved in Incident # 4 has died. The Department's General Counsel reported to the Monitoring Team yesterday that the individual died after he was compassionately released on May 24, 2023. As part of the General Counsel's briefing to the Monitoring Team, he advised that an autopsy revealed the individual died as a result of a fractured skull, in stark contrast to the headache or "non-incident related condition or injury" that was reported in the unit logbook. The General Counsel further advised that the Department is unsure how the individual obtained the

---

[1] *See* Monitor's May 26, 2023 Special Report at pages 8 to 9.

fatal injury. The General Counsel reported that the individual was involved in a fight with other incarcerated individuals over a month ago (mid-April 2023) in which there is video, but no reported injuries. The Department does not have any other internal reports regarding this individual or potential injuries he may have suffered while incarcerated. The Monitoring Team is aware of public reporting[2] that contains additional alleged facts and information related to this incident, but the Department's information provided to the Monitoring Team is limited to what is included in this letter and the Monitor's May 26, 2023 Special Report at pages 8 to 9. The General Counsel reports that the Department has now opened an investigation regarding this incident and the investigation is being conducted by the Special Investigation Unit. In light of this new information, the Monitoring Team made additional requests for information to the Department yesterday afternoon that are pending.

This serious and disturbing update only reinforces the Monitoring Team's concerns about the management of this individual, any potential underlying incident(s) he may have been involved in, and any potential reporting irregularities or failures that may or may not have occurred. Further, it remains unclear how the Commissioner could have concluded in his letter to the Monitor dated May 26, 2023 that there was no departmental wrong doing related to this incident, including that there is no evidence that anyone "submitted a false report or attempted to cover up wrongdoing," and that, more generally, this incident (and the others outlined in the Monitor's May 26, 2023 Special Report) did not raise serious questions regarding security, supervision, and management of individuals in custody. The new information also further belies the Commissioner's claim that the Monitoring Team's concerns regarding this incident and

---

[2] *See* Jan Ransom and Jonah E. Bromwich, Tracking the Deaths in New York City's Jail System, THE NEW YORK TIMES, https://www.nytimes.com/article/rikers-deaths-jail.html.

incidents # 2 and # 3 amount to "hyperbole." There is no question that investigation of this incident is necessary and that the Commissioner's conclusions about this incident reported to the Monitoring Team are premature, at best.

As for the Monitoring Team's work with the Parties since filing the Monitor's May 26, 2023 Special Report, the Monitoring Team communicated numerous times with the Parties over the weekend and early this week. In response to requests for information from the representatives of the Plaintiff Class and the counsel for the Southern District of New York, the Monitoring Team has shared the communications referenced in the Monitor's May 26, 2023 Special Report as well as relevant information related to the five incidents outlined by counsel for the Plaintiff Class in their May 26, 2023 letter (dkt. entry 534).[3] Further, the Department of Investigation has requested, and the Monitoring Team has provided, relevant information regarding the five incidents outlined in the Monitor's May 26, 2023 Special Report.

The Monitoring Team will continue to keep the Court apprised of these matters and will also file an additional report on June 8, 2023 as directed by the Court in its May 31, 2023 order (dkt. entry 535).

---

[3] With respect to producing relevant paperwork and video related to the five incidents in the Monitor's May 26, 2023 Special Report, the Monitoring Team prepared the materials for production pursuant to Consent Judgment § XX, ¶ 10. Pursuant to the Consent Judgment, the Monitoring Team may not produce any privileged information absent Defendants' consent. Accordingly, the Monitoring Team has requested that Defendants advise the Monitoring Team if they intend to exert privilege over any of these materials. To the extent that Defendants exert privilege over these materials, the Monitoring Team has recommended that they consent to production of these materials given the exigent circumstances and limited scope of the request. This is the first time since the inception of the Consent Judgment that the Monitoring Team has made such a recommendation and the recommendation reflects the special circumstances. Defendants have reported they will advise the Monitoring Team of their position by the end of the day, May 31, 2023.

We appreciate the Court's attention to this matter.

Sincerely,

s/ Steve J. Martin
Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*