

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Alan H. Scheiner
Senior Counsel
Desk: 212-356-2344
ascheine@law.nyc.gov

June 2, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Nunez, et al. v. City of New York et al,* 11-cv-5845 (LTS)

Your Honor:

   I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York (the "City"), and one of the attorneys assigned to the defense of the above-referenced matters. The City writes to respectfully request that the Court enter the enclosed proposed order directing NYC Health and Hospitals Corporation ("HHC") to provide the City with hospital records of the five individuals who are the subject of the Monitor's Special Report filed on May 26, 2023. (Docket Entry No. 533).

   On May 26, 2023, the Monitor filed a Special Report that detailed five incidents in Department of Corrections facilities ("Special Report"). On May 31, 2023, the Court issued an order directing Defendants to provide the Monitoring Team with a status report by June 5, 2023 (the "May 31, 2023 Order"). (Docket Entry no. 535). The Court ordered Defendants to include in the report "'any outstanding information . . . regarding Incidents # 1 to #5 outlined in the [Special Report]' (Docket Entry no. 533 at 20) and, consistent with Consent Judgment section XIX, paragraph 8, the information enumerated in Plaintiffs' May 26, 2023, letter (Docket Entry no. 534 at 1-2) for each of the five incidents, including: … [r]ecords relevant to determining the details of each incident, including applicable video of the incident and documentation of the medical assessment and/or treatment of each individual who was harmed in the incident." (Id.).

   HHC is in possession of treatment records that would be responsive to the Court's May 31, 2023 Order if they were in the possession, custody and control of the City. However, because HHC is a separate legal entity from the City and not controlled by the City. *See* NY CLS Unconsol, Ch. 214-A, § 4 (creating "New York City Health and Hospitals Corporation" as a "public benefit corporation"); *see also* Randolph v. New York, 69 N.Y.2d 844, 847 (1987) ("[The

City] is an entity separate and distinct from the [HHC]."). Additionally, because HHC is a separate legal entity from the City and HHC is not a party to this action, HHC is not subject to any of the Court's prior orders.  Therefore, HHC cannot provide confidential medical records of its patients which are protected by various federal and state medical privacy statutes, absent permission of the patients or a court order.  HHC is aware of the contents of the enclosed proposed order and consents to entry of the Order

Accordingly, in order to allow the Monitor to have access to medical information relevant to the subject-matter of the May 31, 2023 Order, the City respectfully requests the Court enter the enclosed order directing HHC to provide relevant hospital records to the City for production to the Monitor, under strict confidentiality protections.

The City thanks the Court for its attention to this matter.

Sincerely,

*Alan H. Scheiner* /s/

Alan H. Scheiner

Encl.

cc: (via email and ECF): (all counsel and the Monitoring Team)