UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK NUNEZ, *et al.*,

                *Plaintiffs*,

-against-

THE CITY OF NEW YORK, et al.,

                *Defendants.*

**ORDER REGARDING ACCESS TO PROTECTED HEALTH INFORMATION**

11 Civ. 5845 (LTS)(JCF)

**WHEREAS**, on May 31, 2023, the Court ordered Defendants to provide the Monitoring Team certain information by June 5 2023, which "shall contain 'any outstanding information . . . regarding Incidents # 1 to #5 outlined in the [Special Report]' (Docket Entry no. 533 at 20) and, consistent with Consent Judgment section XIX, paragraph 8, the information enumerated in Plaintiffs' May 26, 2023, letter (Docket Entry no. 534 at 1-2) for each of the five incidents, including: . . . documentation of the medical assessment and/or treatment of each individual who was harmed in the incident" (the "May 31, 2023 Order");

**WHEREAS**, some of the information that the Court ordered Defendants to include in its status report would encompass confidential medical information maintained by NYC Health + Hospitals ("HHC") at the following hospitals: NYC Health + Hospitals, Bellevue NYC Health + Hospitals Lincoln, and/or NYC Health + Hospitals/Elmhurst, if that material were in the possession custody and control of the City of New York (the "City");

**WHEREAS**, HHC is a separate legal entity from the City and is not a party to this action nor otherwise bound by the Court's prior orders, and its records are not within the possession, custody or control of the City;

**WHEREAS**, pursuant to various federal and state privacy statutes, HHC cannot release the confidential medical information to the City or others absent a release from the affected persons or a court order expressly permitting HHC to make such disclosure;

**WHEREAS,** disclosure of medical information to the City and the Monitoring Team is necessary to further the purposes of the Court's May 31, 2023 Order;

**WHEREAS**, the Court finds that pursuant to New York Mental Hygiene Law 33.13(c)1 and other laws that the interests of justice significantly outweigh the need for confidentiality pertaining to such confidential information; and

**NOW, THEREFORE, IT IS HEREBY ORDERED** that non-party HHC may disclose to the City the medical diagnosis and treatment records from the most recent hospital admission of each of the five individuals who are the subjects of the five incidents that are the subject of the Monitor's Special Report and the May 31, 2023 Order, and, solely with respect to the individual involved in "Incident No. 2" in the Monitor's Special Report, any mental health treatment records of such individual (collectively, the "Medical Records");

**IT IS FURTHER ORDERED** that this Order shall allow the exchange and use of the Medical Records solely as specified herein and solely for the purposes of this action, even if the Medical Records may otherwise be protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C.A. § 1320-d, and regulations pursuant thereto; 7 CRR-NY § 5.24 & tit. 9 § 7033.6; New York City Board of Correction Minimum Standard§ 3-08, 40 RCNY § 3-08; New York Mental Hygiene Law§ 33.13; New York Civil Practice Law and Rules § 4504; and other federal, state and municipal law; and

**IT IS FURTHER ORDERED** that use or redisclosure of the Medical Records, or the facts and other information contained in the Medical Records, to any other individual or entity other than as expressly specified in this Order, shall be prohibited, and

**IT IS FURTHER ORDERED** that the City shall disclose to the Monitoring Team the Medical Records provided to the City pursuant to this Order:

**IT IS FURTHER ORDERED** that the City shall be permitted to share with City agencies, including the Department of Correction and the NYC Law Department, the Medical Records or the facts and information contained in the Medical Records, solely as necessary for the purposes of this action,

**IT IS FURTHER ORDERED** that to the extent that the Medical Records, or the facts or information contained in the Medical Records, are provided to the Court, such documents or information shall be submitted to the Court *under seal*, not available to the public or non-filing parties, absent further order of this Court;

**IT IS FURTHER ORDERED** that this Order is without prejudice to any party seeking further relief related to the Medical Records or other medical information, as may be necessary for the purposes of this action.

**SO ORDERED.**

Dated: June 2, 2023
      New York, New York

                                          Hon. Laura Taylor Swain
                                          Chief United States District Judge