

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Alan H. Scheiner**<br>**Senior Counsel**<br>**Desk: 212-356-2344**<br>ascheine@law.nyc.gov |

June 12, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *Nunez, et al. v.  City of New York et al,* 11-cv-5845 (LTS)

Dear Chief Judge Swain:

    I am an attorney in the office of the Corporation Counsel of the City of New York (the "City"), Hon. Sylvia O Hinds-Radix, assigned to represent the City in this matter.  I write to address the entry of a Court Order in the form proposed by the Monitor (appended to his June 12, 2023 (Dkt No. 544) letter as Exhibit B).

    While Defendants appreciate the Monitor's modification of the Order which had been proposed on June 8, 2023 to address a few logistical matters identified by Defendants, Defendants cannot consent to entry of this order insofar as it limits the ability of the Commissioner of the Department of Correction to have unfettered discretion with regard to selection of staff and communication with staff.

    The Order proposed by the Monitoring Team limits this discretion in two key ways. First, the Order as proposed dictates that certain communications with respect to obligations under the *Nunez* Court Orders be made to Department staff only after having been approved by the Monitor (see Proposed Order, Paragraph 1).  Second, the proposed Order would require that the Monitor have authority over selection of individuals to fill the position of *Nunez* Manager (see Proposed Order, Paragraph 7).  As this position will be filled by a City employee, the Commissioner must have the unfettered ability to select the people who are qualified to fulfill these responsibilities. Moreover, as the proposed Order requires the *Nunez* Manager to, among other things "coordinate the Department's responses to requests from the Monitor, and ensure that any recommendations or feedback provided by the Monitor concerning requirements or areas covered by the *Nunez* Court

Orders are timely conveyed to the appropriate and relevant Department Personnel," there is no need for any separate communication contemplated by paragraph 1 of the proposed Order.

      Thus, to the extent the Court determines that entry of an order is appropriate at this time, Defendants respectfully submit that that the Court enter such order without the above-referenced limits on the Commissioner's discretion.  Attached hereto is a redlined version of the Monitor's July 12, 2023 proposed Order reflecting these changes, as well as one minor typographical error in paragraph 2 [Exhibit 1].  A clean copy is also provided [Exhibit 2].

      We thank the Court for its consideration of this matter.

                                              Respectfully submitted,

                                              *Alan H. Scheiner* /s/

                                              Alan H. Scheiner
                                              Senior Counsel

cc:      BY ECF
           *All counsel of record*