# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK NUNEZ, et al.,

Plaintiffs,

- against -

CITY OF NEW YORK, et al.,

Defendants.

**11 Civ. 5845 (LTS)(JCF)**

UNITED STATES OF AMERICA,

Plaintiff-Intervenor,

- against -

CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF CORRECTION,

Defendants.

**[PROPOSED] ORDER**

**I. Monitor's Access to Information**

~~1. Communicate Obligations Under the *Nunez* Court Orders[1] to All Department Leadership and Staff: Within 7 days of this Order:~~

~~a. All Department leadership and staff must be advised that they must engage with the Monitor and must be candid, transparent, forthright, and accurate in their communications with the Monitor. This communication must be approved by the Monitor prior to its dissemination. Within 14 days of this Order, the Department must provide the Monitor with verification that this communication was provided to all Department leadership and staff.~~

Formatted: Font: (Default) Times New Roman, 12 pt

Formatted

~~2.~~ 1. Notification of Deaths In-Custody and Compassionate Releases in 2023: Within 10 days of this Order, the Department shall advise the Monitor of all available information regarding individuals who have: (a) died in custody or (b) were compassionately released between January 1, 2023, and the date of this Order. At a minimum, to the extent it has not already been provided, the Department shall advise the Monitor of the name of each individual, the date and time of death or compassionate release, any report to the Central Operations Desk regarding ~~the~~ either the death or compassionate release, the cause and circumstances surrounding the event, and current investigative findings. Any additional information the Monitor may request about these incidents, to the extent available, shall be provided by the Department to the Monitor within 5 business days of the request.

~~[1] The *Nunez* Court Orders, include, but are not limited to the Consent Judgment (dkt.249), the First Remedial Order (dkt. 350), the Second Remedial Order (dkt. 398), the Third Remedial Order (dkt. 424), the Action Plan (dkt. 465) and any other relevant Orders issued by this court in the matter prior to the issuance of this Order and any Order in the future.~~

3. 2. Immediate Notification to the Monitor of Serious Events: As of the date of this Order, the Department must advise the Monitor of any individual who: (a) dies in custody, (b) sustains a serious injury or serious condition that requires admission to a hospital, or (c) is compassionately released. An initial report of the death in custody or compassionate release must occur as soon as practical, but no later than 24 hours after it occurred. An initial report of an individual who has been hospitalized due to a serious injury or serious condition shall be made as soon as practicable but no later than 24 hours after the Department is informed by the Correctional Health Service or the treating hospital of such serious injury or serious condition. The Department shall provide the Monitor with all available information at the time of the report including any report to the Central Operations Desk regarding the event; the circumstances (to extent known) that resulted in or preceded the death, hospital admission, or compassionate release; any immediate corrective action taken and any initial investigative findings. The Department shall timely provide the Monitor with any additional information regarding the circumstances and causes of the incident as it becomes available. Any video, or other information, relating to such incidents shall be made available to the Monitor upon request.

4. 3. Produce Timely, Accurate and Reliable Information to the Monitor: The Department shall promptly, and no later than within 10 business days of a request, respond to any request by the Monitor for information that the Monitor requests to fulfill his responsibilities[2] under the *Nunez* Court Orders. In that response the Department shall

[2] The Monitor's responsibilities are any and all of those requirements enumerated in the *Nunez* Court Orders, including, but not limited to, his responsibility to evaluate and report to the Court on the Department's efforts to implement any requirements of the *Nunez* Court Orders, assess the Department's compliance with the requirements of the *Nunez* Court Orders, as well as his responsibility to consult on

provide the Monitor with any available information, and if any information is not yet available the Department shall report its efforts to gather the requested information, the status of those efforts, and provide the information no later than 30 days after the request was made. To the extent the Department has a good faith basis to claim the requested information cannot be provided within 30 days, it shall seek approval from the Monitor for an extension, no later than 21 business days after the request was made, to provide the information at a reasonable date certain. In the event that the Monitor determines that he needs the requested information to be provided on a more expedited timeline in order to fulfill his responsibilities under the *Nunez* Court Orders, the Department shall make all reasonable efforts to provide the information on an expedited timeframe. The Department shall take all reasonable steps to ensure that the information provided to the Monitor is complete, responsive, and accurate, based on the information available at the time of the response.

5.4. Engage in Proactive Communications with the Monitor Related to the *Nunez* Court Orders: The Department shall proactively consult with the Monitor in advance of promulgating any new policies or procedures that relate to compliance with the *Nunez* Court Orders. The Department shall provide the Monitor reasonable notice and information of any such new policy and practice, at least three weeks prior to planned implementation, in order to afford the Monitor an opportunity to provide meaningful feedback and for the Department to consider and reasonably incorporate any feedback from the Monitor prior to implementing any new policy and practice.

---

the development of policies, procedures, and initiatives and to approve such policies, procedures and initiatives as required by the *Nunez* Court Orders.

~~6.~~5. Provide the Monitor with Unfettered Access to Department Leadership and Staff: The Monitor shall have unencumbered, direct access to communicate with and seek information from all Department leadership and staff to fulfill his responsibilities under the *Nunez* Court Orders. The Monitor shall be permitted to have confidential communications with Department leadership and staff outside the presence of other Department personnel.

~~7.~~6. Appoint *Nunez* Manager: Within 30 business days of the Order, the Department shall designate a senior official to serve as the Department's internal *Nunez* Manager. The *Nunez* Manager's responsibilities shall ~~be limited to~~include the areas covered by the *Nunez* Court Orders. The *Nunez* Manager shall serve as a point of contact for the Monitor, ensure that the Monitor timely receives the information he needs to fulfill his responsibilities under the *Nunez* Court Orders, coordinate the Department's responses to requests from the Monitor, and ensure that any recommendations or feedback provided by the Monitor concerning requirements or areas covered by the *Nunez* Court Orders are timely conveyed to the appropriate and relevant Department personnel. ~~Selection of the *Nunez* Manager, and any subsequent *Nunez* Manager in the event the individual selected leaves or is removed from the position, shall be subject to the approval of the Monitor.~~

a. The *Nunez* Manager shall have unfettered access to all Department records and information necessary to perform these responsibilities, and the City and Department shall provide the *Nunez* Manager with sufficient resources to allow them to perform these responsibilities.

~~8.~~ 7. Notification to the Court: The Monitor shall promptly notify the Court if he determines that the City or the Department are not complying with the requirements of Paragraphs I.1 – I.7 of this Order, or is otherwise not engaging with the Monitor or his team in a good faith manner.

## II. Department-Wide Remedial Steps to Address the Five Incidents Discussed in the May 26, 2023 Special Report

The Department shall produce a concrete and specific plan of action related to its stated intention to (1) promulgate a policy that people in custody should not remain unclothed for an extended period absent exigent circumstances, (2) consider installing a preventive barrier in the housing unit where the individual jumped from the top tier, (3) consider revising procedures to require that an incarcerated individual who is involved in a violent encounter should be seen at the clinic on an "urgent basis" under certain circumstances that are not currently specified in its Directive and (4)consider any subsequent or additional remedial measures that alter Department policy or procedure to address the issues identified during its review of the five incidents described in the Monitor's May 26, 2023 Report. This plan of action must include reasonable deadlines by which the Department will complete each task and identify the specific Department leaders and staff responsible for implementing these initiatives. The plan of action must be produced to the Monitor no later than June 27, 2023. The Monitor shall report to the Court on the sufficiency of the plan of action in its July 10, 2023 Report and identify whether additional remedial measures are necessary.

## III. Prioritize and Focus on Foundational Requirements of *Nunez* Court Order

The Action Plan, § G, ¶ 5(b) shall be modified to include the language in bold below:

*Modification to § G. ¶5(b) of the Action Plan - Compliance Assessment*: Given the Monitor's findings in the Monitor's March 16, 2022 Special Report, (pages 63 to 65), **the Monitor's October 27, 2022 Special Report, the Monitor's February 3, 2023 Special Report, the Monitor's April 3, 2023 Report, the Monitor's April 24, 2023 Status Report, the May 26, 2023 Special Report, and the Monitor's June 8, 2023 Special Report,** the Monitor's assignment of compliance ratings for each provision of the Consent Judgment (required by § XX, ¶ 18 of the Consent Judgment) and the First Remedial Order are suspended for the time period covering January 1, 2022 to **June 30, 2023**, except for those provisions incorporated into this Order and the provisions listed below (collectively "select group of provisions").

i. The Monitor shall assign compliance ratings, required by § XX, ¶ 18 of the Consent Judgment, for the following provisions from the Consent Judgment and the First Remedial Order:

   1. Consent Judgment § IV. (Use of Force Policy), ¶ 1;
   2. Consent Judgment § V. (Use of Force Reporting & Tracking), ¶¶ 2 & 22;
   3. Consent Judgment § VII. (Use of Force Investigations), ¶¶ 1 & 9(a);
   4. Consent Judgment § VIII. (Staff Discipline and Accountability), ¶¶ 1, 3(c) & 4;
   5. Consent Judgment § X. (Risk Management) ¶ 1;
   6. Consent Judgment § XII. (Screening and Assignment of Staff), ¶¶ 1 to 3;
   7. Consent Judgment § XV. (Safety and Supervision of Inmates Under the Age of 19), ¶ 1, 12 and 17;
   8. First Remedial Order § A. (Initiatives to Enhance Safe Custody Management, Improve Staff Supervision, and Reduce Unnecessary Use of Force), ¶¶ 1 to 4, & 6; and

9. First Remedial Order § C. (Timely, Appropriate, and Meaningful Staff Accountability), ¶¶ 1, 2, 4 & 5.

SO ORDERED this _____ day of _________________, 2023

_______________________________
LAURA TAYLOR SWAIN
Chief United States District Judge