**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARK NUNEZ, *et al.*,

                  *Plaintiffs*,

-against-

THE CITY OF NEW YORK, et al.,

                  *Defendants.*

**INTERIM PROTECTIVE ORDER**

11 Civ. 5845 (LTS)(JCF)

---

**WHEREAS**, on May 26, 2023, the Monitor issued a Special Report in which the Monitor detailed five incidents involving persons in custody ("PIC") at Department of Correction ("DOC") facilities (the "Monitor's Report");

**WHEREAS**, on May 31, 2023, the Court ordered Defendants to provide the Monitoring Team with a status report containing information regarding five incidents (the "City's Report"), as well as certain documents regarding the five incidents that were the subject of the Monitor's Report (the "May 31, 2023 Order");

**WHEREAS**, Defendant City of New York asserts that the five incidents are currently the subject of investigations by the New York City Department of Investigation ("DOI"), the New York State Attorney General's office, and/or the DOC;

**WHEREAS**, Defendants the City of New York ("City") and Department of Correction ("DOC") produced to the Monitor a City Report and documents pursuant to the May 31, 2023 Order (the "Produced Material"),

**WHEREAS**, on June 5, 2023, the Plaintiffs requested, pursuant to Consent Judgment, § XIX, ¶ 8 to receive the Produced Material;

**WHEREAS**, the City contends that the Produced Material and the information contained therein related to Incident No. 3 (as designated in the City's Report) are documents or information pertaining to the investigation of Incident No. 3, the release of which could compromise that investigation, such that the City Report, the documents, and the information contained there, are in whole or in part protected by the law enforcement privilege, and the City objected to production of the Produced Material related to Incident No. 3 to plaintiffs on that basis;

**WHEREAS**, Produced Material the Produced Material for each of the five incidents also contains confidential and protected health information and records that are protected by various state and federal privacy laws, including but not limited to the Health Insurance Portability and Accountability Act, New York Public Health Law § 18, New York Mental Hygiene Law § 33.13, and New York CPLR § 4504;

**WHEREAS**, the Court finds that pursuant to MHL § 33.13 (c)1 that the interests of justice significantly outweigh the need for confidentiality pertaining to such confidential information contained within the Produced Material;

**WHEREAS**, due to the privileged and confidential nature of the materials, Defendants objected to disclosure to the Plaintiffs of the Produced Materials pertaining to Incident No. 3 in its entirety and each of the five incidents insofar as they contain confidential and protected health information, pursuant to the Consent Decree (XX, No. 10), absent adequate confidentiality protections;

**WHEREAS**, on June 6, 2023, the Monitor provided the Plaintiffs with a copy of the City Report;

**WHEREAS**, the City has designated the Produced Materials pertaining to Incident No. 3 in its entirety and each of the five incidents insofar as they contain confidential and protected health information as "Confidential" pursuant to the Amended Protective Order (ECF No. 89) and requested, in addition, that Plaintiffs' counsel agree to treat such materials as "attorneys-eyes-only" prior to production of the Produced Materials to plaintiffs' counsel;

**WHEREAS**, Plaintiffs object in whole or in part to defendants' designation of the Produced Materials as "Confidential" and/or to the assertion of law enforcement privilege protection and/or the assertion of the privileged and confidential nature of the protected health information as to the Produced Materials;

**WHEREAS**, there is insufficient time before the conference on June 13, 2023 to resolve by negotiation or motion practice the parties' dispute regarding the confidential nature of specific portions of the Produced Materials;

**WHEREAS**, the entry of this interim protective order will permit the Monitor to expeditiously provide the Produced Materials to Plaintiffs' counsel, so that Plaintiffs may prepare for the June 13, 2023 conference, without the need for immediate resolution of disputes regarding the degree of protection required for particular portions of the Protected Materials;

**WHEREAS**, for the reasons set forth above, there is good cause for entry of the interim protective order set forth herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED,** that:

1. The Produced Materials and any information contained therein, pertaining to Incident No. 3 in its entirety and each of the five incidents insofar as they contain confidential and protected health information shall be deemed "Confidential – Attorneys-Eyes-Only material."

2. The attorneys receiving materials deemed "Confidential- Attorneys-Eyes-Only Material" shall not disclose those materials or the information contained within those materials to any person other than attorneys' representing the parties in this action, the agents of such attorneys (including their staff), the Monitor (and his staff), or the Court in a sealed filing;

3. All materials designated as "Confidential-Attorneys Eyes Only" shall also be treated as "Confidential" pursuant to the Amended Protective Order (ECF No. 89), subject to the additional restrictions set forth in paragraph "2" above;

4. The parties shall meet and confer regarding the confidential treatment of the Produced Materials by July 7, 2023, and to the extent that the parties have not resolved any disagreements on that subject the plaintiffs shall promptly submit such disagreements to the Court for resolution, as provided for in the Amended Protective Order. Nothing herein precludes plaintiffs from seeking relief at an earlier time.

**AND, IT IS FURTHER ORDERED THAT,** the Court's prior Order Regarding the production of Protected Health Information to the Monitor by non-party NYC Health + Hospitals (ECF No. 540) (the "H+H Order") is hereby **AMENDED** to permit disclosure by the City and the Monitor of such medical records that are governed by the H+H Order, consistent with the terms of this Order. All other aspects of the H+H Order, including the prohibition on the use or redisclosure of the Protected Health Information remain in effect.

**SO ORDERED.**

Dated: June 13, 2023
New York, New York

Hon. Laura Taylor Swain
Chief United States District Judge