UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

MARK NUNEZ et al.,

            Plaintiffs,

    -v-                                No.  11-CV-5845-LTS

N.Y.C. DEPARTMENT OF CORRECTION et al.,

            Defendants.

--------------------------------------------------------x

ORDER

       The Court has reviewed the Special Report by the Nunez Independent Monitor dated July 10, 2023.  (Docket entry no. 557 (the "July 10, 2023, Special Report" or the "Report").)  One purpose of the Report was to provide the neutral and independent Monitor's Assessment of Compliance, as required by section G, paragraph 6 of the Action Plan.  (Docket entry no. 465 (the "Action Plan").)  Pursuant to this requirement, the Monitor reported his conclusion that the City of New York (the "City") and the N.Y.C. Department of Correction (the "Department") "have not made substantial and demonstrable progress in implementing the reforms, initiatives, plans, systems, and practices outlined in the Action Plan."  (Report at 173.)  The Monitor also determined "there has not been a substantial reduction in the risk of harm currently facing incarcerated individuals and Department staff."  (Id.)

       The Report highlights myriad examples of apparent noncompliance by the City and the Department with the Consent Judgment (docket entry no. 249) and numerous further implementation orders entered by the Court.  Specifically, the Report raises concerns relating to the Defendants' continued failures to collaborate with the Monitoring Team, to improve policies

and practices to make the Rikers Island jails safer, and to otherwise address the dangerous

conditions that perpetually plague the jails and imperil those who are confined and who work

there.  These concerns raise questions as to whether Defendants are capable of safe and proper

management of the jails.  Indeed, these issues are serious, urgent, and call for specific responses

and prompt, effective action by Defendants.  The Court hereby orders that Defendants respond to

the Report in advance of the upcoming August 10, 2023, conference as follows:

- Defendants must provide the Monitoring Team, Plaintiffs' counsel, and the Office of the United States Attorney with a detailed outline of what steps, if any, the Department plans to take to address the findings in the July 10, 2023, Special Report, as they relate to (1) security and harm (Report at 12-68) and (2) leadership, supervision, and training (id. at 69-88).  Defendants are to make these disclosures **in the Court-ordered meet-and-confer process scheduled to take place prior to the upcoming status conference on August 10, 2023** (see docket entry no. 554 at 90:16-91:8); and

- Defendants must advise the Monitoring Team, **no later than July 31, 2023**, of what steps they are taking to comply with paragraph 5 of the Court's June 13, 2023, Order (docket entry no. 550) in light of the July 10, 2023, Special Report findings regarding (1) "Recent Issues regarding Consultation and Collaboration" (Report at 165), and (2) the Department's failure to consult with the Monitoring Team on recently-implemented use of force polices related to court refusals (id. at 16-17) and three-point restraints (id. at 16-17, 124-26).

    In addition, the Parties must advise the Monitoring Team of their respective

positions regarding the Monitoring Team's Proposed Order (Report at Appendix E) **during the**

**Court-ordered meet and confer process scheduled to take place prior to the upcoming**

**status conference on August 10, 2023** (see docket entry no. 554 at 90:16-91:8).  The

Monitoring Team must include the Parties' respective positions on the Proposed Order **in their written pre-conference submission to the Court, which is due on August 7, 2023**.

      SO ORDERED.

Dated: New York, New York
      July 18, 2023

                  /s/ Laura Taylor Swain
                 LAURA TAYLOR SWAIN
                 United States District Judge