

THE CITY OF NEW YORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Alan H. Scheiner
Senior Counsel
Desk: 212-356-3544
ascheine@law.nyc.gov

August 31, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Nunez, et al. v. City of New York et al,* 11-cv-5845 (LTS)

Your Honor:

  I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York (the "City"), and one of the attorneys assigned to the defense of the above-referenced matters. I write to respectfully request that the Court enter the enclosed proposed Order to govern the confidential disclosure of certain medical information to a retained consultant, to facilitate the City's compliance with Paragraph 14 of the Court's August 10, 2023, Order, (Dkt. No. 564) (hereinafter, the "August 10th Order").

  The City and the New York City Department of Correction ("DOC") have retained—with the Monitor's approval—Dr. Timothy Belavich as a consultant to conduct an External Assessment of Procedures for Preventing and Responding to Self-harm (hereinafter, "the Assessment"), in accord with the requirements of Paragraph 14 of the August 10th Order. The City respectfully requests that the Court enter the enclosed proposed order directing NYC Health and Hospitals Corporation ("H+H") and Correctional Health Services ("CHS")[1] to provide Dr. Belavich with medical information and records, including mental health information, of individuals in DOC custody for any period on or after January 1, 2022 (hereinafter, "Medical Records") as he requests, to allow him to undertake the Assessment as ordered by this Court.

  The Court entered the August 10th Order requiring the City to undertake certain remedial steps by December 31, 2023. Those remedial measures include allowing Dr. Belavich to assess DOC's self-harm incident response procedures along five parameters. *See* August 10th Order

---

[1] CHS is a division of H+H. CHS provides health care to persons in custody pursuant to a Memorandum of Understanding between H+H and the City dated August 6, 2015.

at ¶ I.14. In order to do so, Dr. Belavich requires access to Medical Records of persons in custody. H+H and CHS maintain such records.

To comply with Section I, Paragraph 14 of the August 10th Order, the City respectfully requests that the Court enter the enclosed proposed order directing H+H and CHS to provide Dr. Belavich access to the relevant Medical Records so that Dr. Belavich may conduct his Assessment. H+H and CHS are aware of the enclosed proposed order and consent to its entry.

The defendants also shared the proposed order with plaintiffs' counsel, and made certain changes in accord with their comments. However, the Legal Aid Society maintains an objection to the Order, which they asked the City to state as follows:

> Plaintiffs object to this Proposed Order allowing disclosure of any class members' mental health and medical records to Defendants for their use defending this litigation. Plaintiffs agreed to the disclosure of records to Dr. Belavich as needed for preparation of the suicide prevention analysis ordered by the Court on August 10, 2023, but asked Defendants to confirm that disclosure would be limited to this purpose and records would not be used or disclosed for litigation. The City did not agree, as it had retained Dr. Belavich as its consultant prior to the Court's order, and reserves the right to use him as a witness or expert. This permits too broad of disclosure of Plaintiffs' health records without limitation, for purposes directly adverse to them. We cannot consent.

Defendants contend that Legal Aid's objection to the order is without basis. The records are being provided to Dr. Belavich for use in preparing a Court-ordered report which could be used as evidence against the City at later stages of this proceeding. The records are essential for that purpose. On a confidential basis, the records would necessarily be available to Dr. Belavich, the Monitor, and plaintiffs' counsel, for potential use in this case. Due process and fundamental fairness requires that the City have equivalent confidential access to those records, and an equal right to use the records to evaluate Dr. Belavich's report or to otherwise represent the defendants' interests in this proceeding. Moreover, defendants do not read the Court's August 10th Order to preclude the City from using Dr. Belavich, who was retained by the City with the Monitor's approval prior to the August 10th Order, as a witness in this case.

The City thanks the Court for its attention to this matter.

Sincerely,

*Alan H. Scheiner* /s/
Alan Scheiner

Encl.

cc: All Counsel (via ECF)