**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARK NUNEZ*, et al.,*

                *Plaintiffs,*

      -against-

THE CITY OF NEW YORK, et al.,

                *Defendants.*

**[Proposed] ORDER REGARDING**
**ACCESS TO MEDICAL RECORDS**

11 Civ. 5845 (LTS)(JCF)

---

**WHEREAS**, the Court's Order dated August 10, 2023, directs that the City of New York and New York City Department of Correction ("DOC") shall authorize, and DOC and NYC Health + Hospitals/Correctional Health Services ("CHS") shall engage, a consultant (and any necessary staff) who is a qualified expert in the prevention and response to self-harm in correctional settings to conduct an External Assessment of Procedures for Preventing and Responding to Self-Harm (the "Assessment");

**WHEREAS**, DOC has retained, and the Monitor has approved, Dr. Timothy Belavich as a consultant to conduct the Assessment;

**WHEREAS**, Dr. Belavich requires access to medical information and records, including mental health information, of individuals in DOC custody for any period on or after January 1, 2022 (collectively "Medical Records") in order to conduct said Assessment;

**WHEREAS**, CHS maintains such Medical Records;

**WHEREAS**, the mental health information contained within such Medical Records is subject to heightened protection under New York Mental Hygiene Law § 33.13;

**WHEREAS**, the Medical Records may also contain sensitive information such as HIV- and AIDS-related information, as defined under New York Public Health Law Article 27-F, substance use disorder treatment information, as defined under 42 U.S.C. § 290dd-2 and 42 CFR Part 2, and genetic testing information as defined under New York Civil Rights Law §79-L (collectively "Sensitive Information");

**WHEREAS**, such Sensitive Information is subject to heightened confidentiality protections under state and federal law;

**WHEREAS**, pursuant to New York Mental Hygiene Law § 33.13(c)(1), the Court finds that the interests of justice significantly outweigh the need for confidentiality of the mental health information that may be contained in the Medical Records;

**NOW**, **THEREFORE**, **IT IS HEREBY ORDERED** that pursuant to New York Mental Hygiene Law § 33.13(c)(1), CHS shall disclose to Dr. Belavich the Medical Records that he requests subject to the conditions set forth in this Order, to allow him to conduct the Assessment and report the findings to the Monitor; and

**IT IS FURTHER ORDERED** that mental health information in the Medical Records shall be produced subject to the limitations on use, disclosure, and re-disclosure set forth in New York Mental Hygiene Law § 33.13(f), or otherwise ordered by the Court; and

**IT IS FURTHER ORDERED** that Sensitive Information shall be redacted from the records prior to disclosure; and

**IT IS FURTHER ORDERED** that the Monitor shall not publicly discuss, in Monitor reports or otherwise, said Medical Records in such a way that would identify an individual who is or has been in DOC custody; and

**IT IS FURTHER ORDERED** that DOC shall not publicly discuss, in compliance reports or otherwise, said Medical Records in such a way that would identify an individual who is or has been in DOC custody; and

**IT IS FURTHER ORDERED** that CHS may disclose the Medical Records provided to Dr. Belavich to DOC's Deputy Commissioner of Health Affairs and the Monitor; and

**IT IS FURTHER ORDERED** that CHS may disclose the Medical Records provided to Dr. Belavich with the NYC Law Department and Plaintiffs' Counsel; and

**IT IS FURTHER ORDERED** that Plaintiffs' Counsel,  Law Department and DOC shall use the Medical Records solely as necessary and appropriate for the purposes of this action; and

**IT IS FURTHER ORDERED** that to the extent the Medical Records are provided to the Court, such information shall be submitted to the Court under seal, not available to the public or non-filing parties, absent further order of this Court; and

**IT IS FURTHER ORDERED** that use or redisclosure of the Medical Records by anyone to whom they were disclosed pursuant to this Order to any individual or entity other than as expressly specified in this Order shall be prohibited, except where such redisclosure is authorized by law or court order; and

**IT IS FURTHER ORDERED** that this Order does not alter DOC's use of medical information shared by CHS in the ordinary course of business.

**IT IS FURTHER ORDERED** that this Order is without prejudice to any party seeking further relief related to the Medical Records, as may be necessary for the purposes of this action.

**SO ORDERED.**

Dated: August ____, 2023
     New York, New York

_____
Hon. Laura Taylor Swain
Chief United States District Judge