UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

MARK NUNEZ, et al.,

                                  Plaintiffs,        **PROTECTIVE ORDER CONCERNING ATTORNEYS-EYES-ONLY INFORMATION**

-against-

CITY OF NEW YORK, et al.,

                                  Defendants.        11 Civ. 5845 (LTS)(JCF)

-------------------------------------------------------------------x

UNITED STATES OF AMERICA,

                                Plaintiff-Intervenor,

-against-

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

                                Defendants.

-------------------------------------------------------------------x

      **WHEREAS,** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants intend to disclose certain documents and information to plaintiffs' counsel as "Confidential – Attorney's Eyes Only", as defined below;

      **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

      **WHEREAS**, good cause exists for the entry of an order in the above-captioned lawsuit, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

1

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. As used herein, the term "Action" shall mean the lawsuit captioned above, and the documents and information being produced to plaintiffs' counsel and designated as "Confidential– Attorney's Eyes Only" shall encompass:

    a. Nunez Compliance Unit ("NCU") Security Audit supporting documentation, OPC Audit Working Papers, and NCU COD Assessments; and

2. The attorneys receiving such materials deemed "Confidential– Attorney's Eyes Only" shall not disclose those materials or the information contained within those materials to any person other than attorneys representing the parties in this action, the agents of such attorneys (including their staff), the Monitor (and his staff), or the Court in a sealed filing;

3. In addition to the restrictions set forth in paragraph "2" above, all materials designated as "Confidential– Attorney's Eyes Only" shall also be treated as "Confidential" pursuant to the Amended Protective Order (ECF No. 89) in this Action;;

4. If the Receiving Party objects to the designation of particular documents, information or material as "Confidential– Attorney's Eyes Only," they shall state such objection and the basis for their objection in writing to the Producing Party within sixty (60) days of the date of the production (or designation, if later designated pursuant to paragraph 3) and the parties shall endeavor in good faith to resolve such objection.  If such objection cannot be resolved within thirty (30) days after the Producing Party receives the Receiving Party's objections, then the Producing Party shall, within thirty (30) days thereafter, move for an order approving such designation.

**IT IS FURTHER ORDERED THAT** this Protective Order shall supplement and not supersede the May 23, 2013 Protective Order.

Dated: New York, New York
  September 29, 2023

**SO ORDERED:**

  /s/ Laura Taylor Swain

Hon. Laura T. Swain