

THE CITY OF NEW YORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

John Schemitsch
Senior Counsel
Desk: 212-356-3539
jschemit@law.nyc.gov

September 29, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Nunez, et al. v. City of New York et al.,* 11-cv-5845 (LTS)

Dear Chief Judge Swain:

    I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York (the "City"), assigned to represent the City and the Department of Correction ("DOC") in this matter. Defendants write to brief the Court on various documents withheld on the grounds of the law enforcement privilege. The parties have corresponded on this issue, with Defendants asserting the applicability of law enforcement privilege to the documents requested by Plaintiffs as described below. Plaintiffs have disputed that Defendants can assert law enforcement privilege, claiming baldly that Defendants' assertion is insufficient and in other respects has been waived.

    By way of background, Plaintiffs have requested, *inter alia*, 1) records relating to Illustrative Examples 5-9 as described in the Monitor's July 10, 2023 report, identified as UOF 1069/23, UOF 1606/23, COD 1779/23, COD 1619/23, and COD 1860/23;[1] 2) the complete Investigation Division files for use of force incidents 0581/23, 0798/23, 1091/23, 1493/23, 1534/23, 1544/23, 1598/23, 1703/23, 1798/23, 1951/23, and 2062/23, as well as information pertaining to immediate corrective actions, informal discipline, and information on formal disciplinary charges; 3) all records related to the deaths in custody which occurred on February 4,

---

[1] Defendants clarify that they are now also raising law enforcement privilege as to the documents related to Illustrative Example 6.

2023,[2] July 4, 2023, July 15, 2023, July 23, 2023, and August 22, 2023, and 4) records related to an incident which occurred on May 17, 2023, identified as person in custody No. 3 in the Interim Protective Order. Defendants contend that documents pertaining to these incidents are protected by the law enforcement privilege. Plaintiffs have disputed the applicability of this privilege as to the documents related to these incidents.

Illustrative Example 5, namely the underlying incident regarding UOF 1069/23, is an open investigation presently being investigated by the Investigations Division ("ID") of DOC. See Declaration of Michael Bardales, Director with ID, attached as Exhibit A ("Bardales Dec.").

Illustrative Example 6, namely the underlying incident regarding UOF 1606/23, is open and being investigated by the Bronx County District Attorney's Office. See Declaration of Shaun Kelly, Assistant Commissioner with CIB, attached as Exhibit B ("Kelly Dec.").

Illustrative Example 7, namely the underlying incident regarding COD 1779/23, is an open investigation presently being investigated by Special Investigations Unit ("SIU") of DOC. See Declaration of Jonathan Levine, Assistant Commissioner with SIU, attached as Exhibit C ("Levine Dec.").

Illustrative Examples 8 and 9, namely the underlying incidents regarding COD 1619/23 and COD 1860/23 respectively, are open investigations being investigated by the Correction Intelligence Bureau ("CIB") of DOC. See Kelly Dec.

The underlying use of force incidents regarding Investigation Division files 0581/23, 0798/23, 1091/23, 1493/23, 1534/23, 1544/23, 1598/23, 1703/23, 1798/23, 1951/23, and 2062/23 are presently open investigations being investigated by ID of DOC. See Bardales Dec.

The underlying incidents pertaining to the deaths in custody which occurred on July 4, 2023, July 15, 2023, July 23, 2023, and August 22, 2023, are presently being investigated by SIU of DOC. See Levine Dec.

The underlying incident which occurred on May 17, 2023, identified as person in custody No. 3 in the Interim Protective Order, is subject to an open criminal investigation by the Bronx County District Attorney's Office. See Declaration of Frank Alberts, Chief, Rikers Island Prosecution Bureau, attached as Exhibit D (Alberts Dec.").

Defendants contend that the documents related to these incidents are confidential and protected by the law enforcement privilege. The party asserting the law enforcement privilege "bears the burden of showing that the privilege indeed applies to the documents at issue." In re City of New York, 607 F.3d 923, 948 (2d Cir. 2010) (citing In re Sealed Case, 856 F.2d 268, 272

---

[2] Defendants have been in discussions with the New York Attorney General's office regarding the February 4, 2023 and August 22, 2023 deaths in custody. The Attorney General has open criminal investigations into those incidents under Executive law 70(b). Defendants request until October 4, 2023 to provide additional information as the assertion of law enforcement privilege as to these incidents.

(D.C. Cir. 1988)). To show that the privilege applies, the party asserting the privilege "must demonstrate that the documents in question contain (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations…" White v. City of Mount Vernon, 2022 U.S. Dist. LEXIS 198805 at * 8 (S.D.N.Y. Nov. 1, 2022) (internal quotation marks omitted) (citing In re City of New York, 607 F.3d at 948).

The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re City of New York, 607 F.3d at 941 (internal citation omitted) (issuing writ of mandamus to overturn an order granting a motion to compel the production of intelligence reports prepared by undercover officers of the NYPD and holding that law enforcement privilege applies to the reports, and that the privilege did not yield to the needs of a party seeking discovery). "Such protected information includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in investigation, and information that would otherwise interfere with an investigation." Id. at 944 (cleaned up). "An investigation, however, need not be ongoing for the law enforcement privilege to apply as the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed to the public." Id. (cleaned up).

Here, the information and documents sought by plaintiffs pertains to investigations which are still open and are being investigated by ID, SIU, CIB, DOI, or the Bronx DA's Office.[3] Therefore, any information regarding these particular incidents is protected under the law enforcement privilege. As Director Bardales, Assistant Commissioner Levine, Assistant Commissioner Kelly, and Chief Alberts all attest, disclosure of any of the underlying incidents for which Plaintiffs seek documents and information would reveal privileged and confidential investigative and law enforcement techniques. Such disclosure may compromise confidential sources and impair the respective governmental entity from pursuing certain investigative avenues or otherwise interfere with the investigation.

---

[3] Should the Court so request, Defendants are prepared to provide the voluminous materials to the Court for *in camera* review. See e.g., Cruz v. New York City Police Sergeant Thomas M. Kennedy, 97 Civ. 4001 (KMW), 1998 U.S. Dist. LEXIS 15599 (S.D.N.Y. Sept. 30, 1998) (citing Kerr v. United States District Court, 426 U.S. 394, 406 (1976) ("*In camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege")).

Thank you for your consideration of this matter.

                                          Respectfully submitted,

                                          /s/
                                          John Schemitsch

cc:    BY ECF
        *All counsel of record*

4