

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**John Schemitsch**
Senior Counsel
Desk: 212-356-3539
jschemit@law.nyc.gov

October 12, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Nunez, et al. v. City of New York et al., 11-cv-5845 (LTS)

Dear Chief Judge Swain:

I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York (the "City"), assigned to represent the City and the Department of Correction ("DOC") in this matter ("Defendants"). Defendants write in reply to Plaintiff's opposition to Defendants' assertion of law enforcement privilege. See ECF No. 578, 583-584. The outstanding documents at issue are those requested with respect to: 1.Records relating to Illustrative Examples 5, 7-9 as described in the Monitor's July 10, 2023 report, identified as UOF 1069/23, COD 1779/23, COD 1619/23[1], and COD 1860/23; 2. The complete Investigation Division ("ID") files for Use of Force incidents ("UOF") 0581/23, 0798/23, 1091/23, 1493/23, 1534/23, 1544/23, 1598/23, 1703/23, 1798/23, 1951/23, and 2062/23, as well as information pertaining to immediate corrective actions, informal discipline, and information on formal disciplinary charges related to the underlying incidents; and 3. All records related to the deaths in custody which occurred on July 4, 2023, July 15, 2023, and July 23, 2023.  Defendants maintain that documents pertaining to these incidents are protected by the law enforcement privilege.

At the outset, Defendants note Plaintiff has requested *all documents* pertaining to each of the above noted incidents. While Defendants' have not specifically identified particular documents at issue or provide a privilege, this does not constitute a waiver of the law enforcement privilege. See Powell v. United States, et al., 19-cv-11351, 2022 U.S. Dist. LEXIS 108630 at *7-

---

[1] Upon information and belief, CIB's investigation in COD 1619/23 has closed and as such, Defendants withdraw law enforcement privilege.

8 (Jun 17, 2022 S.D.N.Y.) (citing In re the City of New York, 607 F.3d 923, 948 (2d Cir. 2010) (cleaned up). Indeed in Powell, the Court found that the law enforcement privilege applied, even absent production of a privilege log.

As Defendants' noted in their brief to the Court dated October 4, 2023 and the corresponding declarations of Director Michael Bardales of ID, Assistant Commissioner Shaun Kelly of the Correction Intelligent Bureau, and Assistant Commissioner Jonathan Levine of the Special Investigations Unit, these incidents are subject to *open investigations*. See ECF No. 578.

To show that the privilege applies, the party asserting the privilege "must demonstrate that the documents in question contain (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations…" White v. City of Mount Vernon, 2022 U.S. Dist. LEXIS 198805 at * 8 (S.D.N.Y. Nov. 1, 2022) (internal quotation marks omitted) (citing In re City of New York, 607 F.3d at 948).

The declarations of Director Bardales, Assistant Commissioner Kelly, and Assistant Commissioner Levine clearly demonstrate that such information is contained in the open investigations. Consequently, Defendants have met their burden in demonstrating that the documents sought are protected by the law enforcement privilege. Generally, law enforcement privilege applies when disclosure would implicate threat of safety and chilling of investigative and complaint candor. See Zapulla v. Horn, 07-cv-7709, 2008 U.S. Dist. LEXI 50905, at *5-6 (S.D.N.Y. Jun. 30, 2008) (citing National Congress for Puerto Rican Rights v. City of New York, et al., 194 F.R.D. 88, 2000 U.S. Dist. LEXIS 4448 at *5-6 (S.D.N.Y. Apr. 7, 2000).

There can be no dispute that in open investigations, of concern is the cooperation of witnesses, including persons in custody and DOC staff. In the correctional context, disclosure of documents pertaining to these open investigations may jeopardize an investigation by chilling the cooperation of the people in custody. Likewise, there are safety concerns for persons in custody who have offered or may be asked to offer statements, by virtue of their cooperation with investigators. Moreover, disclosure of the records pertaining to these incidents could compromise the collection of further intelligence and hinder the investigation and may prevent the investigators from being able to thoroughly complete the investigation.

Plaintiff's assertions that Defendants have previously withdrawn law enforcement privilege as it pertains to documents related to specific incidents is of no moment. Withdrawal of law enforcement privilege as to some documents does not apply as a waiver of privilege to all documents. See Kshel Realty Corp. v. City of New York, 01-cv-9039, 2004 U.S. Dist. LEXIS 25791, at *2 (Dec. 20, 2004 S.D.N.Y.) (noting in *dicta* disclosure of the identify of a witness may waive a witnesses statement, but not extending this analysis to an entire class of documents).

Even if the presumption against disclosure is rebutted, the Court must consider the public interest against the need for access to privileged information. See In re the City of New York, 607 F.3d ay 948 (recognizing that there is a "strong presumption against lifting the privilege."); Floyd

<u>v. City of New York</u>, 739 F. Supp. 2d 376, 381 (S.D.N.Y. 2010).  To rebut that presumption, "the party seeking disclosure bears the burden of showing (1) that the suit is non-frivolous and brought in good faith, (2) that the information sought is not available through other discovery or from other sources, and (3) that the party has a compelling need for the privileged information." <u>In re the City of New York</u>, 607 F.3d ay 948.  Plaintiffs have not met this burden or demonstrated their compelling need for the privileged information.  Moreover, Courts have recognized that the sensitive nature of the information is a significant factor, and Defendants maintain that even should the Court agree to disclosure of this information, it should be designated as "Confidential Materials" pursuant to the standing Amended Protective Order in this matter. <u>See</u> ECF No. 89.

       Thank you for your consideration of this matter.

       Respectfully submitted,

       /s/
       John Schemitsch

cc:    BY ECF
       *All counsel of record*