UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARK NUNEZ, et al.,

        Plaintiff,

  -v-                                        No. 11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

        Defendants.

-------------------------------------------------------x

ORDER

        The Court has received and reviewed Defendants' letter regarding their withholding of various documents requested by Plaintiffs on the grounds of the law enforcement privilege (docket entry no. 576), as well as Defendants' supplemental letter (docket entry no. 578), Plaintiffs' letter in opposition (docket entry nos. 583, 584), and Defendants' reply (docket entry no. 585). For the following reasons, the Court directs Defendants to produce the relevant documents with the designation "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. (Docket entry no. 574 (the "Protective Order").)

        Defendants assert that documents requested by Plaintiffs that relate to a number of incidents subject to open investigations are confidential and protected by the law enforcement privilege. The party asserting the law enforcement privilege "bears the burden of showing that the privilege indeed applies to the documents at issue." In re City of New York, 607 F.3d 923, 948 (2d Cir. 2010) (citing In re Sealed Case, 856 F.2d 268, 272 (D.C. Cir. 1988)). To show that the privilege applies, the party asserting the privilege "must demonstrate that the documents contain: (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would

endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations . . . ." White v. City of Mount Vernon, No. 19-CV-853-NSR-JCM, 2022 WL 16578086, at *3 (S.D.N.Y. Nov. 1, 2022) (citation omitted).  The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness[es] and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re City of New York, 607 F.3d at 941 (citation omitted).

The law enforcement privilege, however, is not absolute.  To the contrary, "the law enforcement privilege is not an instrument by which law enforcement agencies may shield themselves from public scrutiny." Floyd v. City of New York, 739 F. Supp. 2d 376, 379 (S.D.N.Y. 2010).  Indeed, the mere fact "that an investigation is open does not guarantee protection from disclosure; otherwise, a party could simply keep an investigation open during the pendency of a lawsuit in order to avoid disclosure." Id. at 380.  "When the records are both relevant and essential to the presentation of the case on the merits, the need for disclosure outweighs the need for secrecy, and the privilege is overcome." Kitevski v. City of New York, No. 04-CV-7402-RCC-RLE, 2006 WL 680527, at *3 (S.D.N.Y. Mar. 16, 2006).

In support of their reliance on the law enforcement privilege, Defendants emphasize the importance of confidentiality when dealing with documents pertaining to open investigations.  For example, Defendants conclusorily cite concerns regarding potential "chilling [of] cooperation of the people in custody[,]" "safety concerns for persons in custody who have

offered or may be asked to offer statements," and "prevent[ing] the investigators from being able to thoroughly complete the investigation." (Docket entry no. 585 at 2.)

Critically, Defendants fail to explain why it would be insufficient to designate the materials related to open investigations "Confidential—Attorney's Eyes Only" pursuant to the Protective Order. That is, under the Protective Order, attorneys receiving confidential materials "shall not disclose those materials or the information contained within those materials to any person other than attorneys representing the parties in this action, the agents of such attorneys (including their staff), the Monitor (and his staff), or the Court in a sealed filing." (Protective Order at ¶ 2.) It is not clear what safety or privacy issues are implicated by sharing information with Plaintiffs' counsel, who represent every person incarcerated in the Rikers Island jails in this litigation regarding the safety of individuals in custody there (docket entry no. 61 at ¶ 2 (defining class)).

Plaintiffs, in contrast, insist that the materials they request "go directly to the harm Plaintiffs face and the Department's repeated failures to abide by this Court's orders." (Docket entry no. 583 at 5; see also id. ("For example, the materials contain details about horrific incidents reported by the Monitoring Team that are critical to assess the degree of the City's compliance with this Court's orders.").) The Court agrees that the documents that Plaintiffs request "are both relevant and essential to the presentation of the case on the merits" (Kitevski, 2006 WL 680527, at *3)—particularly in light of continuing issues of Defendants' compliance with Nunez Court orders and the anticipated application to appoint a receiver.

For the foregoing reasons, the Court hereby directs Defendants, by **October 25, 2023,** to produce the relevant documents, designating them "Confidential—Attorney's Eyes

Only" pursuant to Paragraph 2 of the Protective Order to the extent they in good faith contend that particular documents are covered by the law enforcement privilege.

    SO ORDERED.

Dated: October 17, 2023                                    /s/ Laura Taylor Swain  
       New York, New York                         Laura Taylor Swain  
                                                           Chief United States District Judge