OFFICE OF THE MONITOR
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

**Steve J. Martin**
Monitor

**Anna E. Friedberg**
Deputy Monitor

1+1 646 895 6567 **|** afriedberg@tillidgroup.com

October 27, 2023

<u>**VIA ECF**</u>
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Chief Judge Swain,

The Monitoring Team submits this emergency request to the Court to immediately compel the City and Department to produce the Commissioner's referral letter to the Department of Investigation ("DOI") that was purportedly submitted to DOI in January 2022. Given the City's potential assertion that this matter may be subject to confidentiality protections, to the extent that the Court requires additional information to address this request, the Monitoring Team requests the Court permit the Monitoring Team to file the additional information under seal.

On August 17, 2023, the Department produced its 16th Compliance Report pursuant to the Consent Judgment, § XIX, ¶ 1. Among other things, the Department reported that the Commissioner submitted a referral letter to DOI regarding matters related to the *Nunez* Court Orders. On September 8, 2023, the Monitor requested the Department to provide a copy of the above-reference letter to enable him to perform his responsibilities given the Department's own report of its connection to various *Nunez* matters **and** in order for the Monitoring Team to verify that the Department "has taken the actions it described in the Compliance Report." *See* Consent Judgment § XX, ¶ 8 and § XIX, ¶ 7.

The Consent Judgment permits the Monitor access to the people, locations, and information necessary "to perform his responsibilities under this Agreement." *See* Consent Judgment § XX. ¶ 8. To facilitate this effort, the Consent Judgment also requires the Department to "encourage all Staff Members to cooperate fully with the Monitor." *See* Consent Judgment

§ XX. ¶ 13. Further, "[n]o Party, or any employee or agent of any Party, shall have supervisory authority over the Monitor's activities, reports, findings, or recommendations." *See* Consent Judgment § XX, ¶ 23. The Consent Judgment also requires the Monitor to utilize a robust methodology for assessing compliance including site visits, interviews, records review (including policies, protocols, training curricula, incident reports, investigations, etc.), data and other documents pertinent to monitoring compliance. *See* Consent Judgment § XX, ¶ 15. This is critical for the Monitor to make these decisions in his *sole* discretion to maintain independence and neutrality.

With respect to the timeframe for the production of information, the Department must produce any information requested for this purpose *within 14 days* of the request. *See* Consent Judgment § XIX, ¶ 7.  Moreover, the Court's June 13, 2023 Order requires the Department to produce information requested by the Monitoring Team within 10 business days of receipt.  *See* June 13, 2023 Order § I, ¶ 4. Defendants may request an extension to produce information beyond 10 business days but must first seek approval from the Monitor.  *See Id.*  Notably, Defendants have not requested, and the Monitor has not approved, an extension to the timeline for providing the information requested on September 8, 2023.

The Monitoring Team has repeatedly requested a response to this request. After several weeks, the Department responded on Friday, September 29, 2023 (15 business days after the request).  The Department advised that the document would not be produced because "*[i]t is the Commissioner's position that [this request is] not within the scope of the Nunez Consent Judgment and Remedial Orders and he does not intend to respond, absent a court order to do so. As you are aware, the Department responds to the vast majority of Monitoring Team requests for information without objection. However, here, the Commissioner strongly objects to these requests as outside the scope of the Consent Judgement and Remedial Orders and as not relevant to remedying the constitutional violations at issue.*"

Within two hours, the Monitoring Team replied to the Department that the *Nunez* Court Orders provide no basis for the Commissioner's objection and, in fact, the *Nunez* Court Orders require production.  On October 3, 2023, after repeated follow-up, the Department advised that a Department executive spoke with a DOI executive "*who is confirming with her Director if the release of the letter would compromise their investigation. Once I hear back from DOI as to the status of the investigation and whether release of the letter would impede the investigation, I will*

*provide a further response.*"  Defendants did not provide any further information following the October 3, 2023 email.  Accordingly, on October 26, 2023, the Deputy Monitor inquired about the status of the request for information.  In response, on October 26, 2023, counsel for the City stated "*DOI has not yet sent written confirmation that their investigation is closed.*"  The Deputy Monitor immediately replied to this communication to seek clarification about Defendants' position because the email was not responsive to the Monitoring Team's inquiry.  The Deputy Monitor also called the DOI executive[1] to determine DOI's position on the production of the letter.  The DOI executive advised the Deputy Monitor that that she sent an email to the Department executive *on October 11, 2023,* stating that DOI did not object to the immediate production of the letter to the Monitor and his team. She further advised that DOI's position remains the same.

Given this new information, on October 26, 2023, the Monitoring Team again requested that the Department produce the letter.  Later that evening, the Deputy Monitor advised Defendants that if the document was not produced by 1:00 p.m. on October 27, 2023, the Monitor intended to file a motion to compel production of the document on October 27, 2023. At 2:28 p.m. on October 27, 2023, counsel for the City advised via email that "*[a]lthough Commissioner Molina's 2022 letter to DOI was referenced in a footnote in the Department's Sixteenth Compliance Report, it was sent to DOI for investigatory purposes only.  While we understand that the Consent Judgment requires the Department to maintain records relevant for the Monitor to verify that it has taken the actions described in the compliance report, we submit that the Monitor has already verified through DOI that a referral was in fact made by Commissioner Molina to DOI in 2022.  Should you file papers with the court, Defendants would be willing to submit the letter to Judge Swain for in camera review.  Should Judge Swain then determine that the Monitor is entitled to receive the letter, the Defendants will abide by Judge Swain's determination.*"

The City's basis for withholding this document remains unknown to the Monitoring Team despite repeated requests. To the extent that the City and the Department are now asserting that the letter may not be produced because the investigation remains pending (as they did in their October 26, 2023 communication) is of no moment.  First and foremost, the agency conducting

---

[1] The Deputy Monitor called the DOI executive that the Department referenced in their October 3, 2023 email to the Monitoring Team.

the investigation does not object to the production of the information.  Further, the Department routinely produces pending investigations to the Monitoring Team.  In fact, the Monitoring Team has reviewed and continues to review a variety of investigations (*e.g.* use of force, violence incidents, and in-custody deaths) that are under review by DOI and other law enforcement agencies (including, but not limited to local District Attorney's Offices and Federal prosecutors). Finally, the Defendants cannot have it both ways: they cannot in one breath assert information as evidence of compliance (or the lack thereof) with the *Nunez* Court Orders and, in another breath, refuse to produce information to the Monitoring Team.  This is simply untenable and inconsistent with the provisions of the Consent Judgment.  *See* Consent Judgment § XIX, ¶ 7.

Further, Defendants suggests that the Monitor's obligation to verify the Department's actions was satisfied when the Deputy Monitor confirmed the Commissioner's referral was made to DOI.  As an initial matter, the Monitor has not suggested (nor is he required to provide) that the sole basis for the request was to verify that the referral was made.  The Monitor asserts the request for this document is relevant to many of his responsibilities under the *Nunez* Court Orders.  Further, Defendants are not in a position to determine whether the Monitor's obligations under the *Nunez* Court Orders have been satisfied and how those responsibilities may be satisfied.  This is explicitly prohibited by the Consent Judgment which does not permit the Commissioner, Defendants, or any other party to be in a position of authority over the Monitor. *See* Consent Judgment § XX, ¶ 23. In order for the Monitor to faithfully perform his duties, the Monitor necessarily must have the latitude to request information as necessary and must not be limited only to information that Defendants believe to be within the scope of or relevant to the *Nunez* Court Orders. The Monitor simply could not do his work under such an approach.

The continued efforts by the Defendants to withhold this document interferes with the work of the Monitor.  A total of 49 days has elapsed since the original request was made.  To the extent that Defendants may claim they have insufficient time to provide a response to the Monitor is not only nonsensical but would simply be an attempt to further delay the provision of information to which the Monitor is clearly entitled. The deadline for production set forth in the *Nunez* Court Orders has long passed.  Further, Defendants received authorization from DOI to produce this letter *over two weeks ago* and did not take any steps to communicate with or produce the document to the Monitor.

The fact that the Monitor must now seek judicial intervention to obtain information that can and should be produced to the Monitor under the *Nunez* Court Orders, especially in light of the Court's October 10, 2023 Order, is frustrating.  This particular matter is a continuation of a disturbing pattern that has emerged where the Commissioner and other Defendants appear to be engaged in a concerted effort to interfere with the work of the Monitor and his team.  This cannot and should not be tolerated.

The current conditions in the jails remain unsafe, dangerous, and chaotic.  <u>The focus of the Defendants and the Monitoring Team must be on addressing the imminent risk of harm to incarcerated individuals and staff in the jails, not consuming an inordinate amount of hiding information from the Monitor</u>.

The Monitor respectfully requests that the Court direct the Defendants to produce this document immediately and no later than 24 hours of its order.

Sincerely,

s/ Steve J. Martin
Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*