

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SHERYL NEUFELD**<br>*Chief Assistant for Regulatory Law and Policy*<br>Phone: 212-356-2207<br>sneufeld@law.nyc.gov |

October 28, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Nunez, et al. v. City of new York et al.*
          11 Civ. 05845 (LTS)

Dear Chief Judge Swain:

      Defendants write in response to the Monitor's October 27, 2023 letter motion to compel defendants to produce a February 2022 letter from NYC Department of Correction ("DOC" or the "Department") Commissioner Louis Molina to the then acting commissioner of the New York City Department of Investigation ("DOI"). Defendants take seriously their obligations under the <u>Nunez</u> Consent Decree and Remedial Orders and comply with the vast majority of document and information requests submitted by the Monitor without objection. However, for the reasons set forth herein, Defendants objected to the production of this letter. Nonetheless, Defendants remain willing to provide this letter to the Court for *in camera* review. Therefore, Defendants respectfully request that the Court deny the Monitor's request for immediate production of the 2022 letter to DOI, without prior review.

      On August 17, 2023, the Department submitted to the Monitor its Sixteenth Compliance Report pursuant to Section XIX of the Consent Judgment ("the Report"). The Report detailed the Department's work in addressing the Monitor's April 24, 2023 Recommendations, *see* ECF No. 520. In the Report, the Department made a passing reference in a footnote to the fact that early on in his tenure, Commissioner Molina reported certain issues to DOI for investigation. As the letter was sent to DOI in 2022, it is not directly related to addressing the Monitor's April 24, 2023 recommendations.

Case 1:11-cv-05845-LTS   Document 589   Filed 10/28/23   Page 2 of 2

Nonetheless, the Monitor has now requested that the Department produce this referral letter. The Monitor asserts that production of this letter is required under Sections XIX, 7 and XX, 8 of the Consent Decree, which, in relevant part, require that "the Department maintain and provide to the Monitor, upon request, all records or other documents relevant to verify that it has taken the actions described in the Compliance Reports."

The Monitor's letter, however, makes clear that he has already verified that the referrals were made. The Monitor asserts that the "document is relevant to many of his responsibilities under the *Nunez* Court Orders," however the letter was sent to DOI for investigatory purposes in 2022 and is not relevant to assessing the Department's current compliance with Consent Judgement and Remedial Orders, nor is it relevant to remedying the constitutional violations at issue.

As noted at the outset, while Defendants respectfully submit that the 2022 letter should not be disclosed to the Monitor, should the Court review the letter and determine otherwise, Defendants will abide by the Court's determination.

Respectfully submitted,

*/s/ Sheryl Neufeld*
_____
Sheryl Neufeld