UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARK NUNEZ, et al.,

        Plaintiff,

  -v-                                          No.  11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

        Defendants.

-------------------------------------------------------x

## Order

Before the Court is the Monitoring Team's letter motion to compel Defendants "to produce the Commissioner's referral letter to the Department of Investigation ("DOI") that was purportedly submitted to DOI in January 2022."  (Docket entry no. 588 (the "Motion").)  The Court has also received and reviewed Defendants' letter in response.  (Docket entry no. 589 (the "Response").)  The parties' correspondence describes the timing and circumstances, and the parties' communications regarding, the request for the referral letter.

The Monitoring Team requested that Defendants produce the letter "to enable [the Monitor] to perform his responsibilities given the Department's own report of its connection to various Nunez matters and in order for the Monitoring Team to verify that the Department [of Correction (the "Department")] 'has taken the actions it described in the Compliance Report[].'"  (Motion at 1 (quoting docket entry no. 249 (the "Consent Judgment") §§ XX, ¶ 8 & XIX, ¶ 7).)  The Consent Judgment grants the Monitor access to the people, locations, and information necessary "to perform his responsibilities under this Agreement."  (Consent Judgment § XX, ¶ 8.)

Defendants' sole articulated objection to the request is a proffer of the Commissioner's view that the letter sought "is not relevant to assessing the Department's current compliance with Consent Judgement and Remedial Orders, nor is it relevant to remedying the constitutional violations at issue." (Response at 2.) The Consent Judgment, however, does not contemplate the withholding of information or documents based on such an objection. Instead, the Consent Judgment requires the Department to "encourage all Staff Members to cooperate fully with the Monitor" and likewise demands that "[n]o Party, or any employee or agent of any Party, shall have supervisory authority over the Monitor's activities, reports, findings, or recommendations." (Consent Judgment at § XX, ¶¶ 13, 23.) Thus, notwithstanding the Commissioner's view that the document is not relevant to current circumstances, Defendants' obligation under the Consent Judgment was, and is, to produce it promptly upon the Monitor's request.

For the foregoing reasons, Defendants are hereby directed to produce the letter to the Monitoring Team within 24 hours of this order. This order resolves docket entry no. 588.

SO ORDERED.

Dated: October 30, 2023                   __/s/ Laura Taylor Swain_____
      New York, New York                 Laura Taylor Swain
                                                    Chief United States District Judge