UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                                      :

MARK NUNEZ, et al.,                    :
                                        :

                    Plaintiffs,        :
                                        :

  - against -                  :     **11 Civ. 5845 (LTS)(JCF)**
                                        :

CITY OF NEW YORK, et al.,           :
                                        :

                  Defendants.     :
                                        :
----------------------------------------------------------- X
                                        :

UNITED STATES OF AMERICA,      :
                                        :

                  Plaintiff-Intervenor,  :
                                        :

  - against -                  :
                                        :

CITY OF NEW YORK and NEW YORK CITY  :
DEPARTMENT OF CORRECTION,        :
                                        :

                  Defendants.     :
----------------------------------------------------------- X

## [PROPOSED] ORDER APPOINTING A RECEIVER

       WHEREAS, on October 22, 2015, this Court entered the Consent Judgment (Dkt. No. 249) in this matter to correct the violations of the constitutional rights of people incarcerated in jails operated by the New York City Department of Correction ("DOC");

       WHEREAS, the Consent Judgment required the Defendants to take specific actions to remedy a pattern and practice of violence by staff against incarcerated individuals, and to develop and implement new practices, policies, and procedures to reduce violence in the jails and ensure the safety and well-being of incarcerated individuals;

       WHEREAS, Section XXII, ¶ 1 of the Consent Judgment provided: "The Parties stipulate and agree, and the Court finds, that this Agreement complies in all respects with the provisions

1

of 18 U.S.C. § 3626(a). The Parties further stipulate and agree, and the Court finds, that the prospective relief in this Agreement is narrowly drawn, extends no further than is necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system. Accordingly, the Parties agree and represent that the Agreement complies with the provisions of 18 U.S.C. § 3626(a);"

WHEREAS, on August 14, 2020, the Court entered a Remedial Consent Order Addressing Non-Compliance (the "First Remedial Order," Dkt. No. 350) that included several remedial measures designed to address the repeated findings of the Nunez Independent Monitor (the "Monitor") that the Defendants were in non-compliance with core provisions of the Consent Judgment, including with Section IV, ¶ 1 (Implementation of Use of Force Directive); Section VII, ¶ 1 (Thorough, Timely, Objective Investigations); Section VII, ¶ 7 (Timeliness of Preliminary Reviews); Section VII, ¶ 9 (a) (Timeliness of Full ID Investigations); Section VIII, ¶ 1 (Appropriate and Meaningful Staff Discipline); Section XV, ¶ 1 (Inmates Under the Age of 19, Protection from Harm); and Section XV, ¶ 12 (Inmates Under the Age of 19, Direct Supervision);

WHEREAS, in his Eleventh Report filed on May 11, 2021 (Dkt. No. 368), the Monitor reported that that the Defendants were in non-compliance with numerous provisions of the First Remedial Order, including Section A, ¶ 2 (Facility Leadership Responsibilities), Section A, ¶ 3 (Revised De-escalation Protocol), Section  A, ¶ 6 (Facility Emergency Response Teams), Section D, ¶ 1 (Consistent Staffing), Section D, ¶ 2 (ii) (Tracking of Incentives and Consequences), and Section  D, ¶ 3 (Direct Supervision);

WHEREAS, the Court entered a Second Remedial Order on September 29, 2021 (Dkt. No. 398), and a Third Remedial Order on November 22, 2021 (Dkt. No. 424);

WHEREAS, after the three Remedial Orders failed to result in meaningful improvements, the Defendants developed an Action Plan, supported by the Monitor, that was designed to address Defendants' overall lack of progress toward compliance by focusing on four foundational areas without which reform could not proceed—security practices, supervision and leadership, staffing practices, and accountability—and the Court entered and So Ordered the Action Plan on June 14, 2022 (Dkt. No. 465);

WHEREAS, the Court found that the First Remedial Order, the Second Remedial Order, the Third Remedial Order, and the Action Plan were each compliant with the provisions of 18 U.S.C. § 3626(a) and were necessary to correct the violations of federal rights as alleged by the United States and the Plaintiff Class;

WHEREAS, the First Remedial Order, the Second Remedial Order, the Third Remedial Order, and the Action Plan were each entered to address the ongoing non-compliance with the Consent Judgment and to achieve its primary goal: to protect the constitutional rights of incarcerated people and substantially reduce the level of violence in the jails;

WHEREAS, the Consent Judgment, the First Remedial Order, the Second Remedial Order, the Third Remedial Order, and the Action Plan are hereafter collectively referred to as "the Nunez Orders;"

WHEREAS, more than a year after the Action Plan was entered, the Monitor found in his July 10, 2023 Special Report (Dkt. No. 557) that the Defendants had not made substantial and demonstrable progress in implementing the reforms, initiatives, plans, systems, and practices

outlined in the Action Plan, and that there had not been a substantial reduction in the risk of harm facing incarcerated individuals and DOC staff;

WHEREAS, on November 17, 2023, the Plaintiff Class and the United States filed a Motion for Contempt and Appointment of Receiver;

WHEREAS, on _____, this Court issued its factual findings and decision granting Plaintiffs' Motion for Contempt and Appointment of Receiver, and found that the Defendants have repeatedly and consistently demonstrated since entry of the Consent Judgment that they are incapable of remediating the violations of the federal rights of incarcerated people that necessitated entry of the Consent Judgment;

WHEREAS, pursuant to 18 U.S.C. § 3626(a), the prospective relief in this Order is narrowly drawn, extends no further than is necessary to correct the violations of federal rights as alleged by the Plaintiff Class and the United States, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

I.      **Appointment of Receiver and Receiver's Duties.**

    A.      A Receiver will be appointed with the responsibility and authority to take all necessary steps to promptly achieve Substantial Compliance (defined in Section XX, ¶ 18 of the Consent Judgment) with the Nunez Orders ("the Mandate").

    B.      The Receiver shall provide leadership and executive management with the goal of developing and implementing a sustainable system that protects the constitutional rights of incarcerated people.

4

C.      The parties and the Monitor shall confer regarding the selection of a Receiver candidate to present for the Court's approval.  If the parties are unable to agree upon a Receiver candidate within thirty (30) days of the date of this Order, the parties shall each submit nominations to the Court, and the Court will thereupon select and appoint the Receiver.

D.      The Receiver shall be answerable only to the Court.

II.     **Powers of the Receiver.** The Receiver shall have all powers necessary to fulfill the Mandate, including but not limited to:

A.      **General Powers**: The Receiver shall have the authority to exercise all powers vested by law in the Defendants to the extent necessary to fulfill the Mandate. The Receiver shall have the power to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contracting, legal, and other operational functions of DOC to the extent necessary to fulfill the Mandate.

B.      **Specific Powers**: Without in any way limiting the Receiver's general powers detailed in Paragraph A above, the Receiver shall have the authority to exercise the following specific powers to the extent necessary to fulfill the Mandate:

   i.   The Receiver shall have the authority to enact or change DOC policies, procedures, protocols, systems, and practices related to the requirements of the Nunez Orders.

   ii.  The Receiver shall have the authority to establish personnel policies and direct personnel actions.  The Receiver shall have the power to create, modify, abolish, or transfer employee and contractor positions, as well as to recruit, hire, train, terminate, promote, demote, transfer, and evaluate

employees and contractors.  The Receiver shall have the authority to assign and deploy DOC staff.

   iii.  The Receiver shall have the authority to negotiate new contracts and renegotiate existing contracts, including contracts with labor unions.

   iv.  The Receiver shall have the authority to procure and contract for supplies, equipment, tangible goods, and services.

   v.  The Receiver shall have the authority to review, investigate, and take disciplinary or other corrective or remedial actions with respect to any violation of DOC policies, procedures, and protocols related to the requirements of the Nunez Orders.

   vi.  The Receiver shall have the authority to hire consultants, or obtain technical assistance, as the Receiver deems necessary to perform their duties under this Order.

C.   **Commissioner's Role**:  The Commissioner's exercise of the above powers granted to the Receiver is suspended for the duration of the Receivership.  It is expected, however, that the Commissioner and DOC leadership will work closely with the Receiver to facilitate the Receiver's ability to perform their duties under this Order.

D.   **Additional Powers**:  The Receiver may petition the Court for such additional powers as are necessary to fulfill the Mandate.

E.   **Access**:  The Receiver, including all of their staff and consultants, shall have unlimited access to all records and files (paper or electronic) maintained by DOC and shall have unlimited access to all DOC facilities, incarcerated people, and

6

DOC staff.  This access includes the authority to conduct confidential interviews with DOC staff and incarcerated people.  The Receiver's ability to interview DOC staff shall be subject to the employee's right to representation under certain circumstances as set forth in Section 75 of the New York Civil Service Law and MEO-16.

**III.    Reporting.**

    A.    The Receiver shall regularly report to and/or meet with the Court to update the Court regarding the status of efforts to comply with the Nunez Orders, and any specific obstacles or impediments encountered by the Receiver.

    B.    Within 60 days of the Receiver's appointment, the Receiver shall propose for the Court's approval a specific schedule for the submission of regular formal reports to be filed on the public docket.  In addition, the Receiver shall remain in contact with the Court throughout the Receivership on an informal, as needed, basis.

**IV.    Role of the Monitor.**

    A.    The Monitor shall continue to perform the responsibilities set forth in the Nunez Orders, including assessing compliance with the Nunez Orders and providing technical assistance in connection with implementing the requirements of the Nunez Orders.

    B.    The Monitor shall confer with the Receiver and the parties as appropriate, and shall continue to submit reports to the Court as set forth in the Nunez Orders in accordance with his past practices.

    C.    The Receiver and the Monitor will be independent positions that each report to the Court and are not answerable to each other.

**V.      Immunity and Indemnity.**

A.      The Receiver and the Receiver's staff shall have the status of officers and agents of the Court, and as such shall be vested with the same immunities as vest with the Court.

B.      The Defendants shall indemnify the Receiver and their staff in any litigation brought against the Receiver or their staff regarding activities conducted in the course of the Receiver's official duties.

**VI.     Compensation and Responsibility for Payment.**

A.      The City of New York shall bear all reasonable fees, costs, and expenses of the Receiver, including payments to the Receiver's staff.  Such fees, costs, and expenses shall be sufficient to allow the Receiver to fulfill their duties pursuant to this Order in a reasonable and efficient manner.  The Receiver may hire or consult with such additional qualified staff as is reasonably necessary to fulfill their duties pursuant to this Order without duplication of effort.  The Receiver shall submit an invoice for their services, and the services of their consultants and staff, to the City on a monthly basis.  Those invoices will include charges for fees, costs, and expenses.  Payment on such invoices will be made within sixty (60) days of receipt.  If the City objects to any fees, costs, or expenses as unreasonable, unnecessary, or duplicative, the City shall submit the invoice to the Court for a determination of reasonable fees, costs, and expenses.

B.      Within thirty (30) days of their appointment, the Receiver shall submit to the Court an initial statement of rates and proposed fees and expenses, which the Receiver may modify from time to time as appropriate.

VII. **Duration of Receivership.**

    A.    The Receiver's authority will continue until the Court determines that Substantial Compliance (defined in Section XX, ¶ 18 of the Consent Judgment) with the Nunez Orders has been achieved.

    B.    Nothing in this order impacts the terms of the Consent Judgment or other Nunez Orders which remain in full force and effect.  In the event the Receivership terminates, the Consent Judgment and other Nunez Orders will remain in full force and effect until the Court makes a finding that the Defendants have achieved Substantial Compliance with the provisions of the Consent Judgment and have maintained Substantial Compliance for a period of twenty-four (24) months, as set forth in Section XXI, ¶ 5 of the Consent Judgment.

VIII. **Cooperation.**

    A.    The Defendants, and all agents or persons within the employ of the Defendants (including contract employees), and all persons in concert and in participation with them, the Monitor, and all counsel in this action, shall fully cooperate with the Receiver in the discharge of their duties under this Order, and shall promptly respond to all inquiries and requests related to compliance with the Nunez Orders. Any such person who interferes with the Receiver's access or otherwise thwarts or delays the Receiver's performance of their duties under this Order shall be subject to contempt proceedings before this Court.

IX. **Other Terms.**

    A.    If at any point the Receiver determines that they need additional funding to fulfill the Mandate that is not budgeted for that fiscal year, the Receiver shall immediately notify the City of the specific purpose of the amount of funds

needed.  If the issue is not timely resolved, the Receiver or any party may request a hearing before the Court.

B.    The Receiver shall make reasonable efforts to exercise their authority in a manner consistent with applicable state and local laws, regulations, and contracts. However, in the event the Receiver determines that those laws, regulations, or contracts impede the Receiver from carrying out their duties under this Order and fulfilling the Mandate, the Receiver may petition the Court to waive any legal or contractual requirement that is causing the impediment or seek other appropriate relief.

C.    The Receiver and their staff shall have the authority to communicate *ex parte* and confidentially with each party and each party's legal representatives, as well as with the Court.

D.    Without leave of the Court, the Receiver and their staff may not testify in any litigation or proceeding other than this case with regard to any act or omission of DOC or any of DOC's agents, representatives, or employees related to the Nunez Orders.

E.    Without leave of the Court, the Receiver and their staff may not testify regarding any matter or subject that they have learned of as a result of their performance of their duties under this Order unless called to testify by the Court or one of the parties in this case.

F.    Unless such conflict is waived in writing by the Parties, the Receiver and their staff may not accept employment or provide consulting services that present a conflict of interest with their responsibilities under this Order, including being

retained (on a paid or unpaid basis) by any current or future litigant or claimant,

or such litigant's or claimant's attorney, in connection with a claim or suit against

DOC or DOC's agents, representatives, or employees.

G.       The Receiver is an agent of the Court and is not a federal, State, or local agency

or an agent thereof.

H.       If at any time the Receiver position becomes vacant, the parties shall make a good

faith effort to promptly agree on a replacement.  In the event the parties cannot

agree on a replacement, the parties shall each submit nominations to the Court and

the Court will select and appoint a replacement to serve as the Receiver.

SO ORDERED this _____ day of _____, 202_

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

11