

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**John Schemitsch**
Senior Counsel
Desk: 212-356-3539
jschemit@law.nyc.gov

November 20, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Nunez, et al. v. City of New York et al.</u>, 11-cv-5845 (LTS)

Dear Chief Judge Swain:

  I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York (the "City"), assigned to represent the City and the Department of Correction ("DOC") in this matter ("Defendants"). Defendants write in opposition to Plaintiffs' letter dated November 17, 2023, wherein Plaintiffs take the position that Exhibits 35-42 of their Motion for Contempt and Application for Appointment of a Receiver should not be filed under seal.[1]

  Defendants position is that Exhibits 35-42 should be filed under seal. These documents consist of findings and reports with respect to the Department of Correction's Investigation Division's investigations into several use of force incidents. These documents should be filed under seal as they both meet the standard set forth under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and have been designated under this Court's Amended Protective Order as confidential and to be filed under seal (*See* ECF No. 89).

---

[1] Plaintiffs' proposal in the alternative is to file these documents publicly with "redactions of the names of incarcerated individuals and identifying numbers, names of Department of Correction staff and badge numbers, and camera names and angles." <u>See</u> ECF No. 607. Should the Court determine that these documents should not be filed under seal, Defendants request that they be redacted as such.

In determining whether sealing is appropriate in a particular case, courts must conduct an inquiry that has several stages. First, courts inquire whether the document is a "judicial document" to which a presumption of access would attach. *See Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 & n.15 (2d Cir. 2013). If it is, courts ask whether the presumption of access is the common law right of access or the more robust "'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). If the Court determines that the documents at issue are subject to a First Amendment right of access, it considers whether the documents "have historically been open to the press and general public" and whether "public access plays a significant roles in the functioning of the particular process in question." *Id*. On the other hand, when courts determine that the common law presumption of access attaches, they determine the weight of the presumption and measure it against competing considerations. *Id.*

Defendants do not dispute that these documents may qualify as "judicial documents" under the purview of *Lugosch*, however they should remain sealed under both a common law and First Amendment analysis. Under a First Amendment right of access approach, investigative files from the Department's Investigative Division are not historically accessible to the public. Indeed, these exhibits contain staff and witness reports, video footage, documentation of injuries, documents with identifying information for persons in custody and Department employees, video of persons in custody and Department employees, as well as sensitive photographs of Department facilities and locations of stationary video cameras. Moreover, the public plays no role in the functioning of the Investigative Division's process which Plaintiffs put at issue. Under a common law analysis, there are significant competing considerations: the reveal of sensitive identifying information and security issues by divulging photographs and videos of Department facilities, as well as personal health information concerns, which Plaintiffs do not address.

Moreover this Court has previously ordered that documents of this kind should be filed under seal. *See* ECF No. 89. This Court's Amended Protective Order Concerning Confidential Information provides, *inter alia*, that "Investigation Division records," as well as medical records concerning plaintiffs, identifying information of Department employees and persons in custody, photographs and videotapes of DOC facilities and staff, as well as documents that concern the location of stationary video cameras, shall constitute "Confidential Materials." *See id*. at ¶¶ 2. Plaintiffs' reliance on *Bionpharma Inc. v. CoreRx, Inc.*, 2023 WL 2977998, at *1 (S.D.N.Y. Mar. 6, 2023) in contending that Defendants cannot rely on the Court's protective order is misplaced. While the Court in *Bionpharma* found that broad citations to a protective order are insufficient, this determination was based on disclosure of a document produced in discovery, wherein the applicable protective order explicitly noted that a party's designation of material as confidential does not create a presumption that the material meets the legal standard for filing under seal. *See Bionpharma Inc. v. CoreRx, Inc.*, 21-cv-10656, Docket Entry 137 at ¶ 18. Indeed, the standing Amended Protective Order in this case explicitly notes that the enumerated classes of documents shall be delivered to the Court in accordance with S.D.N.Y.'s instructions for filing documents under seal. As such, Exhibits 35-42 should remain confidential and filed under seal.

Thank you for your consideration of this matter.

                                              Respectfully submitted,

                                              /s/
                                              John Schemitsch

cc:    BY ECF
        *All counsel of record*