# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

November 22, 2023

**By ECF**

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Nunez v. City of New York,* 11 Civ. 5845 (LTS)

Dear Judge Swain:

      We write on behalf of the Plaintiff Class in response to Defendants' opposition to unsealing Exhibits 35-42 submitted with Plaintiffs' Motion for Contempt and Application for a Receiver. Dkt. 611.

      Defendants' request for continued sealing should be denied. Defendants collapse two distinct sets of documents, governed by separate Protective Orders, into a single category that does not justify sealing, especially where the public has a substantial interest in understanding the City's failure to protect those in custody. Rather than sealing away entire swaths of highly probative documents, Plaintiffs' proposal to make tailored redactions is more than sufficient to protect confidentiality.

      First, Defendants do not meet the high standard to seal Exhibit 35 and Exhibits 36-42 under both a common law and First Amendment analysis. The public has a substantial interest in these documents because access would "enable[] the public to understand, monitor, and respond to the progress made towards altering…unconstitutional conditions in [New York City's] correctional facilities." *U.S. v. Erie Cnty*., 763 F.3d 235, 242 (2d Cir. 2014). In considering whether such records have been "historically open to the press and general public," the court should consider "as a baseline matter" that "the notion of public access to judicial documents is a capacious one: the courts of this country have long recognized a general right to inspect and copy public records and documents…in part because the public has an interest in keep[ing] a watchful

eye on the workings of public agencies." *Id.* at 241 (internal quotations omitted). The documents at issue are akin to the compliance reports in *Erie County* where there was wide precedent for accessibility. *Id.* at 241-42. Moreover, here, the public plays an important role in assessing whether and how the government abuses people under its care and whether and how it hides that information. As the Supreme Court noted, "conditions in this Nation's prisons are a matter that is both newsworthy and of great importance." *Pell v. Procunier*, 417 U.S. 817, 830 n. 7 (1974). These issues are "manifestly ones of public concern and therefore ones which the public has an interest in overseeing." *Erie Cnty*, 763 F. 3d at 242. This is especially so at this point in this litigation, where Defendants' use of force practices and investigations are at the center of Plaintiffs' pending motion. Thus, Plaintiffs Exhibits 35 and 36-42 should not remain under seal.

Second, while Defendants rely on the Protective Order to justify sealing of Exhibits 36-42, they omit the most salient piece: under the general protective order, Investigations Records are only deemed confidential "to the extent such documents name or otherwise identify individual DOC staff members, who are not named defendants in this action, in connection with allegations of improper uses of force/chemical agents or any other type of misconduct." Dkt. 89 at 3. But Plaintiffs already agreed to redact any such identifying information, along with any medical records and photographs of persons in custody and staff to serve the purposes of the Protective Order. Moreover, the documents do not include "photographs and videos of Department facilities" that could raise security concerns. Dkt. 611. Plaintiffs further agree to redact information regarding the location of stationary video cameras to assuage any lingering security issues.

Third, the Exhibits, *with Plaintiffs' proposed redactions*, are not confidential under the relevant protective orders. Defendants conflate Exhibit 35 (CMS Preliminary Review Reports) with Exhibits 36-42 (Investigation Division files), despite key differences. Exhibit 35 is a compilation of conclusions of the Investigation Division Intake Investigations of use of force incidents. These conclusions are based upon its *reviews* of witness statements, injury documentation, and video footage, but do not include the underlying documentation, photos, or video footage.

Moreover, contrary to Defendants' assertion, these findings are not bound by the Amended Protective Order but are subject to the Addendum to Amended Protective Order (Dkt. 293); that Addendum explicitly covers Preliminary Review Reports and only treats as confidential information set forth in columns captioned "Remarks" and "Case Description." But Plaintiffs Exhibit 35 does not concern those columns and only includes information located in the columns labeled "Case Number" and "Investigator's Justification for Determination," which are not referenced in the Protective Order. While Plaintiffs filed Exhibit 35 under seal out of an abundance of caution, Plaintiffs do not believe that the findings in the CMS Preliminary Review Reports warrant continued sealing because they provide limited information about incidents of use of force incidents, brief summaries of video footage and witness statements, injury classifications, and brief conclusions. Instead, Plaintiffs propose narrowly tailored redactions of identifying information to protect the privacy of staff and persons in custody.

Finally, after redactions, no remaining information is subject to the Protective Order and Defendants have provided no other reasoning to justify sealing. Other than relying on incomplete

or incorrect portions of the Protective Order, they have not provided any details about security, privacy or other interests that would be at risk by unsealing Plaintiffs' exhibits, leaving the Court unable to make the required "specific, on-the-record findings that sealing is necessary to preserve higher values." *Lugosch v. Pyramid Co. of Onandaga*, 435 F. 3d 110, 126 (2d Cir. 2006); *see also Allen v. City of New York*, 420 F. Supp. 2d 295, 303 (S.D.N.Y. 2006) (finding "conclusory statements asserting harm" insufficient to justify sealing.).

We thank the Court for its attention to these matters.

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

_____/s/_____
Jonathan S. Abady
Debra L. Greenberger
Vasudha Talla
Sana Mayat
600 Fifth Avenue, 10th Floor
New York, New York, 10020
Telephone: (212) 763-5000
jabady@ecbawm.com


THE LEGAL AID SOCIETY

_____/s/_____
Mary Lynne Werlwas
Katherine Haas
Kayla Simpson
49 Thomas Street
New York, New York 10013
Telephone: (212) 577-3530
mlwerlwas@legal-aid.org