

**New York Civil Liberties Union**
125 Broad Street, 19th Floor
New York, New York 10004
212.607.3300
www.nyclu.org

Molly Biklen
Deputy Legal Director
212.607.3380
mbiklen@nyclu.org

December 1, 2023

**By ECF**
The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Re: *Nunez v. City of New York*, 11-cv-5845 (LTS)

Dear Judge Swain:

The New York Civil Liberties Union respectfully moves through this letter for leave to submit the attached amicus curiae brief in support of the plaintiff-class and United States's motion to hold the Department of Corrections in contempt and application for appointment of a receiver. *See* Dkt. No. 601.[1] The plaintiff-class and the United States consent to this request. Defendants do not consent.

Given that there is no applicable rule of civil procedure governing amicus curiae briefs, "[d]istrict courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (internal quotation marks omitted). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).

Here, the proposed amicus brief is timely in accordance with the schedule set forth at ECF No. 594, and elaborates on the importance of robust public transparency in a receivership. The NYCLU has significant experience challenging unconstitutional conditions in prisons and jails in New York State and promoting government transparency, including about the operations of the Department of Correction. *See, e.g., United States v. Erie County*, 763 F.3d 235 (2d Cir. 2014) (holding NYCLU entitled to monitor reports about compliance with consent decree about jail conditions); *Peoples v. Annucci*, 180 F.Supp.3d 294 (S.D.N.Y. 2016) (approving settlement agreement in NYCLU class-action challenge to unconstitutional use solitary-confinement in state

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person other than the amicus curiae or its counsel contributed money that was intended to fund preparing or submitting this brief. The NYCLU is a nonprofit organization with no parent corporation and in which no person or entity owns stock.

prison system); *New York Civil Liberties Union v. New York City Department of Correction*, 213 A.D.3d 530 (1st Dept. 2023) (litigating a public records case regarding access to information about department disciplinary practices). Drawing on this expertise and the Department of Correction's recent campaign to withhold essential information from the monitor and the public, the NYCLU submits that an order providing for a receivership must include requirements for transparency and to regularly publish information relevant to compliance. The NYCLU also contends that the dangerous and chaotic conditions at Rikers necessitate a receivership to stem the imminent harm to people in custody and that the ultimate remedy for these pervasive constitutional violations is compliance with the legislative mandate to close Rikers in its entirety.

      Amicus does not duplicate arguments in the parties' papers and provides additional insight into the importance of transparency in this context based on their extensive experience. Accordingly, the NYCLU respectfully requests that this Court grant leave to file the attached proposed amicus curiae brief in this matter.

      Respectfully submitted,

By: */s/ Molly K. Biklen*
Molly K. Biklen
Christopher Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300
mbiklen@nyclu.org