December 1, 2023

**By ECF**
The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Nunez v. City of New York*, 11-cv-5845 (LTS)

Dear Judge Swain,

The Bronx Defenders, Brooklyn Defender Services, Neighborhood Defender Service of Harlem, New York County Defender Services, and Queens Defenders ("proposed *amici*") move through this letter for leave to submit the attached *amicus* brief in support of Plaintiffs' Motion for Contempt and Application for Appointment of a Receiver.[1] Counsel for the Plaintiff Class and for Plaintiff-Intervenor the United States of America consented to this motion. Counsel for Defendants did not consent.

Leave to file an *amicus* brief should normally be granted where, as here, proposed *amici* have unique perspective or insight into the relevant issues. *See Women for America First v. De Blasio*, No. 20-cv-5746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020); *see also Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11-cv-6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) ("The usual rationale for amicus curiae submission is that they are of aid to the court and offer insights not available from the parties."). In particular, an *amicus* brief "serves . . . [to assist] the court in cases of general public interest . . . ." *Newark Branch, NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974)) (quotation marks omitted). Moreover, "district courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (citation and quotation marks omitted)). District courts may look to Rule 29 of the Federal Rules of Appellate Procedure "for guidance when reviewing a request to file an amicus brief."[2] *Auto. Club of New York, Inc.*, 2011 WL 5865296, at *1 n.1.

---

[1] No party counsel authored any part of the brief, and no person or entity other than *amici* contributed money to prepare or file it. None of *amici* are corporations. Jonathan S. Abady, a partner at Emery Celli Brinckerhoff Abady Ward & Maazel LLP and counsel of record for Plaintiffs, serves on the board of amicus curiae Neighborhood Defender Service of Harlem ("NDS"). The Board of NDS was not involved in the decision to approve or sign on to the *amicus* brief, and was not involved with writing or editing the brief. Earl S. Ward, a partner at Emery Celli Brinckerhoff Abady Ward & Maazel LLP, serves on the board of *amicus curiae* The Bronx Defenders ("BxD"). Mr. Ward was not involved in the decision to approve or sign on to the *amicus* brief, and was not involved with writing or editing the brief.

[2] Rule 29 provides, in relevant part, that a "motion [for leave to file an *amicus* brief] must be accompanied by the proposed brief and state: (A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Pro. 29(a)(3).

Proposed *amici curiae* are public defense offices that provide multidisciplinary legal services, along with social work and advocacy support, to low-income New Yorkers. *Amici* have a substantial and compelling interest in advocating for the safety and constitutional rights of the people in DOC custody. As public defenders, *amici* collectively represent hundreds of thousands of people each year charged in New York City's criminal courts including thousands each year who are detained or incarcerated in New York City Department of Correction ("DOC") custody while they fight their cases in court or serve a sentence of a year or less. *Amici*, therefore, have unique insight into the humanitarian crisis unfolding in New York City jails, in particular the extent to which Defendants' noncompliance with this Court's Consent Decree and other court ordered relief has caused grave and immediate harm to the people in custody—many of whom *amici* represent. In their brief, *amici* share the experiences of the people they represent who have suffered enormous physical and psychological harm as a result of the chaos and dysfunction in New York City jails, and the effect of those conditions on *amici*'s representation of people in DOC custody. The brief aims to assist the Court in understanding the full scope of the harm caused by the constant threat of violence in New York City jails, and the emotional and psychological cost of DOC's inability to comply with its obligations to keep people safe.

Further, *amici* do not expand the scope of the briefing, but rather, "merely respond to the issues presented by the parties" and do not "initiate, create, extend, or enlarge issues." *Cf. Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortgage Fundings*, No. 12-cv-7935 (ALC) (HBP), 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (citation and quotation marks omitted). *Amici's* brief concerns the issues presented by Plaintiffs—namely, DOC's noncompliance with court-ordered relief and DOC's intransigence in the face of oversight efforts. The brief asks the Court, as it adjudicates Plaintiffs' motion for contempt and application for appointment of a receivership, to consider the serious harms suffered by people *amici* represent as a result of DOC's noncompliance.

Accordingly, proposed *amici* respectfully request that the Court grant leave to file the attached proposed *amicus* brief.

Respectfully submitted,

| | |
|---|---|
| /s/ S. Lucas Marquez | /s/ Alexis Karteron |
| S. Lucas Marquez | Alexis Karteron |
| Alyssa Briody * | Civil Rights in the Criminal Legal System Clinic |
| Kevin Siegel | Washington Square Legal Services |
| Brooklyn Defender Services | NYU School of Law |
| 177 Livingston St, 7th Floor | 245 Sullivan Street |
| Brooklyn, NY 11201 | New York, NY 10012 |
| Tel: (347) 831 – 7643 | Tel: (212) 992 – 8824 |
| slmarquez@bds.org | alexis.karteron@nyu.edu |
| | |
| * application for admission pending | *Clinical law students Zoe Chang and Michelle Dahl contributed to the preparation of this brief* |

*Attorneys for Amici Curiae*