

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

John Schemitsch
Senior Counsel
Desk: 212-356-3539
jschemit@law.nyc.gov

December 6, 2023

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Nunez, et al. v. City of New York et al.,* 11-cv-5845 (LTS)

Dear Chief Judge Swain:

I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York (the "City"), assigned to represent the City and the Department of Correction ("DOC") in this matter.  Defendants write in opposition to the applications by the New York Civil Liberties Union, New York State Office of the Attorney General, Vital City, Defender Services[1], and Vera Institute of Justice to file their respective *amicus curiae* briefs [Docket Nos. 617, 618, 620, 621, and 627, respectively] in support of the Plaintiff-class and United States' motion to hold the Department of Correction in contempt and application for appointment of a receiver.

While District Courts have discretion to permit *amicus curiae* briefs, they are not routinely granted.  See Inversora v. Republic, 15-cv-2739, 2022 U.S. Dist. LEXIS 148422 (S.D.N.Y. Aug. 18, 2022) (citations omitted). Indeed, amicus briefs are typically permitted in situations not applicable here – specifically "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. If those situations are not present, as is the case here, leave to file an amicus curiae brief should be denied." Auto. Club of N.Y., Inc. v. Port Auth., 11-cv-6746, 2011 U.S. Dist. LEXIS 135391, 2011 WL 5865296

---

[1] The Bronx Defenders, Brooklyn Defender Services, Neighborhood Defender Service of Harlem, New York County Defender Services, and Queens Defenders.

(S.D.N.Y. Nov. 22, 2011) (citations omitted).  In reviewing proposed amicus submissions, courts should "also consider[]whether proposed amici are seeking to assist the Court in clarifying issues "as an objective, neutral, dispassionate 'friend of the court.'" N.Y. SMSA Ltd. P'ship v. Town of Bedford, 21-cv-3742, 2022 U.S. Dist. LEXIS 42993 (S.D.N.Y. Mar. 10, 2022) (citations omitted) (denying an amicus brief as the briefing would not clarify issues or aid in the Court's determination of the action); see e.g., Ass'n of Propriety Colls. v. Duncan, 14-cv-8838, 2015 U.S. Dist. LEXIS 51362 (LAK) (S.D.N.Y. Apr. 8, 2015) (denying leave to file an amicus brief where plaintiff is represented by "able and aggressive counsel who already have made, and doubtless will make again, substantially the arguments advanced in the proposed amicus brief").

      Here, Plaintiffs' class and the United States are ably represented, and have already filed an oversized memorandum of law in support of their motion.  The proposed *amici* provide insufficient reasons why their briefing is necessary or provides unique information perspective beyond those of the parties.  Notably, the proposed *amicus* brief of the New York Civil Liberties Union alleges that the Department has engaged in an attempt to conceal information regarding incidents which occur on Rikers Island (*e.g.:* slashing and stabbing data), a point which Plaintiffs argue in their motion papers. *Compare* Dkt. No. 617-1 at 5 *with* 603 at 79-82.  The proposed *amicus* brief of the New York State Office of the Attorney General also alleges points argued by Plaintiffs in their motion papers, namely alleged failures of adequate supervision of persons in custody. *Compare* Dkt. No. 618 *with* 603 at 28-32.  The proposed *amicus* brief of Vital City argues that the Department has underlying issues with the culture of its employees along with a lack of accountability, as well as arguing in favor of a Receivership, all points also argued by Plaintiffs. *Compare* Dkt. No. 620-1 at 7-19 *with* 603 at 3-4, 17-24, 87-91.  Similarly, the proposed *amicus* brief by the Defender Services alleges that the Department is responsible for the harms suffered by persons in custody, points argued by Plaintiffs throughout their briefing. *Compare* Dkt. No. 621-1 at 3-25 *with* 603 at 13-17, 24-39, 48-50.  The proposed *amicus* brief by the Vera Institute argues that appointment of a Receiver would protect the plaintiffs' class, is consistent with the PLRA, and would create a cultural shift, all points argued in Plaintiffs' briefing. *Compare* Dkt. No. 627-1 at 10-15 *with* 603 at 74-98.  As such, the Court should deny the requests to file amicus briefs.  If the Court does grant leave, Defendants request the opportunity to respond substantively to their arguments.

      Thank you for your consideration of this matter.

Respectfully submitted,

*/s/*
John Schemitsch

cc:    BY ECF
      *All counsel of record*