UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARK NUNEZ, et al.,

      Plaintiff,

-v-                                          No.  11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

      Defendants.

-------------------------------------------------------x

## Order

The Court has received and reviewed five motions for leave to file briefs as amici curiae in support of the motion, filed by Plaintiffs and the United States, for contempt and to appoint a receiver.  (Docket entries no. 617 ("NYCLU Br."), 618 ("NY OAG Br."), 620 ("Fmr. City Off. Br."), 621 ("PD Br."), 627 ("City Bar and Vera Br.").)  Proposed amici include: the New York Civil Liberties Union ("NYCLU"); the New York State Office of the Attorney General ("NY OAG"); three former New York City officials with oversight for New York City's jails (the "former officials")[1]; Bronx Defenders, Brooklyn Defender Services, Neighborhood Defender Service of Harlem, New York County Defender Services, and Queens Defenders ("PD Services"); and the New York City Bar Association (the "City Bar") and the Vera Institute of Justice ("Vera").  The Court has also received and reviewed Defendants' letter in opposition to the five motions.  (Docket entry no. 634 (the "Opp.").)  For the following reasons, the five motions for leave to file briefs as amicus curiae are granted.

---

[1]    The former officials include Elizabeth Glazer, the former Mayor's adviser on Rikers Island; Martha W. King, the former head of the Board of Correction carrying oversight authority for the Department of Correction (the "Department" or "DOC"); and Sarena Townsend, the former lead investigator for the City's jails and uses of force. (Fmr. City Off. Br. at 1.)

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." United States. v. Yaroshenko, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (quoting United States v. Ahmed, 788 F. Supp. 196, 198 (S.D.N.Y.1992)).  "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." Auto. Club of New York, Inc. v. Port Auth. of N.Y. & N.J., No. 11-CV-6746-RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).  Indeed, "[t]he primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public." Russell v. Bd. of Plumbing Exam'rs of Cnty. of Westchester, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).  Courts regularly exercise their discretion to "err on the side of granting leave" to file the proposed amicus briefs because, if the Court finds the briefs to be "unhelpful" in its evaluation of the underlying motion, the Court can "simply disregard the amicus brief. . . . On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 133 (3d Cir. 2002).

Here, the Court concludes that all of the proposed amici are organizations and individuals who offer insights not available from the parties.[2]  The Court further concludes, upon

---

[2]   See NYCLU Br. at 1 ("The NYCLU has significant experience challenging unconstitutional conditions in prisons and jails in New York State and promoting government transparency, including about the operations of the Department of Correction."); NY OAG Br. at 1 (describing "criminal investigations of particular in-custody deaths, as required by New York Executive Law Section 70-b, enacted in 2021, which requires [the NY OAG's] Office of Special Investigation ('OSI') to investigate where there is a question of fact as to whether an individual corrections officer caused the death of a person in custody, and to prosecute that officer where warranted"); Fmr. City Off. Br. at 1 ("Amici's extensive experience and insights into the politics, governance, management and staffing of the jails offer a unique perspective on why it has become imperative that a federal receiver be appointed to end the escalating and intractable violence."); PD Br. at 2 ("As public defenders, amici collectively represent hundreds of thousands of people each year charged in New York City's criminal courts including

its review of the proposed briefs, that each one provides potentially helpful information.  For these reasons, the five motions for leave to file amici curiae briefs are hereby granted.  Each applicant shall promptly file its brief, in the form that accompanied its application for leave, on the docket as an amicus curiae brief.

        This Order resolves docket entries no. 617, 618, 620, 621, and 627.

        SO ORDERED.

Dated: December 11, 2023                         /s/ Laura Taylor Swain
       New York, New York                 Laura Taylor Swain
                                                        Chief United States District Judge

---

thousands each year who are detained or incarcerated in [DOC] custody while they fight their cases in court or serve a sentence of a year or less.  Amici, therefore, have unique insight into the humanitarian crisis unfolding in New York City jails . . . ."); City Bar and Vera Br. at 5 ("As prominent advocates for the rule of law in New York City, and for justice in the administration of the City's criminal legal system . . . proposed amici represent a wealth of experience and expertise about criminal justice and incarceration in New York generally and the crisis within DOC and at Rikers Island specifically.").