UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARK NUNEZ, et al.,

       Plaintiff,

 -v-                                                 No. 11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

       Defendants.

-------------------------------------------------------x

### NOTICE OF INTENT TO ENTER ORDER

*The Court intends to enter an order in substantially the following form. Any objections to the language of the order must be discussed with the Monitoring Team and filed in writing by 12:00 p.m. noon on December 19, 2023.*

        SO ORDERED.

Dated: December 15, 2023                                           __/s/ Laura Taylor Swain_____
       New York, New York                                   Laura Taylor Swain
                                                                       Chief United States District Judge

        For the reasons stated on the record during the status conference held in the above-captioned matter on December 14, 2023, the Court finds that the Department of Correction (the "Department") is in contempt of Section D, paragraph 3 and Section E, paragraph 4 of the Action Plan (docket entry no. 465) and Section I, paragraph 5 of the June 13, 2023, Order (docket entry no. 550). In order to purge its contempt, the Department is required, by **February 16, 2024**, to comply with the following three requirements:

<u>First</u>, the Department is required to elevate the role of the current <u>Nunez</u> Manager, Kimberly Joyce, to adequately recognize the essential role she plays to bring the Department into compliance with the <u>Nunez</u> court orders. This requirement includes (i) acknowledging the <u>Nunez</u> Manager with an appropriate leadership title relating to the Department, comparable to that of the level of a Deputy Commissioner, and (ii) ensuring that she has the adequate personnel and resources to effectuate her legal, strategic, and compliance responsibilities.

<u>Second</u>, the Department is required to develop and implement a high-profile communication program through which the Commissioner and Deputy Commissioners make clear the responsibility—shared by Department leadership and staff alike—to proactively collaborate with the Monitoring Team. This message must be conveyed in at least one in-person meeting and one video. The message, and the strategy for wide distribution of the message at all levels of staff who interact with persons in custody or with the Monitoring Team, must be approved by the Monitoring Team before it is issued. This message must emphasize that, if there is ever any doubt regarding whether or not an issue requires collaboration with the Monitoring Team, staff are <u>required</u> to (i) raise the issue with the Monitoring Team and (ii) ask what is required for compliance.

<u>Third</u>, the Department, in consultation with the Monitor, shall develop a set of data and metrics for use of force, security, and violence indicators that will be routinely evaluated by Department leadership to identify trends and patterns regarding unnecessary and excessive force and violence in order to identify the root cause of these issues and develop strategies to address them.[1] Upon request by the Monitor, the Department shall provide data

---

[1] This requirement should already be familiar to the Department because it was included as Section 1, Paragraph 1 of the Court's August 10, 2023, Order. (<u>See</u> docket entry no. 654.) However, the Monitoring Team's November 8, 2023, Status Report (<u>see</u> docket

regarding use of force, security, and violence indicators and permit observation of meetings in which such information is evaluated by Department leadership.

The Department must file a joint status report with the Monitoring Team by **February 16, 2024**, to provide the Court with updates with respect to how each of these three requirements have been satisfied.

---

entry no. 616) indicated that the Department has not yet fully complied with this paragraph of the Order.