UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARK NUNEZ, et al.,

        Plaintiff,

  -v-                                          No.  11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

        Defendants.

-------------------------------------------------------x

## Order

For the reasons stated on the record during the status conference held in the above-captioned matter on December 14, 2023, the Court finds that the Department of Correction (the "Department") is in contempt of Section D, paragraph 3 and Section E, paragraph 4 of the Action Plan (docket entry no. 465) and Section I, paragraph 5 of the June 13, 2023, Order (docket entry no. 550).  In order to purge its contempt, the Department is required, by **February 27, 2024**, to comply with the following three requirements:

First, the Department must ensure that the role and authority of the Nunez Manager, appointed pursuant to Section I, paragraph 7 of the Court's June 13, 2023, Order, correspond to the function and responsibilities the position encompasses in facilitating compliance with the Nunez Court Orders.  In addition, the Department, in consultation with the Monitor, shall review and make a determination regarding whether the Nunez Manager has sufficient resources to perform the function of the position as set forth in the Court's June 13, 2023, Order.  The Monitor must also assess the role and authority of the Nunez manager in relation to the requirements of the June 13, 2023, Order, as well as the sufficiency of the Nunez

Manager's resources. To purge the Department's contempt, both the Department's and the Monitor's assessments must be positive.

Second, the Department is required to develop and implement a high-profile communication program through which the Commissioner and Deputy Commissioners make clear the responsibility—shared by Department leadership and staff alike—to proactively collaborate with the Monitoring Team. This message must be conveyed in at least one in-person meeting and one video. The message, and the strategy for wide distribution of the message at all levels of staff who interact with persons in custody or with the Monitoring Team, must be approved by the Monitoring Team before it is issued. This message must emphasize that, if there is ever any doubt regarding whether or not an issue requires collaboration with the Monitoring Team, staff are required to (i) raise the issue with the Monitoring Team and (ii) ask what is required for compliance.

Third, the Department, in consultation with the Monitor, shall develop a set of data and metrics for use of force, security, and violence indicators that will be routinely evaluated by Department leadership to identify trends and patterns regarding unnecessary and excessive force and violence in order to identify the root cause of these issues and develop strategies to address them.[1] Upon request by the Monitor, the Department shall provide data regarding use of force, security, and violence indicators and permit observation of meetings in which such information is evaluated by Department leadership.

---

[1] This requirement should already be familiar to the Department because it was included as Section 1, Paragraph 1 of the Court's August 10, 2023, Order. (See docket entry no. 654.) However, the Monitoring Team's November 8, 2023, Status Report (see docket entry no. 616) indicated that the Department has not yet fully complied with this paragraph of the Order.

The Department must file a joint status report with the Monitoring Team by **February 27, 2024**, to provide the Court with updates with respect to how each of these three requirements have been satisfied.

SO ORDERED.

Dated: December 20, 2023  
       New York, New York

                                      /s/ Laura Taylor Swain  
                                      Laura Taylor Swain  
                                      Chief United States District Judge