UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                         :

MARK NUNEZ, et al.,                     :

           Plaintiffs,         :

  - against -                  :

CITY OF NEW YORK, et al.,         :

          Defendants.       :

                                         :  **11 Civ. 5845 (LTS)(JCF)**
--------------------------------------------------------- X

UNITED STATES OF AMERICA,      :

         Plaintiff-Intervenor,    :

  - against -                  :

CITY OF NEW YORK and NEW YORK CITY  :
DEPARTMENT OF CORRECTION,     :

          Defendants.      :
--------------------------------------------------------- X

<u>**THIRD STIPULATION AND ORDER**</u>
<u>**REGARDING 16- AND 17-YEAR-OLD ADOLESCENT**</u>
<u>**OFFENDERS AT HORIZON JUVENILE CENTER**</u>

      This Third Stipulation and Order ("Stipulation") is entered by and among the Plaintiff Class, Plaintiff the United States of America (the "United States"), and Defendants the City of New York (the "City") and the New York City Department of Correction (the "Department" or "DOC") (the City and the Department are collectively referred to herein as the "Defendants").

      WHEREAS, on October 21, 2015, this Court entered a Consent Judgment (Dkt. No. 249) in this matter requiring the Defendants to take specific actions to remedy a pattern and practice of violence against incarcerated individuals, and to develop and implement new practices, policies, and procedures designed to reduce violence in the jails and ensure the safety and well-being of incarcerated individuals;

      WHEREAS, on April 10, 2017, the State of New York enacted legislation (known as the "Raise the Age Law") that raised the age of criminal responsibility to 18 years of age and created a new category of offenders called "Adolescent Offenders," which are defined as 16- or 17-year-olds who are charged with a felony-level offense, *see* Criminal Procedure Law 1.20(44);

1

WHEREAS, the Raise the Age Law was implemented in stages. The new category of
offenders applied to any 16-year-old youth charged on or after October 1, 2018, and any 17-year-
old youth charged on or after October 1, 2019. All 16- and 17-year-old youth charged before
October 1, 2018, and any 17-year-old youth charged between October 1, 2018 and September 30,
2019, were to still be processed as adults (collectively, "Pre-Raise the Age Youth");

WHEREAS, pursuant to the Raise the Age Law, all 16- and 17-year-old incarcerated
youth were required to be housed in a facility not located on Rikers Island as of October 1, 2018;

WHEREAS, starting in October 2018, all Pre-Raise the Age Youth were housed at the
Horizon Juvenile Center ("Horizon"), a specialized secure juvenile detention facility located in
the Bronx, New York, which was at the time jointly operated by DOC and the New York City
Administration for Children's Services ("ACS");

WHEREAS, during the period during which Pre-Raise the Age Youth were housed at
Horizon, the Monitor appointed under the Consent Judgment monitored and reported on the
extent to which Defendants complied with applicable provisions of the Consent Judgment with
respect to these Pre-Raise the Age Youth housed at Horizon;

WHEREAS, as of July 26, 2020, there were no longer any Pre-Raise the Age Youth
housed at Horizon but the facility continued to house Adolescent Offenders;

WHEREAS, ACS has assumed day-to-day operations of Horizon, and DOC currently
does not have any role in the day-to-day management of the facility;

WHEREAS, the City asserts that ACS' approach to managing Adolescent Offenders at
Horizon is premised upon a therapeutic model, whose main focus is engagement of youth in
positive pro-social, therapeutic, educational and/or vocational activities; de-escalation of volatile
engagements; and trusted communications with youth to support a positive forward-facing
behavioral approach;

WHEREAS, the United States, the Plaintiff Class, and the City have a dispute concerning
the extent to which certain provisions of the Consent Judgment should apply to Adolescent
Offenders housed at Horizon given that DOC is no longer involved in the day-to-day operations
of the facility and the facility no longer houses Pre-Raise the Age Youth;

WHEREAS, on or about November 11, 2020, the City voluntarily entered into an
Agreement with the Monitor ("First Horizon Agreement") concerning the operation of Horizon
and the management and supervision of Adolescent Offenders housed at that facility, under
which the Monitor would file with the Court three public reports describing the efforts ACS had
undertaken to implement the requirements of the First Horizon Agreement and assessing the
extent to which ACS had complied with these requirements, applying the standard for
Compliance set forth in the First Horizon Agreement;

WHEREAS, on or about November 12, 2020, the Court entered the Stipulation and Order
Regarding 16- and 17-Year-Old Adolescent Offenders at Horizon Juvenile Center (Dkt. No.
364), which attached the First Horizon Agreement and specified that, during the duration of the
First Horizon Agreement, the Monitor would not assess compliance with the Consent Judgment
with respect to Adolescent Offenders and the Plaintiff Class and the United States would not
seek judicial action to enforce the Consent Judgment with respect to Adolescent Offenders;

2

WHEREAS, on or about October 25, 2022, the Monitor filed with the Court the third and final report under the First Horizon Agreement (Dkt. No. 471, "the Third Monitor Horizon Report"), which assessed ACS' compliance with the requirements under the First Horizon Agreement for the period of January 1, 2022 through June 30, 2022;

WHEREAS, in the Third Monitor Horizon Report, the Monitor found that while ACS had demonstrated good faith efforts to improve its practice, ACS had not achieved compliance with certain requirements of the First Horizon Agreement, although progress had been made;

WHEREAS, on or about September 29, 2022, the City voluntarily entered into an Agreement with the Monitor ("Second Horizon Agreement") concerning the operation of Horizon and the management and supervision of Adolescent Offenders housed at that facility, under which the Monitor would file with the Court two public reports describing the efforts ACS had undertaken to implement the requirements of the Second Horizon Agreement and assessing the extent to which ACS had complied with these requirements, applying the standard for Compliance set forth in the Second Horizon Agreement;

WHEREAS, on or about February 3, 2023, the Court entered the Second Stipulation and Order Regarding 16- and 17-Year-Old Adolescent Offenders at Horizon Juvenile Center (Dkt. No. 503), which attached the Second Horizon Agreement and specified that, during the duration of the Second Horizon Agreement, the Monitor would not assess compliance with the Consent Judgment with respect to Adolescent Offenders and the Plaintiff Class and the United States would not seek judicial action to enforce the Consent Judgment with respect to Adolescent Offenders;

WHEREAS, on or about October 25, 2023, the Monitor filed with the Court the second and final report under the Second Horizon Agreement (Dkt. No. 587, "the Fifth Monitor Horizon Report"), which assessed ACS' compliance with the six substantive requirements under the Second Horizon Agreement for the period of January 1, 2023 through June 30, 2023;

WHEREAS, in the Fifth Monitor Horizon Report, the Monitor found that while ACS had demonstrated good faith efforts to improve its practice, ACS had not achieved compliance with certain requirements of the Second Horizon Agreement, although progress had been made;

NOW, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel, and this Court THEREFORE ORDERS, as follows:

1. The City has voluntarily agreed to extend its agreement with the Monitor until June 30, 2024, and has entered into the attached agreement ("Third Horizon Agreement"), which includes certain modifications to the Second Horizon Agreement. During the term of the Third Horizon Agreement, the Monitor will file with the Court one public report describing the actions ACS has undertaken to implement the requirements of the Third Horizon Agreement and assessing ACS' good faith and the extent to which ACS has complied with these requirements, applying the standard for Compliance set forth in the Third Horizon Agreement. In addition, pursuant to the Third Horizon Agreement, ACS shall continue to consult with the Monitor and his team of experts who will, as necessary, provide technical assistance with respect to the implementation of the Third Horizon Agreement's requirements and the adoption of best practices in the field of juvenile justice.

2.  During the duration of the Third Horizon Agreement, which shall end when the Monitor files his report under the Third Horizon Agreement, the Monitor shall not assess compliance with the Consent Judgment with respect to Adolescent Offenders and the United States shall not seek judicial action to enforce the Consent Judgment with respect to Adolescent Offenders.

3.  In the event that the Monitor finds that the City and ACS have made "diligent and good faith efforts" to implement the requirements of the Third Horizon Agreement after giving "due consideration to the totality of the circumstances" as detailed in Paragraph 5(c) of the Third Horizon Agreement, and are in Compliance with the requirements set forth in Paragraphs 2(a)-(d) of the Third Horizon Agreement during the reporting period referenced in the Third Horizon Agreement (i.e., July 1, 2023 through June 30, 2024) (the "Reporting Period"), the Plaintiff Class, the United States, and the City shall file with the Court a stipulation and proposed Order stating that the Consent Judgment shall not apply to Adolescent Offenders going forward. The stipulation and proposed Order shall be filed with the Court within 30 days of the issuance of the final report filed by the Monitor.

4.  In the event that the Monitor finds that the City and ACS are not in Compliance with any of the requirements of the Third Horizon Agreement set forth in Paragraphs 2(a)-(d) during the Reporting Period, the parties and the Monitor shall meet and confer within 30 days of the issuance of the report to discuss whether the Third Horizon Agreement, or portions of the Third Horizon Agreement, should be extended or modified, or whether other steps should be taken to address areas that are not in Compliance.  The parties shall make a good faith effort to reach an agreement.  Nothing said by any party or counsel for any party during any and all meetings held pursuant to this Paragraph may be used by any party in subsequent litigation in this or any other lawsuit.  If the parties do not reach an agreement within 45 days of the issuance of the report, the parties may petition the Court for a conference and reserve their rights to seek any relief from the Court.  Nothing in this Stipulation shall be construed as a waiver of any party's right to take any position with respect to the extent to which the Consent Judgment applies to Adolescent Offenders at the Court conference or thereafter.

5.  Nothing in this Stipulation shall be construed to impact the applicability of the Consent Judgment to any Plaintiff Class member who is not an Adolescent Offender.

FOR THE UNITED STATES:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
        JEFFREY K. POWELL
        LARA K. ESHKENAZI
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, NY 10007
        Telephone: (212) 637-2706/2758
        Email: Jeffrey.Powell@usdoj.gov
                  Lara.Eshkenazi@usdoj.gov

FOR PLAINTIFF CLASS:

THE LEGAL AID SOCIETY

By: _____
        MARY LYNNE WERLWAS
        KATHERINE HAAS
        KAYLA SIMPSON
        49 Thomas Street, 10th Floor
        New York, New York 10013
        Telephone: (212) 577-3530
        Email: mlwerlwas@legal-aid.org
                  khaas@legal-aid.org
                  ksimpson@legal-aid.org

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
        JONATHAN S. ABADY
        DEBBIE GREENBERGER
        SANA MAYAT
        600 Fifth Avenue, 10th Floor
        New York, NY 10020
        Telephone: (212) 763-5000
        Email:    jabady@ecbawm.com
                  dgreenberger@eecbawm.com
                  smayat@ecbawm.com

FOR DEFENDANTS CITY OF NEW YORK AND DEPARTMENT OF CORRECTION:

SYLVIA O. HINDS-RADIX
Corporation Counsel for the City of New York

By: _____
SHERYL R. NEUFELD
100 Church Street
New York, New York 10007
Telephone: (212) 356-2207
Email: sneufeld@law.nyc.gov

SO ORDERED this 11th day of _____ January , 2024

/s/ *Laura Taylor Swain*
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

6