UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARK NUNEZ, et al.,

        Plaintiff,

  -v-                                                  No.  11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

        Defendants.

-------------------------------------------------------x

### Order

        The Court has received and reviewed the letter motion, filed by the Rikers Debate Project ("RDP"), for leave to file an amicus curiae brief in support of the motion, filed by Plaintiffs and the United States, for contempt and to appoint a receiver.  (Docket entry no. 677 (the "RDP Letter").)  For the following reasons, the motion for leave to file an amicus curiae brief is denied.

        "District courts have broad discretion to permit or deny the appearance of amici curiae in a given case."  United States. v. Yaroshenko, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (quoting United States v. Ahmed, 788 F. Supp. 196, 198 (S.D.N.Y. 1992)).  "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties."  Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J., No. 11-CV-6746-RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).  The Court, however, must "balance its interest in hearing the perspectives of amici and amicis' interests in being heard against the interests of the parties in the timely and efficient disposition of their controversy in a predictable manner."  Inversora v. Republic, 15-cv-2739-LAP, 2022 U.S. Dist. LEXIS 148422, at *5 (S.D.N.Y. Aug. 18, 2022).

Here, the Court denies RDP's motion for leave to file an amicus curiae brief for three reasons. First, as the letter acknowledges (RDP Letter at 4), the December 1, 2023, deadline for applications to file amicus curiae briefs in support of the motion for contempt and to support a receiver has already passed (see docket entry no. 594). Second, because RDP failed to attach its proposed amicus brief to its motion, the Court is not in a position to conclude that such a brief would provide "aid to the court and offer insights not available from the parties." Auto. Club, 2011 WL 5865296, at *1. Third, RDP's proposed deadline to file its amicus brief is March 29, 2024 (RDP Letter at 5): two weeks after Defendants' opposition brief is currently due, and the same deadline that proposed amici curiae must meet to request leave to file a brief in opposition to the motion for contempt and to appoint a receiver (docket entry no. 658). While RDP notes that "an earlier deadline would likely not provide enough time to submit a worthwhile amicus" (RDP Letter at 5 n.9), the deadline RDP proposes would deny Defendants a proper opportunity to respond to the arguments made in RDP's amicus brief. RDP's request, describing its worthy program, does not provide any indication that the Court's consideration of the legal issues presented in the motion practice would benefit from any such disruption of the carefully constructed briefing schedule.

Therefore, RDP's motion for leave to file an amicus curiae brief is denied. This Order resolves docket entry no. 677.

SO ORDERED.

Dated: January 23, 2024                      /s/ Laura Taylor Swain
New York, New York                  Laura Taylor Swain
                                                                      Chief United States District Judge