

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**SHERYL NEUFELD**
*Chief Assistant for Regulatory Law and Policy*
Phone: 212-356-2207
sneufeld@law.nyc.gov

February 28, 2024

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Nunez, et al. v. City of new York et al.*
          11 Civ. 05845 (LTS)

Dear Chief Judge Swain:

      Defendant City of New York requests permission to file a letter setting forth a substantive response to comments made by the Deputy Monitor with respect to the work of the New York City Office of Administrative Trials and Hearings ("OATH") during the December 14, 2023 status conference in the above-referenced matter. The City respectfully submits that such a response is necessary for completeness of the record once the transcript becomes available on the public docket on March 18, 2024 [see, ECF Docket. No. 660].

      OATH is the City's central Administrative Law Tribunal. See https://www.nyc.gov/site/oath/about/about-oath.page. Among other responsibilities, OATH conducts trials and pre-trial conferences regarding disciplinary cases relating to the City's civil service workforce, including employees of defendant New York City Department of Correction ("DOC"). See https://www.nyc.gov/site/oath/trials/overview.page. As a result, OATH is subject to specific elements of the Consent Judgement, the Remedial Orders, and the Action Plan in the above-referenced matter. OATH has and continues to work diligently to fulfill these responsibilities.

      During the December 14, 2023 conference, the Deputy Monitor raised concerns regarding OATH's work which are contained on page 24, line 8, through page 25, line 17, of the transcript. As the transcript reflects, these concerns were stated on the record without any specific context or factual explanation. In this regard, while the Deputy Monitor had previously made DOC and counsel for the City aware of some emerging concerns regarding communication between OATH

and DOC and decisions being made in a few OATH pre-trial conferences, the language used during the conference did not make it entirely clear that it was these particular concerns that were being referenced.

Moreover, Defendants' focus from mid-November through mid-December, including at the December 14 conference, was addressing the Order to Show Cause issued by the Court on November 16, 2023 regarding DOC's Arson Reduction Housing Unit [see, ECF Docket No. 600].

Due to these factors, the City attorneys present at the conference did not have sufficient information or opportunity to respond at the time. In addition, there is currently nothing on the public docket which provides context for the Deputy Monitor's concerns.

As a result, the City respectfully requests the opportunity to place on the record OATH's response to the Deputy Monitor's statements so that both the specific subject matter of the Deputy Monitor's concerns, as clarified during recent discussions between counsel for the City and the Deputy Monitor, as well as OATH's response to those concerns, are publicly known.

On February 12, 2024, counsel for the City met and conferred with the Deputy Monitor regarding this application. Following that meeting, the City also confirmed to the Monitor and the Deputy Monitor that should Your Honor permit the City to make its filing on March 18, 2024, the City will provide them with a copy of the City's planned filing by the close of business on March 11, 2024.

With regard to the City's application, the Monitor and Deputy Monitor have asked that the City state their position and annex to this letter a February 27, 2024 letter to the Court further setting forth their position. The February 27 letter is annexed hereto, and the position the Monitoring Team has requested be included in the City's letter is as follows:

> The Monitoring Team does not object to the City's request to provide information to the Court, provided the following:
>
> (1) the City's request does not implicitly or explicitly impose obligations on the Monitoring Team that impedes its neutrality, independence, and ability to freely communicate with the Court;
>
> (2) the City does not implicitly or explicitly claim to speak on behalf of the Monitoring Team; and
>
> (3) the Court permit the Monitoring Team to file its own submission on March 18, 2024 if the Monitoring Team determines one is necessary after we have reviewed the information the City intends to file, which the City reports it will share with the Monitoring Team on March 11, 2024.

Counsel for the City also reached out to counsel for the Plaintiff Class and the United States regarding this application. Counsel for the United States has indicated as follows: "SDNY has no objection to the City submitting such a letter." Counsel for the Plaintiff Class has asked the City to include the following: "Plaintiffs take no position on Defendants' request to file a letter with the Court. Plaintiffs have not been provided with a copy of the anticipated letter, nor

an explanation why Defendants' supplement to statements made in open court in December will be delayed until the public filing of a transcript in March."

      Should Your Honor grant the instant application, the City respectfully requests permission to file the substantive response on March 18, 2024 when the transcript of the December 14, 2023 conference becomes available on the ECF Docket.

      Respectfully submitted,

      *s/ Sheryl Neufeld*

      _____

      Sheryl Neufeld

# MONITOR FEBRARY 27, 2024 LETTER

OFFICE OF THE MONITOR
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

**Steve J. Martin**
Monitor

**Anna E. Friedberg**
Deputy Monitor

1+1 646 895 6567 | afriedberg@tillidgroup.com

February 27, 2024

**VIA ECF**
The Honorable Chief Judge Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS)*

Dear Chief Judge Swain,

      The Monitoring Team submits this letter in response to the City's application to the Court to submit a substantive response, on March 18, 2024, to comments made by the Deputy Monitor with respect to the work of the New York City Office of Administrative Trials and Hearings ("OATH") during the December 14, 2023 Status Conference contained on page 24, line 8, through page 25, line 17 of the transcript. The Monitoring Team respectfully recommends the Court's evaluation of the City's application is made in light of the three considerations and requests outlined below.

- **Monitoring Team's Statements**: In its letter, it appears the City is suggesting part of the reason it could not respond to the Deputy Monitor's comments at the conference was because it did not have enough information from the Monitoring Team. To the extent that the City's application implies or requires the Monitoring Team to provide the City with advanced notice of its statements, the Monitoring Team does not believe that such notice is required,[1] nor should it be. The Monitoring Team can and must be permitted to freely communicate with the Court on matters of concern without first providing notice to a party. Even if notice was required, the Monitoring Team contends the City had sufficient notice that the issues with OATH would be raised at the status conference.[2] To the extent

---

[1] The Consent Judgment does not require the Monitor to provide notice of its statements to the Court in advance of a conference. To the extent that such an obligation is imposed on the Monitoring Team, the Monitoring Team respectfully requests that such an obligation must be applied to all Parties equally.

[2] The Monitoring Team also believes the City had sufficient notice that these issues regarding OATH could be raised during the conference given the number of communications the Monitoring Team had with the Law Department and DOC in advance of the conference.  Further, the City was also aware of

the City is questioning the sufficiency of the Deputy Monitor's presentation, the Monitoring Team does not believe there is a basis for such an assertion. The Monitoring Team takes its obligations to the report to the Court seriously. The Monitoring Team always strives to provide the Court with the best information available at the time of the report. Inherently, judicial economy demands that information is shared as succinctly as possible with appropriate context and information. The Monitoring Team believes that the Deputy Monitor's brief remarks related to OATH achieved those goals. Certainly, the City is entitled to respond to the Monitoring Team's statements, but the Monitoring Team does not believe there is any basis to suggest that the Deputy Monitor failed to meet any of her obligations or the comments were improper or deficient in any manner. The extent to which the City is permitted to respond, the Monitoring Team respectfully requests that such permission does not create any implicit or explicit obligations on the Monitoring Team that would alter the Monitoring Team's current approach to reporting to the Court.

- **Clarification of Monitoring Team's Concerns**: In its letter application, the City contends that a response related to OATH is necessary, in part, because "there is currently nothing on the public docket which provides context for the Deputy Monitor's concerns" and to identify "the specific subject matter of the Deputy Monitor's concerns, as clarified during recent discussions between counsel for the City and the Deputy Monitor." As an initial matter, the Monitoring Team has provided detailed reporting, *for years*, on the issues related to OATH.[3] Most recently, and *after* the Status Conference, the Monitoring Team's December 22, 2023 Report included more detailed information related to its comments about OATH. *See*, Monitor's December 22, 2023 Report at pgs. 72 to 74. To the extent that the City, other Parties or the Court, believe additional clarification or the evidentiary basis for the concerns outlined in the Deputy Monitor's statements is needed such a request can and should be made *to the Monitoring Team*. It is not appropriate for *the City* to provide such clarification. To the extent that the City is permitted to provide a report on the public record, it should be limited to *its own opinions* and must not implicitly or explicitly speak for the Deputy Monitor or the Monitoring Team. Such an approach would be inconsistent with the *Nunez* Court Orders. *See* October 30, 2023 Order at pg. 2 (the Court found '[n]o Party, or any employee or agent of any Party, shall

---

these issues via its own internal communications, produced in advance of the conference by the Law Department to the Monitoring Team, in which some of these issues were discussed.

[3] *See* Monitor's April 3, 2017 Report (dkt. 295), pgs. 179 to 180; and 184 to 188; Monitor's October 17, 2018 Report (dkt. 317), pgs. 126 to 128; Monitor's April 18, 2019 Report (dkt. 327), pgs. 151 to 159, and Appendix C; Monitor's October 28, 2019 Report (dkt. 332), pgs. 183 to 184, and 186 to 195; Monitor's May 29, 2020 Report (dkt. 341), pgs. 206 to 208; Monitor's October 23, 2020 Report (dkt. 360), pgs. 66 to 68 and 175 to 181, Monitor's December 8, 2020 Report (dkt. 365), pgs. 5 to 9; Monitor's May 11, 2021 Report (dkt. 368), pgs. 99 to 103; 245 to 250; and 251 to 257; Monitor's June 3, 2021 Report (dkt. 373), pgs. 6 to 16, and Appendix A; Monitor's December 6, 2021 Report (dkt. 431), pgs. 96 to 101, and 113 to 115; Monitor's December 22, 2021 Report (dkt. 435), pgs. 4 to 12; Monitor's June 30, 2022 Report (dkt. 467), pgs. 31 to 39; Monitor's October 28, 2022 Report (dkt. 472), pgs. 94 to 98; and 162 to 166; Monitor's April 3, 2023 Report (dkt. 517), pgs. 189 to 193; Monitor's July 10, 2023 Report (dkt. 557), pgs. 135, 139 to 140; and 230; Monitor's December 22, 2023 Report (dkt. 666), pgs. 59, 71 to 75; and Appendix C.

have supervisory authority over the Monitor's activities, reports, findings, or recommendations.' (Consent Judgment at § XX, ¶¶ 13, 23.))

Given the foregoing considerations, the Monitoring Team does not object to the City's request to provide information to the Court, provided the following:

(1) the City's request does not implicitly or explicitly impose obligations on the Monitoring Team that impedes its neutrality, independence, and ability to freely communicate with the Court;

(2) the City does not implicitly or explicitly claim to speak on behalf of the Monitoring Team; and

(3) the Court permit the Monitoring Team to file its own submission on March 18, 2024 if the Monitoring Team determines one is necessary after we have reviewed the information the City intends to file, which the City reports it will share with the Monitoring Team on March 11, 2024.

Thank you for your consideration of these matters.

        Sincerely,

        s/ Steve J. Martin
        Steve J. Martin, *Monitor*
        Anna E. Friedberg, *Deputy Monitor*