UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARK NUNEZ, et al.,

      Plaintiff,

  -v-                                            No.  11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

      Defendants.

-------------------------------------------------------x

## Order

The Court has received and reviewed the motion, filed by the Correction Officers' Benevolent Association, Inc. ("COBA"), for leave to file a brief as amicus curiae in support of the opposition brief, filed by the City of New York and the New York City Department of Correction ("Defendants"), to the motion for contempt and to appoint a receiver.  (Docket entry no. 699 (the "Motion").)  No opposition to the Motion has been filed.  For the following reasons, the motion for leave to file the brief as amicus curiae is granted.

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case."  United States. v. Yaroshenko, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (quoting United States v. Ahmed, 788 F. Supp. 196, 198 (S.D.N.Y.1992)).  "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties."  Auto. Club of New York, Inc. v. Port Auth. of N.Y. & N.J., No. 11-CV-6746-RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).  Indeed, "[t]he primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public."  Russell v. Bd. of Plumbing Exam'rs of Cnty. of Westchester, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).  Courts regularly exercise their discretion to "err on the side of granting leave" to file the proposed amicus briefs because, if the Court finds the briefs to be

"unhelpful" in its evaluation of the underlying motion, the Court can "simply disregard the amicus brief. . . . On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 133 (3d Cir. 2002).

Here, the Court concludes that the proposed amicus is an organization that offers insights not available from the parties. The Court further concludes that the proposed brief provides potentially helpful information. For these reasons, the Motion is hereby granted. The applicant shall promptly file its brief, in the form that accompanied its application for leave, on the docket as an amicus curiae brief. This Order resolves docket entry no. 699.

SO ORDERED.

Dated: April 12, 2024                                        /s/ Laura Taylor Swain
       New York, New York                           Laura Taylor Swain
                                                      Chief United States District Judge