UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK NUNEZ, ET AL.

                Plaintiffs,

   -against-

THE CITY OF NEW YORK, ET AL.

             Defendants.

Case No. 11-cv-5845 (LTS)

**JOINT STATUS REPORT**

      Pursuant to the Court's order of June 6, 2024, Dkt. 725, the Parties to the above-captioned case met and conferred in good faith to resolve outstanding disputes related to Plaintiffs' motion for contempt and appointment of a receiver (Dkt. 601, hereinafter "the Motion"). The Parties report the following information.

**I.     Issues Resolved By Agreement**

      The Parties agree that the first prong of the contempt standard has been met: specifically, that the Court's orders on which Plaintiffs have moved for contempt are "clear and unambiguous," *see Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). Defendants do not agree that other elements of the contempt standard have been met.

      Defendants do not consent to the appointment of a receiver; they rely on the positions set forth in their Opposition to Plaintiffs' motion. Plaintiffs maintain that the appointment of a receiver is a necessary and appropriate remedy given the record of longstanding non-compliance with this Court's orders.

**II.      Facts Still in Dispute**

The overwhelming majority of material facts that the Parties submitted to the Court in support of or opposition to the Motion are now undisputed.

The disputes that remain can be divided into two categories: 1) disputes over the accuracy of a fact; and 2) legal objections principally regarding the legal effect of specific facts with regard to the Motion. The Parties have agreed upon broad categories for the legal objections: (1) that the fact reflects a Monitor's opinion; (2) that the fact is not material; or (3) that the fact presents another type of legal dispute. The number of disputes in each category is reflected in the chart below.

| Total Objections to Plaintiffs Finding of Fact | 262 |
|---|---|
| Accuracy Objections | 0 |
| Legal Objections | 262 |
| *Legal Dispute – Monitor Opinion* | *190* |
| *Legal Dispute – Materiality and Other Miscellaneous* | *72* |
| Total Objections to Defendants Finding of Fact | 28 |
| Accuracy Objections | 13 |
| Accuracy and Legal Objections | 7 |
| Legal Dispute – Materiality and Other | 8 |

We discuss these disputes with respect to each Parties' submission below.

A.  Plaintiffs' Proposed Findings of Fact (Dkt Nos. 605, 610)

Through the meet and confer process, the Parties were able to resolve most disputes relating to the proposed findings in Plaintiffs' Proposed Findings of Fact ("PFOF") dated November 17, 2023, at Dkt. Nos. 605 and 610, so that 920of the 1,182 proposed findings are not

in dispute.[1] A clean, revised version of Plaintiffs' Proposed Findings of Fact is attached here as Exhibit A. The Parties have been able to resolve all factual disputes with respect to each of the 1,182 proposed findings. The attached version of the document incorporates any revisions to the language of specific proposed findings of fact that the Parties have agreed to in order to resolve any factual disputes. Defendants do not dispute the accuracy of these revised facts.

With respect to the remaining 262 proposed findings in the PFOF, Defendants are asserting a legal objection. The proposed findings to which Defendants assert legal objections are marked with asterisks in Exhibit A. Exhibit B is a chart listing each of these objected to proposed findings and the categories into which they fall.

### 1. Accuracy Disputes

As noted above, there are no disputes with respect to the accuracy of any of Plaintiffs' proposed findings in the PFOF.

### 2. Legal Dispute: Monitor's Opinions or Conclusions

Most of the disputes – 190 out of 262 – arise from Defendants' objections to proposed findings of fact that reflect the Monitor's determinations and conclusions as articulated in his many reports to the Court. The Parties agree that the Monitor is appropriately qualified as an expert on DOC practices as well as corrections systems and best practices, and that his determinations and conclusions reflect expert opinions that are admissible as evidence under Rule 702 of the Federal Rules of Evidence ("a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion, provided (1) the

---

[1] The "Not Disputed" category includes proposed findings to which Defendants' response in Dkt. 691 reads: "Not disputed;" or "Not disputed insofar as the proposed finding reflects what is stated in" a document, such as the Monitor's reports, exhibits, statutes, or filings on the docket. *See* Dkt. No. 691 ¶¶ 1-9.  The Parties agree that such proposed findings are not in dispute. Defendants' position is that where they do not dispute the *accuracy* of a fact, that is not necessarily a concession that said fact is *relevant* to the instant motion practice.

testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principals and methods reliably to the facts of the case").

    **Position of Plaintiffs**: The Court is entitled to and should fully credit the expert opinions of the Monitor. The Monitor has been appointed by this Court to provide key expertise and to assess Defendants' compliance with the *Nunez* court orders. The Monitor is a career corrections professional and an attorney with over 44 years of experience as a correctional officer, state prison system general counsel, federal court monitor, and expert in litigation involving jails and prisons nationwide and for the U.S. Department of Justice and Homeland Security. In his role in this case and in *Sheppard v. Phoenix* and *Ingles v. Toro*, the Monitor has also gained significant experience with the use of force practices, investigation and disciplinary system, security operations, staffing operations, supervision system, and leadership of the New York City Department of Correction, as well as with other operational issues relating to the *Nunez* court orders. Over the last eight years, the Monitor has assessed compliance with the *Nunez* court orders using extensive quantitative and qualitative analyses and has frequently met with the Court regarding *Nunez*-related issues. The basis for each of the Monitor's determinations and conclusions referenced in the PFOF are fully explained in the extremely detailed reports the Monitor has submitted to the Court. The Monitor is intimately familiar with the requirements of the *Nunez* court orders; the Department's practices, systems, and policies at issue in the Motion; the current conditions in the jail system; and the Department's longstanding failure to adequately address the extraordinary high level of violence, disorder, and excessive and unnecessary staff use of force. There is no one better positioned to opine on the extent to which the Department has complied with the *Nunez* court orders or to make determinations and conclusions regarding

the current state of affairs in this jail system. The Monitor's opinions are both relevant and reliable and easily meet *Daubert* and Rule 702 standards.

Plaintiffs respectfully submit that the Court should fully credit each of the proposed findings of fact labeled "Legal Dispute – Monitor Opinion" in Exhibit B and adopt these determinations and conclusion when making factual findings and deciding this Motion.

**Position of Defendants**: Defendants do not dispute that the Monitor is an expert. It is Defendants' view, however, that the Monitor's expertise is limited to issues regarding correctional systems and best practices.

It is Defendants' position that conclusions that the Monitor may reach in his reports regarding correctional systems and best practices may be credited by the Court as expert opinions. Defendants diverge with Plaintiffs, however, as to the legal effect of those expert opinions on the instant motion practice that concerns findings of contempt and the institution of a receivership. It is Defendants' view that the Monitor statements to which they have objected, while expert opinions, do not support the Plaintiffs' legal conclusion that either: (a) the Defendants should be found in contempt; or (b) that the Court should impose a receivership. Furthermore, it is important to note that in his reports, the Monitor did not state that he was offering the opinions/conclusions at issue for the purpose of supporting findings of contempt or the institution of a receivership.

In addition, it is Defendants' view that the Monitor's expertise does not extend beyond correctional systems and correctional best practices. Therefore, Defendants do *not* believe that the Monitor's statements should be credited as expert opinions or conclusions where they are offered to support findings concerning areas outside his expertise, e.g., motivations of members of the Department or inter-personal dynamics (e.g. PFOF 753, 773,  and 1054).  Defendants will

identify the proposed findings that fall within this subcategory in the proposed July 16, 2024 submission described in Section III, and Plaintiffs present their responses to these contentions.

### 3. *Legal Disputes: Opinions of Declarant Michael Jacobson*

A small number (5) of Defendants' objections concern proposed finding of fact that cite to statements made by declarant Michael Jacobson, former Commissioner of the New York City Department of Correction.

**Position of Plaintiffs**: As Plaintiffs will detail for each disputed Proposed Finding of Fact in the proposed July 16, 2024 submission described in Section III, Mr. Jacobson's testimony is admissible. Mr. Jacobson served as a Commissioner of the Department, interacted with both correctional officer unions and City officials both while serving in that position and continuing after his departure, and continues to study the City's correctional and criminal justice systems. Several of the proposed findings at issue reflect information gathered by Mr. Jacobson through his discussions with prior Department Commissioners and his own experiences; others reflect Mr. Jacobson's opinions based on his expertise.

**Position of Defendants:** Defendants will not stipulate that Mr. Jacobson is an expert on correctional practices generally, or that he is somehow an expert in the operation of City government.

Mr. Jacobson was the Commissioner of the Department from 1995 to 1998. That experience is certainly neither "reliable" nor "relevant" because it is so far in time from the instant consent decree and the issues at issue in the instant motion practice.

Further, Defendants submit that Mr. Jacobson's declaration is deficient pursuant to the standards set forth by the courts in this jurisdiction. *See Veleron v. Stanley,* 117 F. Supp. 3d 404, 444 (S.D.N.Y. 2015) (""a proffered expert who relied solely on his or her experience in arriving

at his or her expert opinion must have based that opinion on sufficient facts or data," and ""must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts,'.""). Mr. Jacobson's declaration is premised only on his own experience and therefore should not be regarded as an expert report by the Court for the purpose of drawing conclusions about the current state of the City's jails.

Defendants have no opposition to Mr. Jacobson being treated as a fact witness by the Court; even if he were considered for such a purpose, however, Defendants submit that the facts he proffers are not probative to resolution of the pending Motion.

4. *Legal Disputes: Materiality and Other Legal Objections*

The remaining disputes in the PFOF arise from Defendants' objections regarding materiality and other legal objections.

As a general matter, Plaintiffs believe the arguments in our opening and reply briefs amply demonstrate the materiality of all of the proposed findings of fact.

Defendants submit that the facts at issue were overbroad and beyond the scope of the Motion and are therefore, immaterial. Defendants rely also on their arguments their opposition brief.

The Parties will provide their specific positions with respect to each of the findings that fall within this category in the proposed July 16, 2024 submission described in Section III.

B. Defendants' Statement of Material Facts (Dkt. No. 690)

Through the meet and confer process, the Parties were able to resolve many of the disputes relating to the 82 proposed findings of fact in Defendants' Statement of Material Facts, Dkt. No. 690. Fifty four (5) of Defendants' proposed findings are not in dispute. Attached as

Exhibit C is a clean, revised copy of Defendants' Statement of Material Facts that incorporates any revisions to the language of specific findings that the Parties have agreed to in order to resolve certain factual disputes. Plaintiffs do not dispute these revised facts.

That leaves 28 of Defendants' proposed findings still in dispute. These are marked with asterisks in Exhibit C. Of these, 13 are genuine disputes regarding the factual accuracy of a proposed finding. Seven (7) are hybrid accuracy and legal disputes. The remaining 8 disputes are legal objections, *i.e.*, disputes regarding the admissibility of the finding or the weight the finding should carry. Exhibit D is a chart listing each of the proposed findings that are in dispute and the categories into which they fall.

### 1. *Accuracy Disputes*

With respect to each of the 20 findings where Plaintiffs dispute the factual accuracy of the statement, Plaintiffs will provide a substantive response with cites to the record in the proposed July 16, 2024 submission described in Section III, and Defendants will provide their position.

The Parties respectfully submit that the Court can resolve these factual disputes based on the evidence cited and there is no need for an evidentiary hearing to resolve this limited number of factual disputes.

### 2. *Legal Disputes: Materiality and Other Legal Objection*

The remaining disputes in Defendants' Statement of Material Facts arise from Plaintiffs' objections on legal grounds, such as that a proposed fact is an opinion or is immaterial. For example, some of Defendants' proposed facts merely describe their plans or intentions to take action in the future, which, as Plaintiffs set forth in their reply memorandum of law, is not material to resolution of the motion. *See* Memorandum of Law in Reply to Defendants'

Opposition to Plaintiffs' Motion for Contempt and Application for Appointment of a Receiver, Dkt. 716, at 3-10, 13-17. It is Defendants' position that these proposed facts are appropriate to enter the record for this motion practice because: (a) they are evidence that the Department has been "reasonably diligent" in attempting to comply with court orders; and (b) they are relevant to the *Plata* factor concerning whether there is leadership that can "turn the tide within a reasonable period of time." The Parties will provide their specific positions with respect to each of the findings that fall within this category in the proposed July 16, 2024 submission described in Section III.

      C.   <u>Plaintiffs' Supplemental Proposed Findings of Fact (Dkt. Nos. 719, 723)</u>

Defendants have not yet responded to Plaintiffs' Supplemental Proposed Findings of Fact. Defendants anticipate identifying for Plaintiffs any factual disputes or legal objections by July 8. The Parties will then meet and confer to try to resolve these issues. If there are disputes that remain unresolved with respect to specific proposed findings, the Parties will submit their positions to the Court in the proposed July 16, 2024 submission described in Section III.

    **III.**    **Proposed Next Steps for Addressing Disputed Facts**

On July 16, 2024, the Parties intend to submit to the Court revised versions of the following: Plaintiffs' Proposed Findings of Fact, Defendants' Statement of Material Facts, and Plaintiffs' Supplemental Proposed Findings of Fact. These versions will again reflect agreed-upon revisions, and will also identify all disputed or objected to facts and their categories.   In addition, these versions will include the following:

- With respect to the category findings where there are factual disputes, the opposing party will provide a succinct response citing any evidence in the record that the party relies upon to dispute the fact.

-   With respect to the other categories designated as "Legal Disputes," each Party will submit their position.

**IV.      Further Proceedings to Resolve Motion**

The Parties request oral argument on the Motion. The Parties agree that no evidentiary hearing is necessary for the Court to resolve the disputes raised herein and decide the Motion.

**Position of the Plaintiffs**: Plaintiffs believe no live testimony or cross-examination is needed. The majority of the disputes are legal objections for which testimony is unnecessary. The factual disputes are limited and can be resolved on the Parties' written submissions; alternately, the Motion could be granted even without resolving the limited disputed facts. Specifically, Defendants do not dispute the factual accuracy of any of Plaintiffs' PFOF. The factual disputes Plaintiffs have concerning Defendants' Statement of Material Facts can be resolved in Plaintiffs' favor without live testimony. For example, as will be detailed further in the proposed July 16, 2024 submission, disputes about the reliability of Defendants' data can be credited by relying on the Monitor's findings. Accordingly, a hearing with live testimony would serve no purpose.

The Parties have not yet conferred about any disputes Defendants may have with respect to Plaintiffs' Supplemental Proposed Findings of Fact. However, given the conferral process to date, Plaintiffs do not anticipate resolving those disputes will require live testimony. Additionally, Plaintiffs' position is that the factual record is fully submitted, but that the Court can and should consider any post-filing Monitor's reports in its determination.

The Court's factual findings on the record presented—including the extensive detailed reports submitted by the Monitor, sworn witness declarations, and the other admissible evidence—are akin to factual findings made after a bench trial and would be subject to a "clearly

erroneous" standard of review. *Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir. 1991) (internal quotation marks omitted).

Plaintiffs oppose Defendants' request to supplement the factual record 14 days before any oral argument. The detailed periodic reports filed by the Monitor are sufficient to keep the Court apprised of any new facts that are relevant to the Motion. Indeed, Plaintiffs' Supplemental Proposed Findings of Fact were predominantly based on reports filed by the Monitor after Plaintiffs filed the Motion in November 2023, and in response to arguments made by Defendants about steps taken by a Commissioner appointed after that date. Defendants should not be permitted to supplement the record with their version of updated facts on the eve of oral argument.

**Position of the Defendants:** Defendants respectfully submit to the Court that the Motion can be decided on the factual record set forth in the Parties' motion papers and that, therefore, no live testimony or cross-examination is required. Defendants do however believe that oral arguments are appropriate in this matter.

Furthermore, and importantly, Defendants respectfully request that the Court grant them the ability to supplement the factual record prior to any oral argument. In their Reply papers, Plaintiffs, to Defendants' surprise, submitted a Supplemental Proposed Finding of Facts. This factual submission was, in Defendants' view, outside the scope of the briefing schedule set forth by the Court for the instant motion. From a basic fairness perspective, Defendants respectfully request that the Court allow them to supplement the factual record in this matter fourteen (14) days prior to any oral argument that is to be scheduled. Further, where the factual record is in flux and where, as here, continuing efforts to achieve compliance are material to deciding the Motion, Defendants respectfully submit that supplementing the factual record is warranted.

While we appreciate that the Monitor's reports will serve to continue to supplement the record, the Department wants to reserve the right to be able to bring issues that may be relevant to the motion practice to the Court's attention should they not be addressed in Monitor's reports.

***

The Parties thank the Court for the opportunity to present these views, and look forward to further discussion at the conference on July 9, 2024.


THE LEGAL AID SOCIETY                    EMERY CELLI BRINCKERHOFF
                                         ABADY WARD & MAAZEL LLP


By: /s/ Mary Lynne Werlwas              By: /s/ Jonathan S. Abady
Mary Lynne Werlwas                       Jonathan S. Abady
Kayla Simpson                            Debra L. Greenberger
Katherine Haas                           Vasudha Talla
Sophia Gebreselassie                     Sana Mayat
49 Thomas Street, 10th Floor             600 Fifth Avenue, 10th Floor
New York, New York 10013                 New York, New York 10020
(212) 577-3300                           (212) 763-5000


*Attorneys for Plaintiff Class*


    DAMIAN WILLIAMS
    United States Attorney

By: /s/ Jeffrey K. Powell
    JEFFREY K. POWELL
    ELLEN BLAIN
    Assistant United States Attorneys
    Tel: (212) 637-2706/2743
    Email: Jeffrey.Powell@usdoj.gov
           Ellen.Blain@usdoj.gov

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007

By:       */s/ Omar J. Siddiqi*

Omar Siddiqi
*Senior Counsel*

13