# **MEMO ENDORSED**



**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SHERYL NEUFELD**
*Chief Assistant for Regulatory Law and Policy*
Phone: 212-356-2207
sneufeld@law.nyc.gov

July 22, 2024

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Nunez, et al. v. City of New York et al.*
         11 Civ. 05845 (LTS)

Dear Chief Judge Swain:

    Defendants submit this letter to provide a status update to Your Honor with regard to Local Law 42 of 2024 ("Local Law 42" or "LL42") which amends the New York City Administrative Code concerning de-escalation confinement of incarcerated individuals, the use of restraints on incarcerated individuals, requirements for restrictive housing programs, and requirements for emergency lock-ins. Defendants first provided an update to the Court regarding Local Law 42 in a letter dated June 5, 2024 (Dkt. 724).

    In the June 5 letter, Defendants noted that because many of the requirements of Local Law 42 conflict with aspects of the Orders issued by this Court in the above-referenced case, we intended to move for an Order suspending the requirements of Local Law 42 until such time as the Monitor in this matter approves New York City Department of Correction ("DOC" or "the Department") policies and programs addressing those requirements. Defendants also noted their intent to meet and confer with counsel for the Nunez parties in advance of filing the motion.

    While not noted in the June 5 letter, Defendants also have serious concerns about the negative effects on public safety that many of the provisions of Local Law 42 would have on operation of the City's jails and routine transportation of incarcerated individuals if they were to be implemented at this time. These concerns are discussed in detail in a July 22, 2024 Declaration of DOC Commissioner Lynelle Maginley-Liddie, appended hereto as Exhibit A. As noted in the Declaration, as well in correspondence from the Monitoring Team to the Commissioner in both a January 12, 2024 letter (appended hereto as Exhibit B) and a July 17, 2024 letter (appended hereto

as Exhibit C), the Monitoring Team also has concerns about implementing many of the requirements of Local Law 42 at this time, stating in the July 17 letter that "[t]he question of whether the Department can implement LL42 safely and comply with the Nunez Court Orders is of the utmost importance because of the direct impact on the safety of all those incarcerated and working in the jails" (Exhibit C at 8) and, further, that "attempting to implement LL42 at this time would be ill-advised as it would be dangerous and would subject incarcerated individuals and staff to further risk of harm" (Exhibit C at 2).  See, also, id. at 7 (repeating that attempting to implement Local Law 42 right now "would be dangerous" for those incarcerated and working in the jails).

On June 7, 2024 Your Honor endorsed Defendants' June 5 letter and directed that the meet and confer process take place (Dkt. 726).  The first meet and confer between the Nunez parties and the Monitoring Team took place on June 18, 2024.  Subsequent to that meet and confer, Defendants had additional conversations with the Monitoring Team and also engaged in conversations with counsel for the New York City Council.

The Monitoring Team noted these developments in their July 3, 2024 status update to the Court (Dkt. 744), and further noted that in light of the discussions taking place and the need for further work between the Monitoring Team and the Department, as well as for further discussions with the parties, Defendants would not be filing their proposed motion in advance of the July 9 conference.  Following the July 9 conference, Defendants have had additional conversations with the Monitoring Team as well as with counsel for the City Council.  In addition, following the July 9 conference, and as noted above, on July 17, 2024 the Monitor provided additional advice and feedback to the DOC Commissioner in response to her request for updated information from the Monitoring Team about how the requirements of Local Law 42 may impact the Department and its ability to comply with the Court's Orders in this case.

Among other things, in the July 17 letter, the Monitoring Team sets forth proposed next steps for the Department to work with the Monitoring Team to create a more detailed framework of the Local Law 42 requirements that conflict with Nunez Court Orders, and then engage in further discussions with the Nunez parties, counsel for the City Council and the Monitoring Team to determine how best to address the conflicts.  As the Monitoring Team states: "[g]iven the complexity of the task and the fact that the practices at issue have a direct impact on facility safety, the process must go forward using a detailed, methodical approach," and recommends that this work is undertaken between now and October 24, 2024. Exhibit C at 10.

As a result, Defendants now ask the Court to endorse the Monitoring Team's proposal for continuing work on this issue, which includes the filing of a status update with the Court regarding any progress made and the necessity for motion practice.  Defendants propose to file that update with the Court by the close of business on Friday, October 25, 2024.

Defendants appreciate the Court's consideration of this request.

Defendants and the Monitoring Team shall continue their focused analytical work concerning compliance with Local Law 42, as outlined in the July 17, 2024, letter from the Monitoring Team. Defendants are hereby directed to file a status update regarding this work by **October 25, 2024**.
SO ORDERED.
7/23/2024
/s/ Laura Taylor Swain, Chief USDJ

Respectfully submitted,

s/ Sheryl Neufeld
_____
Sheryl Neufeld

2