

Hon. Laura T. Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

July 24, 2024

**By ECF**

Re:    Defendants' Letter at D.E. 758

Your Honor,

Along with Rickner PLLC and the New York City Council's Office of the General Counsel, my office represents the City Council regarding disputes over the implementation of Local Law 42 as it relates to the *Nuñez* matter. We write in response to the Defendants' letter filed at D.E. 758 and regarding Your Honor's memo endorsement thereof at D.E. 759, in order to clarify that the City Council has not consented to any delay in implementation of the law, which goes into effect in mere days.

Local Law 42 was passed by the City Council on December 20, 2023. The Mayor of New York City vetoed the law on January 19, 2024. On January 30, 2024, the City Council overrode the veto, enacting the law. The law takes effect on July 28, 2024, one hundred eighty days after its passage, and just four days from now.

The New York City Law Department, representing the interests of the Defendants against the laws of the City of New York, indicated in meet-and-confers certain concerns regarding implementation of Local Law 42 in the context of this litigation. Department of Correction believes that the law conflicts with certain requirements of the Consent Judgment and other orders this litigation, and the City Council disagrees. We have also spoken to the Deputy Monitor, Anna Friedberg, about the Monitor's questions regarding implementation of the law in the context of this litigation. No party, however, has moved this Court for relief from Local Law 42's requirements, and we do not believe anything in the Consent Judgment or other court order in this case can be read to or permitted to preempt implementation of Local Law 42.

The City Council is gravely concerned at the implication of Defendants' letter, which gives the impression that the City Council has consented to continued discussions between the Department of Correction and the Monitor regarding implementation of Local Law 42, stating that review of the law should continue through October. The City Council did not consent to any such extension in any discussions with the City Law Department in our meetings.

**WERTHEIMER LLC · 14 Wall Street · Suite 1603 · New York, NY 10005**
*(646) 720-1098· joelwertheimer.com · joel@joelwertheimer.com*

Local Law 42 was enacted nearly six months ago. The City Council fully expects that the Department of Correction will begin, consistent with its Charter-mandated obligations, implementing Local Law 42 on July 28, 2024. The City Law Department noted in its June 5 letter that it "intended to move for an Order suspending the requirements of Local Law 42 until such time as the Monitor in this matter approves New York City Department of Correction." No such motion has been made, and the Consent Judgment does not permit the Court to grant such a motion. *See Doe v. Pataki*, 481 F.3d 69, 79 (2d Cir. 2007) ("the State cannot be held to have surrendered in a consent decree its authority to amend its statutes unless the decree clearly indicates that intention").

Had the Law Department wished to engage in motion practice before this Court seeking to claim that Local Law 42 conflicts with Court orders in this action, it could have done so. The Department of Correction waited until the eve of Local Law 42's effective date to file a letter regarding implementation, assuming an extension of implementation in this action, but has not asked the Court for any relief. The Department of Correction, regardless of the complexity of the task, and regardless of consultation with the Monitor, is not free to ignore City laws it disagrees with merely on the unilateral determination of the Law Department. The City Council is of course willing to continue an open dialogue with both the Monitor and the Department of Correction regarding the manner in which the Department is implementing the law in order to ensure the safety of all people incarcerated in New York City.

As such, we do not believe that Your Honor's Memo Endorsement should be read as an extension of time to begin implementing the Law and thank Your Honor in advance for consideration of our letter.

Yours very truly,

Joel Wertheimer