**Robinson+Cole**

GLENN GREENBERG

666 Third Ave., 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
ggreenberg@rc.com
Direct (212) 451-2933

*Via ECF*

October 15, 2024

The Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Nunez, et al. v. City of New York, et al.*, 11-cv-5845 (S.D.N.Y.)

Dear Chief Judge Swain:

We write this letter to inform the Court of our intention to call the Deputy Monitor, Anna Friedberg, as a witness in *Colson v. Mingo, et al.*, 18-cv-2765 (JGLC) and explain why we do not believe that the Consent Judgment in *Nunez, et al. v. City of New York, et al.*, 11-cv-5845 (S.D.N.Y.) bars her testimony.  *Colson* involves Section 1983 claims for deprivation of humane conditions and excessive use of force in late August, 2016 at Rikers Island Complex.  While we recognize that the onus to notify the Court of the subpoena is not on Mr. Colson, we had to notify the *Colson* Court of our intention and thought it prudent to notify Your Honor at same time.

Mr. Colson intends to elicit testimony from Ms. Friedberg consistent with portions of the Monitor Reports.  *See* Ex. 1.

Ms. Friedberg, citing Section XX, Paragraph 28 of the Consent Judgment, contends that "the Monitoring Team is not permitted testify in Court absent express authorization form the Court in *Nunez*."  Ex. 2; *see Nunez*, Dkt. 249 ("Consent Judgment").  We anticipate that she will, per that paragraph consent order, notify the Court and the other *Nunez* parties of the trial subpoena.  We do not believe that she is correct that this paragraph applies to her.

Consent judgments are to be interpreted in the same manner as contracts.  *New York ex rel. Spitzer v. Saint Francis Hosp.*, 289 F. Supp. 2d 378, 383 (S.D.N.Y. 2003).  The *Nunez* Consent Judgment provides:

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | rc.com

Robinson & Cole LLP

# Robinson+Cole

The Honorable Laura Taylor Swain
October 15, 2024
Page 2

> The Monitor shall not testify in any other litigation or proceeding brought on behalf of or against the Department with regard to any act or omission of the Department or any of the Department's agents, representatives, or employees related to this Agreement, nor testify regarding any matter or subject that he may have learned of as a result of his performance under this Agreement, nor serve as a non-testifying expert regarding any matter or subject that he may have learned as a result of his performance under this Agreement, without the Court's authorization. If the Monitor is subpoenaed or ordered to appear in any other litigation or proceeding, the Monitor shall notify the Court and the Parties immediately.

Consent Judgment at 56. The Consent Judgment defines the "Monitor" as "the person appointed pursuant to this Agreement who shall be responsible for assessing compliance with this Agreement." *Id.* at 4. The person appointed pursuant to the Consent Judgment is "Steven J. Martin." Based on the plain meaning of the Consent Judgment, Ms. Friedberg's testimony is not barred. *Id.* at 51.

In addition, the Consent Judgment does not apply to members of the Monitoring Team since it refers to the Monitor and his staff differently. *See e.g.*, *id.* ("The Monitor and his staff shall have appropriate experience and education or training related to the subject matters covered in this Agreement. The Parties reserve the right to object for good cause to any member of the Monitor's staff.").

The Court acknowledged that the Monitor and his staff are to be treated differently because the Court ordered that the "Monitor's staff shall be subject to the same access rights and confidentiality limitations as the Monitor." *Nunez*, Dkt. 323. It is implicit in explaining that these limitations apply to both the Monitor and his staff that the Monitor's staff are not subject to other restrictions that are limited to the Monitor only.

Mr. Colson's counsel has tried to review all of the pertinent documents in this lengthy case and have found nothing on the docket that amended this part of the Order such that Ms. Friedberg falls within the scope of Section XX, Paragraph 28 of the Consent Judgment.

In addition, the information contained in the Monitoring Reports are not confidential since they were made public. *See e.g.*, *Nunez*, Dkt. 89 at 3.

# Robinson+Cole

The Honorable Laura Taylor Swain
October 15, 2024
Page 3


Given that, while the First and Third Monitoring Reports are not admissible, we anticipate that the substance of those Reports, including those contained in the Opposition to the Motion to Dismiss and for Summary Judgment, are.

Respectfully,

*/s/ Glenn Greenberg*

Glenn Greenberg

CC: All Counsel of Record (*via ECF*)
    All Counsel of Record in *Colson v. Mingo, et al.* (*via* ECF)
    The Honorable Jessica G. L. Clarke (*via* ECF)