**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
MARK NUNEZ, et al.

        Plaintiff,                                       No. 11-CV-5845-LTS

v.

THE CITY OF NEW YORK, et al.,

        Defendants.
-----------------------------------------------------------------x

### DEFENDANT RONALD COLSON'S BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION

Defendant Ronald Colson moves for reconsideration of the Court's recent order "clarifying" parts of the Consent Judgment (Dkt. 786, hereinafter the "Order") because it is contrary in material respects to a decision by the Court of Appeals for this Circuit.

In *Crumpton v. Bridgeport Educ. Ass'n*, there was a consent decree designed to eliminate racial imbalance and provide equality in educational opportunities in Bridgeport public schools. 993 F.2d 1023, 1026 (2d Cir. 1993). This consent decree included a program for hiring teachers, but it was silent regarding how to address layoffs. *Id*. The City of Bridgeport subsequently was forced to lay off teachers and, in order to do so, fired 17 first-year white teachers; it did not lay off any minority teachers. *Id*. at 1027. The district court granted a motion to "clarify" the hiring order to make clear that it should give "an absolute preference to retention of minority teachers in making reductions in force" until the goals of the hiring order were satisfied. *Id*.

The Second Circuit reversed.

It concluded "[t]hat the district court's clarification was in reality a modification of the consent decree" since the district court was supposed to "look to the four corners of the consent decree". *Id*. at 1028-29.

The Second Circuit in *Crumpton* also held that the district court had erred in modifying the consent decree. While the district court had the authority to alter the consent decree if there was "a significant change in circumstances warrant[ing] revision of the decree," it had not analyzed whether the circumstances had in fact changed. *Id*. at 1029. The Second Circuit vacated and remanded the case to the district court to determine whether the parties had anticipated the possibility of future reductions of force at the time the consent decree was entered. *Id*. at 1031.

This case is like *Crumpton* as this Court's "clarification" goes outside the four corners of the Consent Judgment as demonstrated by the fact that it expands the restrictions pertaining to the "Monitor," which refers solely to Mr. Steven J. Martin, to include "the Deputy Monitor and Monitoring Team." This case differs from *Crumpton* in that there are no potential changed circumstances on which the Court can base the modification.

The result is no different to the extent that the Court thought that *Crumpton*'s ruling can be distinguished through analysis of Rules 59(e), 60(a), 60(b)(1), or 60(b)(6) of the Federal Rules of Civil Procedure.

Rules 59(e) and 60(b)(1) are time barred given that the Consent Judgment was entered almost ten years ago.

The Court could not have based its decision on Rule 60(b)(6) since one cannot bring a motion under that subpart if Rule 60(b)(1) applies, as would be the case here since the Court necessarily would be holding that the Consent Judgment mistakenly did not include the Monitoring Team in the paragraph barring the Monitor's testimony. *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).[1]

---

[1] The Court also would have erred under this Rule since it did not hold an evidentiary hearing or make findings of fact before modifying the Consent Judgment. *Patterson v. Newspaper and Mail Delivers Union of New York and Vicinity*, 1986 WL 520, at *3 (S.D.N.Y. Oct. 22, 1986).

The Court could not have based the Order on Rule 60(a) for three reasons, any one of which means that the Court cannot modify the Order pursuant to this Rule.

First, the Court of Appeals for this Circuit has held that Rule 60(a) cannot alter a party's substantive rights. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977).[2] Whether a party can call a witness is a substantive right. *See e.g.*, FED. R. CIV. P. 45(c)(1).

Second, the types of errors that can be corrected pursuant to Rule 60(a) need to be mechanical in nature, rather than discretionary. *McNamee v. Clemens*, 2013 WL 3968740, at *2 (E.D.N.Y. July 31, 2013); *see e.g.*, *Pfizer, Inc. v. Uprichard*, 422, 129-30, (3rd Cir. 2005). For example, the Court can add interest to an order if it is required by law, but not if it is discretionary. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140-42 (2d Cir. 1994). Or, as the Seventh Circuit held, and which the Supreme Court recently cited with approval, decisions related to factual and legal misconceptions and exercises of discretion may not be corrected under Rule 60(a). *U.S. v. Griffin*, 782 F.2d 1397, 31397 (7th Cir. 1986); *see also Kemp v. U.S.*, 596 U.S. 528, 537 (2022). Whether the Monitoring's Staff can testify or not is discretionary. In order to hold that the Order falls under Rule 60(a), the Court would have to disregard the fact that courts in this Circuit cannot modify a consent judgment in a manner that "impose[s] obligations on a party that are not unambiguously mandated by the decree itself." *Tourangeau v. Uniroyal, Inc.*, 101 F.3d 300, 307 (2d Cir. 1996).[3]

Third, at least based on Mr. Colson's review of the extensive record, there does not appear to be anything to support the conclusion that the parties or the Court intended the Consent

---

[2] One cannot credibly argue that the holding in *Vesco* is inapplicable because the language in Rule 60(a) was altered since the Committee Notes stated that changes to Rule 60(a) were not intended to change the substance of the Rule.
[3] It would be incorrect to distinguish an obligation and a bar since obligations include bars from taking actions. *See e.g.*, *N.L.R.B. v. Commc'ns Workers of Am., AFL-CIO, Loc. 1170*, 474 F.2d 778, 780 (2d Cir. 1972).

3

Judgment to bar the testimony of anyone other than the Monitor. Rule 60(a) "does not allow a court to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Wexler v. Allegion (UK) Ltd.*, 2021 WL 1226596, at *3 (S.D.N.Y. Mar. 31, 2021); *see also Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir. 1972).[4]

Mr. Colson respectfully requests that the Court reconsider the Order.

Dated: Astoria, NY
October 23, 2024

/s/ Glenn Greenberg
Glenn Greenberg
ROBINSON & COLE LLP
666 Third Ave., 20th Floor
New York, NY 10017
(212) 451-2900
ggreenberg@rc.com

*Attorneys for Defendant Ronald Colson
solely as it pertains to Colson v. Mingo, et al.,
18-cv-2765 (S.D.N.Y.)*

---

[4] In addition, it does not appear that the Court of Appeals for this Circuit has addressed whether a district court can modify a consent judgment containing an integration clause, the Consent Judgment, pursuant to Rule 60(a) since the way one assesses that rule is via the record whereas the integration clause bars reviewing anything outside of the agreement itself.