**OFFICE OF THE MONITOR**
*NUNEZ, ET AL. V. CITY OF NEW YORK, ET AL.*

Steve J. Martin
Monitor

Anna E. Friedberg
Deputy Monitor

1+1 646 895 6567 | afriedberg@tillidgroup.com

# <u>MEMO ENDORSED</u>

October 24, 2024

**VIA ECF**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

*Re: Nunez, et al. v. City of New York, et al., 11-cv-5845 (LTS) (JCF)*

Dear Chief Judge Swain,

    We write to provide a status update on the work the Monitoring Team has engaged with the Parties and counsel for the City Council related to Local Law 42 of 2024 ("Local Law 42" or "LL42") which amends the New York City Administrative Code concerning de-escalation confinement of incarcerated individuals, the use of restraints on incarcerated individuals, requirements for restrictive housing programs, and requirements for emergency lock-ins pursuant to the Court's July 23, 2024 Order (dkt. 759).

    Fully understanding LL42's requirements and the BOC's respective rules and then comparing them to the respective requirements of the *Nunez* Court Orders is an exceedingly complicated undertaking. Each facet is complex and nuanced and must be dissected among those with operational expertise and experience with advancing reform in order to determine where conflicts may exist. It is for this reason that the Monitoring Team is seeking the necessary input and information from the Parties and counsel for the City Council before making any determinations of what may or may not be approved by the Monitor.

    The Monitoring Team has been working diligently and constructively with all Parties and

counsel for the City Council. The Monitoring Team is continuing to conduct its own analysis of the requirements of LL42 and its applicability to the *Nunez* Court Orders. The Monitoring Team has also been engaged with the City and Department on a number of different matters related to the operationalization of these requirements as well as corresponding work on various requirements of the *Nunez* Court Orders that intertwine with these requirements. Finally, the Monitoring Team has submitted two separate requests to both counsel for Plaintiff Class and the City Council seeking their input and feedback.[1] The Monitoring Team received the most recent feedback from counsel for the Plaintiff Class and City Council this week.

In terms of next steps, the Monitoring Team must closely scrutinize the information recently received from counsel for the Plaintiff Class and City Council. Further discussions with the City and Department are also necessary. It is expected that follow-up with the Plaintiff Class and City Council may also be necessary as this work continues. The Monitoring Team is also in the process of conducting an updated assessment of RESH. This updated assessment of RESH will be included in the Monitoring Team's November 21, 2024 Report. The assessment of RESH is expected to also inform the Monitor's positions regarding LL42.

All of the work related to LL42 must necessarily be balanced with the Monitoring Team

---

[1] In mid-August 2024, the Monitoring Team requested counsel for the Plaintiff Class and counsel for the City Council provide the Monitoring Team with overarching considerations and feedback regarding LL42 based on their assessment of the Monitoring Team's January 12, 2024 and July 17, 2024 communications and the Mayor's Executive Order related to LL42. About six weeks later, at the end of September, both counsel for the Plaintiff Class and counsel for the City Council provided substantive and lengthy feedback for consideration. This information raised a number of questions for the Monitoring Team in which additional feedback and information was necessary. Accordingly, the Monitoring Team provided counsel for the Plaintiff Class and the City Council each with multiple pages of questions for consideration. Both counsel for the Plaintiff Class and counsel for the City Council provided detailed responses in the last few days that must be reviewed and digested.

and Parties' work related to potential remedial relief in this case pursuant to the Cout's September 26, 2024 Order (dkt. 779).  The significance of the work related to the remedial relief is self-evident and so the Monitoring Team and Parties must necessarily prioritize and focus on the work of the remedial relief over the next few weeks.[2]

The Monitoring Team respectfully recommends that its next status update on these matters be included in the Monitoring Team's November 21, 2024 report.

We appreciate the Court's attention to this matter.

Sincerely,

s/ Steve J. Martin
Steve J. Martin, *Monitor*
Anna E. Friedberg, *Deputy Monitor*


The Parties and the Monitoring Team shall continue their focused analytical work concerning compliance with Local Law 42.  The Monitoring Team is hereby directed to include a status update on these matter in its November 21, 2024, status report.
SO ORDERED.
10/25/2024
/s/ Laura Taylor Swain, Chief USDJ

---

[2] The Monitoring Team immediately engaged the Parties on this work following the issuance of the Court's September 26, 2024 Order and has remained actively engaged with all of the *Nunez* Parties over the last few weeks. Multiple meetings per week are scheduled to take place in advance of the filing of the Monitor's report regarding this work on November 14, 2024.