# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                               :

MARK NUNEZ, et al.,            :
                               :

               Plaintiffs,     :

  - against -               :

CITY OF NEW YORK, et al.,    :

              Defendants.    :
                               :  **11 Civ. 5845 (LTS)(JCF)**
----------------------------------------------------------- X
                               :

UNITED STATES OF AMERICA,  :

           Plaintiff-Intervenor,  :

  - against -               :

CITY OF NEW YORK and NEW YORK CITY :
DEPARTMENT OF CORRECTION,  :

              Defendants.    :
----------------------------------------------------------- X

## CONFIDENTIALITY AGREEMENT

Steve J. Martin, the undersigned, is the Court appointed Monitor in the matter *Nunez et al. v. City of New York et al.*, 11-cv-5845 (LTS)(JCF) (S.D.N.Y.).  The description of the Monitor's responsibilities is outlined in the Consent Judgment that was approved by the Honorable Laura T. Swain, United States District Court for the Southern District of New York on October 21, 2015. The Monitor will work with attorneys for the Defendants, attorneys from the Department of Justice (the "DOJ"), attorneys for the Plaintiff Class ("Plaintiff Class Counsel"), and designated leadership and Staff from the New York City Department of Correction (the "Department" or "DOC"), in furtherance of advancing the reforms of the Consent Judgment and assessing the DOC's compliance with the Consent Judgment.

In the course of providing these services, the Monitor and his staff may have access to confidential information and/or privileged information about the DOC, its employees or inmates, including, but not limited to, documents and records containing medical information, and personnel or disciplinary information of DOC employees. The Monitor understands and agrees to the following in order to protect the confidential and privileged information he may gain access to in the course of his duties:

1

1.      The Monitor will require that any and all members of his staff, including but not limited to employees, agents and/or contractors retained to assist the Monitor in furtherance of his appointment under the Consent Judgment, sign Exhibit "A" annexed to this Agreement, or a copy of Exhibit A, indicating that they have read and understood the terms of this Confidentiality Agreement and agree to be bound by the same terms and conditions of confidentiality as set forth in this Agreement, prior to obtaining access to any DOC documents and records.

2.      The purpose of the Monitor and his staff's use, review, and analysis of any information, documents, or records provided by the Department, including confidential or privileged information, is for the Monitor and his staff to assess compliance with the Agreement and perform their responsibilities under the Consent Judgment.  The Monitor and his Staff will not review, analyze or consider information, documents, or records for the purpose of investigating a specific Use of Force Incident.

3.      If the Department, in its good faith judgment, believes that any information, documents, or records shared with the Monitor or his staff is confidential or privileged, it shall either: (1) identify in writing that the materials provided are "privileged" or "confidential", or (2) designate it as such by affixing the label "privileged" and/or "confidential" to such information, documents and/or records.

4.      The term "confidential" shall extend to but is not otherwise limited to the following:

   a.  All home addresses of inmates, as well as their telephone numbers, social security numbers, and dates of birth, as well as all medical records concerning non-parties;

   b.  DOC log books to the extent that they reflect detailed information of movement of employees and inmates; or

   c.  All reports, summaries, tabulations or compilations of data, including all use of force reports, Investigation Division records, Directive # 5003 records and logs, Correction Intelligence Bureau records and all similar records.  This provision is not meant to prohibit public reporting, by either the Department or the Monitor and his staff, of aggregate data and/or statistics unless, after consultation with the Department, the Department contends that such reporting would compromise the safety and security of DOC facilities, employees or prisoners.

5.      The term "privileged" shall extend to but is not otherwise limited to the following:

   a.  All information, documents or records, disclosure of which are otherwise specifically prohibited by state or federal statute, including but not limited to, medical records of DOC inmates and employees;

2

    b.   All information, documents and/or records compiled for law enforcement purposes, the disclosure of which could:

        i.   Interfere with law enforcement investigations or judicial proceedings;

        ii.   Deprive a person of a right to a fair trial or impartial adjudication;

        iii.   Identify a confidential source or reveal confidential information relating to a criminal investigation; or

        iv.   Reveal criminal investigative techniques or procedures.

    c.   All draft documents reflecting DOC's internal deliberative process;

    d.   All DOC employees' home addresses, telephone numbers, social security numbers, dates of birth, worker's compensation records, and medical records;

    e.   All DOC employees' personnel records files and information relating to their employment histories;

    f.   Photographs, videotapes, and diagrams showing DOC facilities and employees;

    g.   All documents that concern the location of stationary video cameras in DOC facilities;

    h.   Information obtained as a result of a physical inspection of DOC facilities that would breach safety and security of the facilities; or

    i.   Security reports, security information, training materials, memoranda and other writings setting forth DOC policy and procedures, to the extent that these documents provide specific operational guidance to DOC employees that, if disclosed, would jeopardize the safety and security of DOC employees or prisoners.

6.    Notwithstanding the above, information shall not be deemed confidential or privileged, and the Monitor and his staff shall have no obligation to hold such information, documents or records in confidence, where such information:

    a.   Is already known to the Monitor or his staff, having lawfully been disclosed to the Monitor or his staff by a third party without such third party's having an obligation of confidentiality or privilege to the Disclosing Party; or

    b.   Is or becomes publicly known through lawful means to the Monitor or his staff; or

c.      Is independently developed by the Monitor or his staff without reference to any confidential or privileged information disclosed under this Agreement; or

d.      Is disclosed pursuant to the lawful requirement of a court or governmental agency, or where required by operation of law.

7.      The disclosure or production of any confidential or privileged information to the Monitor or his staff shall not constitute a waiver of any privilege or confidentiality that are otherwise applicable.  The Department shall be entitled to invoke any and all applicable privilege or confidentiality notwithstanding its disclosure to the Monitor or his staff.

8.      The Monitor and his staff shall not disclose confidential or privileged information, documents or records to any third parties except if required by an order of the Court or Paragraph 15(a) of this Agreement.

9.      The Monitor understands and agrees that upon receiving a request from Plaintiff Class Counsel or the DOJ, he or his staff may share information, documents or records related to the provisions of the Consent Judgment that have been disclosed to him or his staff and which have not been identified or designated by the Department as privileged.

10.     The Monitor understands and agrees that privileged information, documents or records shall not be shared with Plaintiff Class Counsel, and/or the DOJ, without first obtaining the written consent of the DOC and also provided that the Monitor doesn't believe that the provision of this information will interfere with his ability to effectively monitor the Consent Judgment.  If the DOC and the Monitor agree that such privileged information, documents, or records may be shared with Plaintiff Class Counsel or the DOJ then the Monitor and DOC will work together to determine the most efficient and desirable way to produce such information to Plaintiff Class Counsel or the DOJ.

11.     All Department documents or records provided to the Monitor and his staff by the Department shall be returned to the DOC within 60 days of the date of expiration or termination of the Consent Judgment. Instead of returning documents, the Monitor may instead destroy all Department documents and records within 60 days from the date of expiration or termination of the Consent Judgment and certify that such destruction took place within the 60-day period.

12.     Except as required or authorized by the terms of the Consent Judgment or by the Parties acting together, the Monitor and his staff shall not make any public statements, including statements to the press, with regard to the status of the Department's compliance with the Consent Judgment or any act or omission of the Department or the Department's agents, representatives, or employees.  Nor shall the Monitor disclose any non-public information provided to the Monitor pursuant

pursuant to this Consent Judgment. Any press statement made by the Monitor regarding his employment must first be approved in writing by all Parties.

13.    The work product created by the Monitor and his staff as required under the Consent Judgment is subject to any and all applicable bases for confidentiality and privileges that the DOC or the City may hold.

14.    The Monitor is an agent of the Court and is not a federal, State, or local agency or an agent thereof. Accordingly, the records maintained by the Monitor and his staff shall not be deemed public records subject to public inspection, except that nothing in this paragraph shall be construed as prohibiting public access to the Monitor Reports or any other documents the Monitor files with the Court in accordance with Section XX Paragraph 16 of the Consent Judgment.

15.    Nothing in this Agreement is intended to preclude, prevent, or in any way limit or impair the right of the Monitor and his staff to:

a.    Disclose to any agency or department of the United States, the State or the City of New York, or any division of any such agency or department for purposes of reporting any potential violation of law or regulation, or in any proceeding relating to any potential violation of law or regulation.

b.    Prepare and provide communications or reports expressing the Monitor's opinions, recommendations, and assessment of compliance with the Consent Judgment to the Court, attorneys for the Defendants, DOC, DOJ, and Plaintiff Class Counsel.

DATED:  New York, New York
        April 13, 2016

                                By:  _____
                                     STEVE J. MARTIN, Monitor

**EXHIBIT A**

The undersigned hereby acknowledges that she or he has read the Confidentiality Stipulation dated _____ in the action entitled *Nunez v. City of New York, et al.*, 11 Civ. 5845 (LTS)(JCF) and understands and agrees to be bound by the terms thereof.


_____
Date

                                                            _____
                                                            Signature

                                                            _____
                                                            Print Name

                                                            _____
                                                            Occupation