UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

MARK NUNEZ, et al.,

        Plaintiffs,

  -v-                                                          No.  11-CV-5845-LTS-RWL

CITY OF NEW YORK et al.,

        Defendants.

-----------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is the motion of Ronald Colson for reconsideration of the Court's October 15, 2024, Order clarifying the applicability of restrictions detailed in the Consent Judgment (docket entry no. 249) on the Monitor to the Deputy Monitor and the Monitoring Team staff (docket entry no. 786 (the "Order")).  (Docket entry no. 787 (the "Motion").)  Specifically, Mr. Colson requests, pursuant to Local Civil Rule 6.3, that the Court reconsider the Order "because it is contrary in material respects to a decision by the Court of Appeals for this Circuit."  (Docket entry no. 788 ("Colson Mem.") at 1.)  The City of New York (the "City") has filed its opposition to the motion for reconsideration (docket entry no. 792 ("Def. Mem.")), and Mr. Colson has filed a reply (docket entry no. 793 ("Reply")).  The Court has thoroughly reviewed the parties' submissions.  For the following reasons, Mr. Colson's motion is denied in its entirety.

## BACKGROUND

Plaintiff's counsel in Colson v. Mingo, et al., No. 18-CV-2765-JGLC (S.D.N.Y.) ("Colson"), submitted a letter in the above-captioned action "to inform the Court of [their] intention to call the Deputy Monitor, Anna Friedberg, as a witness" in Colson and to explain

their position that the Consent Judgment (docket entry no. 249) in the above-captioned action does not bar her from testifying without specific approval from the judge presiding in this case. (Docket entry no. 785 (the "Colson Letter").) The Consent Judgment provides, in relevant part:

> The Monitor shall not testify in any other litigation or proceeding brought on behalf of or against the Department with regard to any act or omission of the Department or any of the Department's agents, representatives, or employees related to this Agreement, nor testify regarding any matter or subject that he may have learned of as a result of his performance under this Agreement, nor serve as a non-testifying expert regarding any matter or subject that he may have learned as a result of his performance under this Agreement, without the Court's authorization. If the Monitor is subpoenaed or ordered to appear in any other litigation or proceeding, the Monitor shall notify the Court and the Parties immediately.

(Consent Judgment § XX, ¶ 28.) The Consent Judgment defined the "Monitor" as "the person appointed pursuant to [the Consent Judgment] who shall be responsible for assessing compliance with [the Consent Judgment]" (id. § III, ¶ 21), appointed Steve J. Martin to serve as the Monitor (id. § XX, ¶ 1), empowered the Monitor to "hire or consult with . . . qualified staff as . . . reasonably necessary to fulfill his duties" (id. § XX, ¶ 5), and provided that "[t]he Monitor's staff shall be subject to the same access rights and confidentiality limitations as the Monitor" (id. § XX, ¶ 7).

To avoid any doubt regarding the interpretation of the Consent Judgment, the Court issued an order to clarify that all of the restrictions on the Monitor that are outlined in the Consent Judgment (including, but not limited to, section XX, paragraph 28 thereof) also bind the Deputy Monitor and the Monitoring Team staff; the Court also declined to authorize Ms. Friedberg to testify in Colson. (Order at 1.)

DISCUSSION

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."

MPD Accessories B.V. v. Urban Outfitters, Inc., No. 12-CV-6501-LTS-KNF, 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (internal quotation marks and citations omitted). To prevail on a motion for reconsideration under Local Rule 6.3, the movant must point to an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Nguyen v. MaxPoint Interactive, Inc., No. 15-CV-6880-LTS, 2017 WL 3084583, at *1 (S.D.N.Y. May 12, 2017) (quoting Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration does not serve as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Cohen v. New York City Dep't of Educ., No. 19-CV-3863-LTS-SDA, 2021 WL 2158018, at *2 (S.D.N.Y. May 26, 2021) (quoting Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)). To the contrary, reconsideration is not warranted "[u]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995)).

      Here, Mr. Colson identifies no intervening change of controlling law warranting reconsideration of the Order, nor does he identify any new evidence made available or identify clear error by the Court. Instead, Mr. Colson argues that the Order constituted an impermissible modification of the Consent Judgment because it looked "outside the four corners of the Consent Judgment." (Colson Mem. at 2 (citing Crumpton v. Bridgeport Educ. Ass'n, 993 F.2d 1023, 1029 (2d Cir. 1993)).) Mr. Colson further contends that the Court could not have corrected a "mistake" in the Consent Judgment pursuant to Federal Rules of Civil Procedure 59 or 60. (Colson Mem. at 2-4.)

These arguments do not meet the high bar for reconsideration. Mr. Colson's core argument—that the Order modified, rather than clarified, the Consent Judgment—assumes that his interpretation of the Consent Judgment is correct. Contrary to Mr. Colson's assertions, the Court applied "[t]raditional contract principles" and "discerned" the scope of the Consent Judgment "like a contract," "within its four corners." Crumpton, 993 F.2d at 1029 (citations and quotation marks omitted). The Consent Judgment explicitly provides that "[t]he Monitor's staff shall be subject to the same access rights and confidentiality limitations as the Monitor." (Consent Judgment § XX, ¶ 7.) One of the "confidentiality limitations" provided for in the Consent Judgment is: "The Monitor shall not . . . testify regarding any matter or subject that he may have learned of as a result of his performance under this Agreement." (Id. § XX, ¶ 28.) Mr. Colson's interpretation of the Consent Judgment would, in effect, read out this provision of the Consent Judgment, which was "entered into by parties to a case after careful negotiation has produced agreement on their precise terms." S.E.C. v. Levine, 881 F.2d 1165, 1179 (2d Cir. 1989) (quoting United States v. Armour & Co., 402 U.S. 673, 681-82 (1971)). As courts have routinely acknowledged in other contexts, confidentiality restrictions would have little use if they do not apply to everyone who has access to confidential information. See, e.g., von Bulow v. von Bulow, 811 F.2d 136, 146 (2d Cir. 1987) (explaining that attorney-client privilege extends to "all the persons who act as the attorney's agents" because "an attorney's effectiveness depends upon his ability to rely on the assistance of various aides"). Mr. Colson's argument that the Court's order "expand[ed] the restrictions pertaining to the 'Monitor'" in the Consent Judgment (Colson Mem. at 2), in other words, merely contradicts the Court's interpretation of the Consent Judgment.

Because the Court already considered and rejected Mr. Colson's interpretation of the Consent Judgment, Mr. Colson merely "express[es] a disagreement with the Court's conclusion" regarding the proper interpretation of the Consent Judgment and "seek[s] a 'second bite at the apple.'"  Noel v. City of N.Y., No. 15-CV-5236-LTS-KHP, 2023 WL 8850070, at *2 (S.D.N.Y. Dec. 21, 2023) (quoting Cohen, 2021 WL 2158018, at *2).  For that reason, "reconsideration is not justified."  JLM Couture, Inc. v. Gutman, No. 20-CV-10575-LTS-SLC, 2024 WL 1312567, at *3 (S.D.N.Y. Mar. 27, 2024).

## CONCLUSION

For the foregoing reasons, Mr. Colson's Motion for Reconsideration is denied in its entirety.  This Memorandum Order resolves docket entry no. 787.

SO ORDERED.

Dated: November 13, 2024
     New York, New York

/s/   Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
