

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN SCHEINER**
*Senior Counsel*
Phone: 212-356-2344
ascheine@law.nyc.gov

April 18, 2025

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   <u>Nunez v. City of New York, et al.</u>, 11 Civ. 5845 (LTS)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and one of the attorneys assigned to represent defendant City of New York (the "City") and the Department of Correction ("DOC") in the above-referenced matter. Defendants write to respectfully request the following with respect to the Court's consideration of the remedial proposals pending before the Court:

    (i)    Permission to supplement the record in further support of defendants' Compliance Director Proposal with a Declaration from Gary Raney, who is now contracted with the City to perform compliance consulting services and has just completed his initial review and assessment, along with a brief explanatory letter from defendants, by April 25, 2025; and

    (ii)   That the Court withhold any ruling on the remedial proposals until after the Monitor's upcoming report is issued on May 15, 2025, so that the Court may have a more complete record of the progress made by Commissioner Lynelle Maginley-Liddie towards compliance with the <u>Nunez</u> Orders.

Plaintiffs oppose this request and their statement of position is included at the conclusion of this letter.

      Information regarding Mr. Raney's initial assessment is directly relevant for the Court to consider before deciding the scope of appropriate relief as it directly pertains to defendants', and Commissioner Maginley-Liddie's, most recent continued efforts toward compliance. Since

February 2023, Mr. Raney served as the Compliance Director for the Miami-Dade Corrections and Rehabilitation Department pursuant to a Federal Court consent order, which was discussed in the Monitor's and the parties' submissions relating to the defendants' Compliance Director Proposal and the plaintiffs' Receivership Proposal.  On May 30, 2024, plaintiffs submitted a declaration by Mr. Raney in support of their motion for contempt and the appointment of a receiver.  *See* ECF No. 718-22.  After principal briefing was concluded on the remedial proposals, on March 6, 2025, the City contracted with Mr. Raney to perform compliance consulting services, to review DOC's policies and practices relating to safety and security, and make recommendations to assist the City in achieving compliance with the Nunez orders.

Mr. Raney's proposed Declaration would put into the record the observations and opinions of a national expert in this specialized area, following his initial assessment of DOC's safety and security practices, focusing on violence involving people in custody and staff.  He will also identify in broad terms the current practices and challenges, and address the prospects for attaining substantial compliance with the Nunez orders, as well as potential barriers that could delay substantial compliance.  This will directly inform this issue of appropriate relief that are currently before the Court.

In addition, the Monitor's next Status Report, scheduled to be submitted on May 15, 2025, would also greatly assist the Court by reporting on the Commissioner's strides towards compliance during the most recent reporting period, which is the second half of the Commissioner's first calendar year of service as Commissioner.  The report may also contain additional information regarding developments in recent months.

Plaintiffs explanation for opposing defendants' request is set forth below.  Defendants note that Plaintiffs have proposed a drastic remedy with profound implications for constitutional principles of federalism which guard against unnecessary federal seizure of state and local instrumentalities of government.  The short time required to permit the Court to consider the additional proposed information, and any response by plaintiffs, is well worth the aid that it would provide in making an extraordinarily complex decision.

**Plaintiffs' Position:**

As to the first request, we cannot consent to the filing of a one-sided declaration on unknown matters, potentially seeking to introduce evidence Plaintiffs have neither seen nor tested, while the motions are pending.[1] The parties provided the Court with their positions and facts in support thereof on February 7, 2025. We further oppose requesting that the Court delay issuance of any ruling, particularly given the ongoing, serious harm to the plaintiff class.

---

[1] For the Court's information and context, Plaintiffs asked that Defendants provide them with a draft of Mr. Raney's declaration in order for Plaintiffs to consider the instant request.  Because the intended declaration has not been finalized, Defendants advised Plaintiffs that they did not have a draft to share at the moment.

Defendants thank the Court for its consideration of this matter.

                                              Sincerely,

                                              /s/ *Alan Scheiner*

                                              Alan Scheiner

cc:    All Counsel of Record (Via ECF)