# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

May 27, 2025

*Via ECF*

The Honorable Laura Taylor Swain
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10038

    Re:    *Nunez v. City of New York,* 11 Civ. 5845 (LTS)

Your Honor:

    Counsel for the Plaintiff Class and the United States ("Government") write in opposition to Defendants' May 23, 2025 request (Dkt. 851) that the Court set a briefing schedule for their anticipated motion to modify the Court's May 13, 2025 Order (Dkt. 846) based on purported "new evidence" from the Monitor's May 15, 2025 Report, as corrected on May 22, 2025. Dkt. 850. Defendants should not be permitted to re-litigate these issues. The parties briefed this motion extensively and Defendants were afforded several extensions and an opportunity to present additional evidence just weeks before the Court issued its Order. Dkt. 842. Defendants' motion for modification is unwarranted at this stage, given the extensive record presented to and carefully considered by this Court and the lack of any "new evidence" that would justify a different outcome.

    Rule 54(b) allows for reconsideration of non-final orders in the district court's equitable discretion. *See, e.g.*, *Kaplan v. City of New York*, No. 14-cv-4945, 2018 WL 2084955, at *5 (S.D.N.Y. Mar. 22, 2018). However, "a court must be mindful that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (quoting *Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F. 3d 147, 167 (2d Cir. 2003)). "As such, a motion for reconsideration should be denied unless there is a strong likelihood that the district court's decision would ultimately be reversed on appeal." *Id.* "A strong likelihood of reversal exists, and thus reconsideration should be granted, where there is 'an intervening change of

controlling law, ... new evidence, or [a] need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)).

Defendants cannot meet this standard. To qualify as "new evidence" warranting modification or reconsideration, Defendants would have to demonstrate that the evidence "was neither in [their] possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered" and that "manifest injustice will result if the court opts not to reconsider its earlier decision." *In re Rezulin Products Liability Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (internal citations omitted).[1] Here, however, the Monitor's reports are based on the conditions at the Defendants' own facilities and information about their own practices, and thus was available to Defendants before the Court issued its May 13, 2025 Order. To the extent Defendants believed that there was information crucial to the Court's resolution, they should have taken the opportunity to provide the information to the Court before it issued the Order. And indeed, Defendants took the opportunity to do so by submitting the Declaration of Gary Raney. Dkt. 842. They should not be provided with another opportunity to do so now. In any event, by virtue of the semi-annual schedule, there will always be another Monitor report on the horizon, likely containing additional information. This evolving reality cannot warrant perpetual revision of the Court's remedial orders.

Further, the Monitor's May 15, 2025 Report does not contain evidence, "new" or otherwise, that would warrant modification of the Court's Order. As the Monitor's Report explains, "much more work remains to address the high risk of harm that is pervasive throughout the system and the entrenched culture and dysfunctional practices that perpetuate it." Dkt. 850 at 14. The Department has not achieved substantial compliance with any of the eighteen contempt provisions. *See* Dkt. 850 at 236-240. The Monitor found the Department in non-compliance or maintaining the "status quo" for seven provisions and identified limited progress in others. *Id.* Indeed, in its May 13, 2025 Order, the Court noted that some progress has been made but noted that the Department has fallen into an "unmistakable pattern wherein new initiatives are created, materially changed or abandoned, and then restarted" and concluded that an independent Remediation Manager is necessary to break this pattern. Dkt. 846 at 30. This continues to be the case.

The Court also took into consideration the Commissioner's new leadership when coming to its decision, noting that recent developments "while providing some basis for hope of future sustained change, are not sufficient to tip this factor against the appointment of a receiver." *Id.* at 28. The Court specifically crafted its Order to account for evolving circumstances and progress, noting that "[t]he Nunez Remediation manager's role has been carefully designed to build on the laudable progress that Commissioner Maginley-Liddie has made so far and to support close

---

[1] Similarly, there is no basis for relief under 60(b), a mechanism for "extraordinary judicial relief" invoked only if the moving party demonstrates "exceptional circumstances," *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir.1994), strict standards which are not met here for the same reasons modification is not warranted under 54(b).

collaboration between two effective leaders." *Id.* at 29; *see also id.* at 36 (anticipating that the Remediation Manager will work with the Commissioner and Monitoring Team to "build on whatever progress has been made since the factual record closed on the contempt motion practice."). There is no basis for Defendants' motion other than to relitigate issues already decided through a process carefully set out by this Court and informed by a thorough record of briefing, consultation, and years of Monitor's reports. *See Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (noting that a motion for reconsideration is inappropriate "where the moving party seeks solely to relitigate an issue already decided.")

Moreover, the Plaintiff Class continues to suffer as deaths and harm continue in the City jails. As the Monitor noted in his most recent report, the "risk of harm in the jails remains high both for those incarcerated and staff who work in the jails" and "[e]xcessive and unnecessary uses of force are still pervasive." Dkt. 850 at 14. Further, "the key metrics regarding interpersonal violence and the use of force are substantially higher than those observed at the time the Consent Judgment went into effect…illustrat[ing] the need for drastic changes to the jails' operations." *Id.* Plaintiffs' need for relief is urgent and the parties have a crucial task to identify a Remediation Manager before the Court's deadline of August 29, 2025. Dkt. 846.

Finally, even should the Court deem Defendants' motion procedurally appropriate, the Court has the allegedly new evidence contained in the Monitor's report before it and can summarily decide the motion. There is no need for the parties to devote additional substantial resources to briefing and relitigating the same issues again. Instead, the parties' time and resources should be spent diligently vetting and identifying Remediation Manager candidates.

We thank the Court for its consideration of this matter.

Respectfully submitted,

| THE LEGAL AID SOCIETY | JAY CLAYTON |
|---|---|
| | United States Attorney for the |
| By:_____/s/_____ | Southern District of New York |
| Mary Lynne Werlwas | |
| Kayla Simpson | By:      /s/              |
| Katherine Haas | JEFFREY K. POWELL |
| Sophia Gebreselassie | RACHAEL L. DOUD |
| 49 Thomas Street, 10th Floor | Assistant United States Attorneys |
| New York, New York 10013 | 86 Chambers Street, 3rd Floor |
| (212) 577-3530 | New York, New York 10007 |
| | Tel.: (212) 637-2800 |
| EMERY CELLI BRINCKERHOFF | |
| ABADY WARD & MAAZEL LLP | *Counsel for the United States* |
| | |
| By: _____/s/_____ | |

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
Page 4

Jonathan Abady
Debra L. Greenberger
Vasudha Talla
Sana F. Mayat
1 Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

*Counsel for the Plaintiff Class*