

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ALAN SCHEINER**<br>*Senior Counsel*<br>Phone: 212-356-2344<br>ascheine@law.nyc.gov |

May 23, 2025

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

      Re:   *Nunez v. City of New York, et al.*, 11 Civ. 5845 (LTS)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and one of the attorneys assigned to represent defendant City of New York (the "City") and the Department of Correction ("DOC") in the above-referenced matter. Defendants intend to move the Court to modify its Opinion and Order of May 13, 2025 (ECF No. 846) (the "Order") on the grounds of new evidence contained in the Monitor's May 15, 2025 Status Report, as corrected on May 22, 2025 (ECF No. 850) (the "Report"). As such, defendants write to respectfully request that the Court set a briefing schedule for their anticipated motion pursuant to Fed. R. Civ. P. 54(b). Defendants submit that it would be most efficient for the parties and the Court if this motion were filed in conjunction with the parties' submission of objections to the language of the Court's Proposed Order, which the Court scheduled for June 27, 2025.[2] Plaintiffs do not consent to this request and stated that they would be separately submitting their response to defendants' request.

      On May 13, 2025, the Court issued its Order stating the intention to appoint a Remediation Manager as an agent of the Court to exercise certain powers of the DOC Commissioner, in order to bring the DOC into compliance with provisions of the *Nunez* orders for which the Court found

---

[2] Defendants would move in the alternative pursuant to Fed. R. Civ. P. 60(b) or Local Rule 6.3. Defendants submit that Local Rule 6.3 does not appear to be applicable because the anticipated motion is grounded upon evidence that did not exist at the time of the Court's decision. Nevertheless, to the extent that the Court determines that the requested motion would otherwise be due prior to June 27, 2025, including pursuant to the 14-day deadline imposed by Local Rule 6.3, defendants respectfully request an extension of that due date to June 27, 2025.

defendants in contempt (the "Contempt Provisions"). The Order was based in part upon the Monitor's Reports through November 22, 2024 (ECF No. 802), which accounted for only six months of the management of DOC by Commissioner Maginley-Liddie. The Court noted the success of the Commissioner in moving towards compliance, and indicated the Court's desire that any Remediation Manager work closely with the Commissioner in further compliance efforts. *See* Order at 27-29, 34.

As set forth in defendants' prior briefing, the Prison Litigation Reform Act ("PLRA"), requires that the Court find that the relief "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs"; that "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," and "no other relief will correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A)&(B)(iii). The most recent Report contains substantial evidence about recent progress of the Commissioner and DOC in meeting constitutional requirements that is directly relevant to the exacting PLRA standard. For example, the Monitor now rates DOC as in Partial Compliance with ten (10) of the Contempt Provisions, including *all* of the Contempt Provisions relating to 18 year-old individuals in custody. *See* Report, Appendix A, at 237-40. The Monitor reported partial or sustained compliance in 25 of the 39 provisions subject to the Monitor's rating, and progress in numerous other areas. *See Id.*, at 3-4. The Report also highlights numerous key achievements of the Commissioner towards reform of DOC operations to achieve compliance with the *Nunez* orders. *See Id.* at 2-6. In addition, the Report contains ample evidence that the severity and number of uses of force resulting in injury have been drastically reduced since the outset of this case. *See Id.*, 15-22, 243.

Defendants thank the Court for its consideration of this matter.

Sincerely,

/s/ *Alan Scheiner*
Alan Scheiner

cc: All Counsel of Record (Via ECF)

Defendants' requested deadline of June 27, 2025 for filing their motion is granted. The parties are directed to SDNY Local Rule 6.1 for the deadlines for opposing and reply papers.

SO ORDERED
6/2/2025
/s/ Laura Taylor Swain, Chief USDJ

2