

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ALAN SCHEINER**<br>*Senior Counsel*<br>Phone: 212-356-2344<br>ascheine@law.nyc.gov |

June 30, 2025

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: *Nunez v. City of New York, et al.*, 11 Civ. 5845 (LTS)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and one of the attorneys assigned to represent defendant City of New York (the "City") and the Department of Correction ("DOC") in the above-referenced matter. Defendants write to inform the Court of the Decision, issued earlier today, in the state court litigation relating to New York City Local Law 42 of 2024, N.Y.C. Admin. Code § 9-167 ("Local Law 42"), and to request that Your Honor expeditiously hear the motion for a temporary restraining order to stay the effect of certain provisions of Local Law 42 that defendants intend to file in short order.

  On June 30, 2025, the New York Supreme Court for New York County ruled that Mayoral Emergency Executive Orders No. 624 and 625 (the "EEOs") [1] which had suspended the effect of the "Preempted Provisions" of Local Law 42,[2] were invalid under state law. *See The Council of the City of New York, et al. v. Mayor Eric Adams*, Index No., 161499/2024 (Sup. Ct. New York Cty. June 30, 2025) (NYSCEF Doc. No. 58). A copy of that ruling is attached as Exhibit A. The state court held that the state law governing emergency executive orders did not authorize the Mayor to issue the EEOs because the Mayor should instead have sought "injunctive

---

[1] The original EEOs have expired and had been renewed periodically pursuant to Executive Law § 24.

[2] The "Preempted Provisions" are: §9-167(b); §9-167(c)(1); §9-167(c)(2); §§§9-167(c)(4)-(6); §9-167(c)(7)(b); §9-167(e)(1); §9-167(e)(2); §9-167(f)(1)(i), §9-167(f)(1)(v); §9-167(f)(1)(vi); §9-167(f)(1)(xi); §9-167(f)(2); §9-167(g); §§9-167(g)(4)-(g)(5); §§§§9-167(h)(1)- (h)(4); §9-167(h)(6); §§9-167(h)(8)-(h)(9); §§9-167(i)(1)-(i)(2); §§9-167(j)(1)-(j)(2). *See* EEO 624; Monitor's LL42 Report App. A.

or other proper relief" from this Court. *Id*. at 4-5. The Preempted Provisions of Local Law 42 require Monitor approval under the Consent Decree and related orders in the instant matter, but the Monitor has not approved those provisions. *See* Monitor's Report of January 31, 2025, ECF No. 814 (the "Monitor's LL42 Report") at 58.

Accordingly, defendants intend to move the Court on Wednesday, July 2, 2025, for a Temporary Restraining Order, Preliminary Injunction, and declaratory relief, seeking, *inter alia*, to stay the effect of the Preempted Provisions until the Monitor and the Court have determined whether any part of the Preempted Provisions may be implemented consistently with the Court's orders in this case.

Defendants respectfully request that the Court hear the defendants' motion for an emergency Temporary Restraining Order on July 3, 2025, or as soon as possible thereafter.

Defendants thank the Court for its consideration of this matter.

Sincerely,

/s/ *Alan Scheiner*

Alan Scheiner

cc:     All Counsel of Record (Via ECF)