UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

MARK NUNEZ, et. al,

                                                Plaintiffs,

                                                                                   11 Civ. 5845 (LTS)(JCF)

           -against-

CITY OF NEW YORK,
ETAL.,

                                               Defendants.

------------------------------------------------------- x

UNITED STATES OF
AMERICA,

                                           Plaintiff-Intervenor,

           -against-

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

                                             Defendants.

------------------------------------------------------- x

## [PROPOSED] TEMPORARY RESTRAINING ORDER

WHEREAS, the City Council enacted Local Law 42 of 2024, as codified in the Administrative Code of the City of New York at section 9-167 ("Local Law 42"),

WHEREAS, the City of New York and the NYC Department of Correction (the "Defendants") moved this Court for a Temporary Restraining Order, a Preliminary Injunction, and Declaratory Relief, to stay the effect of certain provisions of Local Law 42, specified below and defined as the "Conflicting Provisions," because their implementation is subject to approval of the Monitor pursuant to prior orders in this matter and the Monitor has not approved those provisions; and

WHEREAS, the Monitor has expressed agreement that the Conflicting Provisions are within the Monitor's ambit of approval and the Monitor has not approved implementation of those provisions; and

WHEREAS, the Monitor has requested additional time to determine whether it can approve those provisions of Local Law 42, with or without modifications;

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. There is a substantial likelihood that Defendants will prevail on the merits of the motion;

2. The Defendants, Class Members and non-parties are likely to suffer irreparable harm if the Conflicting Provisions are permitted to go into effect, caused by violations of this Court's orders and unsafe conditions and procedures that will be created by the implementation of LL42;

3. The requirements for prospective relief under the Prison Litigation of Reform Act are met in that this Court finds that:

(i) Federal law requires this relief to be ordered;

(ii) the relief is necessary to correct the violation of a Federal right; and

(iii) no other relief will correct the violation of the Federal right.

1. The "Conflicting Provisions" are defined as Admin Code §9-167(a),(b),(c)(4)-(6); §9-167(f)(1)(i),(ii), §9-167(f)(1)(v)-(vi); §9-167(f)(2), §9-167(h)(1)-(6), §9-167(e)(1),(2); §9-167(i)(1),(2); and $9-167(j)(1)(2)(3).

2. In order to enforce prior orders of this Court, the legal effect of the Conflicting Provisions shall be stayed until further order of this Court.

3. Until further Order of this Court, Defendants shall have no duty to comply with the Conflicting Provisions.

4. The parties served with Notice of this Order shall take no action to enforce the Conflicting Provisions.

5. Any Board of Correction rules or rules amendments promulgated in Title 40 of the Rules of the City of New York to enforce the Conflicting Provisions shall also be stayed and ineffective until further order of this Court.

6. This Order is admissible as evidence in any proceeding in which a party seeks to enforce the Conflicting Provisions in state or federal court.

*No bond is required to be posted.*

SO ORDERED:

_____
~~SWAIN, L.T., Chief Judge~~  LAURA TAYLOR SWAIN, CHIEF USDJ
U.S. District Court
Southern District of New York

Dated: 7/2/25

3