UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARK NUNEZ, et al.,**<br><br>       Plaintiffs,<br><br>  - against -<br><br>**CITY OF NEW YORK, et al.,**<br><br>       Defendants.<br><br>**UNITED STATES OF AMERICA,**<br><br>       Plaintiff-Intervenor,<br><br>  - against -<br><br>**CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF CORRECTION,**<br><br>       Defendants. | 11 Civ. 5845 (LTS) |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNOPPOSED MOTION OF THE NEW YORK CITY COUNCIL AND NEW YORK CITY PUBLIC ADVOCATE TO INTERVENE FOR A LIMITED PURPOSE**

RICKNER PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

  Robert Rickner
  Joel Wetheimer

**PRELIMINARY STATEMENT**

The New York City Council and the Public Advocate (the "City Intervenors") should be permitted to intervene in this matter with respect to issues relating to Local Law 42 of 2024, under Federal Rule of Civil Procedure 24. On July 2, 2025, Defendants filed a motion for a temporary restraining order, preliminary injunction and declaratory relief seeking to prevent enforcement of certain provisions of Local Law 42. The Court, the Monitor and all parties appear to believe that the City Intervenors *ought* to intervene in order to respond to Defendants' pending motion and in order to work collaboratively regarding the Monitor's assessement of Local Law 42. Plaintiffs in this action consent to this motion and the City Defendants take no position on this motion.

**ARGUMENT**

**I.  Intervention by the City Intervenors Is Appropriate Here Under Rule 24.**

Intervention is permissible under two sections of Rule 24. Rule 24(b)(1)(B) permits intervention where, as here, an intervening party "has a claim or defense that shares with the main action a common question of law or fact." The City Intervenors' opposition to any temporary restraining order, preliminary injunction, or declaratory relief clearly shares common questions of law and fact to the City Defendants' motion seeking such relief.

Additionally, Rule 24(b)(2) provides for permissive intervention where the proposed intervenor is "a . . . state governmental officer or agency [and] if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." The City Council and Public Advocate are governmental actors and the claims at issue clearly implicate local law and regulations promulgated thereto.

Legislative intervention is a common practice when the executive branch of government

1

refuses to defend its own law, or in this case, moves of its own volition to have its law attacked. *See, e.g.*, *INS v. Chadha*, 462 U.S. 919, 930 n.5 (1983); *Adolph Coors Co. v. Brady*, 944 F.2d 1543, 1545 (10th Cir. 1991); *Synar v. U.S.*, 626 F. Supp. 1374, 1378-79 (D.D.C. 1986), *aff'd sub nom. Bowsher v. Synar*, 478 U.S. 714 (1986); *Ameron, Inc. v. U.S. Army Corp of Engineers*, 607 F. Supp. 962, 963 (D.N.J. 1985), *aff'd*, 809 F.2d 979 (3d Cir. 1986); *Barnes v. Carmen*, 582 F. Supp. 163, 164 (D.D.C. 1984), *rev'd sub nom. Barnes v. Kline*, 759 F.2d 21, 22 (D.C. Cir. 1984), *rev'd on mootness grounds sub nom. Burke v. Barnes*, 479 U.S. 361, 362 (1987).

The executive branch cannot be allowed to invalidate the law through litigation in a forum where the legislative branch has no voice. Intervention is warranted to resolve this imbalance.[1]

## CONCLUSION

For the reasons stated above, the New York City Council and the Public Advocate should be permitted to intervene in this matter with respect to issues relating to Local Law 42.

Dated:  New York, New York
        July 25, 2025

                                        RICKNER PLLC

                                        By:    /s/

                                        Rob Rickner
                                        Joel Wertheimer

                                        14 Wall Street, Suite 1603

---

[1] Rule 24(c) provides that a motion to intervene should "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Courts in this Circuit permit the pleading requirement to be read flexibly, particularly where all parties consent, and this Court should treat the City Intervenors' briefing in opposition to the City's motion as a pleading. *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) (accepting a letter motion from the government, alone, as sufficient to intervene). "[W]here the position of the movant is apparent from other filings, and where the parties to the litigation will not be prejudiced, 'Rule 24(c) permits a degree of flexibility with technical requirements.'" *Kleeberg v. Eber*, No. 16-CV-9517 (LAK)(KHP), 2019 WL 1416898, at *2 (S.D.N.Y. Mar. 28, 2019) (quoting *Tachiona* and allowing intervention without a pleading).

2

New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for City Intervenors*