

49 Thomas Street, 10th Fl
New York, NY 10013
(212) 577-3300
www.legal-aid.org

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief*
Chief Executive Officer

Justine M. Luongo
*Attorney-in-Charge*
Criminal Practice

Mary Lynne Werlwas
*Director*
Prisoners' Rights Project

<u>Via ECF</u>

October 7, 2025

The Honorable Laura Taylor Swain
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10038

      Re:    *Nunez v. City of New York,* 11 Civ. 5845 (LTS)

Dear Chief Judge Swain:

      Pursuant to the Court's September 30, 2025 Order (Dkt. No. 911), the parties in the above-captioned matter write jointly regarding the provision related to information sharing and confidentiality proposed for consideration in the Court's Proposed Remediation Manager Order.[1] The parties have conferred but have been unable to reach consensus. This submission presents the parties' respective proposals for a provision governing the confidentiality of information the Remediation Manager provides to Plaintiffs' counsel.

*Position of Plaintiffs and the United States:*

      Plaintiffs' counsel have no intention of unreasonably disclosing any sensitive information and simply want to ensure that any confidentiality obligations are reasonable and practical. Accordingly, we respectfully propose the following language:

> *To the extent that Plaintiffs' Counsel obtains the names or other individual-identifying information of Staff Members from the Remediation Manager, the disclosure and use of such information shall be subject to the same restrictions that apply when such information is received from the Monitor or the Department under Section XX, ¶ 11 of the Consent Judgment. In addition, to the extent the Remediation Manager provides Plaintiffs' Counsel with information or documents that come within the definition of "Confidential Materials" under Paragraph 2 of the Amended Protective Order Concerning Confidential Information, Dkt. No. 89 (amended by Dkt. No. 293), the disclosure and use of such information and documents shall be subject to the same restrictions as those set forth in that Order.*

---

[1] On September 11, 2025, the *Nunez* Monitor presented the parties' recommended modifications to the Court's Proposed Order of May 13, 2025 (Dkt. No. 846), governing the Court's appointment of a Remediation Manager. As noted by the Monitor, one provision related to information sharing by the Remediation Manager to the Plaintiffs was still being negotiated among the parties. Dkt. No 906 at 14. *See also* Comprehensive Chart of Objections and Proposed Revisions by Defendants, Plaintiff Class/SDNY and the Monitoring Team (Dkt. No. 906-1) at 31.

**Justice in Every Borough.**

Under our proposal, agreed-upon confidentiality restrictions that already apply to specific categories of sensitive information obtained from the Monitor or the Department would be extended to apply to instances when similar information is obtained by Plaintiffs' counsel from the Remediation Manager. In particular, Section XX, ¶ 11 of the Consent Judgment covers names or other individual-identifying information of DOC employees, and Paragraph 2 of the Amended Protective Order Concerning Confidential Information covers several other categories of information that that parties have already deemed to be "confidential" including, but not limited to, medical information and various types of materials and information that could pose security risks if publicly disclosed.

In contrast, Defendants' proposal imposes blanket confidentiality restrictions on *all* information shared by the Remediation Manager with Plaintiffs' counsel—as written, the language proposed by Defendants reads, "*To the extent that Plaintiffs' Counsel obtains information from the Remediation Manager Team, the information...shall be designated "Confidential" for the purposes of those Protective Orders*." It is not reasonable to pre-designate all information received from the Remediation Manager as "confidential" regardless of its content. The Protective Orders previously entered in this case are clear that information is deemed confidential based on its substance, not on who discloses it, and there is no reason to treat information received from the Remediation Manager any differently. The designation of certain information as confidential needs to be justified based on the nature of the information. The Court has already drawn justified, appropriate, and non-arbitrary lines around what is and is not particularly sensitive information that should be treated as confidential, and has imposed corresponding use and disclosure restrictions. *See* Amended Protective Order Concerning Confidential Information, Para. 2, Dkt. No. 89; *see also* Dkt. No. 293. Labeling all communications from the Remediation Manager to Plaintiffs' counsel as confidential is extremely overbroad and may prove to be unworkable in practice.

There is no basis for imposing blanket confidentiality restrictions over any information that the Remediation Manager shares with Plaintiffs' counsel. During the lengthy history of this case, there has been no such general restriction imposed on the disclosure or use of all information conveyed by the Department, or its Commissioner, to the Plaintiffs' counsel or the United States. Nor has there been any such restriction on all information conveyed by the Monitor to the Plaintiffs' counsel or the United States. Like the Remediation Manager, the Monitor serves as an agent of the Court and regularly communicates with Department personnel. There is no reason to treat information from the Remediation Manger differently from information provided by the Monitor or the Department itself.

Defendants' argument that information shared by the Monitor with Plaintiffs' counsel should be treated differently because they consented to prior orders requiring the Department to provide the Monitor access to relevant information makes little sense. The fact that the order appointing the Remediation Manager is being issued over Defendants' objection has no bearing on whether any information ever shared with Plaintiffs' counsel by the Remediation Manager should be by default

deemed to be confidential. In addition, there is no reason to believe that the Remediation Manager will serve as a "conduit of information to Plaintiffs, and through them to the public," as Defendants suggest below. The Remediation Manager will be a professional accustomed to working with sensitive law enforcement information, and can be trusted to make reasonable decisions on confidentiality before routine and non-routine disclosures of information, and to engage the Court as necessary. Further, neither the Prison Litigation Reform Act, nor any law, require the blanket confidentiality restrictions proposed by Defendants, which would require Plaintiffs to burden the Court with unnecessary applications each time they would like to share any non-sensitive, innocuous informative provided by the Remediation Manager with any third party. Defendants cite no other receivership order or any precedent at all for imposing such an unworkable and unnecessary framework.[2]

Finally, we do not believe that the confidentiality agreements entered at Docket Nos. 290, 304, and 574 should be included in this provision because they have no relevance to the Remediation Manager. These agreements specifically cover: 1) draft Monitor report materials; 2) reports from the Department's Use of Force Auditor (a position that no longer exists); 3) Defendants' compliance reports and accompanying materials; and 4) materials regarding internal security audits produced by the Department to Plaintiffs' counsel more than two years ago, with a particular "Attorneys-Eyes-Only" designation. These agreements remain in effect with regard to those materials, and there is no need to mention them again here.

*Position of Defendants*

Defendants have proposed the following language to govern the confidentiality of information the Remediation Manager provides to Plaintiffs' counsel.

> *To the extent that Plaintiffs' Counsel obtains information from the Remediation Manager Team, the information shall be subject to the same restrictions set forth regarding such information in § XX., ¶ 11 of the Consent Judgment as if the Monitor had provided such information to Plaintiffs' Counsel; shall be subject to the Protective Orders entered in this case (e.g. dkts. 89 and 293); and shall be designated "Confidential" for the purposes of those Protective Orders. Information protected by other protective order or confidentiality agreements entered into this case (dkts. 290, 304 and 574) and shall remain so protected even if disclosed by the Remediation Manager to the Plaintiffs' Counsel.*

---

[2] To the extent Defendants are concerned that Plaintiffs' counsel would publicly disclose sensitive DOC operational materials obtained from the Remediation Manger, those types of materials would be largely deemed "confidential" under the Amended Protective Order. *See, e.g.*, Dkt. No. 89 at Para. 2(h) ("confidential materials" include "security reports, security information, training materials, memoranda and other writings setting forth DOC policy and procedures, to the extent that such documents provide specific operational guidance to DOC staff that, if disclosed, would jeopardize the safety and security of DOC staff or prisoners").

**Justice in Every Borough.**

Any information provided by the Remediation Manager ("RM") to plaintiffs should be presumptively deemed "Confidential," outside of the Remediation Manager's public filings with the Court which are addressed in other provisions. If plaintiffs object to the confidentiality of any such information after they receive it, and they cannot resolve their objections with defendants and the Monitor, then they can make an application to the Court at that time. Defendants previously stated their reasons for this position in their submissions on the Proposed Order, which, in short, is that the RM will have obtained, over defendants' objections, unprecedented access to internal, confidential information regarding the operations of the Department and the RM should not be used as a conduit for the disclosure of information that would otherwise not be disclosed in furtherance of this litigation. *See* Monitor's Status Report, Appendix B, ECF No. 906-2, at 14 of 96, 30-31 of 96.

Plaintiffs argue that information previously shared by the Department with the Monitor was not subjected to a blanket presumption of confidentiality. That argument is misplaced, because under prior orders defendants consented in the agreed-upon orders to sharing information with the Monitor, and made the determination of what information to share with the Monitor, subject to the requirements of the *Nunez* orders, and was aware of what information the Monitor would share with the Plaintiffs. Because of defendants' consent to and knowledge of that information sharing, defendants could make an application, if necessary, for greater confidentiality restrictions with respect to information provided to plaintiffs by the Monitor.

Under the Proposed Order, in contrast, the Court would grant the Remediation Manager routine access to confidential, non-public operational information of the Department, over defendants' objections. Under the PLRA, the Proposed Order should impose only such relief as is necessary to achieve compliance with the Contempt Provisions. Public dissemination of information received by plaintiffs from the Remediation Manager is not necessary, or even helpful, to the Remediation Manager's sole purpose of achieving compliance with the Contempt Provisions. The Remediation Manager is not being appointed to serve as a conduit of information to the Plaintiffs, and through them to the public. Under the Proposed Order, information could be shared by the Remediation Manager with plaintiffs without notice to defendants, so defendants would have no opportunity to seek greater confidentiality protections for that material. Accordingly, it is necessary under the strict standards of the PLRA that any information provided by the Remediation Manager to plaintiffs be presumptively designated "Confidential" for the protection of the City, its employees and those in City custody.

Plaintiffs' argument that the Remediation Manager should be trusted to make legal judgments regarding Confidentiality is incorrect, because it gives a discretionary authority to the Remediation Manager – to determine what should be considered Confidential – that is not necessary to achieve their sole legitimate purpose, which is to secure compliance with the Contempt Provisions. In addition, their argument that blanket confidentiality is unworkable is meritless – defendants' proposal is quite simple. All the information is presumed Confidential. If in fact the

plaintiffs wish to disclose only "non-sensitive, innocuous" information, then they may request defendants' consent to so disclose. Only serious disputes about confidentiality need be resolved by the Court. Indeed, plaintiffs' argument raises the question why they would need to disclose "non-sensitive, innocuous" information at all, and admits that they contemplate using the Remediation Manager as a source of information to be relayed to the public.

The references to prior protective orders in the proposed language is appropriate to make clear that the disclosure of information protected by such orders by the Remediation Manager to the Plaintiffs would not negate the protection of those orders.

*** 

The Parties thank the Court for its consideration of this matter.

Sincerely,

| | |
|---|---|
| THE LEGAL AID SOCIETY | MURIEL GOODE-TRUFANT |
| | Corporation Counsel of the City of New York |
| By: /s/ Mary Lynne Werlwas | *Attorney for Defendants* |
| Mary Lynne Werlwas | 100 Church Street |
| Kayla Simpson | New York, New York 10007 |
| Katherine Haas | (212) 356-2344 |
| Sophia Gebreselassie | |
| 49 Thomas Street, 10th Floor | By: /s/ Alan Scheiner |
| New York, New York 10013 | Alan Scheiner |
| (212) 577-3530 | *Senior Counsel* |

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

By: /s/ Debra L. Greenberger
Jonathan S. Abady
Debra L. Greenberger
Sana Mayat
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Counsel for the Plaintiff Class*

**Justice in Every Borough.**

JAY CLAYTON
United States Attorney for the Southern
District of New York

By: /s/ Jeffrey K. Powell
JEFFREY K. POWELL
RACHAEL L. DOUD
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2800

*Counsel for the United States*

**Justice in Every Borough.**