

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN SCHEINER**
*Senior Counsel*
Phone: 212-356-2344
ascheine@law.nyc.gov

October 31, 2025

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Nunez v. City of New York, et al.</u>, 11 Civ. 5845 (LTS)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, assigned to the above-referenced matter. Defendants write to respond to the October 14, 2025 submission by the non-party Correction Officers Benevolent Association ("COBA Submission") (ECF No. 821).

      COBA does not propose specific language for the Proposed Order, but rather requests that the Court "include in the duties, powers, and authority of the *Nunez* Remediation Manager ("RM") a provision for regular meeting and consultations with COBA in accordance with the structure of the current labor/management meetings that regularly occur between New York City Department of Correction ("DOC") and COBA . . ." COBA Submission, at 1-2. COBA further proposes that the subject of such meetings should "not [be] limited to matters covered by the Collective Bargaining Agreement ("CBA")." *Id*. at 2. Defendants object to this proposal because it would unnecessarily impose a duty upon the RM beyond what is required to achieve compliance with the Contempt Provisions and which could be harmful to Defendants' operations. The proposed change could be read to imply that the RM is granted authority over labor relations beyond that of the current Commissioner, which would be contrary to the general intent of the Proposed Order and could impact collective bargaining throughout the City government. In addition, the proposal could undermine the confidentiality protections proposed by Defendants if COBA receives information from the RM and is not bound to keep that information Confidential.

1

**Expansion of Authority.** COBA asserts that its proposed requirement would be consistent with "New York City Collective Bargaining Law (NYCCBL) Sections 12-305 and 12-307," but neither those sections – nor any other part of the NYCCBL – suggest that the Commissioner is the City's agent for Collective Bargaining Purposes, or is required to meet with COBA. As Defendants established in their prior submissions in support of their Compliance Director proposal, the Commissioner is not empowered under City law to negotiate with unions. *See* Defendants' Responsive Memorandum in Further Support of Their Compliance Director Proposal, at 6-8, 27-29 (ECF No. 821). Nor should the RM be granted such authority, for reasons previously explained, including that dealings with COBA or other unions can impact labor relations throughout the City government. Therefore such negotiations should be conducted in accordance with local law by City officials authorized by that law to negotiate, although of course with input from the Commissioner and the RM who would be most familiar with the needs of the DOC. *Id*. There is no need to add to the RM's duties a mandatory meeting with COBA, when the RM has no authority to negotiate with COBA. Moreover, many dealings with COBA do not touch on any of the Contempt Provisions, and therefore are beyond the RM's purview.

Of course, it would be helpful for the RM to receive input from COBA on matters relating to compliance with the Contempt Provisions, and there is no reason to preclude the RM from being present for discussions between the Commissioner and COBA on matters related to compliance with the Contempt Provisions. But nor is there a need to mandate that the RM attend meetings with COBA on a routine basis.

**Confidentiality Concerns.** Nor should the Proposed Order imply that the RM should be providing information to COBA without the consent of the DOC. Defendants have explained why the Proposed Order should impose a confidentiality requirement on all information obtained by the RM in the course of their work, subject to the Court's rulings on any applications to lift confidentiality for specific information. *See* Defendants' Memorandum in Support of Proposed Changes to Remediation Manager Proposed Order (ECF No. 906-2), at 13 of 96 & 30-31 of 96. Mandatory meetings between the RM and COBA could result in the RM sharing confidential information to COBA, who is not a party to the Proposed Order. COBA is free to relay any information it wishes to the RM, but under the Confidentiality provisions defendants have proposed the RM is not free to disclose information to COBA. If the Court were to allow or require the RM to share any information with COBA, then COBA should be bound by the confidentiality requirements of the Proposed Order with respect to such information, absent consent by Defendants or further Court order. Otherwise, RM meetings with COBA could become a conduit for the public dissemination of otherwise confidential information, which is not necessary to cure any constitutional violation.

Defendants thank the Court for its consideration of this matter.

Sincerely,

/s/ *Alan Scheiner*
Alan Scheiner

cc:   All Counsel of Record (Via ECF)