

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | The City of New York<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **QIANA SMITH-WILLIAMS**<br>(212) 356-3500<br>Fax: (212) 356-3509<br>qwilliam@law.nyc.gov |

January 22, 2026

BY ECF
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:   Nunez, et al. v. City of New York, et al.
      11 Civ. 5845 (LTS)

Your Honor:

I am an attorney in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, representing defendants City of New York ("City") and New York City Department of Correction ("DOC") (collectively "Defendants"). Defendants write to respectfully request that portions of Appendix J to the Twentieth Monitor's Report ("the Report") remain redacted. *See* ECF No. 947 at 481. The redacted content reflects an account of statements made by an Administrative Law Judge ("ALJ") of the Office of Administrative Trials and Hearings ("OATH") during a pre-trial settlement conference on January 9, 2025 ("January 9 Settlement Conference"). As set forth more fully below, because settlement conferences enjoy no presumption of public access, and alternatively, because confidentiality concerns outweigh any presumption of access, the language should remain redacted.

Overview of OATH

OATH is the City's central Administrative Law Tribunal. OATH was first created by Mayoral Executive Order No. 32 of 1979 and then later established as a City Charter agency through a New York City Charter Revision Commission ballot proposal approved by New York City voters in 1988. OATH adjudicates a wide range of issues affecting, *inter alia*, human rights, property rights, housing, public employment, prevailing wages due on public contracts, paid sick leave, and City services and operations.

"Courts have long acknowledged OATH's status as an independent administrative tribunal." *J.F. v. Adams,* No. 21-CV-11150, U.S. Dist. LEXIS 57551, at *25 (S.D.N.Y. Mar. 29, 2024). By design, OATH is separate from and not affiliated with the agencies that file cases with OATH, including DOC. *See* City Charter §1048(1). OATH ALJs are appointed to five-year terms and may only be removed for cause after notice and an opportunity for a hearing on a record. *See* City Charter §1049(1)(a). OATH's ALJs are not employed by the agencies that file cases at OATH, and, since OATH's inception, have been bound to the same code of judicial conduct as New York State judges. *See* Mayoral Executive Order 32 of 1979, §4 (prescribing compliance with the Code of Judicial Conduct of the ABA as promulgated by the Bar Association of the State New York); 48 Rules of the City of New York ("RCNY") Appendix A, §101 (incorporating by reference Rules of the Chief Administrative Judge of the Courts for the State of New York, 22 N.Y.C.R.R §100, *et seq.*). OATH's Commissioner and Chief Administrative Law Judge does not report to the DOC Commissioner or any other city agency head.

As related to Nunez, OATH conducts trials and pre-trial settlement conferences regarding employee disciplinary cases filed with OATH by DOC. The ALJ conducting the pre-trial settlement conference is, by rule, different from the ALJ who would conduct the trial in the same case. During pre-trial settlement conferences, an ALJ may share their own analysis of the case and the potential penalties based on the limited information presented to the ALJ at the conference. Settlements at OATH are completely voluntary and do not require ALJ review or approval.

Relevant Background

On November 10, 2025, the Monitoring Team provided a draft of the Twentieth Monitor's Report to the parties for comment and review.[1] Appendix J to the Report focuses on a disciplinary matter before OATH stemming from a 2023 Use of Force incident. During the course of the underlying proceeding, on January 9, 2025, DOC and the subject officer participated in a pre-trial settlement conference pursuant to 48 RCNY § 2-52 before the ALJ. The ALJ discussed the case with the parties. Subsequent to the settlement conference, DOC provided the Deputy Monitor an account of the ALJ's remarks. The Monitoring Team included the ALJ's purported statements about the case in Appendix J of the Report.

On or about December 1, 2025, this office informed the Deputy Monitor that it believed the OATH settlement process was confidential and requested that any statements allegedly made during the January 9 Settlement Conference be removed from the Report. In response, the Deputy Monitor indicated that the disputed language would be redacted in the Report and that she would advise the Court that defendants intended to request that the language remain redacted.

---

[1] The contents of Appendix J of the draft Twentieth Monitor's Report largely mirrors the final version of the Report.

<u>There is No Presumption of Public Access Under Either the First Amendment or Common Law</u>

"Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). In undertaking a First Amendment analysis, the Court must determine "first, whether there has been a 'tradition of accessibility' to that stage or those documents . . . and second, whether that traditional public access 'plays a particularly significant positive role in the actual functioning of the process.'" *United States v. Town of Moreau*, 979 F. Supp. 129, 133 (N.D.N.Y. 1997) (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 10-11, (1986)). As to the common law analysis, as a prerequisite, the documents at issue must be deemed judicial documents. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). "'[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Assuming a filing is truly a judicial document, the Court must also weigh countervailing factors including "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure" against the presumption of access. *Id.* (internal quotations omitted). Neither the First Amendment or common law presumption of access is applicable to the redacted language in Appendix J of the Report.

As an initial matter, the First Amendment presumption of access does not apply here because there is no "tradition of accessibility" to settlement conferences. Indeed, "[s]ettlement conferences are not now and have never been part of the public process of litigation." *Town of Moreau*, 979 F. Supp. at 134. There is no difference between settlement conferences held in federal civil litigation and in OATH proceedings – neither is open to the public. *See* 48 RCNY § 1-49 (a) ("Other than settlement conferences, all proceedings are open to the public[.]")[2] OATH ALJs and counsel who appear at OATH regularly understand that OATH settlement conferences are confidential and the discussions cannot be used at trial.

The common law presumption of access fares no better. First, although captured in the Report, the language reflecting purported conversations had during the January 9 Settlement Conference is not a judicial document. The proceeding was neither recorded, nor transcribed by a court reporter, and the parties clearly were participating in the proceeding in the hopes of avoiding a trial – an actual judicial proceeding. Moreover, courts have found that settlement conferences are not strictly relevant to the judicial process. *See Town of Moreau*, 979 F. Supp. at 135.

In any event, even assuming that the redacted language constitutes a judicial document, the confidentiality considerations attendant to settlement proceedings pierces any presumption of public access. Recently, in a situation similar to that presented here, this Court found that redactions to a memorandum and declaration reflecting confidential statements made during private caucuses with the magistrate judge and the parties during a settlement conference were

---

[2] *See also* 48 RCNY § 1-31(a); (c) ("All settlement offers, whether or not made at a conference, will be confidential and will be inadmissible at trial of any case.")

appropriate. *See Lopez v. N.Y. City Dep't of Educ.*, No. 17-CV-9205 (LTS)(BCM), 2025 U.S. Dist. LEXIS 80340, *10 (S.D.N.Y. Apr. 28, 2025). Your Honor noted that "'[t]he presumption of public access in the case of settlement conferences is . . . very low indeed, if not nonexistent.'" *Id*. (quoting *United States v. Town of Moreau*, 979 F. Supp. 129, 135 (N.D.N.Y. 1997). In contrast, the Court found defendant's privacy interest in its settlement position relayed during the conference was "certainly high." *Id*. Finally, Your Honor found defendant's interest in maintaining the confidentiality of the settlement process outweighed the presumption of public access. *Id*.

The January 9 Settlement Conference was not open to the public. OATH's, DOC's, and the DOC employees' shared interests in maintaining the confidentiality of settlement proceedings is certainly high as such confidentiality is necessary to encourage and ensure candor between all participants. Moreover, free-flowing conversation, including a candid risk assessment provided by the OATH ALJ, is conducive to assisting the parties in reaching settlement and promotes efficiency versus continuing to expend time and resources by prolonging the process to trial. As such, defendants submit that the countervailing interests in maintaining the confidentiality of OATH's settlement process outweighs any presumption of public access to the contents of such procedures.

Based on the foregoing, defendants respectfully request that the redactions to Appendix J of the Report remain redacted.[3] Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

*Qiana Smith-Williams*

Qiana Smith-Williams

cc:   All Counsel of Record (Via ECF)

The foregoing unopposed request for the approval of limited redactions is hereby granted. For the reasons described above, the Court finds that Defendants' privacy interests related to the OATH settlement conference outweigh the presumption of public access, which is "very low indeed, if not nonexistent" in the case of settlement conferences. See Lopez v. New York City Dep't of Educ., No. 17-CV-9205-LTS-BCM, 2025 WL 1224315, at *3 (S.D.N.Y. Apr. 28, 2025) (citation modified). The Monitoring Team is authorized and directed to file an unredacted copy of the report under seal, in accordance with the Court's ECF Rules. DE 952 resolved.

SO ORDERED
2/12/2026
/s/ Laura Taylor Swain, Chief USDJ

---

[3] Defendants note that this request is narrowly tailored rather than a request to redact the entirety of Appendix J. However, defendants respectfully submit that this targeted request should not be construed as a waiver of their rights to object to the public filing of language reflecting the processes of OATH settlement conferences as a whole.