**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK NUNEZ*, et al.,* <br><br>                  *Plaintiffs,* <br><br>       -against- <br><br> THE CITY OF NEW YORK, et al., <br><br>                  *Defendants.* | **PROTECTIVE ORDER AS TO** <br> **CONFIDENTIAL DOCUMENTS** <br><br> 11 Civ. 5845 (LTS) |

**WHEREAS**, on or about December 16, 2025, Class Counsel and the U.S. Attorney's Office of the Southern District of New York (together, "Plaintiffs' Counsel") requested to receive a copy of a draft document that the Department of Correction ("DOC") had previously provided to the Monitoring Team, titled "Safety & Security Plan," and on December 18, 2025, Plaintiffs' Counsel requested to receive a copy of a confidential report prepared by consultants to DOC that had been provided to the Monitoring Team (the "Consultants' Report"); and

**WHEREAS,** Defendants contend that the draft Safety and Security Plan and Consultants' Report are confidential and/or non-final DOC policy documents protected by the deliberative process and/or law enforcement privileges; and

**WHEREAS**, Defendants contend that due to the confidential and privileged nature of the above-mentioned documents, disclosure of the materials would not be appropriate pursuant to the Consent Judgment (ECF No. 249) absent attorney's-eyes-only protections supported by the entry of an appropriate protective order providing such protection; and

1

**WHEREAS,** Class Counsel did not agree with Defendants' contentions that the above-mentioned documents are confidential or privileged, but agreed to keep the draft Safety & Security Plan and Consultants' Report confidential on an attorney's-eyes-only basis upon production, and consented to entry of a protective order embodying such protections; and

**WHEREAS,** Defendants produced the draft Safety & Security Plan and the Consultants' Report, both marked Privileged & Confidential and Attorneys'-Eyes-Only, in reliance upon the agreement among the parties; and

**WHEREAS,** good cause exists for the entry of an order in the above-captioned lawsuit, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. As used herein, the term "Action" shall mean the lawsuit captioned above, and the documents and information being produced to Plaintiffs and designated as "Confidential–Attorney's Eyes Only" shall encompass: the draft Safety & Security Plan produced by defendants on or about December 16, 2025, and the Consultants' Report produced by defendants on or about December 18, 2025.

2. The attorneys receiving such materials deemed "Confidential–Attorney's Eyes Only" shall not disclose those materials or the information contained therein to any person other than attorneys representing the parties in this action, the agents of such attorneys (including their staff), the Monitor (and his staff), the Remediation Manager (and his staff), or the Court in a sealed filing pursuant to the local and individual rules of the Court. If Defendants seek leave to file such materials under seal with the Court, Plaintiffs reserve the right to oppose the motion.

3.      In addition to the restrictions set forth in paragraph "2" above, all materials designated as "Confidential–Attorney's Eyes Only" shall also be treated as "Confidential" pursuant to the Amended Protective Order (ECF No. 89) in this Action.

4.      In the event of any dispute as to the City's designation of the records as "Confidential–Attorney's Eyes Only," the parties shall meet and confer regarding the de-designation of such records within 60 days of the production of such records. Thereafter, if any disagreements remain then the Plaintiffs shall promptly submit any remaining disagreements to the Court for resolution.

SO ORDERED.

Dated: April 13, 2026  
      New York, New York

/s/ Laura Taylor Swain  
_____  
Hon. Laura Taylor Swain  
Chief United States District Judge