UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK NUNEZ, *et al.*,

                    *Plaintiffs,*

        -against-

THE CITY OF NEW YORK, et al.,

                  *Defendants.*

**ORDER APPROVING THE FIRST
REMEDIATION ACTION PLAN**

11 Civ. 5845 (LTS)(JCF)

---

**WHEREAS**, on October 22, 2015, this Court entered the Consent Judgment in this matter (docket entry no. 249) to correct violations of the constitutional rights of people in custody in jails operated by the New York City Department of Correction (the "DOC" or "the Department");

**WHEREAS**, on February 18, 2026, the Court entered the Order Appointing Nicholas Deml as *Nunez* Remediation Manager (docket entry no. 961) ("Appointment Order"), which grants authority to the Remediation Manager to exercise all the powers vested by law in the Commissioner of the Department of Correction ("DOC") to the extent necessary to achieve Substantial Compliance with the provisions of the Consent Decree and subsequent Orders of which the City of New York has been found in civil contempt ("Contempt Provisions");

**WHEREAS**, the Court ordered that the Remediation Manager's work "shall be guided by 'Remediation Action Plans,' which shall be work plans developed sequentially by the Remediation Manager that include specific and concrete steps and milestones ('Benchmarks') designed cumulatively to achieve Substantial Compliance with the Contempt Provisions" (Appointment Order § I.B);

1

**WHEREAS**, the Court directed the Remediation Manager, following consultation with the DOC Commissioner and Monitoring Team and consideration of comments from the parties, to submit a proposed First Remediation Action Plan to the Court (Appointment Order § II.D);

**WHEREAS** the Remediation Manager has submitted and the Court has reviewed the proposed First Remediation Action Plan (docket entry no. 988);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the First Remediation Action Plan is approved, and its implementation shall begin immediately.  The First Remediation Action Plan shall guide the work of the Remediation Manager.  Nothing herein shall be interpreted as limiting the Remediation Manager from exercising all powers granted to the Remediation Manager in the Appointment Order.  Nor shall anything herein be interpreted as altering the Defendants' obligations under the existing Court Orders in this case, including, but not limited to, obligations to consult and seek approval of the Monitor as set forth in this Court's prior orders.  Additionally, the Remediation Manager may make reasonable adjustments to timelines set forth within the Remediation Action Plan for good cause.

**SO ORDERED.**

Dated: July 16, 2026
New York, New York

Laura Taylor Swain
Chief United States District Judge

2