**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARK NUNEZ, *et al.*,

　　　　　　　　　　　*Plaintiffs,*

-against-

THE CITY OF NEW YORK, et al.,

　　　　　　　　　　　*Defendants.*

**[Proposed] ORDER DIRECTING CHS TO DISCLOSE MEDICAL INFORMATION TO THE MONITOR, THE REMEDIATION MANAGER, THE DEPARTMENT OF CORRECTION, AND THE NEW YORK CITY LAW DEPARTMENT**

11 Civ. 5845 (LTS)(JCF)

---

**WHEREAS**, on October 22, 2015, this Court entered the Consent Judgment in this matter (Dkt. 249) to correct violations of the constitutional rights of people in custody in jails operated by the New York City Department of Correction (the "DOC" or "the Department");

**WHEREAS**, the Consent Judgment required Defendants the DOC and the City of New York (collectively, "Defendants") to take specific actions to remedy a pattern and practice of violence by staff against persons in custody, and to develop and implement new practices, policies, and procedures to reduce violence in the jails and ensure the safety and well-being of persons in custody;

**WHEREAS**, on February 18, 2026, the Court entered the Order Appointing Nicholas Deml as *Nunez* Remediation Manager (Dkt. 961) ("Appointment Order"), which grants authority to the Remediation Manager to exercise all the powers vested by law in the Commissioner of the Department of Correction ("DOC") to the extent necessary to achieve Substantial Compliance with

1

the provisions of the Consent Decree and subsequent Orders for which the City of New York has been found in civil contempt ("Contempt Provisions");

**WHEREAS**, the *Nunez* Court Appointed Independent Monitor ("Monitor") and the *Nunez* Remediation Manager ("RM") require certain patient specific medical information including general operational information ("Medical Information") from NYC Health + Hospitals/Correctional Health Services ("CHS") to fulfill their responsibilities under certain provisions of the various court orders in this matter, including, but not limited to: the Consent Judgment (Dkt. 249); First Remedial Order (Dkt. 350); Second Remedial Order (Dkt. 398); Third Remedial Order (Dkt. 424); Action Plan (Dkt. 465); June 13, 2023 Order (Dkt. 550); August 10, 2023 Order (Dkt. 564); October 10, 2023 Order (Dkt. 582); December 14, 2023 Order (Dkt. 656); December 20, 2023 Order (Dkt. 665); and February 18, 2026 Order (Dkt. 961) (collectively, "the *Nunez* Court Orders");

**WHEREAS**, the information is necessary for the Monitor to fulfill his responsibility related to certain provisions of the *Nunez* Court Orders;

**WHEREAS**, the information is necessary for the RM to fulfill his responsibility related to certain provisions of the *Nunez* Court Orders;

**WHEREAS**, CHS maintains such Medical Information;

**WHEREAS**, such Medical Information is subject to confidentiality laws and regulations including but not limited to the New York Correction Law, and regulations of the State Commission of Correction and the New York City Board of Correction;

**WHEREAS**, the Medical Information may also contain sensitive information such as HIV and AIDS-related information, as defined under New York Public Health Law Article 27-F, substance use disorder treatment information, as defined under 42 U.S.C. § 290dd-2 and 42 CFR

2

Part 2, and genetic testing information as defined under New York Civil Rights Law § 79-L (collectively "Sensitive Information");

**WHEREAS**, such Sensitive Information is subject to heightened confidentiality protections under state and federal law;

**WHEREAS**, the mental health information contained within such Medical Information is subject to heightened confidentiality protections under New York Mental Hygiene Law ("MHL") § 33.13; and

**WHEREAS**, to the extent such Medical Information contains mental health information protected under the MHL, the Court finds that pursuant to MHL § 33.13(c)(1), the interests of justice significantly outweigh the need for confidentiality of the mental health information contained in the Medical Information;

**NOW**, **THEREFORE**, **IT IS HEREBY ORDERED** that CHS shall disclose requested Medical Information to the Monitor and the RM subject to the conditions set forth in this Order, through secure electronic transmission, provided that Sensitive Information shall be redacted from the Medical Information prior to disclosure; and

**IT IS FURTHER ORDERED** that CHS shall promptly, and no later than within 10 business days of a request, respond to any request by the Monitor or RM for information that the Monitor or RM requests to fulfill his responsibilities under the *Nunez* Court Orders. In that response, CHS shall provide the Monitor or RM with any responsive available Medical Information that is not Sensitive Information, and if any such Medical Information is not yet compiled and ready for release within 10 business days of the request, CHS shall report its efforts to gather the requested Medical Information, the status of those efforts, and provide the Medical Information no later than 30 days after the request was made. To the extent CHS has a good faith

basis to claim the requested Medical Information cannot be provided within 30 days, it shall seek approval from the Monitor or RM for an extension, no later than 21 business days after the request was made, to provide the Medical Information at a reasonable date certain. If the Monitor or RM determines that he needs the requested Medical Information to be provided on a more expedited timeline in order to fulfill his responsibilities under the *Nunez* Court Orders, CHS shall make all reasonable efforts to provide the Medical Information on an expedited timeframe. CHS shall take all reasonable steps to ensure that the Medical Information provided to the Monitor or to the RM is complete, responsive, and accurate, based on the information available at the time of the response; and

**IT IS FURTHER ORDERED** that the Monitoring Team and the Remediation Manager Team are strictly prohibited from re-disclosing the Medical Information except: (1) the Monitoring Team and Remediation Manager Team may disclose the Medical Information among their respective teams as necessary to fulfill the requirements under the *Nunez* Court Orders, and (2) the Monitoring Team and Remediation Manager Team may disclose the Medical Information to the Commissioner of DOC or their respective staff as deemed necessary by either the Monitoring Team or Remediation Manager Team; and

**IT IS FURTHER ORDERED** that to the extent the DOC Commissioner or his respective staff receives Medical Information from the Monitor and/or RM, the DOC Commissioner and DOC staff is strictly prohibited from re-disclosing the Medical Information, except for the purpose of achieving and sustaining the City Defendants' Substantial Compliance with the provisions of the *Nunez* Court Orders; and

**IT IS FURTHER ORDERED** that CHS may disclose the Medical Information to the Law Department for the limited purpose of representing its clients in the instant matter; and

4

**IT IS FURTHER ORDERED** that to the extent such Medical Information contains mental health information protected under the MHL, such Medical Information shall be subject to the limitations on use, disclosure, and re-disclosure set forth in MHL § 33.13(f), or as otherwise ordered by the Court; and

**IT IS FURTHER ORDERED** that the Monitor, RM, and Commissioner of DOC, including their respective staff, shall not publicly discuss, in reports or otherwise, Medical Information in such a way that would identify an individual who is or has been in DOC custody; and

**IT IS FURTHER ORDERED** that to the extent the Medical Information is provided to the Court, such information shall be submitted to the Court under seal, not available to the public or non-filing parties, absent further order of this Court; and

**IT IS FURTHER ORDERED** that redisclosure of the Medical Information by anyone to whom it was disclosed pursuant to this Order, to any individual or entity other than as expressly specified in this Order shall be prohibited, except where such redisclosure is authorized by law or court order; and

**IT IS FURTHER ORDERED** that this Order is without prejudice to any party seeking further relief related to the Medical Information, as may be necessary for the purposes of this action.

**SO ORDERED.**

Dated: July 21, 2026
     New York, New York

_____
Hon. Laura Taylor Swain
Chief United States District Judge

5